EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Andrew I. Port (State Bar # 120977)
Cheryl A. Morris (State Bar # 184541)
Jared A. Washkowitz (State Bar #226211)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:    (415) 227-9455
Facsimile:    (415) 227-4255
E-Mail:        aport@edptlaw.com
               cmorris@edptlaw.com
               jwashkowitz@edptlaw.com

Attorneys for Defendant
CROWLEY MARITIME CORPORATION

ORIGINAL
FILED

FEB 1 2 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMC

THOMAS JORGENSEN AND PATRICIA JORGENSEN

            Plaintiffs,

    vs.

A.W. CHESTERTON COMPANY, et al.

            Defendants.

Case No.:

CV 08 0903

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1442(a)(1)
(FEDERAL OFFICER)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE THAT Defendant CROWLEY MARITIME CORPORATION

(herein "CROWLEY") hereby removes to this Court the state court action described below:

### Jurisdiction

    1.      This action is a civil action which may be removed to this Court by CROWLEY

pursuant to the provisions of 28 U.S.C. §1442 (a)(1), in that this is a civil action commenced in a

State court against the United States or any agency thereof or any officer (or any person acting

- 1 -

NOTICE OF REMOVAL
Case No.
G:\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Notice of Removal.doc

under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office.

2.      Original federal jurisdiction is not required for removal pursuant to 28 U.S.C. § 1442(a)(1). See *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)("the right of removal under § 1442 (a)(1) is made absolute whenever a suit in a state court is for any act "under color" of federal office, regardless of whether the suit could originally have been brought in a federal court."); *Jefferson County v. Acker*, 527 U.S. 423 (1999)(under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint.)

## **Intradistrict Assignment**

3.      A substantial part of the events or omissions giving rise to the claim is alleged to have occurred in the County of San Francisco, and a substantial number of defendants named in the Complaint are alleged to have regularly conduct business in the County of San Francisco. This action is commenced in the San Francisco Division of the Northern District of California.

4.      On January 3, 2008, plaintiffs Thomas Jorgensen and Patricia Jorgensen ("Plaintiffs") commenced an action entitled *Thomas Jorgensen and Patricia Jorgensen vs. A.W. Chesterton Company, et al.*, in the Superior Court of the State of California, in and for the County of San Francisco, Case Number CGC 08-274494 (herein "the Complaint"). The Complaint seeks damages for personal injuries (mesothelioma) sustained by Mr. Jorgensen due to his alleged exposure to asbestos from various sources between 1965 and 1991. Mrs. Jorgensen seeks damages for loss of consortium.

5.      On January 14, 2008 Plaintiffs filed an amendment to the Complaint identifying CROWLEY as a defendant. CROWLEY was first served with the Complaint the same day. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

NOTICE OF REMOVAL
Case No.
G:\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Notice of Removal.doc

## Basis for Removal

6.      Plaintiffs' Complaint and Preliminary Fact Sheet indicate that Mr. Jorgensen was exposed to asbestos while he served in the United States Navy aboard the USS FLOYD COUNTY between 1965 and 1967.   CROWLEY performed a dry dock on the USS FLOYD COUNTY in 1963.  There are no other vessels identified in Plaintiffs' Complaint and Preliminary Fact Sheet, and CROWLEY is not associated with any of the other sources of asbestos exposure alleged by Plaintiffs.  True and correct copies of Plaintiffs' Complaint and Preliminary Fact Sheet, and all other process, pleadings, and orders served upon CROWLEY in the State court action, are attached hereto as Exhibit "A"  pursuant to 28 U.S.C. § 1446.

7.      Federal officer removal under 28 U.S.C. § 1442(a)(1) is proper in this case because (1) CROWLEY is a 'person' within the meaning of § 1442(a)(1); (2) All of the actions attributed to CROWLEY as alleged in Plaintiffs' Complaint and Preliminary Fact Sheet, including all aspects of warnings and products related to CROWLEY's alleged actions, were performed by CROWLEY under color of federal office, specifically under the direction, control, and supervision of an officer or agency of the United States Navy, within the meaning of 28 USC § 1442(a)(1); (3) CROWLEY has a colorable federal defense to Plaintiffs' claims pursuant to the "government contractor defense", because (a) officers of the United States Navy approved reasonably precise specifications with respect to all actions, products, and warnings related to CROWLEY's work on the USS FLOYD COUNTY, (b) all actions, products, and warnings related to CROWLEY's work on the USS FLOYD COUNTY conformed to those specifications, and (c) the United States Navy had as much or more information regarding the dangers of asbestos than CROWLEY had at the time; and (4) there is a causal nexus between Plaintiffs' claims against CROWLEY and CROWLEY's work on the USS FLOYD COUNTY, which was performed under color of federal office. See *Mesa v. California*, 489 U.S. 121 (1989)(setting forth elements of federal officer

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

1  removal); *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988)(discussing government

2  contractor defense); *Ballenger v. Agco Corp.*, 2007 U.S. Dist. LEXIS 47042 (N.D. Cal.

3  2007)(upholding removal by shipyard where alleged asbestos exposure occurred on Navy ship);

4  *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1992)(upholding removal where alleged asbestos

5  exposure occurred in Navy shipyard and submarine); *Ferguson et al. v. Lorillard Tobacco Co. et*

6  *al.*, 2007 U.S.Dist.LEXIS 6599 (W.D.Ohio 2007)(upholding removal where alleged asbestos

7  exposure occurred aboard Navy ship); *Nesbiet v. General Electric Co. et al.*, 399 F.Supp.2d 205

8  (S.D.N.Y. 2005)(upholding removal where alleged asbestos exposure in Navy shipyard); *Pack v.*

9  *AC and S, Inc. et al.*, 838 F.Supp. 1099 (D.Md. 1993)(upholding removal where alleged asbestos

10  exposure occurred in Navy shipyard).

11        8.    The U.S. Supreme Court and Ninth Circuit have instructed courts to interpret 28

12  U.S.C. § 1442(a)(1) broadly in favor of removal. See *Arizona v. Manypenny*, 451 U.S. 232

13  (1981)(policy favoring removal should not be frustrated by narrow, grudging interpretations of §

14  1442(a)(1)); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that,

15  because it is important to the federal government to protect federal officers, removal rights under

16  section 1442 are much broader than those under section 1441); *Ballenger v. Agco Corp.*, 2007

17  U.S. Dist. LEXIS 47042, 6-7 (N.D. Cal. 2007)("The Ninth Circuit instructs that there is a 'clear

18  command from both Congress and the Supreme Court that when federal officers and their agents

19  are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal.')

20  /

21  /

22  /

23  /

24  /

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

NOTICE OF REMOVAL
Case No.
G:\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Notice of Removal.doc

1        9.    This matter is subject to the Judicial Panel on Multidistrict Litigation Rule 7.5(e),

2    and should be transferred as a "tag-along action" to the United States District Court, Eastern

3    District of Pennsylvania, MDL No. 875 (In re: Asbestos Products Liability Litigation (VI)),

4    pursuant to 28 U.S.C. § 1207.  Documents supporting this transfer are filed and served

5    concurrently herewith.

6

7

8    DATED:  February 12, 2008  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

9                    By_____

10                      Andrew I. Port
                        Cheryl A. Morris

11                      Jared A. Washkowitz
                        Attorneys for Defendant CROWLEY MARITIME

12                      CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

# EXHIBIT A

# INDEX OF EXHIBIT A

| No. | Date | Document |
|-----|------|----------|
| 1 | Feb. 11, 2008 | DEFENDANT UNION CARBIDE CORPORATION'S OBJECTION TO COURT COMMISIONER ACTING AS JUDGE PRO TEMPORE AT TRIAL (TRANSACTION ID#18557950) FILED BY DEFENDANT UNION CARBIDE CORPORATION |
| 2 | Feb. 11, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18557950) FILED BY DEFENDANT UNION CARBIDE CORPORATION |
| 3 | Feb. 11, 2008 | DEMAND FOR STATEMENT OF DAMAGES (TRANSACTION ID#18557950) FILED BY DEFENDANT UNION CARBIDE CORPORATION |
| 4 | Feb. 8, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18504608) FILED BY DEFENDANT QUINTEC INDUSTRIES, INC. |
| 5 | Feb. 7, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18497781 FILED BY DEFENDANT HAMILTON MATERIALS, INC. |
| 6 | Feb. 7, 2008 | PROOF OF SERVICE (TRANSACTION ID#18496789) FILED BY DEFENDANT CRANE CO. |
| 7 | Feb. 7, 2008 | DEMAND FOR JURY (TRANSACTION ID#18496879) FILED BY DEFENDANT CRANE CO. |
| 8 | Feb. 7, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18496879) FILED BY DEFENDANT CRANE CO. |
| 9 | Feb. 7, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18496028) FILED BY DEFENDANT ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST |
| 10 | Feb. 7, 2008 | DEFENDANT HANSON PERMANENTE CEMENT, INC.'S OBJECTION TO ASSIGNMENT TO COMMISSIONER FOR TRIAL (TRANSACTION ID#18488947) FILED BY DEFENDANT HANSON PERMANENTE CEMENT, INC., FORMERLY KNOWN AS KAISER CEMENT CORPORATION |
| 11 | Feb. 7, 2008 | DEMAND FOR JURY (TRANSACTION ID#18488947) FILED BY DEFENDANT HANSON PERMANENTE CEMENT, INC., FORMERLY KNOWN AS KAISER CEMENT CORPORATION |
| 12 | Feb. 7, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18488947) FILED BY DEFENDANT HANSON PERMANENTE CEMENT, INC., FORMERLY KNOWN AS KAISER CEMENT CORPORATION |
| 13 | Feb. 7, 2008 | DEFENDANT KAISER GYPSUM COMPANY INC.'S, OBJECTION TO ASSIGNMENT TO COMMISSIONER FOR TRIAL (TRANSACTION ID#18488715) FILED BY DEFENDANT KAISER GYPSUM COMPANY, INC. |
| 14 | Feb. 7, 2008 | DEMAND FOR JURY (TRANSACTION ID#18488715) FILED BY DEFENDANT KAISER GYPSUM COMPANY, INC. |

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

INDEX OF EXHIBIT A
Case No. CGC-08-274494
G:\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Index of Exhibit A.doc

| 15 | Feb. 7, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18488715) FILED BY DEFENDANT KAISER GYPSUM COMPANY, INC. |
| 16 | Feb. 7, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18483885) FILED BY DEFENDANT GEORGIA-PACIFIC LLC, F/K/A GEORGIA-PACIFIC CORPORATION |
| 17 | Feb. 6, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18474913) FILED BY DEFENDANT AURORA PUMP COMPANY |
| 18 | Feb. 6, 2008 | DEMAND FOR JURY TRIAL (TRANSACTION ID#18473370) FILED BY DEFENDANT AURORA PUMP COMPANY |
| 19 | Feb. 6, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18474913) FILED BY DEFENDANT DOWMAN PRODUCTS, INC. |
| 20 | Feb. 6, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18469868) FILED BY DEFENDANT T H AGRICULTURE & NUTRITION, LLC (SUED AS TH AGRICULTURE & NUTRITION, LLC) (SUED INDIVIDUALLY AND AS SUCCESSOR I-IN-INTEREST TO THOMPSON HAYWARD CHEMICAL CO.) |
| 21 | Feb. 6, 2008 | CYPRUS AMAX MINERALS COMPANY'S OBJECTION TO ASSIGNMENT TO COMMISSIONER FOR TRIAL (TRANSACTION ID#18465233) FILED BY DEFENDANT CYPRUS AMAX MINERALS COMPANY |
| 22 | Feb. 6, 2008 | DEMAND FOR JURY (TRANSACTION ID#18465233) FILED BY DEFENDANT CYPRUS AMAX MINERALS COMPANY |
| 23 | Feb. 6, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18465233) FILED BY DEFENDANT CYPRUS AMAX MINERALS COMPANY |
| 24 | Feb. 5, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18456813) FILED BY DEFENDANT ITT CORPORATION SUED HEREIN AS ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS, CORP. AND BELL AND GOSSETT, |
| 25 | Feb. 5, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18456271) FILED BY DEFENDANT R.T. VANDERBILT, INC. |
| 26 | Feb. 5, 2008 | PROOF OF SERVICE BY ELECTRONIC SERVICE OF RICH-TEX, INC.'S ANSWER TO COMPLAINT (TRANSACTION ID#18440588) FILED BY DEFENDANT RICH-TEX, INC. |
| 27 | Feb. 5, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18440588) FILED BY DEFENDANT RICH-TEX, INC. |
| 28 | Feb. 5, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18440181) FILED BY DEFENDANT O.G. SUPPLY, INC. |
| 29 | Feb. 1, 2008 | WARREN PUMPS, LLC'S OBJECTION TO ASSIGNMENT OF COMMISSIONER FOR TRIAL (TRANSACTION ID#18403913) FILED BY DEFENDANT WARREN PUMPS, LLC |

- 2 -

EMARD DANOFF PORT FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

INDEX OF EXHIBIT A
Case No. CGC-08-274494
G:\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Index of Exhibit A.doc

| 30 | Feb. 1, 2008 | DEMAND FOR JURY (TRANSACTION ID#18403913) FILED BY DEFENDANT WARREN PUMPS, LLC |
| 31 | Feb. 1, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18403913) FILED BY DEFENDANT WARREN PUMPS, LLC |
| 32 | Jan. 31, 2008 | ORDER ON STIPULATION RE: RELEASE OF RECORDS |
| 33 | Jan. 31, 2008 | ORDER ON STIPULATION RE: RELEASE OF RECORDS |
| 34 | Jan. 30, 2008 | DEFENDANT A.W. CHESTERTON COMPANY'S OBJECTION TO STIPULATION OF HEARING BY COMMISSIONER (TRANSACTION ID#18363396) FILED BY DEFENDANT A.W. CHESTERTON COMPANY |
| 35 | Jan. 30, 2008 | DEMAND FOR JURY (TRANSACTION ID#18363396) FILED BY DEFENDANT A.W. CHESTERTON COMPANY |
| 36 | Jan. 30, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18363396) FILED BY DEFENDANT A.W. CHESTERTON COMPANY |
| 37 | Jan. 30, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18360410) FILED BY DEFENDANT GARLOCK SEALING TECHNOLOGIES, LLC |
| 38 | Jan. 29, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18360410) FILED BY DEFENDANT HILL BROTHERS CHEMICAL COMPANY |
| 39 | Jan. 24, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18248182) FILED BY DEFENDANT ELEMENTIS CHEMICALS INC., FORMERLY KNOWN AS HARCROS CHEMICAL INC., A DELAWARE CORPORATION, AS SUCCESSOR-IN-INTEREST TO HARRISONS & CROSFIELD (PACIFIC) INC. |
| 40 | Jan. 23, 2008 | PROOF OF SERVICE (TRANSACTION ID#18234435) FILED BY DEFENDANT LAMONS GASKET COMPANY, INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO POWER ENGINEERING & EQUIPMENT COMPANY, INC. |
| 41 | Jan. 23, 2008 | DEFENDANT LAMONS GASKET COMPANY'S OBJECTION TO USE OF COMMISSIONER (TRANSACTION ID#18234435) FILED BY DEFENDANT LAMONS GASKET COMPANY, INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO POWER ENGINEERING & EQUIPMENT COMPANY, INC. |
| 42 | Jan. 23, 2008 | DEFENDANT LAMONS GASKET COMPANY'S DEMAND FOR JURY TRIAL (TRANSACTION ID#18234435) FILED BY DEFENDANT LAMONS GASKET COMPANY, INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO POWER ENGINEERING & EQUIPMENT COMPANY, INC. |
| 43 | Jan. 23, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18234435) FILED BY DEFENDANT LAMONS GASKET COMPANY, INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT ALTER EGO TO POWER ENGINEERING & |

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Steveason Street
Suite 400
San Francisco, CA 94105

INDEX OF EXHIBIT A
Case No. CGC-08-274494
G:\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Index of Exhibit A.doc

| | | EQUIPMENT COMPANY, INC. |
|---|---|---|
| 44 | Jan. 23, 2008 | ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL  (TRANSACTION ID#18228726) FILED BY DEFENDANT KELLY-MOORE PAINT COMPANY, INC. |
| 45 | Jan. 16, 2008 | OBJECTION TO STIPULATION OF HEARING BY COURT COMMISSIONER [ASBESTOS-RELATED CASE] (TRANSACTION ID#18093281) FILED BY DEFENDANT SAN FRANCISCO GRAVEL COMPANY |
| 46 | Jan. 16, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18093281) FILED BY DEFENDANT  SAN FRANCISCO GRAVEL COMPANY |
| 47 | Jan. 16, 2008 | ANSWER TO COMPLAINT (TRANSACTION ID#18090310) FILED BY DEFENDANT SOCO WEST, INC., FKA BRENNTAG WEST, INC. |
| 48 | Jan. 14, 2008 | AMENDMENT TO COMPLAINT  (TRANSACTION ID#18093281) FILED BY DEFENDANT SUED HEREIN AS DOE 1 TO BE CROWLEY MARITIME CORPORATION |
| 49 | Jan. 3, 2008 | PRELIMINARY FACT SHEET FILED BY PLAINTIFF JORGENSEN, THOMAS JORGENSEN, PATRICIA |
| 50 | Jan. 3, 2008 | NOTICE TO PLAINTIFF |
| 51 | Jan. 3, 2008 | ASBESTOS, COMPLAINT FILED BY JORGENSEN, THOMAS JORGENSEN, PATRICIA AS TO DEFENDANT A.W. CHESTERTON COMPANY ALL ASBESTOS DEFENDANTS DOES 1 THRU 300, INCL. SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR DEC. 17, 2008 |

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

INDEX OF EXHIBIT A
Case No. CGC-08-274494
G:\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Index of Exhibit A.doc

# EXHIBIT 1

1  John R. Brydon [Bar No. 083365]
   Brian H. Buddell [Bar No. 166103]
2  Josette D. Johnson [Bar No. 195977]
   BRYDON HUGO & PARKER
3  135 Main Street, 20th Floor
   San Francisco, CA 94105
4  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333
5
   Attorneys for Defendant
6  UNION CARBIDE CORPORATION

7

8                SUPERIOR COURT – STATE OF CALIFORNIA

9            COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10  THOMAS JORGENSEN and PATRICIA          (ASBESTOS)
    JORGENSEN,                              Case No. CGC-08-274494
11
              Plaintiff(s),                 DEFENDANT UNION CARBIDE
12                                          CORPORATION'S OBJECTION TO COURT
         vs.                                COMMISSIONER ACTING AS JUDGE PRO
13  A.W. CHESTERTON COMPANY, et al.,        TEMPORE AT TRIAL

14            Defendants.

15       TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:

16       Pursuant to Local Rule 6.1(c), defendant UNION CARBIDE CORPORATION

17  hereby objects to a Court Commissioner acting as Judge Pro Tempore of the Trial Courts at

18  the trial of the instant action.

19

20  Dated: February 11, 2008              BRYDON HUGO & PARKER

21

22                                By: _____
23                                    John R. Brydon
                                      Brian H. Buddell
24                                    Josette D. Johnson
                                      Attorneys for Defendant
25                                    UNION CARBIDE CORPORATION

26

27

28

                                      1

OBJECTION TO COURT COMMISSIONER ACTING AS JUDGE PRO TEMPORE AT TRIAL

*Jorgensen, Thomas & Patricia*
San Francisco County Superior Court Case No. CGC-08-274494
**LexisNexis Transaction No.** 18557950

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

DEFENDANT UNION CARBIDE CORPORATION'S OBJECTION TO COURT

COMMISSIONER ACTING AS JUDGE PRO TEMPORE AT TRIAL

on the following:

LEVIN SIMES KAISER & GORNICK
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Fax: (415) 981-1270

    X    By transmitting electronically the document(s) listed above as set forth on the electronic service list on this date before 5:00 p.m.

    o    By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    o    By placing the document(s) listed above in a sealed envelope designated for Federal Express overnight delivery and depositing same with fees thereupon prepaid, in a facility regularly maintained by Federal Express, addressed as set forth above.

I declare under penalty of perjury that the above is true and correct. Executed on February 11, 2008, at San Francisco, California.

SABRINA STEWART

1

# EXHIBIT 2

1  John R. Brydon [Bar No. 083365]
   Brian H. Buddell [Bar No. 166103]
2  Josette D. Johnson [Bar No. 195977]
   BRYDON HUGO & PARKER
3  135 Main Street, 20th Floor
   San Francisco, CA 94105
4  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333
5
   Attorneys for Defendant
6  UNION CARBIDE CORPORATION

7

8              SUPERIOR COURT – STATE OF CALIFORNIA

9         COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10 THOMAS JORGENSEN and PATRICIA        (ASBESTOS)
   JORGENSEN,                           Case No. CGC-08-274494
11
              Plaintiff(s),             ANSWER OF UNION CARBIDE
12    vs.                               CORPORATION TO COMPLAINT FOR
                                        PERSONAL INJURY – ASBESTOS
13 A.W. CHESTERTON COMPANY, et al.,

14            Defendants.

15      COMES NOW Defendant UNION CARBIDE CORPORATION ("Union Carbide" or

16 "Defendant") denying liability for itself and any alternate entities named in the complaint,

17 and answering plaintiff's Complaint for Personal Injury - Asbestos (hereinafter the

18 "Complaint"), on file herein, admits, denies, and alleges as follows:

19                           **GENERAL DENIAL**

20      Under the provisions of Section 431.30(d), California Code of Civil Procedure, this

21 answering defendant denies each and every allegation of plaintiff's Complaint and the

22 whole thereof, and denies that plaintiff has been damaged in any sum or amount

23 whatsoever, or at all, and denies that plaintiff is entitled to recover damages of any kind in

24 any amount whatsoever from Union Carbide.

25             **RESERVATION OF RIGHT TO TRIAL BY JURY**

26      Union Carbide reserves the right to a trial by jury.

27

28

BRYDON
HUGO & PARKER                              1
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105  ─────────────────────────────────────────────────────
                         ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

## AFFIRMATIVE DEFENSES

2

### FIRST AFFIRMATIVE DEFENSE

3

#### Failure to State a Cause of Action

4     This answering defendant alleges that plaintiff's Complaint and each of the causes of

5  action for relief alleged therein, fails to state a cause of action against this answering

6  defendant.

7

### SECOND AFFIRMATIVE DEFENSE

8

#### Contravention of Defendant's Constitutional Rights to Due Process of Law

9     The Complaint and each cause of action thereof, which is admittedly based upon a

10  lack of identification of the manufacturer of, and contractor using or distributing the

11  alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in

12  that plaintiff has asserted a claim for relief which, if granted, would contravene defendant's

13  constitutional rights to substantive and procedural due process of law as preserved for

14  defendant by the Fourteenth Amendment of the United States Constitution and by Article

15  I, Section 7, of the Constitution of the State of California.

16

### THIRD AFFIRMATIVE DEFENSE

17

#### Denial of Defendant's Constitutional Rights to Equal Protection of the Laws

18     The Complaint, and each cause of action thereof, fails to state facts sufficient to

19  constitute a cause of action in that plaintiff has asserted claims for relief which, if granted,

20  would constitute a denial by this Court of defendant's constitutional right to equal

21  protection of the laws as preserved by the Fourteenth Amendment of the United States

22  Constitution and by Article I, Section 7, of the Constitution of the State of California.

23

### FOURTH AFFIRMATIVE DEFENSE

24

#### Unconstitutional Taking of Private Property for Public Use Without Just Compensation

25     The Complaint, and each cause of action thereof, which is admittedly based upon a

26  lack of identification of the manufacturer, and contractor using or distributing the alleged

27  injury-causing product, fails to state facts sufficient to constitute a cause of action in that

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

2

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    plaintiff has asserted claims for relief which, if granted, would constitute the taking of

2    private property for public use without just compensation in contravention of the Fifth and

3    Fourteenth Amendments to the United States Constitution and by Article I, Section 7 and

4    19, of the Constitution of the State of California, and the applicable California statutes.

5                              FIFTH AFFIRMATIVE DEFENSE

6                                    Comparative Fault

7         This answering defendant alleges that the damages, if any, complained of by

8    plaintiff, were proximately caused by the negligence, fault, breach of contract and/or strict

9    liability of plaintiff or other defendants, firms, persons, corporations, unions, employers

10   and entities other than Union Carbide, and that said negligence, fault, breach of contract

11   and/or strict liability comparatively reduces the percentage of any negligence, fault, breach

12   of contract or strict liability for which Union Carbide is legally responsible, if any be found,

13   which liability this defendant expressly denies. Further, this answering defendant alleges

14   that plaintiff did not exercise ordinary care, caution or prudence to avoid the incidents

15   complained of herein, and said incidents and the injuries and damages, if any, sustained by

16   plaintiff, were directly and proximately caused and contributed to by the carelessness and

17   negligence of said plaintiff.

18                              SIXTH AFFIRMATIVE DEFENSE

19                                 Contributory Negligence

20        This answering defendant alleges that plaintiff did not exercise ordinary care,

21   caution or prudence to avoid the incidents complained of herein, and said incidents and the

22   injuries and damages, if any, sustained by plaintiff, were directly and proximately caused

23   and contributed to by the carelessness and negligence of said plaintiff.

24                             SEVENTH AFFIRMATIVE DEFENSE

25                                         Uncertainty

26        This answering defendant alleges that plaintiff's Complaint and all purported causes

27   of action therein are vague, ambiguous and uncertain, and fail to state a cause of action on

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

3

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   any theory.

## EIGHTH AFFIRMATIVE DEFENSE

### Laches

This answering defendant alleges that plaintiff unreasonably delayed in bringing this action and that such delay substantially prejudiced defendant, and that this action is therefore barred by the Doctrine of Laches.

## NINTH AFFIRMATIVE DEFENSE

### Statute of Limitations

This answering defendant alleges that plaintiff's Complaint and the purported causes of action therein are barred by all statutes of limitation, including, but not limited to, the provisions of California Code of Civil Procedure §§ 338, 338.1, 339(1), 340, 340(3) and 340.2, 343, 352, 366.1, 366.2 and California Commercial Code § 2725. Plaintiff's claims are further barred by the statute of limitations of states other than California pursuant to California Code of Civil Procedure § 361.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

This answering defendant alleges that plaintiff failed to mitigate damages which plaintiff contends he suffered, and plaintiff is therefore barred from any recovery whatsoever, or alternatively, any damages found must be reduced in proportion to such failure to mitigate.

## ELEVENTH AFFIRMATIVE DEFENSE

### Estoppel

This answering defendant alleges that as a result of the acts, conduct and/or omissions of plaintiff and his agents, or any of them, and each cause of action presented therein, is barred under the Doctrine of Estoppel.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

4

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    TWELFTH AFFIRMATIVE DEFENSE

2    Waiver

3    This answering defendant alleges that plaintiff, by his acts, conduct and omissions,

4    has waived the claims alleged in his Complaint and in each purported cause of action

5    alleged therein.

6    THIRTEENTH AFFIRMATIVE DEFENSE

7    Acquiescence

8    Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or

9    omissions, if any, of this answering defendant, thus barring plaintiff from any relief as

10    prayed for herein.

11    FOURTEENTH AFFIRMATIVE DEFENSE

12    Notice of Dangers

13    Plaintiff was advised, informed, and warned of any potential hazards and/or

14    dangers, if there were any, associated with the normal or foreseeable use, handling, storage

15    and in place asbestos of the products, substances, equipment and at premises in which

16    exposure is claimed as is described in the Complaint and is therefore barred from any relief

17    prayed for.

18    FIFTEENTH AFFIRMATIVE DEFENSE

19    Compliance with Statutes

20    This answering defendant alleges that all of its conduct and activities as alleged in

21    the plaintiff's Complaint conformed to statutes, government regulations, and industry

22    standards based upon the state of knowledge existing at all relevant times.

23    SIXTEENTH AFFIRMATIVE DEFENSE

24    Compliance with Specifications

25    This answering defendant alleges that the asbestos products or asbestos used or in

26    place at any premises, if any, for which Union Carbide had any legal responsibility, were

27    manufactured, packaged, distributed or sold in accordance with contract specifications

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

5

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  imposed by its co-defendants, by the U.S. Government, by the State of California, by

2  plaintiff's employers, or by third parties yet to be identified.

3  SEVENTEENTH AFFIRMATIVE DEFENSE

4  No Conspiracy

5  This answering defendant alleges that Union Carbide has no liability for the acts,

6  omissions or otherwise of any other defendant or entity because Union Carbide did not

7  become legally responsible for the acts of any such defendant, nor entity, by any

8  communication, alleged, implied, or actual, nor act, action, or activity, and never was, nor

9  is, a conspirator nor co-conspirator with any other defendant or entity.

10  EIGHTEENTH AFFIRMATIVE DEFENSE

11  State-of-the-Art

12  This answering defendant alleges that all of its activities, products, materials and its

13  premises at issue here at all times were conducted, used, produced, marketed, and

14  operated in conformity with the existing scientific, medical industrial hygiene and

15  consumer knowledge, art and practice and state-of-the-art.

16  NINETEENTH AFFIRMATIVE DEFENSE

17  No Foreseeable Risk to Plaintiff

18  The state of the medical, scientific, and industrial knowledge and practice was at all

19  material times such that defendant neither breached any alleged duty owed plaintiff, nor

20  knew, nor could have known, that its activities, materials, products, activities or premises

21  presented a foreseeable risk of harm to plaintiff in the normal and expected course of such

22  activities and use of such materials and products.

23  TWENTIETH AFFIRMATIVE DEFENSE

24  No Right to Control

25  This answering defendant alleges that any loss, injury, or damage incurred by

26  Plaintiff was proximately and legally caused by the negligent or willful acts or omissions of

27  parties which Union Carbide neither controlled, nor had the right to control, and was not

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

6

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1 | proximately caused by any acts, omissions, or other conduct of Union Carbide.

2 | <center>TWENTY-FIRST AFFIRMATIVE DEFENSE</center>

3 | <center>Action for Relief</center>

4 | This answering defendant alleges the causes of action, if any, attempted to be stated

5 | and set forth in the Complaint, are barred by the provisions of the Code of Civil Procedure

6 | of the State of California and/or other statutes of the State of California, including without

7 | limitation C.C.P. § 338(d).

8 | <center>TWENTY-SECOND AFFIRMATIVE DEFENSE</center>

9 | <center>Misuse and Improper Use of Products</center>

10 | This answering defendant alleges that if the plaintiff allegedly suffered injuries

11 | attributable to the disturbance or use of any product for which Union Carbide had any

12 | legal responsibility, which allegations are expressly herein denied, the injuries were solely

13 | caused by, and attributable to the unreasonable, unforeseeable, and inappropriate purpose

14 | and improper use and abuse which was made of said product by persons or entities other

15 | than Union Carbide.

16 | <center>TWENTY-THIRD AFFIRMATIVE DEFENSE</center>

17 | <center>Due Care and Diligence</center>

18 | This answering defendant alleges that Union Carbide exercised due care and

19 | diligence in all of the matters alleged in the Complaint, and no act or omission by Union

20 | Carbide was the proximate cause of any damage, injury or loss to plaintiff.

21 | <center>TWENTY-FOURTH AFFIRMATIVE DEFENSE</center>

22 | <center>Alteration and Misuse of Product</center>

23 | This answering defendant alleges that an insubstantial amount, if any at all, of the

24 | products containing asbestos distributed, used, supplied by defendant or used or in place

25 | at any premises owned or controlled by defendant, were not disturbed or used in the

26 | presence of plaintiff and not supplied to the plaintiff, and if so, were substantially altered

27 | by others and/or used in a manner inconsistent with the labeled directions.

28 |

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

7

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

#### Equal or Greater Knowledge of Hazards

3    This answering defendant alleges that any and all products containing asbestos

4 used, distributed or supplied by defendant were distributed or supplied to, or for, persons

5 or entities who had knowledge with respect to the hazards, if any, resulting from exposure

6 to products containing asbestos, which knowledge is equal to or greater than the

7 knowledge of Union Carbide.

8

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

9

#### Other Parties' Liability and Negligence

10    This answering defendant alleges that if there was any negligence or any other form

11 of liability on the part of any of the parties named herein, it was the sole and exclusive

12 negligence and liability of the other persons or entities and not of Union Carbide.

13

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

14

#### Apportionment and Offset

15    This answering defendant is informed and believes and thereon alleges that

16 plaintiff's acts and omissions, including plaintiff's agents, servants, and employees acting

17 within the course and scope of their employment, and others, contributed to the alleged

18 damages, injury, or loss, if any, sustained by plaintiff. Defendant requests that the Court

19 apply the principles of apportionment and offset so as to permit the Court or jury to

20 apportion liability according to fault and to grant defendant a corresponding offset against

21 any damages awarded to plaintiff.

22

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23

#### Contribution/Equitable Indemnity

24    This answering defendant alleges, in the event it is held liable to Plaintiff, any such

25 liability is expressly herein denied, and any other co-defendants are likewise held liable,

26 Union Carbide is entitled to a percentage contribution of the total liability from said co-

27 defendants in accordance with the principles of equitable indemnity and comparative

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

8

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  contribution.

2  ## TWENTY-NINTH AFFIRMATIVE DEFENSE

3  ### Assumption of Risk by Plaintiff's Employer(s)

4  This answering defendant alleges that the Complaint and each cause of action

5  alleged therein are barred on the grounds that plaintiff's employer or employers knowingly

6  entered into and engaged in the operations, acts and conduct alleged in the Complaint, and

7  voluntarily and knowingly assumed all of the risks incident to said operations, acts and

8  conduct at the time and place mentioned in the Complaint.

9  ## THIRTIETH AFFIRMATIVE DEFENSE

10  ### Assumption of Risk

11  This answering defendant alleges plaintiff assumed the risk of the matters referred

12  to in his Complaint and that plaintiff knew and appreciated the nature of the risk and that

13  the plaintiff voluntarily accepted this risk.

14  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

15  ### No Market Share

16  This answering defendant alleges that Union Carbide did not have an appreciable

17  share of the market for the asbestos-containing products which allegedly caused plaintiff's

18  injuries, which occurrence Union Carbide expressly denies.  Accordingly, Union Carbide

19  may not be held liable to plaintiff based on its alleged share of the applicable product

20  market.

21  ## THIRTY-SECOND AFFIRMATIVE DEFENSE

22  ### Plaintiff Fails to Join a Substantial Market Share

23  The Complaint, and each cause of action thereof, fails to state facts sufficient to

24  constitute a cause of action against this answering defendant, in that defendant has failed to

25  join a substantial market share of the producers or products to which plaintiff was

26  allegedly exposed.

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

9

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### Insufficient Facts to Show Substantial Market Share of this Defendant

To the extent the Complaint asserts defendant's alleged "alternative," "market share," or "enterprise" liability, the Complaint fails to state facts sufficient to constitute a cause of action against this defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Independent, Intervening or Superseding Cause

This answering defendant alleges that if plaintiff suffered any injuries attributable to the use of any product containing asbestos which was used, distributed or sold by defendant, which allegations are expressly denied herein, the injuries were solely caused by an unforeseeable, independent intervening and/or superseding event beyond the control and unrelated to any conduct of defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Not a Substantial Factor

This answering defendant alleges that the Complaint and each cause of action therein presented are barred on the grounds that the products, conduct, materials or premises of defendant as referred to in plaintiff's Complaint, if any, were not a substantial factor in bringing about the injuries and damages complained of by plaintiff and did not increase the risk that plaintiff would suffer the injuries and damages complained of.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### Insufficient Exposure

Any exposure of plaintiff to defendant's activities, products or exposure to asbestos or asbestos-containing products at Union Carbide's premises was so minimal as to be insufficient to establish by a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to plaintiff.

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

10

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### No Successor Liability

This answering defendant alleges that Union Carbide has no liability for the acts, omissions or otherwise of any other defendant or any other entity because Union Carbide did not become legally responsible for the acts of any such defendant or entity given the facts and circumstances of the pertinent transactions and never was, nor is, a successor-in-interest, a successor-in-liability or an alternate entity for any other user, manufacturer, supplier, seller, distributor or premises holder relating to asbestos or asbestos-containing products.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### Lack of Privity

This answering defendant alleges that plaintiff has failed to state a cause of action in that the Complaint fails to allege that there was privity between defendant on the one hand, and plaintiff on the other, and furthermore, such privity did not exist between defendant on the one hand, and plaintiff on the other.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### Secondary Assumption of Risk

This answering defendant alleges that any and all products containing asbestos used, distributed or supplied by defendant were used, distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which is equal to or greater than, the knowledge of Union Carbide, *i.e.* Union Carbide's liability should be reduced in proportion to the knowledge of plaintiff.

## FORTIETH AFFIRMATIVE DEFENSE

### Civil Code Section 1431.2

This answering defendant alleges that the provisions of California Civil Code § 1431.2 (commonly referred to as "Proposition 51") are applicable to plaintiff's Complaint

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

11

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1   and to each cause of action therein.

<div align="center">

2   FORTY-FIRST AFFIRMATIVE DEFENSE

3   Workers' Compensation Exclusive Remedy

</div>

4       This answering defendant alleges that the Complaint is barred by the exclusivity

5   provisions of the California Workers' Compensation laws, including, but not limited to,

6   California Labor Code §§ 3600, *et seq.*

<div align="center">

7   FORTY-SECOND AFFIRMATIVE DEFENSE

8   Offset for Workers' Compensation Benefits

</div>

9       This answering defendant alleges that to the extent plaintiff herein recovered, or in

10   the future may recover, any monies in connection with any claim for workers'

11   compensation benefits, any amounts recovered in this action are subject to a claim by

12   defendant for a credit or offset.

<div align="center">

13   FORTY-THIRD AFFIRMATIVE DEFENSE

14   Express Contractual Indemnity

</div>

15       This answering defendant alleges that if plaintiff claims exposure to asbestos or

16   asbestos-containing products at a Union Carbide premises, Union Carbide contracted with

17   plaintiff and/or plaintiff's employer(s) for them to fully assume all responsibility for

18   insuring plaintiff's safety, to guarantee that no hazardous condition existed, and/or to warn

19   and protect against any such conditions, during the performance of plaintiff's work, and,

20   further, to fully indemnify Union Carbide, and to hold Union Carbide harmless, for all

21   responsibility and liability arising out of said work, and/or any injuries allegedly incurred

22   by plaintiff as a result of any of said work. Union Carbide reserves all rights to assert these

23   provisions of contractual indemnity.

<div align="center">

24   FORTY-FOURTH AFFIRMATIVE DEFENSE

25   Consent

</div>

26       This answering defendant alleges that at all times mentioned, plaintiff consented to

27   the alleged acts or omissions of Union Carbide.

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

12

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1

### FORTY-FIFTH AFFIRMATIVE DEFENSE

2

### Unusual Susceptibility

3   This answering defendant alleges that each of plaintiff's injuries and damages, if

4   any, were proximately caused or contributed to by plaintiff's unforeseeable idiosyncratic

5   condition, unusual susceptibility, or hypersensitivity reactions for which Union Carbide is

6   not liable.

7

### FORTY-SIXTH AFFIRMATIVE DEFENSE

8

### Good Faith

9   This answering defendant alleges that plaintiff's claim for punitive damages is

10  barred because Union Carbide at all times and places mentioned in the Complaint acted

11  reasonably and in good faith, and without malice or oppression towards the plaintiff.

12

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

13

### Sophisticated User

14  This answering defendant alleges that Union Carbide was under no legal duty to

15  warn plaintiff of the hazard associated with the use of products containing asbestos or their

16  existence at any premises owned, operated, controlled or otherwise by Union Carbide. The

17  purchasers of said products, the plaintiff, plaintiff's employers, his unions or certain third

18  parties yet to be identified, were knowledgeable and sophisticated users and were in a

19  better position to warn plaintiff of the risk associated with using products containing

20  asbestos and, assuming a warning was required, it was the failure of such persons or

21  entities to give such a warning that was the proximate and superseding cause of plaintiff's

22  damages, if any.

23

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

24

### Work Hazard Precautions

25  This answering defendant alleges that plaintiff's employer(s) was/were advised and

26  warned of any potential hazards and/or dangers associated with the normal and

27  foreseeable conduct with, or storage and disposal of the products referred to in the

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

13

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1  Complaint, in a manner which was adequate notice to an industrial user of such product to

2  enable it to inform its employees to take appropriate work precautions to prevent injurious

3  exposure.

### FORTY-NINTH AFFIRMATIVE DEFENSE

#### Failure to Join Indispensable Parties

6  Plaintiff herein has failed to join indispensable parties (California Code of Civil

7  Procedure, § 389) and the Complaint is thereby defective, and plaintiff is thereby precluded

8  from any recovery whatsoever as prayed for herein.

### FIFTIETH AFFIRMATIVE DEFENSE

#### No Standing Under California Civil Code §§ 1708-1710

11  Plaintiff has no standing nor right to sue for fraud and conspiracy, breach of

12  warranty, deceit, or any cause of action under California Civil Code, §§ 1708-1710, and

13  therefore the Complaint and each cause of action thereof fails to state facts sufficient to

14  constitute a cause of action against this answering defendant.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

#### Plaintiff is not a Real Party in Interest

17  Plaintiff, and each of them, herein lacks legal capacity to sue and is not a real party

18  in interest and is thereby precluded from any recovery whatsoever as prayed for herein.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

#### Fraud and Conspiracy are Not Separate Forms of Damages

21  Fraud and conspiracy do not constitute a separate and distinct form of damages

22  from general damages, and, therefore, the prayer for fraud and conspiracy in addition to

23  general damages does not sufficiently support or constitute a separate claim for damages

24  against this answering defendant, but is simply cumulative and included in general

25  damages.

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

14

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1                           <u>FIFTY-THIRD AFFIRMATIVE DEFENSE</u>

2                             <u>Failure to Allege with Particularity</u>

3      This answering defendant alleges that plaintiff's Complaint fails to set out its claims

4 with sufficient particularity to permit defendant to raise all appropriate defenses and, thus,

5 defendant reserves the right to add additional defenses as the factual basis for these claims

6 becomes known.

7                          <u>FIFTY-FOURTH AFFIRMATIVE DEFENSE</u>

8                             <u>Punitive Damage Prohibited</u>

9      This answering defendant alleges that plaintiff's Complaint fails to state facts

10 sufficient to support an award of punitive or exemplary damages against Union Carbide.

11 The Complaint, to the extent that it seeks exemplary or punitive damages, violates Union

12 Carbide's right to procedural due process under the Fourteenth Amendment of the United

13 States Constitution, and the Constitution of the State of California, and fails to state a cause

14 of action upon which either punitive or exemplary damages can be awarded.

15                          <u>FIFTY-FIFTH AFFIRMATIVE DEFENSE</u>

16                            <u>Punitive Damages Prohibited</u>

17      This answering defendant alleges that the Complaint, to the extent that it seeks

18 punitive or exemplary damages, violates Union Carbide's right to protection from

19 excessive fines as provided in the Eighth Amendment of the United States Constitution and

20 Article I, Section 17 of the Constitution of the State of California, and violates Union

21 Carbide's right to substantive due process as provided in the Fifth and Fourteenth

22 Amendments of the United States and California Constitutions, and thus fails to state a

23 cause of action supporting an award of punitive or exemplary damages.

24                          <u>FIFTY-SIXTH AFFIRMATIVE DEFENSE</u>

25                            <u>Punitive Damages Prohibited</u>

26      The causes of action asserted herein by plaintiff fail to state facts sufficient to

27 constitute a cause of action in that plaintiff has asserted claims for punitive damages which,

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

15

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1    if granted, would violate the prohibition against laws impairing the obligation of contracts
2    set forth in Article I, Section 10, of the United States Constitution.

3    FIFTY-SEVENTH AFFIRMATIVE DEFENSE
4    Punitive Damages Prohibited
5    Plaintiff's claim for punitive or exemplary damages, if any, alleged by Plaintiff is
6    barred by the "double jeopardy" clause of the Fifth Amendment to the United States
7    Constitution, as applied to the States through the Fourteenth Amendment.

8    FIFTY-EIGHTH AFFIRMATIVE DEFENSE
9    Negligent Hiring Claim Invalid
10    An employee of an independent contractor may not pursue a claim for negligent
11    hiring against a hirer of the independent contractor. *See Camargo v. Tjaarda Dairy*, 25 Cal.
12    4th 1235 (2001).

13    FIFTY-NINTH AFFIRMATIVE DEFENSE
14    Right to Amend
15    This defendant will assert any and all additional defenses that arise during the
16    course of this litigation and reserves the right to amend its answer to assert such defenses.

17    SIXTIETH AFFIRMATIVE DEFENSE
18    Alternate Unknown Cause
19    The alleged injuries and damages, if any, may be in whole or in part due to injury,
20    disease or cause other than as alleged.

21    SIXTY-FIRST AFFIRMATIVE DEFENSE
22    No Concert of Action
23    There is no concert of action between defendant and any of the other named
24    defendants. Defendants are not joint tortfeasors and accordingly, defendant may not be
25    held jointly and severally liable with the other named defendants.

26    **PRAYER**
27    WHEREFORE, this answering defendant prays for judgment as follows:

28

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1      1.     That Plaintiff take nothing by reason of their Complaint or any claims stated

2  therein;

3      2.     That Plaintiff's Complaint and each cause of action contained therein be

4  dismissed with prejudice against Union Carbide;

5      3.     For costs of suit; and

6      4.     For such other and further relief as the Court deems just and appropriate in

7  the circumstances.

8

9  Dated:  February 11, 2008           BRYDON HUGO & PARKER

10

11                         By: _____

12                         John R. Brydon
                             Brian H. Buddell

13                         Josette D. Johnson
                             Attorneys for Defendant

14                         UNION CARBIDE CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYDON
HUGO & PARKER
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105

17

ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS

1                *Jorgensen, Thomas & Patricia*
    San Francisco County Superior Court Case No. CGC-08-274494

2              **LexisNexis Transaction No.** 18557950

3                   **PROOF OF SERVICE**

4        I am a resident of the State of California, over the age of 18 years, and not a
party to the within action.  My electronic notification address is

5 service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San
Francisco, California 94105.  On the date below, I served the following:

6

7 ANSWER OF UNION CARBIDE CORPORATION TO COMPLAINT FOR PERSONAL

8                    INJURY -- ASBESTOS

9 on the following:

10 LEVIN SIMES KAISER & GORNICK
    44 Montgomery Street, 36th Floor

11 San Francisco, CA 94104
    Fax:  (415) 981-1270

12

13      X   By transmitting electronically the document(s) listed above as set forth
          on the electronic service list on this date before 5:00 p.m.

14

15      o   By placing the document(s) listed above in a sealed envelope and placing
          the envelope for collection and mailing on the date below following the

16           firm's ordinary business practices.  I am readily familiar with the firm's
          practice of collection and processing correspondence for mailing.  Under

17           that practice it would be deposited with U.S. Postal service on the same
          day with postage thereon fully prepaid at San Francisco, California in

18           the ordinary course of business.  I am aware that on motion of party
          served, service is presumed invalid if postal cancellation date or postage

19           meter date is more than one day after date of deposit for mailing in
          affidavit.

20      o   By placing the document(s) listed above in a sealed envelope designated
          for Federal Express overnight delivery and depositing same with fees

21           thereupon prepaid, in a facility regularly maintained by Federal Express,
          addressed as set forth above.

22

23        I declare under penalty of perjury that the above is true and correct.
Executed on February 11, 2008, at San Francisco, California.

24

25                                                                SABRINA STEWART

26

27

28

                                              1

# EXHIBIT 3

1  John R. Brydon [Bar No. 083365]
   Brian H. Buddell [Bar No. 166103]
2  Josette D. Johnson [Bar No. 195977]
   BRYDON HUGO & PARKER
3  135 Main Street, 20th Floor
   San Francisco, CA 94105
4  Telephone: (415) 808-0300
   Facsimile: (415) 808-0333

5
   Attorneys for Defendant
6  UNION CARBIDE CORPORATION

7

8              SUPERIOR COURT – STATE OF CALIFORNIA

9          COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10 THOMAS JORGENSEN and PATRICIA          (ASBESTOS)
   JORGENSEN,                             Case No. CGC-08-274494
11
              Plaintiff(s),               DEMAND FOR STATEMENT OF
12      vs.                               DAMAGES

13 A.W. CHESTERTON COMPANY, et al.,

14            Defendants.

15
       TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:
16
       Pursuant to §425.11 of the California Code of Civil Procedure, defendant UNION
17
   CARBIDE CORPORATION hereby demands that plaintiff serve within 15 days a statement
18
   of the nature and extent of the special and general damages, item by item, which they seek
19
   by filing this action.
20
       Service of such response shall be made to the undersigned at 135 Main Street, 20TH
21
   Floor, San Francisco, CA 94105.
22

23 Dated: February 11, 2008              BRYDON HUGO & PARKER
24

25                                       By: _____
26                                           John R. Brydon
                                             Brian H. Buddell
27                                           Josette D. Johnson
                                             Attorneys for Defendant
28                                           UNION CARBIDE CORPORATION

BRYDON
HUGO & PARKER                                    1
135 MAIN STREET
20TH FLOOR
San Francisco, CA 94105
                      DEMAND FOR STATEMENT OF DAMAGES

*Jorgensen, Thomas & Patricia*
San Francisco County Superior Court Case No. CGC-08-274494
**LexisNexis Transaction No. 18557950**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

DEMAND FOR STATEMENT OF DAMAGES

on the following:

LEVIN SIMES KAISER & GORNICK
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Fax: (415) 981-1270

X    By transmitting electronically the document(s) listed above as set forth on the electronic service list on this date before 5:00 p.m.

o    By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

o    By placing the document(s) listed above in a sealed envelope designated for Federal Express overnight delivery and depositing same with fees thereupon prepaid, in a facility regularly maintained by Federal Express, addressed as set forth above.

I declare under penalty of perjury that the above is true and correct. Executed on February 11, 2008, at San Francisco, California.

SABRINA STEWART

1

PROOF OF SERVICE

# EXHIBIT 4

1  MICHAEL T. MCCALL, State Bar No. 109580
   WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP
2  601 Montgomery Street, Ninth Floor
   San Francisco, California 94111-2612
3  Telephone:  (415) 781-7072
   Facsimile:  (415) 391-6258
4
   Attorneys for Defendant
5  QUINTEC INDUSTRIES, INC.

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9         **COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)**

10

11 THOMAS JORGENSEN and PATRICIA      )  Case No. CGC-08-274494
   JORGENSEN,                         )
12                                    )  **ANSWER OF DEFENDANT QUINTEC**
                 Plaintiffs,          )  **INDUSTRIES, INC. TO PLAINTIFFS'**
13                                    )  **COMPLAINT FOR DAMAGES**
         vs.                          )
14                                    )  (ASBESTOS)
   A. W. CHESTERTON COMPANY, et al.,  )
15                                    )
                 Defendants.          )
16 _____)

17         Defendant QUINTEC INDUSTRIES, INC. (hereafter "Defendant"), in answering the

18 Plaintiffs' unverified complaint for itself alone, and severing itself from all others, admits, denies

19 and alleges as follows:

20         1.    Pursuant to California <u>Code of Civil Procedure</u> Section 431.30, Defendant denies,

21 both generally and specifically, each, every and all allegations of each and every purported cause of

22 action or count of Plaintiffs' complaint, denying specifically that Plaintiffs have been, are, or will

23 be injured or damaged in the manner or sum alleged, or in any other manner or sums at all, and

24 further denying that Defendant was negligent in any manner, that the alleged product(s) were

25 defective in any way, or that the alleged defect or defects were the proximate cause of the Plaintiffs'

26 claimed damages or injuries.

27         DEFENDANT HEREIN ALLEGES AND SETS FORTH SEPARATELY AND

28 DISTINCTLY THE FOLLOWING AFFIRMATIVE DEFENSES TO EACH AND EVERY

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-1-
QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367253.1
1524-9 6639

1  CAUSE OF ACTION ALLEGED IN PLAINTIFFS' COMPLAINT AS THOUGH EACH

2  DEFENSE WERE PLEADED SEPARATELY TO EACH SUCH CAUSE OF ACTION:

### FIRST AFFIRMATIVE DEFENSE

4    2.    The complaint and each and every purported cause of action or count thereof fails to

5  state facts sufficient to constitute a cause or causes of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

7    3.    Defendant is informed and believes and thereon alleges that the acts, injuries and

8  damages alleged in the complaint occurred and were proximately caused by either the sole

9  negligence or fault of Plaintiffs, which sole negligence or fault bars Plaintiffs' recovery, or was

10  contributed to by Plaintiffs' negligence or fault.  Plaintiffs' recovery, if any, should be reduced by

11  an amount proportionate to the amount by which Plaintiffs' negligence or fault contributed to the

12  happening of the alleged incident and/or alleged injury.

### THIRD AFFIRMATIVE DEFENSE

14    4.    Defendant is informed and believes and thereon alleges that the negligence,

15  carelessness and other acts or omissions of other Defendants in this lawsuit, as well as other

16  persons and entities not parties to this lawsuit, proximately caused or contributed to Plaintiffs'

17  injuries and damages, if any.  The negligence, carelessness and other acts or omissions of the other

18  Defendants in this lawsuit and other persons and entities not parties to this lawsuit account for one

19  hundred percent (100%) of the causal or contributing factors relating to Plaintiffs' injuries and

20  damages, if any, and/or constitute superseding and/or intervening causes of Plaintiffs' injuries and

21  damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

23    5.    Defendant is informed and believes and thereon alleges that the accident, injury and

24  damages alleged in Plaintiffs' complaint occurred and were proximately caused by either the sole

25  negligence of Plaintiff's employers other than Defendant, or co-employees, which sole negligence

26  bars Plaintiffs' recovery, or were contributed to by the negligence of Plaintiff's employers other

27  than Defendant, or co-employees.  Plaintiffs' recovery, if any, must be reduced by an amount

28  proportionate to the amount by which the negligence of Plaintiff's employers other than Defendant,

-2-

1  and/or the negligence of Plaintiff's co-employees contributed to the happening of the alleged

2  accident and the alleged injuries.

3  <div align="center">**FIFTH AFFIRMATIVE DEFENSE**</div>

4       6.     While at all times denying any liability whatsoever to Plaintiffs, any alleged liability

5  or responsibility of Defendant is small in proportion to the alleged liability and responsibility of

6  other persons or entities, including other persons and entities who are parties herein, and Plaintiffs

7  should be limited to seeking recovery from Defendant for the proportion in which Defendant is

8  allegedly liable or responsible, all such alleged liability and responsibility being expressly denied.

9  <div align="center">**SIXTH AFFIRMATIVE DEFENSE**</div>

10       7.     Defendant is informed and believes and thereon alleges that at the time the alleged

11  operations, acts and conduct occurred, Plaintiff was acting within the course and scope of

12  employment, and was entitled to receive, did receive, and will continue to receive workers'

13  compensation benefits. Plaintiff's employers other than Defendant failed to provide the Plaintiff

14  with a safe place in which to work, and said employers' negligence, carelessness and other acts and

15  omissions proximately caused the injuries and damages claimed. Therefore, said employers and

16  their workers' compensation carriers are barred from any recovery by lien or otherwise herein, and

17  Defendant is entitled to set off any such benefits Plaintiffs have received against any judgment

18  rendered in favor of Plaintiffs.

19  <div align="center">**SEVENTH AFFIRMATIVE DEFENSE**</div>

20       8.     Defendant is informed and believes and thereon alleges that Plaintiff knew of the

21  risk and dangers inherent to his conduct, and with full knowledge of those risks and dangers and

22  with an appreciation for the magnitude of the risks and dangers, did voluntarily assume the risk and

23  injuries and damages, if any, sustained thereby. Plaintiff's assumption of risk bars or

24  proportionately reduces any recovery by Plaintiffs.

25  <div align="center">**EIGHTH AFFIRMATIVE DEFENSE**</div>

26       9.     Defendant alleges that Plaintiffs have failed to make reasonable efforts to mitigate

27  their injuries and/or damages, if any.

28  / / /

<div align="center">-3-

QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT</div>

367253.1
1524-9.6639

**NINTH AFFIRMATIVE DEFENSE**

10.     The complaint and each and every cause of action are barred by the applicable statute of limitations including, but not limited to, Code of Civil Procedure Sections 335.1, 338, 339, 340.2 and 343.

**TENTH AFFIRMATIVE DEFENSE**

11.     Plaintiffs' action is barred by the provisions of Labor Code Section 3600, et seq.

**ELEVENTH AFFIRMATIVE DEFENSE**

12.     Plaintiffs have waived and are estopped from asserting any claim against Defendant by reason of Plaintiffs' approval and consent to the risk of the matters causing the damages, if any, and their acknowledgment of, acquiescence in and consent to the alleged acts or omissions, if any, of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

13.     This action is barred by laches as Plaintiffs unreasonably delayed in the bringing of this action and thereby prejudiced the rights of Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14.     Defendant alleges that Defendant distributed and/or marketed product(s) in full compliance with regulations and/or specifications promulgated by the United States Government and any recovery by Plaintiffs is barred as a consequence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiffs are barred from asserting any claim based on breach of warranty against Defendant by reason of failure to fulfill the conditions of warranties alleged in the complaint in the event such alleged warranties are proved at trial.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16.     Defendant alleges that Plaintiffs have waived whatever rights they might otherwise have had for breach of warranty in that Plaintiffs failed to notify Defendant of any alleged breach of warranty, express or implied, and/or of alleged defects in any products distributed or marketed by Defendant within a reasonable time after Plaintiffs discovered and/or should have discovered any defect or nonconformity, if any existed, thereby prejudicing Defendant from being able to fully

-4-

367253.1
1524-9.6639

1  investigate and defend the allegations contained in Plaintiffs' complaint.

2  ### SIXTEENTH AFFIRMATIVE DEFENSE

3       17.    Defendant alleges that Plaintiffs are now estopped from claiming that any products

4  distributed or marketed by Defendant were in any way defective or failed to conform to any alleged

5  warranties in that Plaintiffs failed to notify Defendant of any defect or any nonconformity in the

6  products within a reasonable time after Plaintiffs discovered, or should have discovered, any defect

7  or nonconformity, if any existed.

8  ### SEVENTEENTH AFFIRMATIVE DEFENSE

9       18.    Defendant alleges that Plaintiffs were not in privity of contract with Defendant, and

10  that such lack of privity bars recovery herein upon any theory of warranty.

11  ### EIGHTEENTH AFFIRMATIVE DEFENSE

12       19.    Defendant is informed and believes and thereon alleges that any injuries or damages

13  suffered by Plaintiffs, the existence thereof being expressly denied, are the direct and proximate

14  result of Plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to the alleged

15  product(s) distributed or marketed by Defendant, which reaction was not the result of any conduct

16  or omission of Defendant, nor the result of any defect in any product(s) distributed or marketed by

17  Defendant.

18  ### NINETEENTH AFFIRMATIVE DEFENSE

19       20.    Defendant is informed and believes and thereon alleges that if Plaintiff was injured

20  by any product distributed or marketed by Defendant, Defendant, irrespective, did not breach any

21  duty to Plaintiffs and is not liable for those injuries or for Plaintiffs' claimed damages as the

22  product(s) when distributed and/or marketed conformed to the then current state-of-the-art

23  specifications, and because the then current state-of-the-art medical, scientific and industrial

24  knowledge, art and practice were such that Defendant did not and could not know that the

25  product(s) might pose a risk of harm in normal and foreseeable use.

26  ### TWENTIETH AFFIRMATIVE DEFENSE

27       21.    Defendant alleges that Plaintiffs did not reasonably rely on any act, omission or

28  representation of Defendant.

-5-

QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367253.1
1524-9.6639

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2      22.    In the event Plaintiffs are entitled to non-economic damages including, but not

3    limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and

4    companionship, loss of consortium, and/or injury to reputation and humiliation, Defendant shall be

5    liable only for the amount of non-economic damages allocated to Defendant's percentage of fault,

6    and a separate judgment shall be rendered against Defendant for that amount pursuant to Civil

7    Code §1431.2.

8

## TWENTY-SECOND AFFIRMATIVE DEFENSE

9      23.    Defendant denies any and all liability to the extent that Plaintiffs may assert

10    Defendant's alleged liability as a successor, successor in business, successor in product line or a

11    portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

12    portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial

13    owner or member in an entity in which there has been research, study, manufacturing, fabricating,

14    designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting,

15    servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding,

16    manufacturing for others, packaging and advertising of a certain substance, the generic name of

17    which is asbestos.

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

19      24.    Defendant alleges that plaintiffs herein lack legal capacity and standing to sue; are

20    not real parties in interest or persons with superior right to make the claims contained in this

21    complaint and are thereby precluded from any recovery whatsoever.  Additionally, to the extent

22    they lack standing or proper appointment to bring the claims they are asserting, any action taken in

23    this matter with regard to their claim(s) is voidable.  Defendant further contends that any

24    declaration filed by any person asserting a survival claim contains expert opinions and conclusions

25    that are not supported and that the declarant is not qualified to make.

26

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

27      25.    Defendant alleges that Plaintiffs' complaint and each and every cause of action fail

28    to state facts sufficient to constitute a cause or causes of action for punitive damages against

-6-

QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1  Defendant.

2  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

3  26.    Defendant is informed and believes and thereon alleges that Plaintiffs and/or other

4  persons, without Defendant's knowledge and/or approval, redesigned, modified, altered, and used

5  products distributed or marketed by Defendant contrary to instructions, warnings, and the customs

6  and practice of the industry so as to substantially change the character of these products.  Defendant

7  further alleges that if the products distributed or marketed by Defendant were defective in any way,

8  which defectiveness is specifically denied, such defectiveness resulted solely from the redesign,

9  modification, alteration, use, or other changes therein and not from any act or omission of

10  Defendant.  Therefore, the defect, if any, so created by Plaintiffs and/or other persons or parties, as

11  the case may be, was the sole and proximate cause of the injuries and/or damages, if any, allegedly

12  sustained by Plaintiffs.

13  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

14  27.    Defendant is informed and believes and thereon alleges that the accident, injury, and

15  damages alleged in Plaintiffs' complaint were solely and proximately caused by Plaintiffs' misuse

16  of the product(s).  Defendant could not have reasonably foreseen this misuse, and Plaintiffs'

17  misuse, therefore, bars recovery against Defendant.

18  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19  28.    Defendant is informed and believes and thereon alleges that if Plaintiffs were

20  injured by any product(s) distributed or marketed by Defendant, such product(s) were intended and

21  sold in bulk to a knowledgeable and sophisticated user over whom Defendant had no control and

22  who was fully informed as to risks and dangers, if any, associated with those products and the

23  precautions, if any, required to avoid those risks and dangers, if any.

24  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25  29.    Defendant is informed and believes and thereon alleges that if Plaintiffs were

26  injured by any product(s) distributed or marketed by Defendant, that said product(s) were

27  accompanied by good and sufficient labeling when they left the custody, possession, and control of

28  Defendant which gave conspectus, reasonable, and adequate warnings and directions to the users of

-7-

QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367253.1
1524-9.6639

1  such product(s) concerning the purpose for which, and manner in which, such product(s) were to be

2  used and concerning the risks and dangers, if any, attendant to said use.  Defendant alleges that as a

3  result of said warnings and directions, Defendant fulfilled whatever duty, if any, that is owed to

4  Plaintiffs.  If Plaintiffs were injured by any such product, the injuries were proximately caused by

5  the use of the product(s) in disregard of the warnings and directions which was not reasonably

6  foreseeable to Defendant.

7  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

8       30.     Defendant alleges that insofar as the instant complaint is an attempt to recover

9  punitive or exemplary damages from Defendant, it violates the following United States

10  Constitutional and California State Constitutional principles:

11       a.     Excessive fines clause of the United States Constitution, Eighth Amendment
          and Fourteenth Amendment;

12
          b.     The contract clause, Article 1, Section 10, clause 1, and the Fourteenth

13       Amendment of the United States Constitution;

14       c.     The due process clause of the United States Constitution, Fourteenth
          Amendment;

15
          d.     The equal protection clause of the United States Constitution;

16
          e.     The California Constitution due process and equal protection clauses, Article

17       1, Section 7(a);

18       f.     The California Constitution excessive fines clause, Article 1,
          Section 17.

19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

-8-
QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367253.1
1524-9.6639

1    WHEREFORE, Defendant QUINTEC INDUSTRIES, INC. prays for judgment as follows:

2    1.    That Plaintiffs take nothing from Defendant by virtue of the complaint herein;

3    2.    That Defendant be awarded costs of suit and attorneys' fees herein; and

4    3.    That Defendant be granted such other and further relief as the Court may deem just

5    and proper.

6    Dated: February 8, 2008                Respectfully submitted,

7                                            WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP

8

9                            By:    /S/ MICHAEL T. MCCALL
                                    MICHAEL T. MCCALL
10                                  Attorneys for Defendant
                                    QUINTEC INDUSTRIES, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367253.1
1524-9.6639

1

## PROOF OF SERVICE

2

3    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1 City Boulevard West, Fifth Floor, Orange, California 92868-3677.

4

5    On February 8, 2008, I served the within document(s) described as:

6    ANSWER OF DEFENDANT QUINTEC INDUSTRIES, INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES

7

on the interested parties in this action as stated below:

8

LEVIN SIMES KAISER & GORNICK LLP
9    44 Montgomery Street
36th Floor
10    San Francisco, CA  94104

11    ☒    (BY ELECTRONIC MAIL) I provided the document(s) listed above electronically to the Lexis Nexis website pursuant to their instructions on that website. If the document is provided to Lexis Nexis electronically by 5:00 p.m., then the document will be deemed served on the date that it was provided to Lexis Nexis.

12

13

Executed on February 8, 2008, at Orange, California.

14

15    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

| Laura El-Ali | /S/ LAURA EL-ALI |
|---|---|
| (Type or print name) | (Signature) |

17

18

19

20

21

22

23

24

25

26

27

28

-10-

QUINTEC INDUSTRIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367253.1
1524-9.6639

# EXHIBIT 5

1  MICHAEL T. MCCALL, State Bar No. 109580
   WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP
2  601 Montgomery Street, Ninth Floor
   San Francisco, California 94111-2612
3  Telephone:   (415) 781-7072
   Facsimile:   (415) 391-6258
4
   Attorneys for Defendant
5  HAMILTON MATERIALS, INC.

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9       COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)

10

11  THOMAS JORGENSEN and PATRICIA          )  Case No. CGC-08-274494
    JORGENSEN,                             )
12                                         )  ANSWER OF DEFENDANT
                 Plaintiffs,               )  HAMILTON MATERIALS, INC. TO
13                                         )  PLAINTIFFS' COMPLAINT FOR
           vs.                             )  DAMAGES
14                                         )
    A. W. CHESTERTON COMPANY, et al.,      )  (ASBESTOS)
15                                         )
                 Defendants.               )
16  _____    )

17         Defendant HAMILTON MATERIALS, INC. (hereafter "Defendant"), in answering the

18  Plaintiffs' unverified Complaint, for itself alone, and severing itself from all others, admits, denies

19  and alleges as follows:

20         1.     Pursuant to California Code of Civil Procedure, Section 431.30, Defendant denies,

21  both generally and specifically, each, every, and all allegations of each and every purported cause

22  of action or count of Plaintiffs' complaint, denying specifically that Plaintiffs have been, are, or will

23  be injured or damaged in the manner or sum alleged, or in any other manner or sums at all, and

24  further denying that Defendant was negligent in any manner, that the alleged product was defective

25  in any way, or that the alleged defect was the proximate cause of the Plaintiffs' claimed damages or

26  injuries.

27         DEFENDANT HEREIN ALLEGES AND SETS FORTH SEPARATELY AND

28  DISTINCTLY THE FOLLOWING AFFIRMATIVE DEFENSES TO EACH AND EVERY

                                          -1-
    _____
           HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW
    367135.1
    1155-5.2389

1  CAUSE OF ACTION ALLEGED IN PLAINTIFFS' COMPLAINT AS THOUGH PLEADED

2  SEPARATELY TO EACH AND EVERY CAUSE OF ACTION:

### FIRST AFFIRMATIVE DEFENSE

3

4      2.      The complaint and each and every purported cause of action or count thereof fails to

5  state facts sufficient to constitute a cause or causes of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

6

7      3.      Defendant is informed and believes and thereon alleges that the acts, injuries and/or

8  damages alleged in Plaintiffs' complaint occurred and were proximately caused by either the sole

9  negligence or fault of Plaintiffs, which sole negligence or fault bars Plaintiffs' recovery, or were

10 contributed to by Plaintiffs' negligence or fault.  Plaintiffs' recovery, if any, should be reduced by

11 an amount proportionate to the amount by which Plaintiffs' negligence or fault contributed to the

12 happening of the alleged incident and/or alleged injury.

### THIRD AFFIRMATIVE DEFENSE

13

14     4.      Defendant is informed and believes and thereon alleges that the negligence,

15 carelessness and other acts or omissions of other Defendants in this lawsuit, as well as other

16 persons and entities not parties to this lawsuit, proximately caused or contributed to Plaintiffs'

17 injuries and damages, if any.  The negligence, carelessness and other acts or omissions of the other

18 Defendants in this lawsuit and other persons and entities not parties to this lawsuit account for one

19 hundred percent (100%) of the causal or contributing factors relating to Plaintiffs' injuries and

20 damages, if any, and/or constitute the supervening and/or intervening causes of the injuries and

21 damages, if any, alleged by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

22

23     5.      Defendant is informed and believes and thereon alleges that the accident, injury and

24 damages alleged by Plaintiffs occurred and were proximately caused by either the sole negligence

25 of Plaintiff's employers or co employees, which sole negligence bars Plaintiffs' recovery, or were

26 contributed to by the negligence of Plaintiff's employers or co employees.  Plaintiffs' recovery, if

27 any, must be reduced by an amount proportionate to the amount by which the negligence of

28 Plaintiff's employers and/or the negligence of Plaintiff's co employees contributed to the happening

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-2-
HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367135.1
1155-5.2389

1   of the alleged accident and the alleged injuries.

2   **FIFTH AFFIRMATIVE DEFENSE**

3   6.    Defendant is informed and believes and thereon alleges that while at all times

4   denying any liability whatsoever to Plaintiffs, any alleged liability or responsibility of Defendant is

5   small in proportion to the alleged liability and responsibility of other persons or entities, including

6   other persons and entities who are parties herein, and Plaintiffs should be limited to seeking

7   recovery from Defendant for the proportion in which Defendant is allegedly liable or responsible,

8   all such alleged liability and responsibility being expressly denied.

9   **SIXTH AFFIRMATIVE DEFENSE**

10  7.    Defendant is informed and believes and thereon alleges that at the time the alleged

11  operations, acts and conduct occurred, Plaintiff was acting within the course and scope of

12  employment and was entitled to receive, did receive and will continue to receive workers'

13  compensation benefits.  Plaintiff's employers failed to provide the Plaintiff with a safe place in

14  which to work and Plaintiff's employers' negligence, carelessness and other acts and omissions

15  proximately caused the injuries and damages claimed.  Therefore, said employers and their

16  workers' compensation carriers are barred from any recovery by lien or otherwise herein and

17  Defendant is entitled to set off any such benefits Plaintiffs have received against any judgment

18  rendered in favor of Plaintiffs.

19  **SEVENTH AFFIRMATIVE DEFENSE**

20  8.    Defendant is informed and believes and thereon alleges that Plaintiff knew of the

21  risks and dangers inherent to Plaintiff's conduct and with full knowledge of those risks and dangers

22  and with an appreciation for the magnitude of the risks and dangers, did voluntarily assume the

23  risks and injuries and damages, if any, sustained thereby.  Plaintiff's assumption of risk bars or

24  proportionately reduces any recovery by Plaintiffs.

25  **EIGHTH AFFIRMATIVE DEFENSE**

26  9.    Plaintiffs have failed to make reasonable efforts to mitigate their injuries and/or

27  damages, if any.

28  / / /

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-3-
HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367135.1
1155-5.2389

1

## NINTH AFFIRMATIVE DEFENSE

2      10.    The complaint and each and every cause of action is barred by the applicable Statute

3 of Limitations, including, but not limited to, <u>Code of Civil Procedure</u>, Sections 335.1, 338, 339,

4 340.2 and 343.

5

## TENTH AFFIRMATIVE DEFENSE

6      11.    Plaintiffs' action is barred by the provisions of <u>Labor Code</u>, Section 3600, et seq.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8      12.    Defendant alleges that Plaintiffs have waived and are estopped from asserting any

9 claim against Defendant by reason of Plaintiffs' approval and consent to the risk of the matters

10 causing the damages, if any, and their acknowledgement of, acquiescence in and consent to the

11 alleged acts or omissions, if any, of Defendant.

12

## TWELFTH AFFIRMATIVE DEFENSE

13      13.    This action is barred by laches as Plaintiffs unreasonably delayed in the bringing of

14 this action and thereby prejudiced the rights of Defendant.

15

## THIRTEENTH AFFIRMATIVE DEFENSE

16      14.    Defendant alleges that Defendant manufactured and produced its product(s) in full

17 compliance with governmental regulations and/or specifications.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19      15.    Defendant alleges that Plaintiffs are barred from asserting any claim based on

20 breach of warranty against Defendant by reason of failure to fulfill the conditions of warranties

21 alleged in their complaint in the event such alleged warranties are proved at trial.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23      16.    Defendant alleges that Plaintiffs have waived whatever rights they might otherwise

24 have had for breach of warranty in that Plaintiffs failed to notify Defendant of any alleged breach

25 of warranty, express or implied, and/or of any alleged defects in any product(s) manufactured or

26 marketed by Defendant within a reasonable time after Plaintiffs discovered and/or should have

27 discovered any defect or nonconformity, if any existed, thereby prejudicing Defendant from being

28 able to fully investigate and defend the allegations contained in Plaintiffs' complaint.

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-4-
HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367135.1
1155-5.2389

## SIXTEENTH AFFIRMATIVE DEFENSE

17.     Defendant alleges that Plaintiffs are now estopped from claiming that any products manufactured or marketed by Defendant were in any way defective or failed to conform to any alleged warranties in that Plaintiffs failed to notify Defendant of any defect or nonconformity in any product(s) within a reasonable time after Plaintiffs discovered, or should have discovered, any defect or nonconformity, if any existed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18.     Defendant alleges that Plaintiffs were not in privity of contract with Defendant and that such lack of privity bars Plaintiffs' recovery herein upon any theory of warranty.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19.     Defendant alleges that Plaintiff and/or other persons, without Defendant's knowledge and/or approval, redesigned, modified, altered and/or used Defendant's products contrary to the instructions and warnings and the customs and practices of the industry so as to substantially change the character of Defendant's product.  Defendant further alleges that if the product(s) of Defendant were defective in any way, which defectiveness is specifically denied, such defectiveness resulted solely from the redesign, modification, alteration, use or other changes therein and not from any act or omission of Defendant.  Therefore, the defect, if any, so created by Plaintiff and/or other persons or parties, as the case may be, was the sole and proximate cause of the injuries and/or damages, if any, alleged by Plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

20.     Defendant is informed and believes and thereon alleges that the accident, injury and/or damages alleged in Plaintiffs' complaint were solely and proximately caused by Plaintiff's misuse of the product(s).  Defendant could not have reasonably foreseen this misuse and Plaintiff's misuse thereof bars recovery against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

21.     Defendant is informed and believes and thereon alleges that any injuries or damages alleged by Plaintiffs, the existence thereof being expressly denied by Defendant, are the direct and proximate result of Plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-5-
HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
367135.1
1155-5.2389

1  the alleged product(s) manufactured by Defendant, which reaction was not the result of any

2  conduct or omission of Defendant, nor the result of any defect in any product(s) manufactured by

3  Defendant.

4                **TWENTY-FIRST AFFIRMATIVE DEFENSE**

5       22.     Defendant alleges that in light of all relevant factors, on balance with the benefits of

6  the design of any product(s) alleged to have caused injuries to Plaintiffs, if any, outweigh the risks

7  and danger, if any, inherent in the design of the product(s).

8               **TWENTY-SECOND AFFIRMATIVE DEFENSE**

9       23.     Defendant alleges that if Plaintiffs were injured by any product(s) manufactured or

10  distributed by Defendant, Defendant, irrespective, did not breach any duty to Plaintiffs and is not

11  liable for those injuries or for Plaintiffs' claimed damages as the product(s) when manufactured and

12  distributed conformed to the then current state-of-the-art specifications and because the then

13  current state-of-the-art medical, scientific and industrial knowledge, art and practice were such that

14  Defendant did not and could not know that the product(s) might pose a risk of harm in normal and

15  foreseeable use.

16               **TWENTY-THIRD AFFIRMATIVE DEFENSE**

17       24.     Defendant alleges that if Plaintiffs were injured by any product(s) manufactured by

18  Defendant, such product(s) were intended and sold in bulk to a knowledgeable and sophisticated

19  distributor or user over whom Defendant had no control and who was fully informed as to the risks

20  and dangers, if any, associated with the product(s) and the precautions, if any, required to avoid the

21  risks and dangers, if any.

22               **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

23       25.     Defendant alleges that if Plaintiffs were injured by any product(s) manufactured by

24  Defendant, the product(s) were accompanied by good and sufficient labeling when they left the

25  custody, possession and control of Defendant which gave conspectus, reasonable and adequate

26  warnings and directions to the users of the product(s) concerning the purpose for which, and

27  manner in which, the product(s) were to be used and concerning the risks and dangers, if any,

28  attendant to said use. Defendant alleges that as a result of the warnings and directions, Defendant

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-6-

HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367135.1
1155-5.2389

1  fulfilled whatever duty, if any, that is owed to Plaintiffs.  If Plaintiffs were injured by any such

2  product, the injuries were proximately caused by the use of the product(s) in disregard of the

3  warnings and directions, which was not reasonably foreseeable to Defendant.

4  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

5      26.    Defendant alleges that Plaintiffs did not reasonably rely upon any act, omission or

6  representation of Defendant.

7  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

8      27.    Defendant denies any and all liability to the extent that Plaintiffs may assert

9  Defendant's alleged liability as a successor, successor in business, successor in product line or a

10  portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

11  portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial

12  owner or member in an entity in which there has been research, study, manufacturing, fabricating,

13  designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting,

14  servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding,

15  manufacturing for others, packaging and advertising of a certain substance, the generic name of

16  which is asbestos.

17  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

18      28.    Defendant alleges that plaintiffs herein lack legal capacity and standing to sue; are

19  not real parties in interest or persons with superior right to make the claims contained in this

20  complaint and are thereby precluded from any recovery whatsoever.  Additionally, to the extent

21  they lack standing or proper appointment to bring the claims they are asserting, any action taken in

22  this matter with regard to their claim(s) is voidable.  Defendant further contends that any

23  declaration filed by any person asserting a survival claim contains expert opinions and conclusions

24  that are not supported and that the declarant is not qualified to make.

25  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

26      29.    Defendant alleges that Plaintiffs' complaint and each and every cause of action fail

27  to state facts sufficient to constitute a cause or causes of action for punitive damages against

28  Defendant.

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

367135.1
1155-5.2389

-7-
HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

30.    Defendant alleges that insofar as the instant complaint is an attempt to recover punitive or exemplary damages from this Defendant, it violates the following United States Constitutional and California State Constitutional principles:

a.    Excessive fines clause of the United States Constitution, Eighth Amendment and Fourteenth Amendment;

b.    The contract clause, Article I, Section 10, clause 1, and the Fourteenth Amendment of the United States Constitution;

c.    The due process clause of the United States Constitution, Fourteenth Amendment;

d.    The equal protection clause of the United States Constitution;

e.    The California Constitution due process and equal protection clauses, Article 1, Section 7(a);

f.    The California Constitution excessive fines clause, Article 1, Section 17.

WHEREFORE, Defendant HAMILTON MATERIALS, INC. prays for judgment as follows:

1.    That Plaintiffs take nothing from Defendant by virtue of the complaint herein;

2.    That Defendant be awarded costs of suit and attorneys' fees herein; and

3.    That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: February 7, 2008             Respectfully submitted,

WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP


By:    /S/ MICHAEL T. MCCALL
       MICHAEL T. MCCALL
       Attorneys for Defendant
       HAMILTON MATERIALS, INC.

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-8-
HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367135.1
1155-5.2389

1

## PROOF OF SERVICE

2

3    I am employed in the County of Orange, State of California. I am over the age of 18 and
not a party to the within action. My business address is 1 City Boulevard West, Fifth Floor,
4    Orange, California 92868-3677.

5    On February 7, 2008, I served the within document(s) described as:

6    ANSWER OF DEFENDANT HAMILTON MATERIALS, INC. TO PLAINTIFFS'
COMPLAINT FOR DAMAGES (ASBESTOS)

7

    on the interested parties in this action as stated below:

8

LEVIN SIMES KAISER & GORNICK LLP
9    44 Montgomery Street
36th Floor
10    San Francisco, CA  94104

11    [X]    (BY ELECTRONIC MAIL) I provided the document(s) listed above electronically to the
Lexis Nexis website pursuant to their instructions on that website.  If the document is
12    provided to Lexis Nexis electronically by 5:00 p.m., then the document will be deemed
served on the date that it was provided to Lexis Nexis.

13

    Executed on February 7, 2008, at Orange, California.

14

15    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16

| Laura El-Ali | /S/ LAURA EL-ALI |
|---|---|
| (Type or print name) | (Signature) |

17

18

19

20

21

22

23

24

25

26

27

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-9-
HAMILTON MATERIALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

367135.1
1155-5.2389

# EXHIBIT 6

1  RAYMOND L. GILL (SBN 153529)
   BRENDAN J. TUOHY (SBN 233253)
2  **KIRKPATRICK & LOCKHART**
   **PRESTON GATES ELLIS LLP**
3  55 Second Street, Suite 1700
   San Francisco, CA 94105
4  Telephone: (415) 882-8200
   Facsimile: (415) 882-8220
5
   Attorneys for Defendant
6  CRANE CO.

7

8              **SUPERIOR COURT OF CALIFORNIA**

9     **COUNTY OF SAN FRANCISCO– UNLIMITED CIVIL JURISDICTION**

10

11
   THOMAS JORGENESEN and PATRICIA            )   **ASBESTOS-RELATED CASE**
12 JORGENSEN,                                )
                                             )   CASE NO. CGC-08-274494
13                     Plaintiffs,           )
                                             )   **PROOF OF SERVICE**
14              v.                           )
                                             )
15 A.W. CHESTERTON COMPANY, et al.,          )   Complaint Filed: January 3, 2008
                                             )
16                     Defendants.           )
                                             )
17

18

19

20

21

22

23

24

25

26

PROOF OF SERVICE

**Thomas Jorgensen and Patricia Jorgensen v. A.W. Chesterton Company et al.**
San Francisco Superior Court Case No.:  CGC-08-274494

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

    I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 55 Second Street, Suite 1700, San Francisco, CA 94105.

    On February 7, 2008, I electronically served the document(s) via LexisNexis File & Serve described as:

1.    **ANSWER TO COMPLAINT FOR PERSONAL INJURY – ASBESTOS; and**

2.    **DEFENDANT CRANE CO.'S DEMAND FOR JURY TRIAL**

on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 7, 2008, at San Francisco, California.


Silvia E. Traughber
(Type or Print Name)                                (Signature)

# EXHIBIT 7

1   RAYMOND L. GILL (SBN 153529)
    BRENDAN J. TUOHY (SBN 233253)
2   **KIRKPATRICK & LOCKHART**
    **PRESTON GATES ELLIS LLP**
3   55 Second Street, Suite 1700
    San Francisco, CA 94105
4   Telephone: (415) 882-8200
    Facsimile: (415) 882-8220
5
    Attorneys for Defendant
6   CRANE CO.

7

8                 **SUPERIOR COURT OF CALIFORNIA**

9      **COUNTY OF SAN FRANCISCO– UNLIMITED CIVIL JURISDICTION**

10

11
    THOMAS JORGENESEN and PATRICIA    )   **ASBESTOS-RELATED CASE**
12  JORGENSEN,                        )
                                      )   CASE NO. CGC-08-274494
13                  Plaintiffs,       )
                                      )   **DEFENDANT CRANE CO.'S DEMAND**
14          v.                        )   **FOR JURY TRIAL**
                                      )
15  A.W. CHESTERTON COMPANY, et al.,  )
                                      )   Complaint Filed:  January 3, 2008
16                  Defendants.       )
                                      )
17  _____   )

18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19          PLEASE TAKE NOTICE that CRANE CO. hereby demands a jury trial in this action.

20

21  Dated: February 7, 2008              KIRKPATRICK & LOCKHART PRESTON
                                         GATES ELLIS LLP
22

23
                                         By: /s/ Brendan J. Tuohy_____
24                                           BRENDAN J. TUOHY
                                             Attorneys for Defendant
25                                           CRANE CO.

26

                                      1
                  DEFENDANT CRANE CO.'S DEMAND FOR JURY TRIAL

# EXHIBIT 8

1   RAYMOND L. GILL (SBN 153529)
    BRENDAN J. TUOHY (SBN 233253)
2   **KIRKPATRICK & LOCKHART**
    **PRESTON GATES ELLIS LLP**
3   55 Second Street, Suite 1700
    San Francisco, CA 94105
4   Telephone: (415) 882-8200
    Facsimile: (415) 882-8220
5
    Attorneys for Defendant
6   CRANE CO.

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9       **COUNTY OF SAN FRANCISCO – UNLIMITED CIVIL JURISDICTION**

10

11  THOMAS JORGENSEN and PATRICIA          ASBESTOS-RELATED CASE
    JORGENSEN,
12                                          CASE NO. CGC-08-274494
                        Plaintiffs,
13                                          **ANSWER TO COMPLAINT FOR**
            vs.                             **PERSONAL INJURY - ASBESTOS**
14
    A.W. CHESTERTON COMPANY, et al.,        Complaint Filed: January 3, 2008
15
                        Defendants.
16

17          COMES NOW defendant, CRANE CO., and in answer to plaintiffs'[1] complaint on file

18  herein, and each and every cause of action allegedly set forth therein, answers, alleges and denies

19  as follows:

20                                          I.

21          This answering defendant denies each and every, all and singular, generally and

22  specifically, the allegations contained in the complaint, and each and every cause of action

23  allegedly set forth therein, as they may apply to this answering defendant.

24

25

26  _____
    [1] Plaintiffs are referred to herein individually and collectively as "plaintiff."

                                          1
    _____
    ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

II.

Further answering said unverified complaint, and each and every cause of action allegedly set forth therein, this defendant denies that it was legally responsible in some manner for the circumstances and happenings, as alleged therein, or at all, and denies that plaintiff has been damaged in the manner set forth in said unverified complaint and each and every cause of action allegedly set forth therein.

III.

Further answering said unverified complaint, and each and every cause of action allegedly set forth therein, this defendant denies that it was negligent and/or careless in any respect whatsoever, as alleged therein, or at all, and denies that plaintiff has been damaged in the manner set forth in said unverified complaint and each and every cause of action allegedly set forth therein.

<u>FIRST AFFIRMATIVE DEFENSE</u>

AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, this answering defendant alleges that the complaint and causes of action therein fail to state facts sufficient to constitute a cause of action against this answering defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, this answering defendant alleges that the plaintiff was himself careless and negligent in and about the matters referred to in the complaint and that such negligence and carelessness on the part of the plaintiff proximately caused and contributed to the damages complained of, if any there were.

<u>THIRD AFFIRMATIVE DEFENSE</u>

AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID COMPLAINT, this answering defendant alleges that the plaintiff knew, or in the exercise of ordinary care, should have known of the risks and hazards involved in the undertaking in which

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1  plaintiff engaged, but nevertheless and with full knowledge of these things, did fully and

2  voluntarily consent to assume the risks and hazards involved in the undertaking.

3                    FOURTH AFFIRMATIVE DEFENSE

4        AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

5  COMPLAINT, this answering defendant alleges that the plaintiff was himself solely and totally

6  negligent in and about the matters referred to in the complaint and that such negligence and

7  carelessness on the part of the plaintiff proximately amounted to One Hundred Percent (100%) of

8  the negligence involved in this case and was the sole cause of the injuries and damages

9  complained of, if any there were.

10                    FIFTH AFFIRMATIVE DEFENSE

11       AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

12  COMPLAINT, this answering defendant alleges that at all times and places mentioned in the

13  complaint, plaintiff and/or other persons without this defendant's knowledge and approval

14  redesigned, modified, altered, and used this defendant's products contrary to instructions and

15  contrary to the custom and practice of the industry.  This redesign, modification, alteration, and

16  use so substantially changed the product's character that if there was a defect in the product --

17  which is specifically denied -- such defect resulted solely from the redesign, modification,

18  alteration, or other such treatment or change and not from any act or omission by this defendant.

19  Therefore, said defect, if any, was created by plaintiff and/or other persons, as the case may be,

20  and was the direct and proximate cause of the injuries and damages, if any, that plaintiff

21  allegedly suffered.

22                    SIXTH AFFIRMATIVE DEFENSE

23       AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

24  COMPLAINT, this answering defendant alleges that if there is any negligence or liability of any

25  of the parties named herein, it is the sole and exclusive negligence and liability of the other

26  defendants, and not of this answering defendant.

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

2                    SEVENTH AFFIRMATIVE DEFENSE

3          AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

4    COMPLAINT, this answering defendant is not liable for any injuries alleged in the complaint

5    because defendant's conduct falls within the purview and protection of the government

6    contractor defense.

7                    EIGHTH AFFIRMATIVE DEFENSE

8          AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

9    COMPLAINT, this answering defendant alleges that at the time of the injuries alleged in the

10   complaint plaintiff was employed and was entitled to and did receive workers' compensation

11   benefits from said employer.  This defendant is informed and believes, and on the basis of said

12   information and belief alleges that, if the conditions as alleged in the plaintiff's complaint are

13   found to exist, the plaintiff's employer was negligent and careless in and about the matters

14   referred to in said complaint and that said negligence on the part of the employer proximately

15   caused or contributed to the injuries and damages, if any, complained of by the plaintiff, and

16   further, that the plaintiff's employer assumed the risk of injury to the plaintiff, if any there was,

17   in that at the time and place of the incident such conditions, if any, were open and apparent and

18   were fully known to the plaintiff's employer; and that by reason thereof, this defendant is entitled

19   to set off any compensation benefits received or to be received by the plaintiff against any

20   judgment which maybe rendered in favor of the plaintiff herein.

21                    NINTH AFFIRMATIVE DEFENSE

22         AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

23   COMPLAINT, this answering defendant alleges that the complaint and the causes of action

24   therein are barred by the statutes of limitation and repose of California and any other relevant

25   state, including but not limited to the limitations set forth under sections 340.2 and 361 of the

26   Code of Civil Procedure of the State of California.

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

## TENTH AFFIRMATIVE DEFENSE

2        AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

3    COMPLAINT, this answering defendant alleges that the plaintiff unreasonably delayed in

4    bringing this action against defendant and that such delay substantially prejudiced this answering

5    defendant.  Therefore, this action is barred by the doctrine of laches.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7        AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

8    SAID COMPLAINT, this answering defendant alleges that the complaint and the causes of

9    action therein fail to state facts sufficient to constitute a cause of action against this answering

10   defendant pursuant to sections 3600, et seq., of the California Labor Code.

11

## TWELFTH AFFIRMATIVE DEFENSE

12       AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO SAID

13   COMPLAINT, this answering defendant alleges that plaintiff's employer was contributorily

14   negligent and careless in and about the matters alleged in the complaint, and that such negligence

15   and carelessness was a proximate cause of any injuries and damages suffered by plaintiff, if any

16   there were.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

18       AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

19   SAID COMPLAINT, this answering defendant alleges that plaintiff's employer voluntarily and

20   knowingly entered into and engaged in the operations, acts and conduct alleged in said

21   complaint, and voluntarily and knowingly assumed all of the risks incident to said operation, acts

22   and conduct alleged in said complaint, and voluntarily and knowingly assumed all of the risks

23   incident to said operations, acts and conduct at the time and place mentioned in the complaint.

24

## FOURTEENTH AFFIRMATIVE DEFENSE

25       AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

26   SAID COMPLAINT, this answering defendant alleges that the plaintiff acknowledged, ratified,

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1  consented to and acquiesced in the alleged acts or omissions, if any, of this answering defendant,

2  thus barring plaintiff from any relief as prayed for herein.

3  <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

4  AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

5  SAID COMPLAINT, this answering defendant is informed and believes and therefore alleges

6  that plaintiff is unable to identify the actual manufacturer or manufacturers of the asbestos

7  products which allegedly caused the injury which forms the basis of the complaint herein, and

8  that said manufacturers were entities other than this defendant.  Therefore, this defendant may

9  not be held liable for the injury of the plaintiff.

10  <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

11  AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

12  SAID COMPLAINT, this answering defendant alleges that plaintiff's employer was and is a

13  sophisticated user and knew independently or should have known of any danger or hazard

14  associated with the use of a product containing asbestos and of exposure to high levels of dust of

15  any sort.

16  <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

17  AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

18  SAID COMPLAINT, this answering defendant alleges that at all times alleged in the complaint

19  the products alleged to have caused plaintiff's injuries were designed, manufactured, sold,

20  distributed, labeled and advertised in compliance with the then existing state of the art in the

21  industry to which this defendant belonged and furthermore, that the benefits of any such product

22  design outweighed any risk of danger in the design and that any such product met the safety

23  expectations of plaintiff and the general public.

24  <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

25  AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

26  SAID COMPLAINT, the plaintiff has released, settled, entered into an accord and satisfaction or

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1  otherwise compromised his claims herein, and accordingly, said claims are barred by operation

2  of law; alternatively, plaintiff has accepted compensation as partial settlement of those claims for

3  which this defendant is entitled to a set-off.

4                    NINETEENTH AFFIRMATIVE DEFENSE

5          AS AND FOR AN NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

6  SAID COMPLAINT, there was no negligence, gross negligence, willful, wanton, or malicious

7  misconduct, reckless indifference or reckless disregard of the rights of the plaintiff, or malice

8  (actual, legal, or otherwise) on the part of this defendant as to the plaintiff herein.

9                    TWENTIETH AFFIRMATIVE DEFENSE

10         AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO

11 SAID COMPLAINT, at all times and places mentioned in the complaint, plaintiff has failed to

12 make reasonable efforts to mitigate injuries and damages, if any.

13                  TWENTY-FIRST AFFIRMATIVE DEFENSE

14         AS AND FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO

15 SAID COMPLAINT, the plaintiff, prior to the filing of this complaint, never informed this

16 defendant, by notification or otherwise, of any breach of express and/or implied warranties;

17 consequently, his claims of breach of express and/or implied warranties against this defendant

18 are barred.

19                 TWENTY-SECOND AFFIRMATIVE DEFENSE

20         AS AND FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

21 TO SAID COMPLAINT, the injuries to, and damages of plaintiff, if any, were directly caused

22 by the conduct of various bankrupt entities, including but not limited to JOHNS-MANVILLE

23 COMPANY, its predecessors and successors in interest, its parent company or companies, its

24 affiliates, subsidiaries, or related companies and enterprises.

25                  TWENTY-THIRD AFFIRMATIVE DEFENSE

26         AS FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO

1  SAID COMPLAINT, this answering defendant alleges that the plaintiff's claim for punitive

2  damages impermissibly seeks a multiple award of punitive damages as against this defendant in

3  violation of the following clauses:  the Contracts Clause of Article I, section 10 of the United

4  States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States

5  Constitution; the Due Process Clause of the Fourteenth Amendment of the United States

6  Constitution and its counterpart under the California Constitution; the Equal Protection of the

7  laws and Due Process provision of the Fifth and Fourteenth Amendments of the United States

8  Constitution and Article I, section 7 of the California Constitution; and the Equal Protection of

9  the laws and defendant's right to be free of Cruel and Unusual Punishment and Excessive Fines

10  as guaranteed under the Fifth, Eighth and Fourteenth Amendments to the United States

11  Constitution and Article I, section 7 and 17, Article IV, section 16 of the California Constitution.

12  <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

13  AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT ANSWER AND

14  DEFENSE, this answering defendant alleges that the subject product was not used in the manner

15  in which it was intended to be used, and as a proximate result of such abuse and misuse, the

16  plaintiff sustained the injuries and damages complained of, if any there were.

17  <u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

18  AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT ANSWER AND

19  DEFENSE, this answering defendant alleges that plaintiff has failed to join a party or the parties

20  necessary for a just adjudication of this matter and has further omitted to state any reasons for

21  such failure.

22  <u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

23  AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT ANSWER AND

24  DEFENSE, this answering defendant alleges that plaintiff's claims are a nullity for failure of

25  commencement of suit.

26

1
<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

2      AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT ANSWER AND

3  DEFENSE, this answering defendant alleges that plaintiff failed to exercise ordinary care for his

4  own safety and well-being, and that failure to exercise ordinary care proximately and directly

5  caused and/or contributed to the alleged illness and injury pled in the complaint.  Consequently,

6  this defendant is entitled to the full protection afforded by law.

7
<u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

8      AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT ANSWER AND

9  DEFENSE, this answering defendant alleges that plaintiff's injuries or illness, if any, were due to

10  the acts or omissions of a person or persons over whom this defendant had neither control nor the

11  right of control.

12
<u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

13      AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT ANSWER AND

14  DEFENSE, this answering defendant alleges that while specifically and vigorously denying the

15  allegations of the plaintiff concerning liability, injuries and damages, to the extent that plaintiff

16  may be able to prove those allegations, this defendant states that they were the result of

17  intervening acts of superseding negligence on the part of the person or persons over whom this

18  defendant had neither control nor the right of control.

19
<u>THIRTIETH AFFIRMATIVE DEFENSE</u>

20      AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT ANSWER AND

21  DEFENSE, this answering defendant alleges that at all times and places mentioned in the

22  complaint, plaintiff and/or other persons used this answering defendant's products, if indeed any

23  were used, in an unreasonable manner, not reasonably foreseeable to this defendant, and for a

24  purpose for which the products were not intended, manufactured or designed.  Plaintiff's injuries

25  and damages, if any, were therefore directly and proximately caused by his misuse and abuse of

26  such products.

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

2      AS AND FOR A THIRTY-FIRST, SEPARATE AND DISTINCT ANSWER AND

3  DEFENSE, this answering defendant alleges that any exposure of plaintiff to this defendant's

4  product or products, which exposure is vigorously denied, was so minimal as to be insufficient to

5  establish a reasonable degree of probability that the product or products caused his claimed

6  injuries and illness.

7

### THIRTY-SECOND AFFIRMATIVE DEFENSE

8      AS AND FOR A THIRTY-SECOND, SEPARATE AND DISTINCT ANSWER AND

9  DEFENSE, this answering defendant alleges that at the time of this filing, there was no good

10  ground to support the complaint as to this defendant.  There is now no good ground to support

11  the complaint as to this defendant.

12

### THIRTY-THIRD AFFIRMATIVE DEFENSE

13      AS AND FOR A THIRTY-THIRD, SEPARATE AND DISTINCT ANSWER AND

14  DEFENSE, this answering defendant alleges that plaintiff has waived any and all claims sought

15  in this action and is estopped both to assert and to recover upon such claims.

16

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

17      AS AND FOR A THIRTY-FOURTH, SEPARATE AND DISTINCT ANSWER AND

18  DEFENSE, this answering defendant alleges that the doctrine of joint and several liability has

19  been severely limited in a case such as this, and should plaintiff prevail against this defendant,

20  this defendant's liability is several and is limited to its own actionable segment of fault, which

21  fault is vigorously denied.

22

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

23      AS AND FOR A THIRTY-FIFTH, SEPARATE AND DISTINCT ANSWER AND

24  DEFENSE, this answering defendant alleges that the causes of action asserted by plaintiff fail to

25  state a claim upon which relief can be granted, or, if relief be granted, this defendant's

26  Constitutional right to substantive and procedural due process of law would be contravened. This

1  answering defendant further alleges that the causes of actions asserted by the plaintiff fail to state

2  a claim upon which relief can be granted, for if relief be granted, such relief would constitute a

3  taking of this defendant's property for a public use without just compensation, a violation of this

4  defendant's Constitutional rights.  This answering defendant alleges that the causes of action

5  asserted by plaintiff fail to state a claim upon which relief can be granted because such relief

6  would constitute a denial by this court of defendant's Constitutional right to equal protection

7  under the law.

8                              THIRTY-SIXTH AFFIRMATIVE DEFENSE

9          AS AND FOR A THIRTY-SIXTH, SEPARATE AND DISTINCT ANSWER AND

10  DEFENSE, to the extent that plaintiffs claim that this defendant is responsible, in whole or in

11  part, for the acts of one or more alternative entities, then this answering defendant denies those

12  claims.

13                            THIRTY-SEVENTH AFFIRMATIVE DEFENSE

14          AS AND FOR A THIRTY-SEVENTH, SEPARATE AND DISTINCT ANSWER AND

15  DEFENSE, to the extent that plaintiffs claim that this defendant is the successor of another

16  entity, this answering defendant alleges that plaintiff's claim of successor liability and

17  association with other entities is not factually or legally supported, and, as such, plaintiff has no

18  claim against answering defendant as asserted.

19                             THIRTY-EIGHTH AFFIRMATIVE DEFENSE

20          AS AND FOR A THIRTY-EIGHTH, SEPARATE AND DISTINCT ANSWER AND

21  DEFENSE, to the extent that plaintiffs claim that this defendant is responsible for any product

22  line which as manufactured, distributed, or sold by others, then this answering defendant alleges

23  that such other entities or person which manufactured, distributed or sold this product line is

24  legally and solely responsible therefor.

25                              THIRTY-NINTH AFFIRMATIVE DEFENSE

26          AS AND FOR A THIRTY-NINTH, SEPARATE AND DISTINCT ANSWER AND

---

11

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1   DEFENSE, this answering defendant alleges that to the extent any claim for relief in the

2   complaint, or amended complaint, seeks to recover damages against this defendant for alleged

3   acts or omissions of predecessors or successors-in-interest to this defendant of any kind or

4   description, said defendant asserts that it is not legally responsible and cannot legally be held

5   liable for any such acts or omissions.  This defendant further asserts that it cannot be held liable

6   for punitive damages and/or exemplary damages which are or may be attributable to the conduct

7   of any predecessor or successor-in-interest.  Further, this defendant asserts that the conduct of

8   any predecessor or successor-in-interest cannot, as a matter of law, provide a legal basis for

9   liability or the imposition of damages against this defendant.

10          WHEREFORE, having fully answered, this answering defendant prays that plaintiffs'

11  complaint be dismissed as to it, with prejudice, at plaintiffs' costs.

12

13  Dated:  February 7, 2008                    **KIRKPATRICK & LOCKHART**
                                                **PRESTON GATES ELLIS** LLP
14

15

16                                              By: /s/ Brendan J. Tuohy
                                                   BRENDAN J. TUOHY
17                                                 Attorneys for Defendant
                                                   CRANE CO.
18

19

20

21

22

23

24

25

26

ANSWER TO COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
   Andrew I. Port (State Bar # 120977)
2  Cheryl A. Morris (State Bar # 184541)
   Jared A. Washkowitz (State Bar #226211)
3  49 Stevenson Street, Suite 400
   San Francisco, CA  94105
4  Telephone:    (415) 227-9455
   Facsimile:    (415) 227-4255
5  E-Mail:       aport@edptlaw.com
                 cmorris@edptlaw.com
6                jwashkowitz@edptlaw.com

7  Attorneys for Defendant
   CROWLEY MARITIME CORPORATION
8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12

13 THOMAS JORGENSEN AND PATRICIA          Case No.:  CV 08 0903 EMC
   JORGENSEN
                                          **EXHIBIT A9 – A17 TO NOTICE OF**
14         Plaintiffs,                     **REMOVAL OF ACTION UNDER 28**
                                          **U.S.C. §1442(a)(1)**
15         vs.                            **(FEDERAL OFFICER)**

16 A.W. CHESTERTON COMPANY, et al.

17         Defendants.

18

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

EXHIBITS TO NOTICE OF REMOVAL
Case No. CV 08 0903
\\Fileserver\docs\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Exhibit Caption.doc

# EXHIBIT 9

1  Kenneth J. McCarthy - SBN 120875
   Gregory D. Pike - SBN 124847
2  **KNOX RICKSEN LLP**
   1300 Clay Street, Suite 500
3  Oakland, CA 94612-1427
   Telephone:    (510) 285-2500
4  Facsimile:    (510) 285-2505

5  Attorneys for Defendant
   ALLIS-CHALMERS CORPORATION PRODUCT
6  LIABILITY TRUST

7

8              SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

9

10  THOMAS and PATRICIA JORGENSEN,          **No. CGC-08-274494**

11            Plaintiffs,                    **ANSWER OF ALLIS-CHALMERS
                                            CORPORATION PRODUCT
12       v.                                 LIABILITY TRUST TO COMPLAINT
                                            FOR PERSONAL INJURY AND LOSS
13  A. W. CHESTERTON COMPANY, et al.,       OF CONSORTIUM - ASBESTOS**

14            Defendants.

15  _____

16            Now comes ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY

17  TRUST, and files this its answer to the complaint on file in the above-entitled action and answers

18  and denies as follows:

19            Denies each and every, all and singular, the allegations contained therein and each

20  and every part thereof, and specifically denies that plaintiff has been damaged in any sum

21  whatsoever and/or at all.

22            AS FOR A FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO THE

23  COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF

24  ACTION THEREOF, this answering defendant alleges that the plaintiff was careless and negligent

25  in and about the matters alleged in the complaint, and that said carelessness and negligence on the

26  part of plaintiff proximately contributed to the happenings of the incident and to the injuries, loss,

27  and damages complained of, if any there were.

28            AS AND FOR A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE TO

- 1 -

ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST-ANSWER TO COMPLAINT-ASBESTOS

THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF ACTION THEREOF, this answering defendant alleges that plaintiff voluntarily and knowingly assumed all of the risks incident to said operations, acts, and conduct at the time and place mentioned in said complaint.

AS AND FOR A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF ACTION THEREOF, this answering defendant alleges that the product in question was properly designed and manufactured and was fit for the purpose intended; that said product was improperly maintained and used and was abused, resulting in plaintiff's damages, if any there were.

AS AND FOR A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF ACTION THEREOF, this answering defendant alleges that said complaint, and each of said alleged causes of action thereof, is barred by the provisions of the Code of Civil Procedure, Section 335.1, Section 340.2, and Section 366.1.

AS AND FOR A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF ACTION THEREOF, this answering defendant alleges that the products in question were used improperly and this improper use proximately caused the incident and injuries, loss, and damages complained of, if any there were.

As And For A Sixth, Separate, And Affirmative Defense To The Complaint Of Plaintiff On File Herein And To Each And Every Cause Of Action Thereof, this answering defendant alleges that plaintiff's complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

AS AND FOR A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF ACTION THEREOF, this answering defendant alleges that, while at all times denying any liability or obligation whatsoever to the plaintiff herein, its products were manufactured, produced,

ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST-ANSWER TO COMPLAINT-ASBESTOS

1   supplied, sold, and distributed in a manner which conformed with specifications promulgated by the

2   United States Government under its war powers as set forth in the United States Constitution, and

3   that any recovery by plaintiffs herein is thus barred by said sovereign acts and powers.

4           AS AND FOR AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO

5   THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE

6   OF ACTION THEREOF, this answering defendant alleges that the asbestos products, if any, for

7   which it had any legal responsibility were manufactured, packaged, distributed, or sold in

8   accordance with contract specifications imposed by its co-defendants, by plaintiff's employers, or

9   by third parties yet to be identified.

10          AS AND FOR A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE

11  COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF

12  ACTION THEREOF, this answering defendant alleges that no conduct by or attributable to it was

13  the cause in fact or the proximate cause of the damages, if any, suffered by plaintiff, nor a

14  substantial factor in bringing about said damages.

15          AS AND FOR A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE

16  COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE OF

17  ACTION THEREOF, this answering defendant alleges that at the time of the injuries alleged in the

18  complaint, plaintiff was employed and was entitled to receive Workers' Compensation benefits

19  from plaintiff's employers, that said employers were negligent in and about the matters referred to in

20  said complaint, and that such negligence on the part of said employers proximately and concurrently

21  contributed to the happening of the accident and to the loss or damage complained of by plaintiff, if

22  any there were; and that by reason thereof defendant is entitled to set off any such benefits to be

23  received by plaintiff against any judgment which may be rendered in favor of plaintiff.

24          AS AND FOR AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE

25  TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY

26  CAUSE OF ACTION THEREOF, this answering defendant alleges that at the time of the injuries

27  alleged in the complaint, plaintiff's employers were negligent in and about the matters referred to in

28

- 3 -

ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST-ANSWER TO COMPLAINT-ASBESTOS

1  said complaint, and that such negligence on the part of said employers proximately and concurrently

2  contributed to any loss or damage, including non-economic damages, complained of by plaintiff, if

3  any there were any, and that defendant is not liable for said employers' proportionate share of non-

4  economic damages.

5        AS AND FOR A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO

6  THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE

7  OF ACTION THEREOF, this answering defendant alleges that at the time of the injuries alleged in

8  the complaint, parties other than this defendant were negligent in and about the matters referred to

9  in said complaint, and that such negligence on the part of said parties proximately and concurrently

10  contributed to any loss or damage, including non-economic damages, complained of by plaintiff, if

11  any there were; and that defendant herein shall not be liable for said parties' proportionate share of

12  non-economic damages.

13        AS AND FOR A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE

14  TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY

15  CAUSE OF ACTION THEREOF, this answering defendant alleges that at all times relative to

16  matters alleged in the complaint, all of plaintiff's employers were sophisticated users of asbestos-

17  containing products and said employers' negligence in providing the product to its employees in a

18  negligent, careless and reckless manner was a superseding intervening cause of plaintiff's injuries, if

19  any there were.

20        AS AND FOR A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE

21  TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY

22  CAUSE OF ACTION THEREOF, this answering defendant alleges plaintiff is barred from recovery

23  in that all products produced by defendant were in conformity with the existing state-of-the-art, and

24  as a result, these products were not defective in any manner.

25        AS AND FOR A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO

26  THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE

27  OF ACTION THEREOF, this answering defendant alleges that plaintiff fails to state facts sufficient

28

- 4 -

ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST-ANSWER TO COMPLAINT-ASBESTOS

KNOX RICKSEN LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 500
OAKLAND, CALIFORNIA 94612-1427

1    to constitute a cause of action upon which punitive damages may be awarded as against this

2    answering defendant.

3    　　　　　AS AND FOR A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO

4    THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY CAUSE

5    OF ACTION THEREOF, this answering defendant alleges that the court lacks subject matter

6    jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause

7    of action against defendant is barred by the "Exclusive Remedy" provisions of California Labor

8    Code Section 3601, et seq.

9    　　　　　AS AND FOR A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE

10   TO THE COMPLAINT OF PLAINTIFF ON FILE HEREIN AND TO EACH AND EVERY

11   CAUSE OF ACTION THEREOF, this answering defendant reserves the right to amend its answer,

12   including the addition of affirmative defenses after pleading and discovery in preparation for trial.

13   　　　　WHEREFORE, said defendant prays for judgment for its costs of suit.

14   DATED: February 7, 2008　　　　　　　　**KNOX RICKSEN LLP**

15

16   　　　　　　　　　　　　　　　　By:＿＿＿/S/ Gregory D. Pike＿＿＿＿＿＿＿

17   　　　　　　　　　　　　　　　　Gregory D. Pike
　　　　　　　　　　　　　　　　　Attorneys for Defendant

18   　　　　　　　　　　　　　　　　ALLIS-CHALMERS CORPORATION
　　　　　　　　　　　　　　　　　PRODUCT LIABILITY TRUST

19

20

21

22

23

24

25

26

27

28

KNOX RICKSEN LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 500
OAKLAND, CALIFORNIA 94612-1427

KNOX RICKSEN LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 500
OAKLAND, CALIFORNIA 94612-1427

Re:    Jorgensen v. Asbestos Defendants (BP), et al.
       San Francisco Superior Court No. CGC-07-274494

### PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, the undersigned, declare: that I am and was at the time of service of the documents herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of Alameda, California.  My business address is 1300 Clay Street, Suite 500, Oakland, California 94612-1427.

On the date executed below, I electronically served the document(s) via LexisNexis File & Serve described as:

**ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST'S ANSWER TO COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM– ASBESTOS**

on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website. I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on February 7, 2008, at Oakland, California.

                                   /s/ Nicholas J. Bertolino
                                   Nicholas J, Bertolino

- 6 -

ALLIS-CHALMERS CORP. PRODUCT LIABILITY TRUST-ANSWER TO COMPLAINT-ASBESTOS

# EXHIBIT 10

1   HASSARD BONNINGTON LLP
      ROBERT M. HAMBLETT, ESQ., State Bar No. 111685
2   B. THOMAS FRENCH, ESQ., State Bar No. 65848
      Two Embarcadero Center, Suite 1800
3   San Francisco, California  94111-3993
      Telephone:  (415) 288-9800
4   Fax:  (415) 288-9801

5   Attorneys for Defendant
      HANSON PERMANENTE CEMENT, INC.,
6   formerly known as Kaiser Cement Corporation

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN FRANCISCO

10

| | |
|---|---|
| 11  THOMAS JORGENSEN and PATRICIA JORGENSEN, | No.  CGC-08-274494 |
| 12            Plaintiffs, | **DEFENDANT HANSON PERMANENTE CEMENT, INC.'S** |
| 13     vs. | **OBJECTION TO ASSIGNMENT TO COMMISSIONER FOR TRIAL** |
|     A.W. CHESTERTON CO., et al., | |
| 14 | |
|             Defendants. | |
| 15 | |

16         **PLEASE TAKE NOTICE** THAT PURSUANT TO San Francisco County

17   Uniform Local Rules, Rule 6.1(c), defendant HANSON PERMANENTE CEMENT,

18   INC., formerly known as Kaiser Cement Corporation, does not stipulate and hereby

19   objects to any assignment of this case for trial by a Commissioner.  Defendant's first

20   pleading is filed concurrently herewith.

21         Dated:  February 7, 2008

22                   HASSARD BONNINGTON LLP

23

24                   By: /s/ B. Thomas French
                        B. Thomas French

25                   Attorneys for Defendant
                   HANSON PERMANENTE CEMENT, INC.,
26                 formerly known as Kaiser Cement
                   Corporation

27

28

---

**DEFENDANT HANSON PERMANENTE CEMENT INC.'S OBJECTION
TO ASSIGNMENT TO COMMISSIONER FOR TRIAL**

1

## PROOF OF SERVICE

2    **CASE NAME:**        **THOMAS and PATRICIA JORGENSEN v. A.W.**
                           **CHESTERTON CO., et al.**
3

4    **COURT:**           **San Francisco County Superior Court**

     **CASE NUMBER:**     **CGC-08-274494**
5

6        I, the undersigned, hereby certify that I am a citizen of the United States, over
the age of eighteen years, and am not a party to the within action.  I am employed in
7    the City and County of San Francisco, California, and my business address is Two
Embarcadero Center, Suite 1800, San Francisco, California  94111-3993.  On the
8    date last written below, following ordinary business practice, I electronically served
the following document(s):

9

## DEFENDANT HANSON PERMANENTE CEMENT, INC.'S OBJECTION TO
10    ## ASSIGNMENT TO COMMISSIONER FOR TRIAL

11
via LexisNexis File & Serve on the recipients designated on the Transaction Receipt
12    located on the LexisNexis File & Serve website.

13        I declare under penalty of perjury that the foregoing is true and correct and that
this Proof of Service was executed on February 7, 2008, at San Francisco, California.
14

15                                                    /s/ Jessica Wertzler
                                                       Jessica Wertzler
16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

# EXHIBIT 11

1   HASSARD BONNINGTON LLP
    ROBERT M. HAMBLETT, ESQ., State Bar No. 111685
2   B. THOMAS FRENCH, ESQ., State Bar No. 65848
    Two Embarcadero Center, Suite 1800
3   San Francisco, California  94111-3993
    Telephone:  (415) 288-9800
4   Fax:  (415) 288-9802

5   Attorneys for Defendant
    HANSON PERMANENTE CEMENT, INC.,
6   formerly known as Kaiser Cement Corporation

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  THOMAS JORGENSEN and PATRICIA        No. CGC-08-274494
    JORGENSEN,
12                                       **DEFENDANT HANSON**
                 Plaintiffs,             **PERMANENTE CEMENT, INC.'S**
13                                       **DEMAND FOR JURY TRIAL**

14        vs.

15  A.W. CHESTERTON CO., et al.,

16               Defendants.

17

18  TO EACH PARTY AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

19          Defendant HANSON PERMANENT CEMENT, INC., formerly known as

20  Kaiser Cement Corporation, hereby demands a jury trial in the above-entitled action.

21          Dated:  February 7, 2008

22                                       HASSARD BONNINGTON LLP

23
                                         By: /s/ B. Thomas French
24                                            B. Thomas French

25                                       Attorneys for Defendant
                                         HANSON PERMANENTE CEMENT, INC.,
26                                       formerly known as Kaiser Cement
                                         Corporation

27

28

---

**DEFENDANT HANSON PERMANENTE CEMENT, INC. DEMAND FOR JURY TRIAL**

1

## PROOF OF SERVICE

2   **CASE NAME:**        <u>**THOMAS and PATRICIA JORGENSEN v. A.W.**</u>
                          <u>**CHESTERTON CO., et al.**</u>

3

    **COURT:**           **San Francisco County Superior Court**

4

    **CASE NUMBER:**     **CGC-08-274494**

5

6       I, the undersigned, hereby certify that I am a citizen of the United States, over
    the age of eighteen years, and am not a party to the within action. I am employed in
7   the City and County of San Francisco, California, and my business address is Two
    Embarcadero Center, Suite 1800, San Francisco, California 94111-3993. On the
8   date last written below, following ordinary business practice, I electronically served
    the following document(s):

9

10      **DEFENDANT HANSON PERMANENTE CEMENT, INC.'S DEMAND FOR JURY
                              TRIAL**

11

12  via LexisNexis File & Serve on the recipients designated on the Transaction Receipt
    located on the LexisNexis File & Serve website.

13      I declare under penalty of perjury that the foregoing is true and correct and that
    this Proof of Service was executed on February 7, 2008, at San Francisco, California.

14

15                                          /s/ Jessica Wertzler
                                            Jessica Wertzler
16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

# EXHIBIT 12

1    HASSARD BONNINGTON LLP
     ROBERT M. HAMBLETT, ESQ., State Bar No. 111685
2    B. THOMAS FRENCH, ESQ., State Bar No. 65848
     Two Embarcadero Center, Suite 1800
3    San Francisco, California 94111-3993
     Telephone: (415) 288-9800
4    Fax: (415) 288-9801

5    Attorneys for Defendant
     HANSON PERMANENTE CEMENT, INC.,
6    formerly known as Kaiser Cement Corporation

7

8             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11
     THOMAS JORGENSEN and PATRICIA          No. CGC-08-274494
12   JORGENSEN,
                                            **ANSWER OF DEFENDANT HANSON**
13                  Plaintiffs,             **PERMANENTE CEMENT, INC. TO**
                                            **UNVERIFIED COMPLAINT FOR**
14         vs.                              **DAMAGES -- ASBESTOS**

15   A.W. CHESTERTON CO., et al.,

16                  Defendants.

17

18

19          Defendant, HANSON PERMANENTE CEMENT, INC., formerly known

20   as Kaiser Cement Corporation (hereinafter "Defendant"), for itself alone and on behalf

21   of no other defendant or entity, answers the unverified Complaint for damages --

22   asbestos ("Complaint") on file herein as set forth below.  The word "Plaintiff," as used

23   herein, shall include the plural (i.e., plaintiffs) as well as the singular (i.e., plaintiff) and

24   the feminine as well as the masculine, and shall also include Plaintiff's decedent as

25   may be appropriate to the particular context in which the word appears.

26          Pursuant to California Code of Civil Procedure section 431.30(d),

27   Defendant denies generally each and every allegation of the Complaint.

28

                                        -1-

1    <div align="center">FIRST AFFIRMATIVE DEFENSE</div>

2          Neither the Complaint nor any purported cause of action alleged by the

3    Plaintiff therein states facts sufficient to constitute a cause of action against

4    Defendant.

5    <div align="center">SECOND AFFIRMATIVE DEFENSE</div>

6          To the extent the Complaint asserts Defendant's alleged "market share"

7    liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute

8    a cause of action against Defendant.

9    <div align="center">THIRD AFFIRMATIVE DEFENSE</div>

10          Neither the Complaint nor any purported cause of action alleged therein

11    states facts sufficient to entitle Plaintiff to an award of punitive damages against

12    Defendant.

13    <div align="center">FOURTH AFFIRMATIVE DEFENSE</div>

14          The imposition of any punitive damages in this matter would deprive

15    Defendant of its property without due process of law under the California Constitution

16    and United States Constitution.

17    <div align="center">FIFTH AFFIRMATIVE DEFENSE</div>

18          The imposition of any punitive damages in this matter would violate the

19    United States Constitution's prohibition against laws impairing the obligation of

20    contracts.

21    <div align="center">SIXTH AFFIRMATIVE DEFENSE</div>

22          The imposition of any punitive damages in this matter would constitute a

23    criminal fine or penalty and should, therefore, be remitted on the ground the award

24    violates the United States Constitution.

25    <div align="center">SEVENTH AFFIRMATIVE DEFENSE</div>

26          Plaintiff's action, and each alleged cause of action, is barred by the

27    applicable statute of limitations, including but not limited to California Code of Civil

28    Procedure sections 335.1, 337, 337.1, 338, 338.1, 339, 340, 340.2, 340.8, 343 and

<div align="center">-2-</div>

1 | 361, and California Commercial Code section 2725.

2 | ## EIGHTH AFFIRMATIVE DEFENSE

3 | Plaintiff unreasonably delayed in bringing this action, without good

4 | cause therefor, and thereby has prejudiced Defendant as a direct and proximate

5 | result of such delay; accordingly, the action is barred by laches and by section 583

6 | et. seq., of the California Code of Civil Procedure.

7 | ## NINTH AFFIRMATIVE DEFENSE

8 | Plaintiff was negligent in and about the matters alleged in the Complaint

9 | and in each alleged cause of action, and this negligence proximately caused, in whole

10 | or in part, the loss, injury, and damages incurred by Plaintiff, if any there were.  In the

11 | event Plaintiff is entitled to any damages, the amount of these damages should be

12 | reduced by the comparative fault of Plaintiff and of any person whose negligent acts

13 | or omissions are imputed to Plaintiff.

14 | ## TENTH AFFIRMATIVE DEFENSE

15 | Plaintiff knowingly, voluntarily and unreasonably undertook to encounter

16 | each of the risks and hazards, if any, referred to in the Complaint and each alleged

17 | cause of action therein, and this undertaking proximately caused and contributed to

18 | the loss, injury and damages incurred by Plaintiff, if any there were.

19 | ## ELEVENTH AFFIRMATIVE DEFENSE

20 | Any loss, injury or damage incurred by Plaintiff was proximately caused

21 | by the negligent or willful acts or omissions or other fault of parties whom Defendant

22 | neither controlled nor had the right to control, and was not proximately caused by any

23 | acts, omissions or other conduct of Defendant.

24 | ## TWELFTH AFFIRMATIVE DEFENSE

25 | The products referred to in the Complaint were misused, abused or

26 | altered by Plaintiff or by others; the misuse, abuse or alteration was not reasonably

27 | foreseeable to Defendant, and proximately caused the loss, injury and damages

28 | incurred by Plaintiff, if any there were.

-3-

ANSWER OF DEFENDANT HANSON PERMANENTE CEMENT, INC. TO UNVERIFIED COMPLAINT FOR DAMAGES -- ASBESTOS

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate the claimed loss, injury and damages incurred by Plaintiff, if any there were. Accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant are barred by the provisions of California Labor Code, section 3600, et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

At the time of the injuries alleged in the Complaint, Plaintiff was employed and was entitled to receive workers' compensation benefits from his employer's workers' compensation insurance carrier, and all of Plaintiff's employers, other than Defendant, were negligent in and about the matters referred to in said Complaint. Such negligence on the part of said employers proximately and concurrently contributed to the happening of the accident and to the loss, injury and damages alleged in the Complaint. By reason thereof Defendant is entitled to set off and/or reduce any such workers' compensation benefits received or to be received by Plaintiff against any judgment that may be rendered in favor of Plaintiff. (Witt v. Jackson, 57 Cal.2d 57, 366 P.2d 641)

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, incurred by Plaintiff, if any there were. As a result, Defendant is not liable for said employers' proportionate share of non-economic damages.

-4-

## SEVENTEENTH AFFIRMATIVE DEFENSE

At the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent or otherwise at fault in and about the matters referred to in said Complaint, and such negligence or other fault on the part of said parties proximately and concurrently contributed to the loss, injury or damages, including non-economic damages, incurred by Plaintiff, if any there were. As a result, Defendant is not liable for said parties' proportionate share of non-economic damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all times relevant to matters alleged in the Complaint, all of Plaintiff's employers, other than Defendant, were sophisticated users of asbestos-containing products, and said employers' negligence in providing the product to its employees in a negligent, careless and reckless manner was a superseding cause of the loss, injury or damages incurred by Plaintiff, if any there were.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that Plaintiff has received, or in the future may receive, Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint. In the event Plaintiff is awarded damages against Defendant, Defendant claims a credit against such award to the extent Defendant is barred from enforcing its right to reimbursement for Worker's Compensation benefits that Plaintiff has received or may receive in the future.

## TWENTIETH AFFIRMATIVE DEFENSE

If Plaintiff has received, or in the future may receive, Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, Defendant demands repayment of any such worker's compensation benefits in the event that Plaintiff recovers tort damages as a result of that industrial

-5-

1    injury.  Although Defendant denies the validity of Plaintiff's claims, in the event those

2    claims are held valid and not barred by the statute of limitations or otherwise,

3    Defendant asserts that cross-demands for money have existed between Plaintiff and

4    Defendant and the demands are compensated, so far as they equal each other,

5    pursuant to California Code of Civil Procedure section 431.70.

6                          TWENTY-FIRST AFFIRMATIVE DEFENSE

7                  At all times and places relevant to the claims alleged in the Complaint,

8    Plaintiff was not in privity of contract with Defendant and said lack of privity bars

9    Plaintiff's recovery herein upon any theory of warranty.

10                        TWENTY-SECOND AFFIRMATIVE DEFENSE

11                 Plaintiff is barred from recovery in that all products produced by

12   Defendant were in conformity with the existing state-of-the-art and, as a result, those

13   products were not defective in any manner.

14                         TWENTY-THIRD AFFIRMATIVE DEFENSE

15                 Defendant did not and does not have a substantial percentage of the

16   market for the asbestos-containing products which allegedly caused Plaintiff's

17   injuries.  As a result, Defendant may not be held liable to Plaintiff based on this

18   Defendant's alleged percentage share of the applicable market.

19                        TWENTY-FOURTH AFFIRMATIVE DEFENSE

20                 Defendant denies any and all liability to the extent Plaintiff asserts

21   Defendant's alleged liability as a successor, successor in business, successor in

22   product line or a portion thereof, assign, predecessor, predecessor in business,

23   predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly

24   or partially owned by, or the whole or partial owner of or member in an entity

25   researching, studying, manufacturing, fabricating, designing, labeling, assembling,

26   distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing,

27   contracting for installation, repairing, marketing, warranting, re-branding,

28   manufacturing for others, packaging and advertising a certain substance, the generic

-6-

**ANSWER OF DEFENDANT HANSON PERMANENTE CEMENT, INC. TO UNVERIFIED COMPLAINT FOR DAMAGES -- ASBESTOS**

P:\Wdocs\HBMAIN\00065\00379\00273359.DOC-020708

1   name of which is asbestos.

2               TWENTY-FIFTH AFFIRMATIVE DEFENSE

3           As a result of the acts, conduct, and omissions of Plaintiff and Plaintiff's

4   agents, each cause of action alleged in the Complaint has been waived.

5               TWENTY-SIXTH AFFIRMATIVE DEFENSE

6           Plaintiff's tobacco use constitutes an assumption of a known risk, and

7   said conduct by Plaintiff proximately caused and contributed to the loss, injury or

8   damages incurred by Plaintiff, if any there were.  Any recovery by Plaintiff is therefore

9   barred or must be proportionately reduced.

10              TWENTY-SEVENTH AFFIRMATIVE DEFENSE

11          Defendant alleges that consumption of tobacco products is negligent

12  *per se* because it is "inherently unsafe and consumed with the ordinary community

13  knowledge of its danger," as expressed in <u>Richards v. Owens-Illinois, Inc</u>. (1997)

14  14 Cal.4th 985, and California Civil Code section 1714.45(a)(1).  The said negligence

15  of Plaintiff proximately caused and contributed to the loss, injury or damages incurred

16  by Plaintiff, if any there were, and any recovery by Plaintiff is therefore barred or must

17  be proportionately reduced.

18              TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19          Defendant is informed and believes that Plaintiff named Defendant in

20  this litigation without reasonable product identification and without a reasonable

21  investigation.  Pursuant to California Code of Civil Procedure section 128.5,

22  Defendant requests an award of reasonable expenses, including attorney's fees,

23  incurred by Defendant as a result of Plaintiff's bad faith maintenance of this action.

24              TWENTY-NINTH AFFIRMATIVE DEFENSE

25          The loss, injury or damages incurred by Plaintiff, if any there were, were

26  proximately caused by an unforeseeable, independent, intervening or superseding

27  event beyond the control, and unrelated to any conduct of Defendant.  Defendant's

28  actions, if any, were superseded by the negligence, wrongful conduct, and other fault

-7-

ANSWER OF DEFENDANT HANSON PERMANENTE CEMENT, INC. TO UNVERIFIED COMPLAINT FOR DAMAGES --
ASBESTOS
P:\Wdocs\HBMAIN\00065\00379\00273359.DOC-020708

of others.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to join all indispensable and/or essential parties needed for just adjudication of this action.  The action should therefore be stayed pending joinder of all essential and/or indispensable parties or, in the alternative, the action should be dismissed.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has improperly split the causes of action and seeks to maintain a duplicative lawsuit based on the same facts and circumstances as a lawsuit previously filed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

California Civil Code sections 1431.1– 1431.5, known as the Fair Responsibility Act of 1986, are applicable to the present action and to certain claims therein.  As a result, based upon the principle of comparative fault, the liability, if any, of Defendant, shall be several only and shall not be joint.  Defendant, if liable at all, shall be liable as to certain claims only for the amount of non-economic damages allocated to Defendant in direct proportion to Defendant's percentage of fault, if any, and a separate and several judgment shall be rendered against Defendant for non-economic damages, if any.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein based upon warranty or breach thereof, is barred as a result of Plaintiff's failure to give notice required under California Commercial Code section 2607(3)(a).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

If Defendant has purportedly been named or served in this action as a fictitiously-named defendant, Plaintiff's attempt to do so is invalid in that Plaintiff knew or should have known of Defendant's identity and of Plaintiff's alleged causes of action against Defendant at the time of filing of the Complaint.

-8-

1

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

2        Defendant refers to and incorporates herein by reference each and

3  every affirmative defense pleaded by the other parties to this action the extent such

4  defenses are not inconsistent with the matters stated herein.

5

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

6        Defendant presently has insufficient knowledge or information on which

7  to form a belief as to whether it may have additional, as yet unasserted, defenses

8  available.  Defendant reserves the right to assert additional defenses in the event

9  discovery indicates they would be appropriate.

10

11        WHEREFORE, Defendant prays:

12        (1)    That Plaintiff take nothing by this Complaint;

13        (2)    That judgment be entered in favor of Defendant;

14        (3)    For recovery of Defendant's costs of suit;

15        (4)    For appropriate credits and off-sets arising out of any payment of

16  worker's compensation benefits as alleged above; and;

17        (5)    For such other and further relief as the Court deems just and

18  proper.

19        Dated: February 7, 2008

20        HASSARD BONNINGTON LLP

21

22        By: /s/ B. Thomas French
                      B. Thomas French

23

24        Attorneys for Defendant
          HANSON PERMANENTE CEMENT, INC.,
          formerly known as Kaiser Cement

25        Corporation

26

27

28

ANSWER OF DEFENDANT HANSON PERMANENTE CEMENT, INC. TO UNVERIFIED COMPLAINT FOR DAMAGES -- ASBESTOS

P:\Wdocs\HBMAIN\00065\00379\00273359.DOC-020708

1

## PROOF OF SERVICE

2    **CASE NAME:**    <u>**THOMAS and PATRICIA JORGENSEN v. A.W.**</u>
<u>**CHESTERTON CO., et al.**</u>

3

4    **COURT:**    **San Francisco County Superior Court**

**CASE NUMBER:**    **CGC-08-274494**

5

6    I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action.  I am employed in the City and County of San Francisco, California, and my business address is Two Embarcadero Center, Suite 1800, San Francisco, California  94111-3993.  On the date last written below, following ordinary business practice, I electronically served the following document(s):

7

8

9

## ANSWER OF DEFENDANT HANSON PERMANENTE CEMENT, INC. TO
## UNVERIFIED COMPLAINT FOR DAMAGES -- ASBESTOS

10

11

12    via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

13    I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on February 7, 2008, at San Francisco, California.

14

15                                    <u>/s/ Jessica Wertzler</u>
                                    Jessica Wertzler

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

# EXHIBIT 13

1    HASSARD BONNINGTON LLP
     ROBERT M. HAMBLETT, ESQ., State Bar No. 111685
2    B. THOMAS FRENCH, ESQ., State Bar No. 65848
     Two Embarcadero Center, Suite 1800
3    San Francisco, California  94111-3993
     Telephone:  (415) 288-9800
4    Fax:  (415) 288-9802

5    Attorneys for Defendant
     KAISER GYPSUM COMPANY, INC.

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11   THOMAS JORGENSEN and PATRICIA        No.  CGC-08-274494
     JORGENSEN,
                                          **DEFENDANT KAISER GYPSUM
12                                        COMPANY INC.'S, OBJECTION TO
                                          ASSIGNMENT TO COMMISSIONER
13                   Plaintiffs,          FOR TRIAL**

14        vs.

15   A.W. CHESTERTON CO., et al.,

16                   Defendants.

17

18

19          **PLEASE TAKE NOTICE** THAT PURSUANT TO San Francisco County

20   Uniform Local Rules, Rule 6.1(c), defendant KAISER GYPSUM COMPANY, INC.

21   does not stipulate and hereby objects to any assignment of this case for trial by a

22   Commissioner.  Defendant's first pleading is filed concurrently herewith.

23          Dated:  February 7, 2008

24                                        HASSARD BONNINGTON LLP

25                                        By:/s/ B. Thomas French
                                                B. Thomas French
26

27                                        Attorneys for Defendant
                                          KAISER GYPSUM COMPANY, INC.
28

---

**DEFENDANT KAISER GYPSUM COMPANY, INC.'S OBJECTION TO ASSIGNMENT TO COMMISSIONER FOR TRIAL**
P:\Wdocs\HBMAIN\00065\00379\00273357.DOC-020708

1

### PROOF OF SERVICE

2   **CASE NAME:**      **THOMAS and PATRICIA JORGENSEN v. A.W.**
3                       **CHESTERTON CO., et al.**

    **COURT:**          **San Francisco County Superior Court**
4

5   **CASE NUMBER:**    **CGC-08-274494**

6       I, the undersigned, hereby certify that I am a citizen of the United States, over
    the age of eighteen years, and am not a party to the within action.  I am employed in
    the City and County of San Francisco, California, and my business address is Two
7   Embarcadero Center, Suite 1800, San Francisco, California  94111-3993.  On the
    date last written below, following ordinary business practice, I electronically served
8   the following document(s):

9
### DEFENDANT KAISER GYPSUM COMPANY INC.'S OBJECTION TO
10   ### ASSIGNMENT TO COMMISSIONER FOR TRIAL

11
    via LexisNexis File & Serve on the recipients designated on the Transaction Receipt
12   located on the LexisNexis File & Serve website.

13       I declare under penalty of perjury that the foregoing is true and correct and that
    this Proof of Service was executed on February 7, 2008, at San Francisco, California.
14

15                                               /s/ Jessica Wertzler
                                                 Jessica Wertzler
16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

# EXHIBIT 14

1    HASSARD BONNINGTON LLP
     ROBERT M. HAMBLETT, ESQ., State Bar No. 111685
2    B. THOMAS FRENCH, ESQ., State Bar No. 65848
     Two Embarcadero Center, Suite 1800
3    San Francisco, California  94111-3993
     Telephone:  (415) 288-9800
4    Fax:  (415) 288-9802

5    Attorneys for Defendant
     KAISER GYPSUM COMPANY, INC.

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11   THOMAS JORGENSEN and PATRICIA          No.  CGC-08-274494
     JORGENSEN,
12                                          **DEFENDANT KAISER GYPSUM
                     Plaintiffs,            COMPANY, INC.'S DEMAND FOR
13                                          JURY TRIAL**
            vs.
14
     A.W. CHESTERTON CO., et al.,
15
                     Defendants.
16

17   TO EACH PARTY AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD

18          Defendant KAISER GYPSUM COMPANY, INC. hereby demands a jury

19   trial in the above-entitled action.

20          Dated:  February 7, 2008

21

22                                          HASSARD BONNINGTON LLP

23
                                            By: /s/ B. Thomas French
24                                              B. Thomas French

25                                          Attorneys for Defendant
                                            KAISER GYPSUM COMPANY, INC.
26

27

28

---

**DEFENDANT KAISER GYPSUM COMPANY, INC.'S DEMAND FOR JURY TRIAL**

1

**PROOF OF SERVICE**

2    **CASE NAME:**        **THOMAS and PATRICIA JORGENSEN v. A.W.**
                          **CHESTERTON CO., et al.**

3

4    **COURT:**           **San Francisco County Superior Court**

     **CASE NUMBER:**     **CGC-08-274494**
5

6        I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action.  I am employed in the City and County of San Francisco, California, and my business address is Two Embarcadero Center, Suite 1800, San Francisco, California  94111-3993.  On the date last written below, following ordinary business practice, I electronically served the following document(s):

7

8

9

10       **DEFENDANT KAISER GYPSUM COMPANY INC.'S DEMAND FOR JURY TRIAL**

11   via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

12       I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on February 7, 2008, at San Francisco, California.

13

14

                                          /s/ Jessica Wertzler
15                                        Jessica Wertzler

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

# EXHIBIT 15

1  HASSARD BONNINGTON LLP
   ROBERT M. HAMBLETT, ESQ., State Bar No. 111685
2  B. THOMAS FRENCH, ESQ., State Bar No. 65848
   Two Embarcadero Center, Suite 1800
3  San Francisco, California  94111-3993
   Telephone:  (415) 288-9800
4  Fax:  (415) 288-9801

5  Attorneys for Defendant
   KAISER GYPSUM COMPANY, INC.

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  THOMAS JORGENSEN and PATRICIA          No. CGC-08-274494
    JORGENSEN,
12                                         **ANSWER OF DEFENDANT
                     Plaintiffs,           KAISER GYPSUM COMPANY, INC.
13                                         TO UNVERIFIED COMPLAINT FOR
            vs.                            DAMAGES -- ASBESTOS**
14
    A.W. CHESTERTON CO., et al.,
15
                     Defendant.
16

17

18          Defendant, KAISER GYPSUM COMPANY, INC. (hereinafter

19  "Defendant"), for itself alone and on behalf of no other defendant or entity, answers

20  the unverified Complaint for Damages ("Complaint") on file herein as set forth below.

21  The word "Plaintiff," as used herein, shall include the plural (i.e., Plaintiffs) as well as

22  the singular (i.e., Plaintiff) and the feminine as well as the masculine, and shall also

23  include Plaintiff's decedent as may be appropriate to the particular context in which

24  the word appears.

25          Pursuant to California Code of Civil Procedure section 431.30(d),

26  Defendant deny generally each and every allegation of the Complaint.

27

28
                                        -1-
    ANSWER OF DEFENDANT KAISER GYPSUM COMPANY INC. TO UNVERIFIED COMPLAINT FOR DAMAGES --
    ASBESTOS
    P:\Wdocs\HBMAIN\00065\00379\00273354.DOC-2708

1    ## FIRST AFFIRMATIVE DEFENSE

2    Neither the Complaint nor any purported cause of action alleged by the

3    Plaintiff therein states facts sufficient to constitute a cause of action against

4    Defendant.

5    ## SECOND AFFIRMATIVE DEFENSE

6    To the extent the Complaint asserts Defendant's alleged "market share"

7    liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute

8    a cause of action against Defendant.

9    ## THIRD AFFIRMATIVE DEFENSE

10   Neither the Complaint nor any purported cause of action alleged therein

11   states facts sufficient to entitle Plaintiff to an award of punitive damages against

12   Defendant.

13   ## FOURTH AFFIRMATIVE DEFENSE

14   The imposition of any punitive damages in this matter would deprive

15   Defendant of its property without due process of law under the California Constitution

16   and United States Constitution.

17   ## FIFTH AFFIRMATIVE DEFENSE

18   The imposition of any punitive damages in this matter would violate the

19   United States Constitution's prohibition against laws impairing the obligation of

20   contracts.

21   ## SIXTH AFFIRMATIVE DEFENSE

22   The imposition of any punitive damages in this matter would constitute a

23   criminal fine or penalty and should, therefore, be remitted on the ground the award

24   violates the United States Constitution.

25   ## SEVENTH AFFIRMATIVE DEFENSE

26   Plaintiff's action, and each alleged cause of action, is barred by the

27   applicable statute of limitations, including but not limited to California Code of Civil

28   Procedure sections 335.1, 337, 337.1, 338, 338.1, 339, 340, 340.2, 340.8, 343 and

-2-

1  361, and California Commercial Code section 2725.

2  <u>EIGHTH AFFIRMATIVE DEFENSE</u>

3  Plaintiff unreasonably delayed in bringing this action, without good

4  cause therefor, and thereby has prejudiced Defendant as a direct and proximate

5  result of such delay; accordingly, the action is barred by laches and by section 583

6  <u>et. seq.</u>, of the California Code of Civil Procedure.

7  <u>NINTH AFFIRMATIVE DEFENSE</u>

8  Plaintiff was negligent in and about the matters alleged in the Complaint

9  and in each alleged cause of action, and this negligence proximately caused, in whole

10  or in part, the loss, injury, and damages incurred by Plaintiff, if any there were.  In the

11  event Plaintiff is entitled to any damages, the amount of these damages should be

12  reduced by the comparative fault of Plaintiff and of any person whose negligent acts

13  or omissions are imputed to Plaintiff.

14  <u>TENTH AFFIRMATIVE DEFENSE</u>

15  Plaintiff knowingly, voluntarily and unreasonably undertook to encounter

16  each of the risks and hazards, if any, referred to in the Complaint and each alleged

17  cause of action therein, and this undertaking proximately caused and contributed to

18  the loss, injury and damages incurred by Plaintiff, if any there were.

19  <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

20  Any loss, injury or damage incurred by Plaintiff was proximately caused

21  by the negligent or willful acts or omissions or other fault of parties whom Defendant

22  neither controlled nor had the right to control, and was not proximately caused by any

23  acts, omissions or other conduct of Defendant.

24  <u>TWELFTH AFFIRMATIVE DEFENSE</u>

25  The products referred to in the Complaint were misused, abused or

26  altered by Plaintiff or by others; the misuse, abuse or alteration was not reasonably

27  foreseeable to Defendant, and proximately caused the loss, injury and damages

28  incurred by Plaintiff, if any there were.

-3-

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate the claimed loss, injury and damages incurred by Plaintiff, if any there were.  Accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant are barred by the provisions of California Labor Code, section 3600, et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

At the time of the injuries alleged in the Complaint, Plaintiff was employed and was entitled to receive workers' compensation benefits from his employer's workers' compensation insurance carrier, and all of Plaintiff's employers, other than Defendant, were negligent in and about the matters referred to in said Complaint.  Such negligence on the part of said employers proximately and concurrently contributed to the happening of the accident and to the loss, injury and damages alleged in the Complaint.  By reason thereof Defendant is entitled to set off and/or reduce any such workers' compensation benefits received or to be received by Plaintiff against any judgment that may be rendered in favor of Plaintiff.  (Witt v. Jackson, 57 Cal.2d 57, 366 P.2d 641)

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, incurred by Plaintiff, if any there were.  As a result, Defendant is not liable for said employers' proportionate share of non-economic damages.

-4-

## SEVENTEENTH AFFIRMATIVE DEFENSE

At the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent or otherwise at fault in and about the matters referred to in said Complaint, and such negligence or other fault on the part of said parties proximately and concurrently contributed to the loss, injury or damages, including non-economic damages, incurred by Plaintiff, if any there were.  As a result, Defendant is not liable for said parties' proportionate share of non-economic damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all times relevant to matters alleged in the Complaint, all of Plaintiff's employers, other than Defendant, were sophisticated users of asbestos-containing products, and said employers' negligence in providing the product to its employees in a negligent, careless and reckless manner was a superseding cause of the loss, injury or damages incurred by Plaintiff, if any there were.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that Plaintiff has received, or in the future may receive, Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint.  In the event Plaintiff is awarded damages against Defendant, Defendant claims a credit against such award to the extent Defendant is barred from enforcing its right to reimbursement for Worker's Compensation benefits that Plaintiff has received or may receive in the future.

## TWENTIETH AFFIRMATIVE DEFENSE

If Plaintiff has received, or in the future may receive, Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, Defendant demands repayment of any such worker's compensation benefits in the event that Plaintiff recovers tort damages as a result of that industrial

-5-

1   injury.  Although Defendant denies the validity of Plaintiff's claims, in the event those

2   claims are held valid and not barred by the statute of limitations or otherwise,

3   Defendant asserts that cross-demands for money have existed between Plaintiff and

4   Defendant and the demands are compensated, so far as they equal each other,

5   pursuant to California Code of Civil Procedure section 431.70.

6                    TWENTY-FIRST AFFIRMATIVE DEFENSE

7            At all times and places relevant to the claims alleged in the Complaint,

8   Plaintiff was not in privity of contract with Defendant and said lack of privity bars

9   Plaintiff's recovery herein upon any theory of warranty.

10                  TWENTY-SECOND AFFIRMATIVE DEFENSE

11           Plaintiff is barred from recovery in that all products produced by

12  Defendant were in conformity with the existing state-of-the-art and, as a result, those

13  products were not defective in any manner.

14                  TWENTY-THIRD AFFIRMATIVE DEFENSE

15           Defendant did not and does not have a substantial percentage of the

16  market for the asbestos-containing products which allegedly caused Plaintiff's

17  injuries.  As a result, Defendant may not be held liable to Plaintiff based on this

18  Defendant's alleged percentage share of the applicable market.

19                  TWENTY-FOURTH AFFIRMATIVE DEFENSE

20           Defendant denies any and all liability to the extent Plaintiff asserts

21  Defendant's alleged liability as a successor, successor in business, successor in

22  product line or a portion thereof, assign, predecessor, predecessor in business,

23  predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly

24  or partially owned by, or the whole or partial owner of or member in an entity

25  researching, studying, manufacturing, fabricating, designing, labeling, assembling,

26  distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing,

27  contracting for installation, repairing, marketing, warranting, re-branding,

28  manufacturing for others, packaging and advertising a certain substance, the generic

-6-

ANSWER OF DEFENDANT KAISER GYPSUM COMPANY INC. TO UNVERIFIED COMPLAINT FOR DAMAGES --
ASBESTOS
P:\Wdocs\HBMAIN\00065\00379\00273354.DOC-2708

1  name of which is asbestos.

2  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

3  As a result of the acts, conduct, and omissions of Plaintiff and Plaintiff's

4  agents, each cause of action alleged in the Complaint has been waived.

5  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

6  Plaintiff's tobacco use constitutes an assumption of a known risk, and

7  said conduct by Plaintiff proximately caused and contributed to the loss, injury or

8  damages incurred by Plaintiff, if any there were.  Any recovery by Plaintiff is therefore

9  barred or must be proportionately reduced.

10  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

11  Defendant alleges that consumption of tobacco products is negligent

12  *per se* because it is "inherently unsafe and consumed with the ordinary community

13  knowledge of its danger," as expressed in Richards v. Owens-Illinois, Inc. (1997)

14  14 Cal.4th 985, and California Civil Code section 1714.45(a)(1).  The said negligence

15  of Plaintiff proximately caused and contributed to the loss, injury or damages incurred

16  by Plaintiff, if any there were, and any recovery by Plaintiff is therefore barred or must

17  be proportionately reduced.

18  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19  Defendant is informed and believes that Plaintiff named Defendant in

20  this litigation without reasonable product identification and without a reasonable

21  investigation.  Pursuant to California Code of Civil Procedure section 128.5,

22  Defendant requests an award of reasonable expenses, including attorney's fees,

23  incurred by Defendant as a result of Plaintiff's bad faith maintenance of this action.

24  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

25  The loss, injury or damages incurred by Plaintiff, if any there were, were

26  proximately caused by an unforeseeable, independent, intervening or superseding

27  event beyond the control, and unrelated to any conduct of Defendant.  Defendant's

28  actions, if any, were superseded by the negligence, wrongful conduct, and other fault

-7-

**ANSWER OF DEFENDANT KAISER GYPSUM COMPANY INC. TO UNVERIFIED COMPLAINT FOR DAMAGES –
ASBESTOS**
P:\Wdocs\HBMAIN\00065\00379\00273354.DOC-2708

of others.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to join all indispensable and/or essential parties needed for just adjudication of this action. The action should therefore be stayed pending joinder of all essential and/or indispensable parties or, in the alternative, the action should be dismissed.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has improperly split the causes of action and seeks to maintain a duplicative lawsuit based on the same facts and circumstances as a lawsuit previously filed.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

California Civil Code sections 1431.1– 1431.5, known as the Fair Responsibility Act of 1986, are applicable to the present action and to certain claims therein. As a result, based upon the principle of comparative fault, the liability, if any, of Defendant, shall be several only and shall not be joint. Defendant, if liable at all, shall be liable as to certain claims only for the amount of non-economic damages allocated to Defendant in direct proportion to Defendant's percentage of fault, if any, and a separate and several judgment shall be rendered against Defendant for non-economic damages, if any.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action therein based upon warranty or breach thereof, is barred as a result of Plaintiff's failure to give notice required under California Commercial Code section 2607(3)(a).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

If Defendant has purportedly been named or served in this action as a fictitiously-named defendant, Plaintiff's attempt to do so is invalid in that Plaintiff knew or should have known of Defendant's identity and of Plaintiff's alleged causes of action against Defendant at the time of filing of the Complaint.

-8-

1

<u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u>

2   Defendant refers to and incorporates herein by reference each and

3   every affirmative defense pleaded by the other parties to this action the extent such

4   defenses are not inconsistent with the matters stated herein.

5

<u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u>

6   Defendant presently has insufficient knowledge or information on which

7   to form a belief as to whether it may have additional, as yet unasserted, defenses

8   available.  Defendant reserves the right to assert additional defenses in the event

9   discovery indicates they would be appropriate.

10

11   WHEREFORE, Defendant prays:

12   (1)   That Plaintiff take nothing by this Complaint;

13   (2)   That judgment be entered in favor of Defendant;

14   (3)   For recovery of Defendant's costs of suit;

15   (4)   For appropriate credits and off-sets arising out of any payment of

16   worker's compensation benefits as alleged above; and;

17   (5)   For such other and further relief as the Court deems just and

18   proper.

19   Dated:  February 7, 2008

20   HASSARD BONNINGTON LLP

21

22   By: /s/ B. Thomas French
23   B. Thomas French

24   Attorneys for Defendant
     KAISER GYPSUM COMPANY,
25   INC.

26

27

28

-9-

**PROOF OF SERVICE**

**CASE NAME:**        **THOMAS and PATRICIA JORGENSEN v. A.W.
                      CHESTERTON CO., et al.**

**COURT:**            **San Francisco County Superior Court**

**CASE NUMBER:**      **CGC-08-274494**

    I, the undersigned, hereby certify that I am a citizen of the United States, over the age of eighteen years, and am not a party to the within action.  I am employed in the City and County of San Francisco, California, and my business address is Two Embarcadero Center, Suite 1800, San Francisco, California  94111-3993.  On the date last written below, following ordinary business practice, I electronically served the following document(s):

**ANSWER OF DEFENDANT KAISER GYPSUM COMPANY, INC. TO UNVERIFIED
COMPLAINT FOR DAMAGES -- ASBESTOS**

via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

    I declare under penalty of perjury that the foregoing is true and correct and that this Proof of Service was executed on February 7, 2008, at San Francisco, California.

                                                 /s/ Jessica Wertzler
                                                  Jessica Wertzler

-1-

# EXHIBIT 16

1  David T. Biderman, Bar No. 101577
   Brien F. McMahon, Bar No. 66809
2  **PERKINS COIE LLP**
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA 94111-4131
   Telephone: 415.344.7000
4  Facsimile: 415.344.7288

5  Attorneys for Defendant
   GEORGIA-PACIFIC LLC,
6  f/k/a GEORGIA-PACIFIC CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  THOMAS JORGENSEN and PATRICIA          **No. CGC-08-274494**
    JORGENSEN,
12                                         **ANSWER OF DEFENDANT GEORGIA-**
                        Plaintiffs,        **PACIFIC LLC TO COMPLAINT**
13
            v.
14
    A.W. CHESTERTON COMPANY, et al.,
15
                        Defendants.
16

17        Defendant Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation ("Georgia-Pacific")

18  hereby answers the unverified Complaint filed on or about January 3, 2008 ("Complaint") of

19  plaintiffs, THOMAS JORGENSEN and PATRICIA JORGENSEN ("Plaintiffs"), as follows:

20                              **GENERAL DENIAL**

21        Pursuant to California Code of Civil Procedure section 431.30(d), Georgia-Pacific denies

22  generally and specifically each and every allegation of each cause of action contained in the

23  Complaint, and further denies that Plaintiffs have sustained injury or damage in the sums alleged,

24  or in any other sum or sums, or at all, and that Plaintiffs are entitled to any relief as a result of any

25  act, conduct, or omission of Georgia-Pacific.

26

27

28

1    **AS AND FOR ITS AFFIRMATIVE DEFENSES HEREIN, GEORGIA-PACIFIC**

2    **ALLEGES AS FOLLOWS:**

3                    **FIRST AFFIRMATIVE DEFENSE**

4       1.      The Complaint, and each purported cause of action therein, fails to state facts

5    sufficient to constitute a cause of action against Georgia-Pacific.

6                   **SECOND AFFIRMATIVE DEFENSE**

7       2.      The Complaint, and each purported cause of action therein, is barred, in whole or

8    in part, by the applicable statutes of limitation and/or repose, including, but not limited to,

9    California Code of Civil Procedure sections 340 and 340.2.

10                 **THIRD AFFIRMATIVE DEFENSE**

11       3.      Venue is improper in this Court. Georgia-Pacific reserves its rights to move for

12    dismissal and/or transfer of the action based on improper and/or inconvenient venue and further

13    reserves its rights to seek application of the law of the appropriate venue on all issues, including

14    but not limited to statute of limitations, statute of repose, and punitive damages.

15                **FOURTH AFFIRMATIVE DEFENSE**

16       4.      The Complaint, and each purported cause of action therein, is barred, in whole or

17    in part, by the doctrine of estoppel by virtue of Plaintiffs.

18                  **FIFTH AFFIRMATIVE DEFENSE**

19       5.      The Complaint, and each purported cause of action therein, is barred, in whole or

20    in part, by the doctrine of laches by virtue of Plaintiffs.

21                  **SIXTH AFFIRMATIVE DEFENSE**

22       6.      The Complaint, and each purported cause of action therein, is barred, in whole or

23    in part, by the doctrine of waiver by virtue of Plaintiffs.

24               **SEVENTH AFFIRMATIVE DEFENSE**

25       7.      This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

26    ///

27    ///

28    ///

-2-

1

**EIGHTH AFFIRMATIVE DEFENSE**

2    8.    The Complaint, and each purported cause of action therein, is barred, in whole or

3    in part, by Plaintiffs' implied assumption of the risks and dangers, if any, associated with the

4    alleged conditions, conduct, or injuries, with knowledge of such risks and dangers.

5

**NINTH AFFIRMATIVE DEFENSE**

6    9.    Some or all of the damages claimed by Plaintiffs are not recoverable under

7    applicable law.  In the event that there is a finding of damages for Plaintiffs, any award or

8    judgment entered in favor of Plaintiffs must be reduced or offset by the amount of any benefits

9    Plaintiffs received, or is entitled to receive, from any source, under applicable law.  In addition, if

10    Plaintiffs have heretofore or should hereafter settle for any of the alleged injuries and damages

11    with any parties, then Georgia-Pacific is entitled to a credit in the amount of said settlements.

12

**TENTH AFFIRMATIVE DEFENSE**

13    10.    To the extent that Plaintiffs have received payment from any alleged joint

14    tortfeasor in full satisfaction of any of the alleged injuries and/or claims against Georgia-Pacific

15    and/or other alleged joint tortfeasors, the Complaint in each and every count and cause of action

16    alleged therein is barred by the defenses of payment and accord and satisfaction.

17

**ELEVENTH AFFIRMATIVE DEFENSE**

18    11.    Plaintiffs' damages, if any, were directly and proximately caused, or contributed

19    to, in whole or in part, by the acts and/or omissions and/or fault of other individuals, firms,

20    corporations, or other entities over whom Georgia-Pacific has or had no control or right of

21    control, and for whom it is/was not responsible.  Said acts and/or omissions and/or fault

22    intervened between, and/or superseded, the acts and/or omissions and/or fault of Georgia-Pacific,

23    if any.  Plaintiffs' recovery against Georgia-Pacific, if any, should therefore be barred or

24    diminished in accordance with applicable law.

25

**TWELFTH AFFIRMATIVE DEFENSE**

26    12.    Plaintiffs' damages, if any, were directly and proximately caused, or contributed

27    to, by Plaintiffs' own negligence or fault at the times and in the places set forth in the Complaint,

28    or the negligence or other fault of individuals, firms, corporations, or other entities, over whom

-3-

1    Georgia-Pacific has or had no control or right of control, and for whom it is/was not responsible

2    which were in privity with Plaintiffs.  Plaintiffs' recovery against Georgia-Pacific, if any, should

3    therefore be barred or diminished in accordance with applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

5    13.    The Complaint, and each purported cause of action therein, is barred, in whole or

6    in part, by Plaintiffs' failure to mitigate damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

8    14.    At the times and in the places set forth in the Complaint, any Georgia-Pacific

9    product in question was not being used in the normal and ordinary way, nor was it being used in a

10    manner recommended by Georgia-Pacific, nor for the purposes for which it was designed.  To the

11    contrary, any such Georgia-Pacific product was being put to an abnormal use or misuse, and to a

12    use that was not reasonably foreseeable to Georgia-Pacific.  Such abnormal use or misuse was the

13    sole, direct and proximate cause of Plaintiffs' injuries and damages, if any.  Plaintiffs' recovery

14    against Georgia-Pacific, if any, is therefore barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

16    15.    At all times and in all places relevant to the alleged conditions, conduct, or

17    injuries, Plaintiffs have or should have had notice and knowledge of the risks and dangers, if any,

18    associated with such conditions, conduct, and injuries, because any such risk or danger was open,

19    obvious, and apparent to Plaintiffs, and Plaintiffs appreciated the danger or risk, and voluntarily

20    assumed any such danger or risk.

### SIXTEENTH AFFIRMATIVE DEFENSE

22    16.    If Plaintiffs sustained any injury or damage as alleged in the Complaint, said injury

23    or damage was solely, directly, and proximately caused by conditions, circumstances, and/or

24    conduct of others, beyond the control of Georgia-Pacific.

### SEVENTEENTH AFFIRMATIVE DEFENSE

26    17.    Georgia-Pacific is not liable to Plaintiffs with respect to the injuries alleged in the

27    Complaint because such injuries, if any, were caused by pure accident in terms of law.

28    ///

-4-

1  **EIGHTEENTH AFFIRMATIVE DEFENSE**

2      18.    The actions of Georgia-Pacific were in conformity with the state of the medical,

3  industrial, and scientific arts, so that there was no duty to warn Plaintiffs under the circumstances,

4  or to the extent such a duty arose, Georgia-Pacific provided adequate warnings, labels, and/or

5  instructions concerning any Georgia-Pacific product in question.  If those warnings, labels, and/or

6  instructions were not made available or heeded, it is the fault of others and not of Georgia-Pacific.

7  **NINETEENTH AFFIRMATIVE DEFENSE**

8      19.    The Complaint, and each purported cause of action therein, is barred, in whole or

9  in part, because Plaintiffs have failed to join all necessary and indispensable parties.

10  **TWENTIETH AFFIRMATIVE DEFENSE**

11      20.    Georgia-Pacific made no express or implied representations or warranties of any

12  kind to Plaintiffs.  To the extent that the alleged representations or warranties were made, they

13  were made by persons or entities other than Georgia-Pacific, and over whom Georgia-Pacific has

14  or had no control or right of control.

15  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

16      21.    Plaintiffs did not rely upon any representations or warranties made by Georgia-

17  Pacific.  To the extent Plaintiffs relied upon any alleged representations or warranties, such

18  reliance was unjustified.

19  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

20      22.    The Complaint fails to set forth a claim for punitive damages upon which relief

21  may be granted.

22  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

23      23.    To the extent the Complaint asserts a demand for punitive damages, Georgia-

24  Pacific specifically incorporates by reference any and all standards of limitations regarding the

25  determination and/or enforceability of punitive damage awards that arose in the decisions of

26  *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v.*

27  *Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile*

28  *Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003).

-5-

ANSWER OF DEFENDANT GEORGIA-PACIFIC LLC TO COMPLAINT
60312-0001.0440/LEGAL13918759.1

1    ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2        24.    Plaintiffs' claim for punitive damages, if granted, would be excessive and would

3    violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

4    Georgia-Pacific has not received fair notice that it could be subject to punitive damages in this

5    state for the conduct alleged.  Georgia-Pacific's conduct was not deliberate, and the damages, if

6    any, to Plaintiffs, were economic.  The punitive damages sought by Plaintiffs would be greatly

7    disproportionate to any actual damages.

8    ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

9        25.    Plaintiffs' claim for punitive damages would violate the Eighth Amendment to the

10   United States Constitution and Article I, Sections 1 and 17, of the California Constitution because

11   it seeks to impose an excessive fine upon Georgia-Pacific, is penal in nature, and seeks to punish

12   Georgia-Pacific upon vague standards.

13   ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

14       26    Plaintiffs' claim for punitive damages would violate the Equal Protection Clause to

15   the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the

16   California Constitution because it discriminates against Georgia-Pacific on the basis of wealth

17   and because different amounts can be awarded against two or more defendants for the same act

18   when those defendants differ only in material wealth.

19   ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

20       27.    Plaintiffs' claim for punitive damages would violate the Fifth Amendment to the

21   United States Constitution and Article I, Section 15 of the California Constitution because it

22   would expose Georgia-Pacific to multiple punishments and fines for the same act or conduct.

23   ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24       28.    Plaintiffs' claim for punitive damages violates the Due Process Clause of the Fifth

25   and Fourteenth Amendments to the United States Constitution in the absence of an order

26   bifurcating that claim from the issue of liability.

27   ///

28   ///

-6-

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    Any award of punitive damages in this case would violate the Separation of Powers Doctrine since this Court and/or the jury would be usurping the exclusive power of the legislature to define crimes and establish punishment.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Any award of punitive damages in this case would be constitutionally defective as an ex post facto law prohibited by the California and United States Constitution. The jury, in making any such punitive award, would effectively be criminalizing conduct after it has occurred and without appropriate advance notice to Georgia-Pacific that such conduct may subject it to criminal punishment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The punitive damages sought by Plaintiffs would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because Plaintiffs seek to punish Georgia-Pacific in California for alleged conduct that occurred elsewhere.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    At no time relevant hereto were Plaintiffs exposed to any asbestos from products mined, processed, imported, converted, compounded, designed, manufactured, marketed or sold by Georgia-Pacific.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Plaintiffs were not exposed to any asbestos materials through any act or omission of Georgia-Pacific, or if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiffs' damages, if any, as a matter of law. Therefore, Georgia-Pacific denies that any of its products or any alleged action or inaction on its part has damaged or injured Plaintiffs in any manner or at any time.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' employers were negligent and careless, which negligence and carelessness were legal and actual causes of, and contributed to, the damages, if any, that

-7-

1   Plaintiffs sustained, and which negligence and carelessness are a bar to the recovery by Plaintiffs,

2   from Georgia-Pacific.  Furthermore, Georgia-Pacific is entitled to set off any workers'

3   compensation benefits and/or veterans' benefits and/or military benefits received or that are to be

4   received by Plaintiffs, against any judgment that may be rendered in favor of Plaintiffs, against

5   Georgia-Pacific, or against Georgia-Pacific and any other defendant or defendants.

6                          **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

7        35.    The Fair Responsibility Act of 1986, codified at California Civil Code section

8   1431.1 et. seq., limits any damages governed thereby, which are awarded to Plaintiffs against

9   Georgia-Pacific, to that portion of Plaintiffs' non-economic damages, if any, that are attributable

10  to Georgia-Pacific's percentage of fault or liability, if any.

11                         **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

12       36.    The Complaint, and each purported cause of action therein, is barred, in whole or

13  in part, by the exclusivity of remedy under the California Workers Compensation Act, California

14  Labor Code section 3200 et. seq.

15                        **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

16       37.    Plaintiffs' claims are barred or preempted, in whole or in part, by federal law,

17  statutes, and regulations.

18                        **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

19       38.    Georgia-Pacific neither mined, processed, imported, converted, compounded,

20  designed, manufactured, marketed nor sold any of the products alleged in the Complaint; thus,

21  Georgia-Pacific denies that any product or action or inaction on its part caused any alleged

22  damages to Plaintiffs.

23                         **THIRTY-NINTH AFFIRMATIVE DEFENSE**

24       39.    Any products manufactured by Georgia-Pacific that incorporated asbestos-

25  containing materials alleged to have been a cause of, or to have contributed to, any disease

26  contracted by Plaintiffs, were manufactured in, under, and in conformity with the direction and

27  control of the United States Government, which at all times material hereto had knowledge

28

-8-

1  superior to that of Georgia-Pacific with respect to the potential hazards of asbestos products;

2  accordingly, no liability can be imposed upon Georgia-Pacific.

### FORTIETH AFFIRMATIVE DEFENSE

4  40.    Any and all "market share," "enterprise," and/or "concert of action" theories of

5  liability are inapplicable to Georgia-Pacific and/or any of Georgia-Pacific's products in question.

### FORTY-FIRST AFFIRMATIVE DEFENSE

7  41.    Third parties over whom Georgia-Pacific has or had no control or right of control,

8  and for whom it is/was not responsible, altered or modified the Georgia-Pacific product or

9  products in question, and such alteration or modification was the sole, direct, and proximate cause

10  of Plaintiffs' damages, if any, thereby barring any and all claims against Georgia-Pacific.

### FORTY-SECOND AFFIRMATIVE DEFENSE

12  42.    The plans or designs, method or technique of manufacturing, assembling, testing,

13  labeling and sale of any Georgia-Pacific product alleged in the Complaint to have caused all or

14  part of Plaintiffs' alleged damages conformed with the state of the art at the time any such

15  Georgia-Pacific product was designed, manufactured, assembled, tested, labeled and/or sold by

16  Georgia-Pacific, pursuant to generally recognized and prevailing standards and in conformance

17  with the statutes, regulations, and requirements that governed the product or products at the time

18  of design, manufacture, assembly, testing, labeling, and sale.

### FORTY-THIRD AFFIRMATIVE DEFENSE

20  43.    The benefits of the design of any Georgia-Pacific product in question outweigh

21  any risk associated with said products, if there was actually any risk, which Georgia-Pacific

22  denies.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

24  44.    Georgia-Pacific is not liable for Plaintiffs' injuries, if any, because it did not

25  exercise the requisite degree of control over the details of Plaintiffs' work.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

27  45.    The claims raised in the Complaint against Georgia-Pacific are barred under the

28  *Privette* doctrine, set forth in *Privette v. Superior Court*, 5 Cal. 4th 689 (1993), and its progeny.

-9-

1
                  **FORTY-SIXTH AFFIRMATIVE DEFENSE**

2
        46.     The Complaint fails to state a claim against Georgia-Pacific under the "peculiar

3
risk" doctrine if Plaintiffs' alleged injury on Georgia-Pacific's premises, which Georgia-Pacific

4
expressly denies, arose in the course and scope of his/her employment by an independent

5
contractor.

6
               **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

7
        47.     Georgia-Pacific is not liable for Plaintiffs' injuries, if any, because there was no

8
"dangerous condition" on Georgia-Pacific's premises that was known to, or should have been

9
known to, Georgia-Pacific.

10
        Georgia-Pacific reserves the right, upon completion of its investigation and discovery, to

11
assert such additional defenses as may be appropriate.

12
               **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

13
        48.     California Code of Civil Procedure section 361 is a bar to this action because

14
Plaintiffs' claims arise in another state and, by the laws of that state, an action cannot be

15
maintained by reason of the lapse of time and as a consequence, cannot be maintained in this

16
state.

17
               **FORTY-NINTH AFFIRMATIVE DEFENSE**

18
        49.     Another action is pending or has been adjudicated between Georgia-Pacific and

19
Plaintiffs on the same claims alleged in this action, and therefore, pursuant to California Code of

20
Civil Procedure section 430.10(c), this action is duplicative and vexatious and cannot be

21
maintained.

22

23

24

25

26

27

28

ANSWER OF DEFENDANT GEORGIA-PACIFIC LLC TO COMPLAINT
60312-0001.0440/LEGAL13918759.1

1    WHEREFORE, Georgia-Pacific prays for judgment against Plaintiffs dismissing the

2 Complaint and each and every purported cause of action alleged against Georgia-Pacific therein,

3 and awarding Georgia-Pacific costs, interest, disbursements and such other and/or further relief as

4 the Court may deem appropriate.

5

6

7    DATED:  February 7, 2008.                    **PERKINS COIE LLP**

8                                                 By: /s/ Brien F. McMahon
                                                      Brien F. McMahon
9                                                     Attorneys for Defendant
                                                      GEORGIA-PACIFIC, LLC, f/k/a
10                                                    GEORGIA-PACIFIC CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

1

**PROOF OF SERVICE**

2
    I, Lisa DeCosta, am employed in the County of San Francisco, State of California. I am

3
over the age of 18 years and am not a party to the within action. My business address is Perkins

4
Coie LLP, Four Embarcadero Center, Suite 2400, San Francisco, California 94111. I am familiar

5
with the business practice of Perkins Coie LLP. On February 7, 2008, I caused to be served the

6
following document(s) on the interested parties in this action through the use of the website

7
maintained by Lexis Nexis.

8
    **ANSWER OF DEFENDANT GEORGIA-PACIFIC LLC TO COMPLAINT**

9
☒    BY ELECTRONIC MAIL: I provided the document(s) listed above to the Lexis Nexis

10
    website pursuant to their instructions on that website. If the document(s) is/are provided
    to Verilaw electronically by 5:00 p.m., then the document will be deemed served on the

11
    date that it was provided to Lexis Nexis.

12
    I declare under penalty of perjury under the laws of the State of California and the United

13
States of America that the foregoing is true and correct and was executed in San Francisco,

14
California.

15
DATED: February 7, 2008.

16
                                                    Lisa DeCosta

17

18

19

20

21

22

23

24

25

26

27

28

-12-

**EXHIBIT 17**

1   MARK A. LOVE (SBN 162028)
    mlove@selmanbreitman.com
2   W. JOSEPH GUNTER (SBN 170810)
    jgunter@selmanbreitman.com
3   SELMAN BREITMAN LLP
    33 New Montgomery, Sixth Floor
4   San Francisco, CA 94105-4537
    Telephone:  (415) 979-0400
5   Facsimile:  (415) 979-2099

6   Attorneys for Defendant
    AURORA PUMP COMPANY

7

8                        SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11  THOMAS JORGENSEN and PATRICIA        CASE NO. 274494
    JORGENSEN,
12
               Plaintiff,
13                                       **ANSWER TO PLAINTIFFS'**
        v.                               **COMPLAINT FOR PERSONAL INJURY**
14                                       **– ASBESTOS**

15  ASBESTOS DEFENDANTS (BP),

16        Defendants.

17

18      DEFENDANT AURORA PUMP COMPANY , ANSWERING PLAINTIFFS'

19  UNVERIFIED COMPLAINT ON FILE HEREIN ON ITS OWN BEHALF, AND FOR

20  NO OTHER DEFENDANT, ADMITS, DENIES AND ALLEGES AS FOLLOWS:

21

22          Whenever "plaintiff" is used in this answer, its reference embraces each

23  plaintiff individually as well as all plaintiffs collectively, as is appropriate in context.

24          Whenever "defendant" is used in this answer, its reference embraces

25  defendant  AURORA PUMP COMPANY.

26          Pursuant to California Code of Civil Procedure Section 431.30, this

27  defendant files its general denial to said Complaint, and denies each and every, all and

28  singular, generally and specifically, the allegations in said Complaint, and each cause of

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

**ANSWER TO COMPLAINT**

1    action thereof, and in this connection, this defendant denies that plaintiffs have been

2    injured or damaged in the sums set forth, or in any other sums, or otherwise, or at all, or in

3    any way whatsoever, by reason of any alleged product of this defendant, or carelessness,

4    negligence and/or any alleged act, conduct or omission on the part of this answering

5    defendant.

6             THIS DEFENDANT HEREWITH PLEADS AND SETS FORTH

7    SEPARATELY AND DISTINCTLY THE FOLLOWING AFFIRMATIVE DEFENSES

8    TO EACH AND EVERY CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT AS

9    THOUGH PLED SEPARATELY:

10                     FIRST AFFIRMATIVE DEFENSE

11            As to the Complaint and as to each and every cause of action thereon, this

12    defendant alleges that neither the Complaint nor any purported cause of action alleged by

13    the plaintiffs therein states facts sufficient to constitute a cause of action against this

14    defendant.

15                    SECOND AFFIRMATIVE DEFENSE

16            To the extent the Complaint asserts Defendant's alleged "market share"

17    liability, or "enterprise liability", the Complaint fails to state facts sufficient to constitute a

18    cause of action against this defendant.

19                     THIRD AFFIRMATIVE DEFENSE

20            Neither the Complaint nor any purported cause of action alleged therein

21    states facts sufficient to entitle plaintiffs to an award of punitive damages against this

22    defendant.

23                    FOURTH AFFIRMATIVE DEFENSE

24            The imposition of any punitive damages in this matter would deprive this

25    defendant of its property without due process of law under the California Constitution and

26    United States Constitution.

27                     FIFTH AFFIRMATIVE DEFENSE

28            The imposition of any punitive damages in this matter would violate the

**SELMAN BREITMAN** LLP
ATTORNEYS AT LAW

2

**ANSWER TO COMPLAINT**

1  California Constitution and the United States Constitution's prohibition against laws

2  impairing the obligation of contracts.

SIXTH AFFIRMATIVE DEFENSE

4  The imposition of any punitive damages in this matter would constitute a

5  criminal fine or penalty and should, therefore, be remitted on the ground that the award

6  violates the California Constitution and the United States Constitution.

SEVENTH AFFIRMATIVE DEFENSE

8  Plaintiffs' action, and each alleged cause of action, is barred by all applicable

9  statutes of limitation including but not limited to those stated in the California Code of

10  Civil Procedure, sections 335.1, et seq., 338(1), 338 (4), 339(1), 340(1), 340(3), 340.2,

11  343, 353, 361, 583.210, 583.250, 583.310, 583.410, 583.420, 474, California Commercial

12  Code section 2725 and any and all applicable statutes of limitations and / or statutes of

13  repose of the state of plaintiffs' residence if not California.

EIGHTH AFFIRMATIVE DEFENSE

15  Plaintiffs unreasonably delayed in commencing this action, without any good

16  cause therefor, and thereby have prejudiced this defendant as a direct and proximate result

17  of such delay; accordingly, this action is barred by laches.

NINTH AFFIRMATIVE DEFENSE

19  Plaintiff was negligent in and about matters alleged in the Complaint and in

20  each alleged cause of action; this negligence proximately caused, in whole or in part, the

21  damages alleged in the Complaint. In the event plaintiffs are entitled to any damages, the

22  amount of these damages should be reduced by the comparative fault of plaintiff and any

23  person whose negligent acts or omissions are imputed to plaintiffs.

TENTH AFFIRMATIVE DEFENSE

25  Plaintiff knowingly, voluntarily and unreasonably undertook each of the

26  risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and

27  this undertaking proximately caused and contributed to any loss, injury or damages

28  incurred by plaintiffs.

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

146138.1 923.24725

3

**ANSWER TO COMPLAINT**

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

1    ELEVENTH AFFIRMATIVE DEFENSE

2    Any loss, injury or damage incurred by plaintiffs was proximately caused by

3    the negligent or willful acts or omissions of parties whom this defendant neither controlled

4    nor had the right to control, and was not proximately caused by any acts, omissions or

5    other conduct of this defendant.

6    TWELFTH AFFIRMATIVE DEFENSE

7    The products referred to in the Complaint were misused, abused or altered by

8    Plaintiff or by others; the misuse, abuse or alteration was not reasonably foreseeable to this

9    defendant, and proximately caused any loss, injury or damages incurred by plaintiffs.

10    THIRTEENTH AFFIRMATIVE DEFENSE

11    Defendant alleged that its products were manufactured, produced, supplied,

12    sold and distributed in mandatory conformity with specifications promulgated by the

13    United States Government under its war powers, as set forth in the United States

14    Constitution, and that any recovery by plaintiffs on the Complaint on file herein is barred

15    in consequence of the exercise of those sovereign powers.

16    FOURTEENTH AFFIRMATIVE DEFENSE

17    Plaintiffs failed to exercise due diligence to mitigate his loss, injury or

18    damages; accordingly, the amount of damages to which plaintiffs are entitled, if any,

19    should be reduced by the amount of damages which would have otherwise been mitigated.

20    FIFTEENTH AFFIRMATIVE DEFENSE

21    The Court lacks subject matter jurisdiction over the matters alleged in the

22    Complaint because the Complaint and each alleged cause of action against defendant is

23    barred by the provisions of California Labor Code, section 3601 et. seq. and the similar

24    laws of other states where plaintiffs claim they was injured.  Defendant is entitled to a set-

25    off for any such benefits plaintiffs have received.

26    SIXTEENTH AFFIRMATIVE DEFENSE

27    At the time and place of the occurrences and injuries alleged in the

28    Complaint, and all times material herein, the Plaintiff was employed by various employers,

4

**ANSWER TO COMPLAINT**

1   the names of which are unknown to this defendant at this time, and working within the

2   course and scope of his employment and/or employments.  Said employer and/or

3   employers and plaintiff were subject to the provisions of the Workers' Compensation Act

4   of the State of California and Plaintiff was entitled to receive Workers' Compensation

5   benefits from his employers to the extent that certain sums have been paid to or on behalf

6   of Plaintiff herein under the applicable provisions of the Labor Code of the State of

7   California; that said employer and/or employers, other than this defendant, and each of

8   them were negligent and careless in and about the matters referred to in the Complaint and

9   that such negligence and carelessness proximately and concurrently contributed to and

10  caused the happening of the incidents complained of and injuries and damages of

11  plaintiffs, if any there were; any judgment rendered in favor of plaintiffs herein, if any,

12  must be reduced by benefits or payments made or to be made to him by his employer or

13  employer's compensation carriers.

14              SEVENTEENTH AFFIRMATIVE DEFENSE

15              Defendant alleges that at the time of the injuries alleged in the Complaint,

16  Plaintiff's employers were negligent in and about the matters referred to in the Complaint,

17  and that such negligence on the part of said employers proximately and concurrently

18  contributed to any loss or damage, including non-economic damages, complained of by

19  plaintiffs, if any there were; and that this defendant is not liable for said employers'

20  proportionate share of non-economic damages.

21              EIGHTEENTH AFFIRMATIVE DEFENSE

22              Defendant alleges that at the time of the injuries alleged in the Complaint,

23  parties other than this defendant were negligent in and about the matters referred to in said

24  Complaint, and that such negligence on the part of said parties proximately and

25  concurrently contributed to any loss or damage, including non-economic damages,

26  complained of by plaintiffs, if any there were; and that this defendant herein shall not be

27  liable for said parties' proportionate share of non-economic damages.

28              NINETEENTH AFFIRMATIVE DEFENSE

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

5

146138.1  923.24725

**ANSWER TO COMPLAINT**

1        At all times relative to matters in the Complaint, all of Plaintiff's employers

2    and other defendants, other than this defendant, were sophisticated users of asbestos-

3    containing products and the negligence of Plaintiff's employers and other entities in

4    exposing employees to asbestos in a negligent, careless and reckless manner was a

5    superseding intervening cause of plaintiffs' injuries, if there were any.

6                        TWENTIETH AFFIRMATIVE DEFENSE

7        If plaintiffs have received, or in the future may receive, Worker's

8    Compensation benefits from this defendant under the Labor Code of the State of California

9    as a consequence of the alleged industrial injury referred to in the Complaint, and in the

10   event that this defendant is held liable to plaintiff, any award against this defendant must

11   be reduced in the amount of all such benefits received by plaintiff.

12                       TWENTY-FIRST AFFIRMATIVE DEFENSE

13       If plaintiffs have received, or in the future may receive, Workers'

14   Compensation benefits from this defendant under the Labor Code of the State of California

15   as a consequence of the alleged industrial injury referred to in the Complaint, and in the

16   event the plaintiffs are awarded damages against this defendant, this defendant claims a

17   credit against this award to the extent that this defendant is barred from enforcing its rights

18   to reimbursement for Workers' Compensation benefits that plaintiffs have received or may

19   in the future receive.

20                       TWENTY-SECOND AFFIRMATIVE DEFENSE

21       If plaintiffs have received, or in the future may receive Workers'

22   Compensation benefits from this defendant under the Labor Code of the State of California

23   as a consequence of the alleged industrial injury referred to in the Complaint, this

24   defendant demands repayment of any such Workers' Compensation benefits in the event

25   that plaintiffs recovers tort damages as a result of the industrial injury allegedly involved

26   here.  Although this defendant denies the validly of plaintiffs' claims, in the event those

27   claims are held valid and not barred by the statute of limitations or otherwise, this

28   defendant asserts that cross-demands for money have existed between plaintiffs and this

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

146138.1  923.24725

**ANSWER TO COMPLAINT**

1  defendant and the demands are compensated, so far as they equal each other, pursuant to

2  California Code of Civil Procedure Section 431.70

3                    TWENTY-THIRD AFFIRMATIVE DEFENSE

4         At all times and places alleged in the Complaint, plaintiffs were not in privity

5  of contract with defendant and said lack of privity bars plaintiffs' recovery herein upon any

6  theory of warranty.

7                    TWENTY-FOURTH AFFIRMATIVE DEFENSE

8         Plaintiff is barred from recovery in that any asbestos products which Plaintiff

9  encountered were in conformity with the existing state-of-the-art applicable to said

10  products at the time of their manufacture, sale, formulation or distribution, and as a result,

11  these products were not defective in any manner.

12                    TWENTY-FIFTH AFFIRMATIVE DEFENSE

13         Defendant did not and does not have a substantial percentage of the market

14  for the asbestos-containing products which allegedly caused Plaintiff's injuries.  Therefore,

15  this defendant may not be held liable to plaintiffs based on these this defendant's alleged

16  percentage share of the applicable market.

17

18                    TWENTY-SIXTH AFFIRMATIVE DEFENSE

19         Defendant denies any and all liability to the extent that plaintiffs assert

20  defendant's alleged liability as a successor, successor in business, successor in product line

21  or a portion thereof, assignee, predecessor, predecessor in business, predecessor in product

22  line or a portion thereof, assignor, parent, alter ego, subsidiary, wholly or partially owned

23  by, or the whole or partial owner of or member in or as an entity related in any way by

24  ownership or membership, to any entity researching, studying, manufacturing, fabricating,

25  designing, labeling assembling, distributing, leasing, buying, offering for sale, selling,

26  inspecting, servicing, installing, contracting or installation, repairing, marketing,

27  warranting, rebranding, manufacturing for others, packaging and advertising a certain

28  substance, the generic name of which is asbestos.

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

7

**ANSWER TO COMPLAINT**

1                      TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2            If plaintiffs' claims were already litigated and/or resolved in any prior action,

3 claims facility or bankruptcy proceeding, plaintiff's claims are barred based on the primary

4 right and res judicata doctrines which prohibit splitting a single cause of action into

5 successive suits and seeking new recovery for injuries for which the plaintiffs have been

6 previously compensated by alleged joint tortfeasors.

7                      TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8            This answering defendant made no warranties of any kind, express or

9 implied, to plaintiffs herein, nor was Plaintiff's exposure to and/or use of any asbestos

10 products, or the injuries which allegedly resulted therefrom, foreseeable. Further, there

11 was and is no privity or other relationship between plaintiffs and this answering defendant

12 upon which a claim of implied warranty may be based.

13                      TWENTY-NINTH AFFIRMATIVE DEFENSE

14            Plaintiffs have waived whatever right they might otherwise have had to

15 claim a breach of warranty in that plaintiffs failed to notify this answering defendant of

16 any alleged breach of express or implied warranty and/or of alleged effects in the products

17 allegedly containing asbestos associated with this answering defendant within a reasonable

18 time after plaintiffs had discovered or should have discovered any defect or

19 nonconformity, if any existed, thereby prejudicing this answering defendant from being

20 able to fully investigate and defend the allegations made against it in the Complaint.

21                      THIRTIETH AFFIRMATIVE DEFENSE

22            The Complaint, and each cause of action thereof, is barred by the California

23 Code of Civil Procedure section 389 in that plaintiffs have failed to join as a party to this

24 action parties in whose absence complete relief cannot be accorded among those parties

25 already subject to this action without defendant being exposed to a substantial risk of

26 incurring double, multiple, or otherwise inconsistent obligations.

27                      THIRTY-FIRST AFFIRMATIVE DEFENSE

28            Plaintiff knew, or in the exercise of ordinary care should have known, of the

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

146138.1 923.24725

**ANSWER TO COMPLAINT**

1     risks and hazards involved in the undertaking in which he was engaged but nevertheless,

2     and knowing these things, did freely and voluntarily and unreasonably consent to assume

3     the risks and hazards incident to said operations, acts and conduct at the time and place

4     mentioned in said complaint, and this undertaking proximately caused and contributed to

5     any loss, injury or damages incurred by plaintiffs, if any.

6

7               THIRTY-SECOND AFFIRMATIVE DEFENSE

8          At the time of the injuries alleged in the Complaint, parties other than this

9     defendant were negligent in and about the matters referred to in said Complaint, and such

10    negligence on the part of said parties proximately and concurrently contributed to any loss

11    or damage, including non-economic damages, complained of by plaintiffs, if there were

12    any. This defendant shall not be liable for said parties' proportionate share of damages.

13               THIRTY-THIRD AFFIRMATIVE DEFENSE

14          Plaintiffs failed to exercise due diligence to mitigate their loss, injury or

15    damages; accordingly, the amount of damages to which plaintiff is entitled, if any, should

16    be reduced by the amount of damages which would have otherwise been mitigated and

17    plaintiffs are barred from any recovery of any injury or damages suffered thereby.

18               THIRTY-FOURTH AFFIRMATIVE DEFENSE

19          This defendant alleges it had no control over any work performed by others,

20    including the Plaintiff, employers and entities other than this defendant, and, therefore, has

21    no responsibility for the claimed damages.

22               THIRTY-FIFTH AFFIRMATIVE DEFENSE

23          This defendant alleges that the peculiar risk doctrine is inapplicable and that

24    liability cannot attach, therefore, based upon its use.

25               THIRTY-SIXTH AFFIRMATIVE DEFENSE

26          Plaintiffs have waived and are estopped from asserting any claims against

27    defendant by reason of Plaintiff's approval and consent to the risk of the matters causing

28    the damages, if any, of her acknowledgement of, acquiescence in and consent to the

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

9

**ANSWER TO COMPLAINT**

1    alleged acts or omissions, if any, of this defendant.

2                    THIRTY-SEVENTH AFFIRMATIVE DEFENSE

3         The instant action is barred pursuant to the holdings enunciated by the

4    California Supreme Court in Privette v. Superior Court (1993) 5 Cal.4th 689; Toland v.

5    Sunland Housing Group, Inc. (1998) 18 Cal.4th 253; Hooker v. Department of

6    Transportation (2002) 27 Cal.4th 198; McKown v. Wal-Mary Stores, Inc. (2002) 27

7    Cal.4th 219, and by the California Courts of Appeal in Grahn v. Tosco Corp. (1997) 58

8    Cal.App.4th 1373, and all other applicable decisional authority.

9                    THIRTY-EIGHTH AFFIRMATIVE DEFENSE

10        Plaintiffs' claims against Defendant are barred by the Governmental

11   Immunity Doctrine.

12                    THIRTY-NINTH AFFIRMATIVE DEFENSE

13        The Court lacks personal jurisdiction over the matters alleged in the

14   Complaint because the Complaint and each alleged cause of action against defendant is

15   barred by the provisions of California Labor Code, section 3601 et. seq. and the similar

16   laws of other states where plaintiffs claim they was injured.  Defendant is entitled to a set-

17   off for any such benefits plaintiffs have received.

18                    FORTIETH AFFIRMATIVE DEFENSE

19        As a fortieth separate and distinct affirmative defense to the entire

20   Complaint, and each cause of action thereof, Defendant alleges that California Code §§

21   1431.1-1431.5, known as the Fair Responsibility Act of 1986, is applicable to the present

22   action and to certain claims therein, and based upon the principle of comparative fault, the

23   liability, if any, of Defendant, shall be several only and shall not be joint.  Defendant, if

24   liable at all, shall be liable as to certain claims only for the amount of non-economic

25   damages allocated to Defendant, if any, in direct proportion to Defendant's percentage of

26   fault, if any, and a separate and several judgment shall be rendered against Defendant for

27   non-economic damages, if any.

28                    FORTY-FIRST AFFIRMATIVE DEFENSE

146138.1  923.24725

10

**ANSWER TO COMPLAINT**

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

1        As a forty-first separate and distinct affirmative defense to the entire

2    Complaint, and each cause of action thereof, Defendant alleges that Plaintiffs cannot prove

3    any facts showing that the conduct of Defendant was the proximate cause of any alleged

4    injuries or damages suffered by Plaintiffs as alleged in the Complaint.

5                FORTY-SECOND AFFIRMATIVE DEFENSE

6        As a forty-second separate and distinct affirmative defense to the entire

7    Complaint, and each cause of action thereof, Defendant alleges that at all times relevant,

8    Defendant's acts and omissions were in conformity with all government statutes and

9    regulations and all industry standards based upon the state of knowledge existing at the

10    time of the acts or omissions.

11                FORTY-THIRD AFFIRMATIVE DEFENSE

12        As a forty-third separate and distinct affirmative defense to the entire

13    Complaint, and each cause of action thereof, Defendant alleges that it presently has

14    insufficient knowledge or information on which to form a belief as to whether it may have

15    additional, as yet unasserted defenses available. Defendant reserves the right to assert

16    additional defenses in the event discovery indicates they would be appropriate.

17                FORTY-FOURTH AFFIRMATIVE DEFENSE

18        As a forty-fourth separate and distinct affirmative defense to the entire

19    Complaint, and each cause of action thereof, Defendant alleges that Plaintiffs have failed

20    to name indispensable parties to their cause of action.

21                FORTY-FIFTH AFFIRMATIVE DEFENSE

22        As a forty-fifth separate and distinct affirmative defense to the entire

23    Complaint, and each cause of action thereof, Defendant refers to and incorporates herein

24    by reference each and every affirmative defense pleaded by the other parties to this action

25    to the extent that such defenses are not inconsistent with the matters stated herein.

26

27        WHEREFORE, this answering defendant prays as follows:

28        1.    That plaintiffs take nothing by their Complaint;

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

11

**ANSWER TO COMPLAINT**

1          2.     That judgment be entered in favor of this defendant;

2          3.     For recovery of defendant's costs of suit;

3          4.     For appropriate credits and set-offs arising from of any payment of

4  Workers' Compensation benefits as alleged above; and

5

6          5.     For such other and further relief as the Court deems just and proper.

7  DATED: February 5, 2008     SELMAN BREITMAN LLP

8

9              By  /S/ W. JOSEPH GUNTER

10                 MARK A. LOVE
                    W. JOSEPH GUNTER

11          Attorneys for Defendant AURORA PUMP COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

**ROOF OF SERVICE BY ELECTRONIC SUBMISSION**

*Thomas Jorgensen, et al. v. A.W. Chesterton, et al.*
San Francisco Superior Court Case No. 274494

Def. AURORA PUMP COMPANY

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On February 6, 2008, I electronically served the following document(s) via LexisNexis File & Serve described as:

**ANSWER TO COMPLAINT**

on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 6, 2008, at San Francisco, California.

EVANGELINE CONANAN

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

146138.1 923.24725

13

**ANSWER TO COMPLAINT**

1

**PROOF OF SERVICE**

2

Thomas Jorgenson, et al v. A.W. Chesterton Co., et al.

3

San Francisco Superior Court Case No. 274494

4

Defendant: AURORA PUMP COMPANY

5

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

6

I am employed in the County of San Francisco, State of California.  I am over the

7

age of 18 years and am not a party to the within action; my business address is 33 New

8

Montgomery, Sixth Floor, San Francisco, CA 94105. On February 6, 2008, I electronically

9

served the following document(s) via LexisNexis File & Serve described as:

10

**ANSWER TO COMPLAINT**

11

on the recipients designated on the Transaction Receipt located on the LexisNexis File &

12

Serve website.

13

I declare under penalty of perjury under the laws of the State of California that the

14

foregoing is true and correct.

15

Executed on February 6, 2008, at San Francisco, California.

16

17

EVANGELINE CONANAN

18

19

20

21

22

23

24

25

26

27

28

SELMAN BREITMAN LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT

1    EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
     Andrew I. Port (State Bar # 120977)
2    Cheryl A. Morris (State Bar # 184541)
     Jared A. Washkowitz (State Bar #226211)
3    49 Stevenson Street, Suite 400
     San Francisco, CA  94105
4    Telephone:    (415) 227-9455
     Facsimile:    (415) 227-4255
5    E-Mail:       aport@edptlaw.com
                   cmorris@edptlaw.com
6                  jwashkowitz@edptlaw.com

7    Attorneys for Defendant
     CROWLEY MARITIME CORPORATION
8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12

13   THOMAS JORGENSEN AND PATRICIA          Case No.:  CV 08 0903 EMC
     JORGENSEN
                                            **EXHIBIT A18 – A27 TO NOTICE OF
14            Plaintiffs,                   REMOVAL OF ACTION UNDER 28
                                            U.S.C. §1442(a)(1)**
15       vs.                                **(FEDERAL OFFICER)**

16   A.W. CHESTERTON COMPANY, et al.

17            Defendants.

18

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

EXHIBITS TO NOTICE OF REMOVAL
Case No. CV 08 0903
\\Fileserver\docs\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Exhibit Caption.doc

# EXHIBIT 18

1    MARK A. LOVE (SBN 162028)
     W. JOSEPH GUNTER (SBN 170810)
2    SELMAN BREITMAN LLP
     33 New Montgomery, Sixth Floor
3    San Francisco, CA  94105
     Telephone: (415) 979-0400
4    Facsimile:  (415) 979-2099
     mlove@selmanbreitman.com
5    jgunter@selmanbreitman.com

6

7    Attorneys for Defendant
     AURORA PUMP COMPANY

8

9                SUPERIOR COURT OF CALIFORNIA

10         COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION

11    THOMAS JORGENSEN and PATRICIA    CASE NO.  274494
     JORGENSEN,
12                       **DEMAND FOR JURY TRIAL**

13           Plaintiff,

14       v.

15    ASBESTOS DEFENDANTS (BP),

16        Defendants.

17

18

19        Defendant  AURORA PUMP COMPANY hereby requests a jury trial in the above-

20    captioned matter.

21

22    DATED:  February 6, 2008      SELMAN BREITMAN LLP

23

24                      By:/S/ W. JOSEPH GUNTER
                            MARK A. LOVE
25                       W. JOSEPH GUNTER
                Attorneys for Defendant
26                AURORA PUMP COMPANY

27

28

146130.1  923.24725

## PROOF OF SERVICE BY ELECTRONIC SUBMISSION

*Thomas Jorgensen, et al. v. A.W. Chesterton, et al.*
San Francisco Superior Court Case No. 274494
Def. AURORA PUMP COMPANY

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

  I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On February 6, 2008, I electronically served the following document(s) via LexisNexis File & Serve described as:

**DEMAND FOR JURY TRIAL**

  on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed on February 6, 2008, at San Francisco, California.

EVANGELINE CONANAN

146130.1  923.24725

**PROOF OF SERVICE**

# EXHIBIT 19

1  MICHAEL T. MCCALL, State Bar No. 109580
   WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP
2  601 Montgomery Street, Ninth Floor
   San Francisco, California 94111-2612
3  Telephone:  (415) 781-7072
   Facsimile:  (415) 391-6258
4
   Attorneys for Defendant
5  DOWMAN PRODUCTS, INC.

6

7

8              SUPERIOR COURT OF CALIFORNIA

9      COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)

10

11 THOMAS JORGENSEN and PATRICIA          ) Case No. CGC-08-274494
   JORGENSEN,                             )
12                                        ) **ANSWER OF DEFENDANT DOWMAN**
                 Plaintiffs,              ) **PRODUCTS, INC. TO PLAINTIFFS'**
13                                        ) **COMPLAINT FOR DAMAGES**
         vs.                              )
14                                        ) (ASBESTOS)
   A. W. CHESTERON COMPANY, et al.,       )
15                                        )
                 Defendants.              )
16 _____    )

17         Defendant DOWMAN PRODUCTS, INC. (hereafter "Defendant"), in answering the

18 Plaintiffs' unverified complaint for itself alone, and severing itself from all others, admits, denies

19 and alleges as follows:

20         1.      Pursuant to California <u>Code of Civil Procedure</u>, Section 431.30, Defendant denies,

21 both generally and specifically, each, every, and all allegations of each and every purported cause

22 of action or count of Plaintiffs' complaint, denying specifically that Plaintiffs have been, are, or will

23 be injured or damaged in the manner or sum alleged, or in any other manner or sums at all, and

24 further denying that Defendant was negligent in any manner, that the alleged product was defective

25 in any way, or that the alleged defect was the proximate cause of the Plaintiffs' claimed damages or

26 injuries.

27         DEFENDANT HEREIN ALLEGES AND SETS FORTH SEPARATELY AND

28 DISTINCTLY THE FOLLOWING AFFIRMATIVE DEFENSES TO EACH AND EVERY

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

366860.1
3333-33.478

1  CAUSE OF ACTION AS ALLEGED IN PLAINTIFFS' COMPLAINT AS THOUGH PLEADED

2  SEPARATELY TO EACH AND EVERY SUCH CAUSE OF ACTION:

3                        **FIRST AFFIRMATIVE DEFENSE**

4      2.      The complaint and each and every purported cause of action or count thereof fails to

5  state facts sufficient to constitute a cause or causes of action against Defendant.

6                       **SECOND AFFIRMATIVE DEFENSE**

7      3.      Defendant is informed and believes and thereon alleges that the acts, injuries, and

8  damages alleged in the complaint occurred and were proximately caused by either the sole

9  negligence or fault of Plaintiffs, which sole negligence or fault bars Plaintiffs' recovery, or were

10  contributed to by Plaintiffs' negligence or fault.  Plaintiffs' recovery, if any, should be reduced by

11  an amount proportionate to the amount by which Plaintiffs' negligence or fault contributed to the

12  happening of the alleged incident and/or alleged injury.

13                        **THIRD AFFIRMATIVE DEFENSE**

14      4.      Defendant is informed and believes and thereon alleges that the negligence,

15  carelessness and other acts or omissions of other Defendants in this lawsuit, as well as other

16  persons and entities not parties to this lawsuit, proximately caused or contributed to Plaintiffs'

17  injuries and damages, if any.  The negligence, carelessness, and other acts or omissions of the other

18  Defendants in this lawsuit and other persons and entities not parties to this lawsuit account for one

19  hundred percent (100%) of the causal or contributing factors relating to Plaintiffs' injuries and

20  damages, if any, and/or constitute supervening and/or intervening causes of Plaintiffs' injuries and

21  damages, if any.

22                       **FOURTH AFFIRMATIVE DEFENSE**

23      5.      Defendant is informed and believes and thereon alleges that the accident, injury, and

24  damages alleged in Plaintiffs' complaint occurred and were proximately caused by either the sole

25  negligence of Plaintiff's employer or co employees, which sole negligence bars Plaintiffs' recovery,

26  or were contributed to by the negligence of Plaintiff's employer or co employees.  Plaintiffs'

27  recovery, if any, must be reduced by an amount proportionate to the amount by which the

28  negligence of Plaintiff's employer and/or the negligence of Plaintiff's co employees contributed to

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

366860.1
3333-33.478

-2-
DOWMAN PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1  the happening of the alleged accident and the alleged injuries.

2  **FIFTH AFFIRMATIVE DEFENSE**

3      6.    Defendant is informed and believes and thereon alleges that while at all times

4  denying any liability whatsoever to Plaintiffs, any alleged liability or responsibility of Defendant is

5  small in proportion to the alleged liability and responsibility of other persons or entities, including

6  other persons and entities who are parties herein, and Plaintiffs should be limited to seeking

7  recovery from Defendant for the proportion in which it is allegedly liable or responsible, all such

8  alleged liability and responsibility being expressly denied.

9  **SIXTH AFFIRMATIVE DEFENSE**

10      7.    Defendant is informed and believes and thereon alleges that at the time the alleged

11  operations, acts and conduct occurred, Plaintiff was acting within the course and scope of

12  employment and was entitled to receive, did receive and will continue to receive workers'

13  compensation benefits. Plaintiff's employers failed to provide the Plaintiff with a safe place in

14  which to work and Plaintiff's employers' negligence, carelessness and other acts and omissions

15  proximately caused the injuries and damages claimed.  Therefore, said employers and their

16  workers' compensation carriers are barred from any recovery by lien or otherwise herein and

17  Defendant is entitled to set off any such benefits Plaintiffs have received against any judgment

18  rendered in favor of Plaintiffs.

19  **SEVENTH AFFIRMATIVE DEFENSE**

20      8.    Defendant is informed and believes and thereon alleges that Plaintiff knew of the

21  risks and dangers inherent to Plaintiff's conduct, and with full knowledge of those risks and dangers

22  and with an appreciation for the magnitude of the risks and dangers did voluntarily assume the risks

23  and injuries and damages, if any, sustained thereby.  Plaintiff's assumption of risk bars or

24  proportionately reduces any recovery by Plaintiffs.

25  **EIGHTH AFFIRMATIVE DEFENSE**

26      9.    Plaintiffs have failed to make reasonable efforts to mitigate their injuries and/or

27  damages, if any.

28  / / /

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

-3-
DOWMAN PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

366860.1
3333-33.478

1

## NINTH AFFIRMATIVE DEFENSE

2        10.     The complaint and each and every cause of action are barred by the applicable

3 Statute of Limitations, including, but not limited to, <u>Code of Civil Procedure</u>, Sections 335.1, 338,

4 339, 340.2 and 343.

5

## TENTH AFFIRMATIVE DEFENSE

6        11.     Plaintiffs' action is barred by the provisions of <u>Labor Code</u>, Section 3600, et seq.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8        12.     Plaintiffs have waived and are estopped from asserting any claim against Defendant

9 by reason of Plaintiffs' approval and consent to the risk of the matters causing the damages, if any,

10 and their acknowledgement of, acquiescence in and consent to the alleged acts or omissions, if any,

11 of Defendant.

12

## TWELFTH AFFIRMATIVE DEFENSE

13        13.     This action is barred by laches as Plaintiffs unreasonably delayed in the bringing of

14 this action and thereby prejudiced the rights of Defendant.

15

## THIRTEENTH AFFIRMATIVE DEFENSE

16        14.     Defendant alleges that Defendant manufactured and produced its product(s) in full

17 compliance with governmental regulations and/or specifications.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19        15.     Plaintiffs are barred from asserting any claim based on breach of warranty against

20 Defendant by reason of failure to fulfill the conditions of warranties alleged in the complaint in the

21 event such alleged warranties are proved at trial.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23        16.     Defendant alleges that Plaintiffs have waived whatever rights Plaintiffs might

24 otherwise have had for breach of warranty in that Plaintiffs failed to notify Defendant of any

25 alleged breach of warranty, express or implied, and/or of any alleged defects in any product(s)

26 manufactured or marketed by Defendant within a reasonable time after Plaintiffs discovered, and/or

27 should have discovered, any defect or nonconformity, if any existed, thereby prejudicing Defendant

28 from being able to fully investigate and defend the allegations contained in Plaintiffs' complaint.

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-4-
DOWMAN PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

366860.1
3333-33.478

**SIXTEENTH AFFIRMATIVE DEFENSE**

17.    Defendant alleges that Plaintiffs are now estopped from claiming that any product(s) manufactured or marketed by Defendant were in any way defective or failed to conform to any alleged warranties in that Plaintiffs failed to notify Defendant of any defect or nonconformity in any product(s) within a reasonable time after Plaintiffs discovered, or should have discovered, any defect or nonconformity, if any existed.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18.    Defendant alleges that Plaintiffs were not in privity of contract with Defendant and that such lack of privity bars Plaintiffs' recovery herein upon any theory of warranty.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19.    Defendant is informed and believes and thereon alleges that Plaintiff and/or other persons, without Defendant's knowledge and/or approval, redesigned, modified, altered and/or used Defendant's product(s) contrary to the instructions and warnings and the customs and practices of the industry so as to substantially change the character of Defendant's product(s). Defendant further alleges that if the product(s) of Defendant were defective in any way, which defectiveness is specifically denied, such defectiveness resulted solely from the redesign, modification, alteration, use or other changes therein and not from any act or omission of Defendant.  Therefore, the defect, if any, so created by Plaintiff and/or other persons or parties, as the case may be, was the sole and proximate cause of the injuries and/or damages, if any, alleged by Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

20.    Defendant is informed and believes and thereon alleges that the accident, injury and damages alleged in Plaintiffs' complaint were solely and proximately caused by Plaintiff's misuse of the product(s).  Defendant could not have reasonably foreseen this misuse and Plaintiff's misuse thereof bars recovery against Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

21.    Defendant alleges that any injuries or damages alleged by Plaintiffs, the existence thereof being expressly denied by Defendant, are the direct and proximate result of Plaintiff's particular, idiosyncratic, peculiar or unforeseeable susceptibility to the alleged product(s)

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

366860.1
3333-33.478

-5-
DOWMAN PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1  manufactured by Defendant, which reaction was not the result of any conduct or omission of

2  Defendant nor the result of any defect in any product(s) manufactured by Defendant.

3  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4     22.    Defendant alleges that in light of all relevant factors, on balance with the benefits of

5  the design of any product(s) alleged to have caused any injuries to Plaintiffs, if any, outweigh the

6  risks and danger, if any, inherent in the said design of any said product(s).

7  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8     23.    Defendant alleges that if Plaintiffs were injured by any product(s) manufactured or

9  distributed by Defendant, Defendant, irrespective, did not breach any duty to Plaintiffs and is not

10  liable for any injuries or for Plaintiffs' claimed damages as the product(s) when manufactured and

11  distributed conformed to the then current state-of-the-art specifications and because the then

12  current state-of-the-art medical, scientific and industrial knowledge, art and practice were such that

13  Defendant did not and could not know that the product(s) might pose a risk of harm in normal and

14  foreseeable use.

15  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16     24.    Defendant alleges that if Plaintiffs were injured by any product(s) manufactured by

17  Defendant, such product(s) were intended and sold in bulk to a knowledgeable and sophisticated

18  distributor or user over whom Defendant had no control and who was fully informed as to the risks

19  and dangers, if any, associated with the product(s) and the precautions, if any, required to avoid any

20  risks or dangers, if any.

21  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

22     25.    Defendant alleges that if Plaintiffs were injured by any product(s) manufactured by

23  Defendant, said product(s) were accompanied by good and sufficient labeling when they left the

24  custody, possession and control of Defendant which gave conspectus, reasonable and adequate

25  warnings and directions to the users of the product(s) concerning the purpose for which, and

26  manner in which, the product(s) were to be used and concerning the risks and dangers, if any,

27  attendant to said use.  Defendant alleges that as a result of the warnings and directions, Defendant

28  fulfilled whatever duty, if any, that is owed to Plaintiffs.  If Plaintiffs were injured by any

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

-6-
DOWMAN PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

366860.1
3333-33.478

1  product(s), the injuries were proximately caused by the use of the product(s) in disregard of the

2  warnings and directions, which was not reasonably foreseeable to Defendant.

3  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

4      26.    Defendant denies any and all liability to the extent that Plaintiffs may assert

5  Defendant's alleged liability as a successor, successor in business, successor in product line or a

6  portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

7  portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial

8  owner or member in an entity in which there has been research, study, manufacturing, fabricating,

9  designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting,

10  servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding,

11  manufacturing for others, packaging and advertising of any and all of the products, as alleged in

12  Plaintiffs' complaint.

13  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

14      27.    Defendant alleges that plaintiffs herein lack legal capacity and standing to sue; are

15  not real parties in interest or persons with superior right to make the claims contained in this

16  complaint and are thereby precluded from any recovery whatsoever.  Additionally, to the extent

17  they lack standing or proper appointment to bring the claims they are asserting, any action taken

18  in this matter with regard to their claim(s) is voidable.  Defendant further contends that any

19  declaration filed by any person asserting a survival claim contains expert opinions and

20  conclusions that are not supported and that the declarant is not qualified to make.

21  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

22      28.    Defendant alleges that Plaintiffs did not reasonably rely upon any act, omission or

23  representation of Defendant.

24  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25      29.    Defendant alleges that Plaintiffs' complaint and each and every cause of action fail

26  to state facts sufficient to constitute a cause or causes of action for punitive damages against

27  Defendant.

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

366860.1
3333-33.478

-7-
DOWMAN PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

## TWENTY-NINTH AFFIRMATIVE DEFENSE

30.    Defendant alleges that insofar as the instant complaint is an attempt to recover punitive or exemplary damages from Defendant, it violates the following United States Constitutional and California State Constitutional principles:

      a.    Excessive fines clause of the United States Constitution, Eighth Amendment and Fourteenth Amendment;

      b.    The contract clause, Article I, Section 10, clause 1, and the Fourteenth Amendment of the United States Constitution;

      c.    The due process clause of the United States Constitution, Fourteenth Amendment;

      d.    The equal protection clause of the United States Constitution;

      e.    The California Constitution due process and equal protection clauses, Article 1, Section 7(a);

      f.    The California Constitution excessive fines clause, Article 1, Section 17.

WHEREFORE, Defendant DOWMAN PRODUCTS, INC. prays for judgment as follows:

1.    That Plaintiffs take nothing from Defendant by virtue of the complaint herein;

2.    That Defendant be awarded costs of suit and attorneys' fees herein; and

3.    That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated:  February 6, 2008      WALSWORTH, FRANKLIN, BEVINS & McCALL, LLP


      By:    /S/ MICHAEL T. MCCALL
           MICHAEL T. MCCALL
           Attorneys for Defendant
           DOWMAN PRODUCTS, INC.

Walsworth,
Franklin,
Bevins &
McCall, LLP
ATTORNEYS AT LAW

366860.1
3333-33.478

-8-
DOWMAN PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1

## **PROOF OF SERVICE**

2

3    I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 Montgomery Street, Ninth Floor,
4    San Francisco, California 94111-2612.

5    On February 6, 2008, I served the within document(s) described as:

6    ANSWER OF DEFENDANT DOWMAN PRODUCTS, INC. TO PLAINTIFFS' COMPLAINT FOR DAMAGES

7
     on the interested parties in this action as stated below:
8

     LEVINS SIMES KAISER & GORNICK LLP
9    44 Montgomery Street
     36th Floor
10   San Francisco, CA  94104

11
     [X]    (BY ELECTRONIC MAIL) I provided the document(s) listed above electronically to the
12          Lexis Nexis website pursuant to their instructions on that website.  If the document is
            provided to Lexis Nexis electronically by 5:00 p.m., then the document will be deemed
13          served on the date that it was provided to Lexis Nexis.

14   Executed on February 6, 2008, at San Francisco, California.

15   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17   _____          /S/ LAURA EL-ALI
         Laura El-Ali                          _____
18          (Type or print name)                          (Signature)

19

20

21

22

23

24

25

26

27

28

Walsworth,
Franklin,
Bevins &
McCall, LLP
*ATTORNEYS AT LAW*

366860.1
3333-33.478

# EXHIBIT 20

KNOTT & GLAZIER LLP
STEVEN E. KNOTT, SBN 150881
LAURA PATRICIA YEE, SBN 163944
MICHAEL D. SMITH, SBN 235727
201 Spear Street, Suite 1520
San Francisco, California 94105
Telephone:  (415) 356-1100
Facsimile:  (415) 356-1105
Email:     yee@knottglazier.com

Attorneys for Defendant
T H AGRICULTURE & NUTRITION, LLC
(sued individually and as Successor-In
Interest to Thompson-Hayward Chemical Co.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| THOMAS JORGENSEN and PATRICIA JORGENSON,<br><br>          Plaintiffs,<br><br>v.<br><br>A.W. Chesterton Company., et al.<br><br>          Defendants. | CASE NO. CGC-08-274494<br><br>**ANSWER OF DEFENDANT T H AGRICULTURE & NUTRITION, LLC TO PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>Negligence, Strict Liability, Punitive Damages Loss of Consortium (Asbestos)<br><br>Complaint Filed:     January 3, 2008<br>Trial Date:          None Set |

Defendant T H AGRICULTURE & NUTRITION, LLC (sued as TH Agriculture & Nutrition, LLC (sued individually and as successor-in-interest to Thompson Hayward Chemical Co.) ("THAN or "defendant"), for itself and for no other defendant, answers plaintiffs' first amended complaint on file herein as follows:

### GENERAL DENIAL

1.     Pursuant to Code of Civil Procedure § 431.30, THAN denies generally and specifically each and every allegation of plaintiffs' unverified complaint.

2.     THAN denies generally and specifically that any conduct, act or omission of THAN is grounds for liability to the plaintiffs.

3.     THAN denies generally and specifically that any conduct, act or omission of THAN, or of any person or entity for whose acts or omissions THAN is legally responsible, proximately caused or contributed in whole or in part to the alleged injuries and damages, if any, to plaintiffs.

1    4.    THAN denies generally and specifically that plaintiffs have been damaged in any

2    manner whatsoever.

3    5.    By alleging the Separate and Affirmative Defenses set forth below, THAN is not

4    agreeing or conceding that it has the burden of proof on any of the issues raised in these defenses.

5    ### FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

6    ### (Statute of Limitations)

7    6.    The complaint and each and every cause of action therein, is barred by the applicable

8    statute of limitations, including without limitation, California Code of Civil Procedure §§ 340.2

9    subdivisions (a)(1), (a)(2) and (b), 318, 337.1, 337.15, 338(a), 338(d), 339, 340, 340(3), 342, 343,

10    361 and California Commercial Code Sections 1201(25)(c), 2510, 2513(1) and (3), 2601, 2605(1)(a)

11    and (b), 2607, 2607(3)(a), 2715(2)(a), 2719(3) and 2725.

12    ### SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

13    ### (Altered Product)

14    7.    The product involved was materially altered or changed by a party or parties other

15    than, and without the permission of, this answering defendant, its employees, servants, or other

16    agents, and such alteration or change creating the alleged defect, if any, was the proximate or legal

17    cause of plaintiffs' injuries or damages, if any.

18    ### THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

19    ### (Assumption of the Risk)

20    8.    The defect in the product, if any, was known to plaintiffs and/or others who used said

21    product after full knowledge of said alleged defect; as a result, plaintiffs are barred from recovery

22    herein, proportionately or totally, in that he/she/they voluntarily encountered a known danger and

23    thereby assumed the risk of any injury or damage resulting from that injury.

24    ### FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

25    ### (Breach of Warranty)

26    9.    Plaintiffs' complaint and each and every cause of action therein based upon warranty

27    or breach thereof, is barred as a result of failure of plaintiffs and/or others to give notice required

28    under Commercial Code § 2607(3)(a).

KNOTT &
GLAZIER LLP

2

ANSWER OF DEFENDANT T H AGRICULTURE & NUTRITION, LLC
TO PLAINTIFFS' COMPLAINT FOR DAMAGES

## FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Improper Acts)

10.    The product was improperly maintained and cared for by plaintiffs and/or others, or their employers and/or their agents; such improper maintenance and care created the defects, if any, that was the proximate or legal cause of plaintiffs' injuries and damages, if any; such improper maintenance and care was unforeseeable to this answering defendant; and plaintiffs' claims are thereby reduced by the percentage of all responsibility attributable to plaintiffs and/or others, their employers and/or other agents by virtue of said improper maintenance and care.

## SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Intervening Acts)

11.    The loss, injury, or damage, if any, incurred by plaintiffs were the result of superseding or intervening causes arising from negligent or willful acts or omissions by parties which defendant neither controlled nor had the right to control, and said losses, injuries, or damages were not proximately or legally caused by any act, omission, or other conduct of defendant.

## SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.    Plaintiffs failed to mitigate damages, if any, in that plaintiffs failed to use reasonable diligence in caring for, preventing the aggravation of, and/or accomplishing the healing of injuries, if any.

## EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Allocation of Damages)

13.    If this defendant is responsible to plaintiffs, which responsibility is expressly denied, this defendant shall be liable to plaintiffs only for the amount of non-economic damages allocated to this defendant in direct proportion to this defendant's percentage of fault, if any.

## NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Laches)

14.    Plaintiffs' claims are barred by the doctrine of laches.

///

**TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Government Specifications)**

15.    If the products described in the complaint were manufactured or distributed by defendant, they were manufactured or distributed in accordance with specifications and requirements supplied to defendant by persons other than defendant including, but not limited to, the government of the United States of America.  Any defect in said products was caused by deficiencies in said mandatory specifications and requirements supplied to defendant, which deficiencies were neither known to defendant nor discoverable by defendant with the exercise of reasonable care.

**ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Immunity)**

16.    THAN is immune from liability for any conduct performed in conformance with government specifications or private contractual specifications pursuant to the doctrine and rules embodied in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988), and any other relevant immunity established by statute, regulation, or otherwise.

**TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(No Reasonable Certainty)**

17.    Any exposure to defendant's products was so minimal as to be insufficient to establish a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to plaintiffs.

**THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Insufficiency of Service of Process)**

18.    The complaint and each purported cause of action contained therein fail to comply with procedural and legal requirements which are conditions precedent to the naming of THAN, service of THAN, and maintenance of this action against THAN. Recovery sought by this complaint is therefore barred.

/ / /

/ / /

/ / /

**FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Improper Doe)**

19.     If defendant has purportedly been named or served in this action as a Doe defendant, such effort by plaintiffs is invalid on the ground that plaintiffs knew or should have known of the identity of the defendant and the plaintiffs' alleged causes of action against defendant at the time of the filing of the complaint.

**FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

20.     Defendant is informed and believes, and upon such information and belief alleges that plaintiffs and/or others were negligent, careless, reckless, and acted unlawfully in the use, control, direction and application of their bodily movements and the equipment, safety devices, and other facilities supplied to them and existing as a part of the environment, and the injuries and damages, if any, were directly and proximately caused and contributed to by his/her/their own negligence.

**SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Misuse of Product)**

21.     Defendant is informed and believes and upon such information and belief alleges that plaintiffs and/or others misused the product and used same after knowledge of defect, if any, existing therein.

**SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Workers' Compensation)**

22.     Plaintiffs' and/or others' employer(s) so negligently, carelessly, recklessly, and unlawfully directed, controlled, and supplied plaintiffs and/or others with a working environment, including safety and protective equipment, clothing or the lack thereof, so as to directly and proximately cause and contribute to the injuries, if any exist, and to the extent that any sum or sums have been paid to plaintiffs by said employer, this claim is barred thereby.

/ / /

/ / /

/ / /

**ANSWER OF DEFENDANT T H AGRICULTURE & NUTRITION, LLC TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

## EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Use of Protective Equipment)

23.     Failure of plaintiffs and/or others to use available protective equipment, which failure directly and proximately caused and contributed to all or part of the injuries and damages, if any, and which failure bars the right of the plaintiffs to recover herein for any such injuries or damages.

## NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Workers' Compensation)

24.     The complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant and is barred by the provisions of Labor Code § 3600.

## TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Workers' Compensation)

25.     The complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant and is barred by the provisions of Labor Code § 3601.

## TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Workers' Compensation)

26.     The complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against defendant and is barred by the provisions of Labor Code § 3602.

## TWENTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to Constitute a Cause of Action)

27.     The complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against answering defendant upon which relief can be granted.

## TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Punitive Damages)

28.     The statutory authority, including but not limited to California Civil Code § 3294, pursuant to which plaintiffs claim punitive damages, is invalid on its face and/or as applied to this

KNOTT &
GLAZIER LLP

1  defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

2  United States and Article I of the Constitution of the State of California.

3                    **TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

4                                        **(Split Cause of Action)**

5          29.    The instant action is barred by the rule against splitting a cause of action.

6                    **TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

7                                            **(Estoppel)**

8          30.    Plaintiffs are collaterally estopped or barred by the doctrine of res judicata from

9  maintaining this action and/or seeking damages against this answering defendant.

10                    **TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

11                                          **(Settlement)**

12         31.    Defendant is informed and believes and upon that ground alleges that plaintiffs'

13  claims against this answering defendant are barred by the doctrines of settlement, release,

14  compromise and accord and satisfaction.

15                  **TWENTY- SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

16                                  **("Full Faith and Credit" Clause)**

17         32.    Defendant is informed and believes and upon that ground alleges that plaintiffs'

18  claims against this answering defendant are barred by the "Full Faith and Credit" clause of the U.S.

19  Constitution, Article IV, Section 1, and California case law interpreting this provision.

20                   **TWENTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

21                                    **(Learned Intermediaries)**

22         33.    Plaintiffs' claims based upon this answering defendant's alleged duty to warn are

23  barred because plaintiffs' and/or others' employers are considered learned intermediaries as

24  contemplated by Restatement (Second) of Torts.

25  ///

26  ///

27  ///

28  ///

KNOTT &
GLAZIER LLP

1    **TWENTY-NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

2    **(Duty to Warn)**

3        34.    Any duty on the part of this defendant to warn plaintiffs and/or others of the risks and

4    dangers of utilization of the product in question, if any such duty exists, was satisfied through the

5    information and warnings provided to plaintiffs' and/or others' employer(s) or defendant's

6    sophisticated customers. Accordingly, defendant is discharged of its duty to warn of the risk of

7    utilizing the subject product, if any such duty existed, by so advising other persons.

8    **THIRTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

9    **(Modification of Product)**

10       35.    Any alleged raw materials left the possession and control of defendant, and without its

11   control or approval, such materials were redesigned, modified, altered, incorporated into a finished

12   product, and subjected to treatment which substantially changed their character. The defect in any

13   raw materials, as alleged in the complaint, resulted, if at all, from the redesign, modification,

14   alteration, treatment or other change of the materials after the defendant relinquished possession and

15   control and not from any act or omission of defendant.

16   **THIRTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

17   **(Privity)**

18       36.    Plaintiffs and/or others were not in privity with defendant and, therefore, may not rely

19   upon the theory of any alleged express or implied warranty, or alleged breach thereof.

20   **THIRTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

21   **(Failure to Notify of Breach of Warranty)**

22       37.    Plaintiffs and/or others failed to notify defendant of any breach of warranty within a

23   reasonable time after they discovered or should have discovered any such alleged breach of warranty

24   and are, therefore, barred from any recovery for such claims.

25   **THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE**

26   **(Implied Warranty)**

27       38.    Defendant has effectively disclaimed all implied warranties of merchantability or

28   fitness for a particular purpose, together with any other express or implied warranties other than those

KNOTT &
GLAZIER LLP

1  specifically stated on the product's label, subject to the inherent risk of use also disclosed on the

2  product's label.

### THIRTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Limitation of Remedy)

5  39.    Defendant has effectively precluded any assertion by plaintiffs of an alleged statement

6  and/or representation and/or agreement made by this answering defendant or any of its agents or

7  representatives as means to avoid the disclaimers of warranties and limitations of remedies on the

8  product label.

### THIRTY- FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Necessary Parties)

11  40.    Plaintiffs have failed to properly join all parties which are necessary or indispensable

12  to this action in accordance with the California Code of Civil Procedure.

### THIRTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

15  41.    Upon information and belief, plaintiffs have waived and/or are estopped from

16  asserting each purported cause of action in the complaint.

### THIRTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (State of the Art)

19  42.    At all material times, the state of the medical and industrial art was such that there

20  was no generally accepted or recognized knowledge of any unavoidably unsafe, inherently

21  dangerous, hazardous or defective character, or nature, of asbestos products, when used in the manner

22  and for the purposes intended and in the circumstances of plaintiffs' and/or others use or exposure, so

23  that there was no duty by THAN to know of such character or nature, or to warn plaintiffs and/or

24  others similarly situated.

### THIRTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Statute of Repose)

27  43.    This action was not brought within the time limit for the commencement of such

28  actions by the governing statute of repose.

**THIRTY-NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(No Exposure)**

44.     Plaintiffs fail to state any claims and are accordingly barred from recovering herein, because plaintiffs have failed to identify any exposure to asbestos caused by THAN.

**FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE**

**(Set-Off)**

45.     THAN is entitled to set-offs for any amount paid or to be paid to plaintiffs as settlement for damages arising out of the claims asserted in the complaint.

**FORTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Set-Off)**

46.     The complaint is barred because plaintiffs' injuries, if any, arose out of and occurred in the course and scope of plaintiffs' employment, and were legally caused by the negligence or other wrongful conduct of said employer(s), such that THAN is entitled to a set-off against any award of damages herein made to plaintiffs to the extent of workers' compensation benefits received or to be received by plaintiffs pursuant to the doctrine of *Witt v. Jackson*, 57 Cal. 2d 57 (1961).  By reason of the negligent and wrongful conduct by plaintiffs, and if THAN be found liable for any alleged injuries or damages in this litigation, any recovery by plaintiffs' employers and/or their workers' compensation insurance carriers should be reduced and/or barred pursuant to the doctrine and rules embodied in *Witt v. Jackson*, 57 Cal. 2d 57 (1961).

**FORTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Set-Off)**

47.     At all times mentioned, plaintiffs and/or others were acting in the course and scope of their employment and the injuries sustained by the plaintiffs, if any, were caused or contributed to by the carelessness and negligence of plaintiffs' and/or others' employers and/or co-employees, entitling THAN to a set-off in an amount equal to the extent of payments, if any, received by plaintiffs from the employers or their workers' compensation insurance carriers.

/ / /

/ / /

**FORTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Proportionate Share)**

48.     In the event the plaintiffs in this action are entitled to a joint judgment against THAN and any of the other defendants, THAN is entitled to an order of court that each of said judgment debtors pay to plaintiffs their or its proportionate share of the joint judgment as determined by the trier of fact and further, in the event that THAN is required to pay to plaintiffs a disproportionate share of the judgment, THAN will be awarded judgment of contribution against any judgment debtors who paid less than said debtors' proportionate share, in the amount of said underpayment.

**FORTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Successor Liability)**

49.     THAN denies any and all liability to the extent that THAN's liability is asserted to be as a successor, successor-in-business, successor-in-interest, successor in products line or a portion thereof, assign, or predecessor, predecessor-in-business, predecessor-in-interest, predecessor in product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner or member in an entity owning property, maintaining premises, research, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising any of the products to which plaintiffs allege exposure.

**FORTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(Indemnification)**

50.     The complaint and each purported cause of action contained therein are barred because any liability alleged by the plaintiffs is completely indemnified by other third parties.

**FORTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE**

**(No Duty/Peculiar Risk)**

51.     Plaintiffs are barred from asserting liability against THAN pursuant to the legal principles formulated in the case of *Privette v. Superior Court*, 5 Cal. 4th 689 (1993) and subsequent

///

KNOTT &
GLAZIER LLP

11

ANSWER OF DEFENDANT T H AGRICULTURE & NUTRITION, LLC
TO PLAINTIFFS' COMPLAINT FOR DAMAGES

case law, including but not limited to *Camargo v. Tjaarda Dairy*, 25 Cal. 4th 1235 (2001), including, but not limited to, no duty and peculiar risk doctrine.

### FORTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Unusual Susceptibility)

52.     Plaintiffs are barred from recovery in that the injuries or damages plaintiffs allege were proximately caused or contributed to by plaintiffs' unusual susceptibility or hypersensitive reactions.

### FORTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Market Share)

53.     Plaintiffs' purported extension of market share liability fails to state a cause of action because it cannot apply to a generic name for a family of minerals with widely divergent toxicities that have different uses and, in addition, these plaintiffs have failed to join a substantial share of the overall national asbestos market.

### FORTY-NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Sophisticated User)

54.     Plaintiffs' claims against THAN are barred by the Sophisticated User Doctrine.

### FIFTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

### (Reservation of Rights)

55.     THAN is unable to determine at this time all of the affirmative defenses that it may have against plaintiffs' allegations as the complaint is vague.  THAN reserves the right to assert further affirmative defenses as the facts of this case are revealed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   WHEREFORE, answering defendant THAN prays that plaintiffs take nothing by the

2   complaint and that answering defendant THAN has judgment for its costs of suit and attorneys' fees

3   and for such other and further relief as this court may deem just and proper.

4   Dated: February 5, 2008                    KNOTT & GLAZIER, LLP

5                                              By: /s/ Michael D. Smith
                                               Michael D. Smith, SBN 235727
6                                              201 Spear Street, Suite 1520
                                               San Francisco, California 94105
7                                              Phone: (415) 356-1100
                                               Fax:    (415) 356-1105
8
                                               Attorneys for Defendant
9
                                               T H AGRICULTURE & NUTRITION, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

ANSWER OF DEFENDANT T H AGRICULTURE & NUTRITION, LLC
TO PLAINTIFFS' COMPLAINT FOR DAMAGES

1

## PROOF OF SERVICE OF ELECTRONIC TRANSMISSION

2
 I, the undersigned, declare: that I am, and was at the time of service of the documents herein

3
referred to, over the age of 18 years, and not a party to the action; and I am employed in the County

4
of San Francisco, State of California. My business address is 201 Spear Street, Suite 1520, San

5
Francisco, California 94105. My electronic notification address is knapp@knottglazier.com.

6
 On the date executed below, I electronically served the following document(s) via LexisNexis

7
File & Serve described as:

8
**ANSWER OF DEFENDANT T H AGRICULTURE & NUTRITION, LLC**
**TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

9

10
on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve

11
website. This service was completed in accordance with Amended General Order No. 158.

12
 I declare under penalty of perjury pursuant to the laws of the State of California that the

13
foregoing is true and correct and that this proof of service was executed on February 6, 2008, at San

14
Francisco, California.

15

16
Denise Knapp

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF ELECTRONIC SERVICE

# EXHIBIT 21

1   Warren A. Jackson (State Bar No. 209483)
    Kristin D. Buehler (State Bar No. 202315)
2   KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
    101 California Street, Suite 2050
3   San Francisco, CA 94111
    Telephone: (415) 421-6140
4   Facsimile: (415) 398-5030

5   Attorneys for Defendant
    **CYPRUS AMAX MINERALS**
6   **COMPANY**

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN FRANCISCO**

10

11  THOMAS JORGENSEN and PATRICIA          Case No:  CGC-08-274494
    JORGENSEN,
12                                         **CYPRUS AMAX MINERALS COMPANY'S**
              Plaintiffs,                   **OBJECTION TO ASSIGNMENT TO**
13                                         **COMMISSIONER FOR TRIAL**

14       vs.                              Case Filed:    January 3, 2008

15  A.W. CHESTERTON COMPANY, et al.,

16            Defendants.

17          PLEASE TAKE NOTICE THAT PURSUANT TO San Francisco County Uniform Local

18  Rules, 6.1(c), Defendant CYPRUS AMAX MINERALS COMPANY ("Defendant") does not

19  stipulate, and hereby objects, to any assignment of this case for trial by a Commissioner.

20  Defendant's first pleading is filed concurrently herewith.

21

22

23  DATED:  February 6, 2008         KASOWITZ BENSON TORRES & FRIEDMAN LLP

24

25                                   By:    /s/ Warren A. Jackson
                                            WARREN A. JACKSON
26                                          Attorneys for Defendant
                                            **CYPRUS AMAX MINERALS COMPANY**

27

28

                                         1
                    CYPRUS OBJECTION TO ASSIGNMENT TO COMMISSIONER

8004615

*(left margin, vertical)* KASOWITZ, BENSON, TORRES & FRIEDMAN LLP  101 CALIFORNIA STREET SUITE 2050  SAN FRANCISCO, CALIFORNIA 94111

1

## ELECTRONIC PROOF OF SERVICE

2

I, the undersigned, declare:

3

I am a resident of the state of California and over the age of eighteen (18) years, and not a

4  party to the within action. I am an employee of Kasowitz, Benson, Torres & Friedman LLP, and
my business address is 101 California Street, Suite 2050, San Francisco, CA 94111.

5

On the date below, I caused to be served via Lexis Nexis File & Serve the following

6  document(s):

7

## CYPRUS AMAX MINERALS COMPANY'S OBJECTION TO ASSIGNMENT TO
## COMMISSIONER FOR TRIAL

8

9  on the parties designated on the transaction receipt located on the Lexis Nexis File & Serve
website. Service will be deemed effective as provided for in Amended General Order No. 158.

10

11          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct. Executed on February 6, 2008, at San Francisco, California

12

13

14

15          /s/ Aaron Nathan_____

16          AARON NATHAN

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 22

1  Warren A. Jackson (State Bar No. 209483)
   Kristin D. Buehler (State Bar No. 202315)
2  KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
   101 California Street, Suite 2050
3  San Francisco, CA 94111
   Telephone: (415) 421-6140
4  Facsimile: (415) 398-5030

5  Attorneys for Defendant
   **CYPRUS AMAX MINERALS**
6  **COMPANY**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN FRANCISCO**

10

11 THOMAS JORGENSEN and PATRICIA      | Case No: CGC-08-274494
   JORGENSEN,
12                                     | **CYPRUS AMAX MINERALS COMPANY'S**
              Plaintiffs,              | **DEMAND FOR JURY TRIAL**
13
                                       | Case Filed:    January 3, 2008
14    vs.

15 A.W. CHESTERTON COMPANY, et al.,

16           Defendants.

17 TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES HEREIN:

18

19      PLEASE TAKE NOTICE that Defendant CYPRUS AMAX MINERALS COMPANY

20 hereby demands a trial by jury in the above-entitled action.

21

22 DATED: February 6, 2008          KASOWITZ BENSON TORRES & FRIEDMAN LLP

23

24                                  By:    /s/ Warren A. Jackson
                                           WARREN A. JACKSON
25                                         Attorneys for Defendant
                                           **CYPRUS AMAX MINERALS COMPANY**
26

27

28

                                     1

_KASOWITZ, BENSON, TORRES & FRIEDMAN LLP_
_101 CALIFORNIA STREET, SUITE 2050_
_SAN FRANCISCO, CALIFORNIA 94111_

1

## ELECTRONIC PROOF OF SERVICE

2

I, the undersigned, declare:

3

I am a resident of the state of California and over the age of eighteen (18) years, and not a

4 party to the within action. I am an employee of Kasowitz, Benson, Torres & Friedman LLP, and my business address is 101 California Street, Suite 2050, San Francisco, CA 94111.

5

On the date below, I caused to be served via Lexis Nexis File & Serve the following

6 document(s):

7

## CYPRUS AMAX MINERALS COMPANY'S DEMAND FOR JURY TRIAL

8

on the parties designated on the transaction receipt located on the Lexis Nexis File & Serve

9 website. Service will be deemed effective as provided for in Amended General Order No. 158.

10

I declare under penalty of perjury under the laws of the State of California that the

11 foregoing is true and correct. Executed on February 6, 2008, at San Francisco, California

12

13

14    /s/ Aaron Nathan

15    AARON NATHAN

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 23

1  Warren A. Jackson (State Bar No. 209483)
   Kristin D. Buehler (State Bar No. 202315)
2  KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
   101 California Street, Suite 2050
3  San Francisco, CA 94111
   Telephone: (415) 421-6140
4  Facsimile: (415) 398-5030

5  Attorneys for Defendant
   **CYPRUS AMAX MINERALS**
6  **COMPANY**

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF SAN FRANCISCO**

10

11 THOMAS JORGENSEN and PATRICIA          Case No:  CGC-08-274494
   JORGENSEN,
12                                         **CYPRUS AMAX MINERALS COMPANY'S**
              Plaintiffs,                  **ANSWER TO COMPLAINT FOR**
13                                         **DAMAGES - ASBESTOS**
          vs.
14                                         Case Filed:     January 3, 2008
   A.W. CHESTERTON COMPANY, et al.,
15
              Defendants.
16

17        CYPRUS AMAX MINERALS COMPANY ("Defendant") answers the unverified

18 Complaint of plaintiffs THOMAS JORGENSEN and PATRICIA JORGENSEN ("Plaintiffs")

19 herein on its own behalf and on behalf of no other defendant or entity as follows:

20        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, both

21 generally and specifically, each and every allegation contained in the Complaint.

22        **FOR A FIRST SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

23        Alleges that the Complaint, and each and every cause of action therein, fails to state facts

24 sufficient to constitute a cause of action against answering Defendant upon which relief can be

25 granted.

26        **FOR A SECOND SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

27        Alleges that to the extent the Complaint asserts Defendant's alleged "market share"

28 ///

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

8004612

1   liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause

2   of action against Defendant.

3        **FOR A THIRD SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

4        Alleges that the Complaint fails to state facts sufficient to entitle Plaintiffs to an award of

5   punitive damages against Defendant, and the imposition of any punitive damages in this matter

6   would deprive Defendant of its property without due process of law under the California

7   Constitution and the United States Constitution, would violate the United States Constitution's

8   prohibition against laws impairing the obligation of contracts, and would constitute a criminal

9   fine or penalty in violation of the United States Constitution.

10       **FOR A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11       Alleges that Plaintiffs' claims are barred by the doctrine of laches and section 583, et seq.,

12  of the Code of Civil Procedure.

13       **FOR A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14       Alleges that Plaintiffs were negligent in and about the matters alleged in the Complaint,

15  and that this negligence proximately caused, in whole or in part, the damages alleged in the

16  Complaint.  In the event Plaintiffs are entitled to any damages, the amount of these damages

17  should be reduced by the comparative fault of Plaintiffs and any person whose negligent acts or

18  omissions are imputed to Plaintiffs.

19       **FOR A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

20       Alleges that Plaintiffs knowingly, voluntarily and unreasonably undertook to encounter

21  each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of

22  action, and this undertaking proximately caused and contributed to any loss, injury or damages

23  incurred by Plaintiffs.

24       **FOR A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

25       Alleges that the loss, injury, or damage, if any, incurred by Plaintiffs was the result of

26  superseding or intervening causes arising from negligent or willful acts or omissions by parties

27  which Defendant neither controlled nor had the right to control, and said losses, injuries, or

28  / / /

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

8004612

1    damages were not proximately or legally caused by any act, omission, or other conduct of

2    Defendant.

3    **FOR AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

4        Alleges that Plaintiffs failed to mitigate their damages, if any, in that they failed to use

5    reasonable diligence in caring for their injuries and reasonable means to prevent aggravation or

6    to accomplish their healing.

7    **FOR A NINTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

8        Alleges that the Court lacks subject matter jurisdiction over the matters alleged in the

9    Complaint because the Complaint and each cause of action against Defendant are barred by the

10    provisions of Labor Code sections 3600-3602.

11    **FOR A TENTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

12        Alleges that at the time of the injuries alleged in the Complaint, Plaintiff was employed

13    and was entitled to receive workers' compensation benefits from his employers' workers'

14    compensation insurance carrier; that all of Plaintiff's employers, other than Defendant, were

15    negligent in and about the matters referred to in the Complaint; and that such negligence

16    proximately and concurrently contributed to the occurrence of the injury-causing events and to

17    any loss or damage complained of by Plaintiffs; and that by reason thereof Defendant is entitled

18    to set off and/or reduce any such workers' compensation benefits received or to be received by

19    Plaintiffs against any judgment which may be rendered in favor of Plaintiffs.

20    **FOR AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

21    **DEFENDANT:**

22        Alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers

23    were negligent in and about the matters referred to in the Complaint; that such negligence on the

24    part of said employers proximately and concurrently contributed to any loss or damage

25    complained of by Plaintiffs; and that Defendant is not liable for said employers' proportionate

26    share of loss or damage.

27    **FOR A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

28        Alleges that at the time of the injuries alleged in the Complaint, parties other than

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

8004612

1  Defendant were negligent in and about the matters referred to in the Complaint; that such

2  negligence on the part of said parties proximately and concurrently contributed to any loss or

3  damage complained of by Plaintiffs; and that Defendant is not liable for said parties'

4  proportionate share of loss or damage.

5      **FOR A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

6  **DEFENDANT:**

7      Alleges that at all times relative to matters alleged in the Complaint, all of Plaintiffs

8  employers, other than Defendant, were sophisticated users of asbestos-containing products and

9  said employers' negligence in providing the product to its employees in a negligent, careless and

10 reckless manner was a superseding cause of Plaintiffs' loss or damage, if any.

11     **FOR A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

12 **DEFENDANT:**

13     Alleges that Plaintiffs were not in privity with Defendant and, therefore, may not rely

14 upon the theory of any alleged breach of warranty.

15     **FOR A FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

16 **DEFENDANT:**

17     Alleges that Plaintiffs are barred from recovery in that any products supplied by

18 Defendant were in conformity with the existing state of the art and, as a result, these products

19 were not defective in any manner.

20     **FOR A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

21 **DEFENDANT:**

22     Alleges that Defendant did not and does not have a substantial percentage of the market

23 for the asbestos-containing products which allegedly caused Plaintiff's injuries, and therefore,

24 Defendant may not be held liable to Plaintiffs based on Defendants' alleged percentage share of

25 any applicable market.

26     **FOR A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

27 **DEFENDANT:**

28     Denies any and all liability to the extent that Plaintiffs assert Defendant's alleged liability

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

8004612

1  as a successor, assign, predecessor, parent, alter ego, trustee, subsidiary (wholly or partially

2  owned by, or the whole or partial owner of), or member in an entity researching, studying,

3  manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying,

4  offering for sale, inspecting, servicing, installing, contracting for installation, repairing,

5  marketing, warranting, re-branding, packaging and or advertising a certain substance, the generic

6  name of which is asbestos.

7       **FOR AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

8  **DEFENDANT:**

9       Alleges that as a result of the acts, conduct, and omissions of Plaintiffs and their agents,

10  each cause of action in the Complaint has been waived.

11      **FOR A NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

12  **DEFENDANT:**

13      Alleges that any tobacco use by Plaintiff is an assumption of a known risk; that said

14  conduct constitutes negligence and proximately caused and contributed to Plaintiffs' loss and

15  damage, if any; and therefore, any recovery by Plaintiffs is barred or proportionately reduced.

16      **FOR A TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE,**

17  **DEFENDANT:**

18      Alleges that, on information and belief, Plaintiffs named Defendant in this action without

19  reasonable product identification and without reasonable investigation; accordingly, Defendant,

20  pursuant to Code of Civil Procedure section 128.5, requests reasonable expenses, including

21  attorneys' fees, incurred by Defendant as a result of Plaintiffs' maintenance of this bad faith

22  action.

23      **FOR A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE,**

24  **DEFENDANT:**

25      Alleges that Plaintiffs have failed to join all indispensable and/or essential parties needed

26  for just adjudication.  Therefore, this action should be stayed pending joinder of indispensable

27  and/or essential parties, and if Plaintiffs fail to join all indispensable and/or essential parties, this

28  action should be dismissed.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

8004612

1    **FOR A TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE,**

2    **DEFENDANT:**

3        Alleges that Plaintiffs' action is barred entirely by the terms and provisions of Code of

4    Civil Procedure section 361.

5        **FOR A TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE,**

6    **DEFENDANT:**

7        Alleges that Plaintiff's employers so negligently, carelessly, recklessly, and unlawfully

8    directed, controlled, and supplied Plaintiff's co-employees with a working environment,

9    including safety and protective equipment, clothing or the lack thereof, so as to directly and

10   proximately cause and contribute to the injuries in question, if the same do exist, and to the

11   extent that any sum or sums have been paid to Plaintiffs by said employer, this claim is barred

12   thereby.

13       **FOR A TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE,**

14   **DEFENDANT:**

15       Alleges that Plaintiffs' Complaint and each and every cause of action therein based upon

16   warranty or breach thereof, is barred as result of failure of Plaintiffs to give notice required under

17   Commercial Code section 2607(3)(a).

18       **FOR A TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE,**

19   **DEFENDANT:**

20       Alleges that any product referred to in the Complaint that was allegedly supplied by

21   Defendant was misused, abused or altered by a party or parties other than, and without the

22   permission of, Defendant, its employees, servants, or other agents, in a way that was not

23   reasonably foreseeable to Defendant. Such misuse, abuse or alteration proximately caused any

24   loss, injury or damage incurred by Plaintiffs.

25       **FOR A TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE,**

26   **DEFENDANT:**

27       Alleges that any product referred to in the Complaint that was allegedly supplied by

28   Defendant was improperly maintained and cared for by Plaintiff or his employer or agents; that

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

8004612

1   such improper maintenance and care created the defect, if any that was the proximate or legal

2   cause of Plaintiffs' injuries and damages, if any; that such improper maintenance and care were

3   unforeseeable to Defendant; and that Plaintiffs' claim is thereby reduced by the percentage of all

4   responsibility attributable to Plaintiffs, their employers or agents by virtue of said improper

5   maintenance and care.

6        **FOR A TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE,**

7   **DEFENDANT:**

8        Alleges that, if Defendant is responsible to Plaintiffs, which responsibility is expressly

9   denied, Defendant shall be liable to Plaintiffs only for the amount of non-economic damages

10  allocated to Defendant in direct proportion to Defendant's percentage of fault, if any.

11       **FOR A TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE,**

12  **DEFENDANT:**

13       Alleges that, if the products described in the Complaint were manufactured or distributed

14  by Defendant, they were manufactured or distributed in accordance with specifications and

15  requirements supplied to Defendant by persons other than Defendant including, but not limited

16  to, the government of the United States of America.  Any defect in said products was caused by

17  deficiencies in said mandatory specifications and requirements supplied to Defendant, which

18  deficiencies were neither known to Defendant nor discoverable by Defendant with the exercise

19  of reasonable care.

20       **FOR A TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE,**

21  **DEFENDANT:**

22       Alleges that any exposure of Plaintiff to Defendant's products was so minimal as to be

23  insufficient to establish to a reasonable degree of probability that any such product caused any

24  alleged injury, damage, or loss to Plaintiffs.

25       **FOR A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE,**

26  **DEFENDANT:**

27       Alleges that, if Defendant has purportedly been named or served in this action as a Doe

28  defendant, such effort by Plaintiffs is invalid on the ground that Plaintiffs knew or should have

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

7

8004612

1  known of the identity of Defendant and Plaintiffs' alleged causes of action against Defendant at

2  the time of the filing of the complaint.

3      **FOR A THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE,**

4  **DEFENDANT:**

5      Is informed and believes, and upon such information and belief alleges that Plaintiff was

6  negligent, careless, reckless, and acted unlawfully in the use, control, direction and application of

7  the equipment, safety devices, and other facilities supplied to him, and existing as a part of his

8  environment, and the injuries, if any, and damages, if any, were directly and proximately caused

9  and contributed to by his own negligence.

10      **FOR A THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE,**

11  **DEFENDANT:**

12      Is informed and believes and upon such information and belief alleges that Plaintiff

13  misused the product and used same after knowledge of defect, if any, existing therein.

14      **FOR A THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE,**

15  **DEFENDANT:**

16      Alleges that the Complaint, and each and every cause of action therein, is barred by the

17  applicable statute of limitations, including, but not limited to, California Code of Civil Procedure

18  sections 338(1), 338(4), 339(1), 340(1), 340(3), 340.2, 343 and 353, and California Commercial

19  Code section 2725.

20

21      WHEREFORE, Defendant prays:

22          1)     That Plaintiffs take nothing by their Complaint;

23

24          2)     That judgment be entered in favor of Defendant;

25

26          3)     For recovery of Defendant's costs of suit;

27  / / /

28  / / /

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

8004612

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4)    For appropriate credits and set-offs arising out of any payment of worker's

compensation benefits as alleged above; and

5)    For such other and further relief as the Court deems just and proper.

DATED:  February 6, 2008            KASOWITZ BENSON TORRES & FRIEDMAN LLP


By:    /s/ Warren A. Jackson
        _____
        WARREN A. JACKSON
        Attorneys for Defendant
        CYPRUS AMAX MINERALS COMPANY

CYPRUS ANSWER TO COMPLAINT

8004612

1

**ELECTRONIC PROOF OF SERVICE**

2

I, the undersigned, declare:

3

I am a resident of the state of California and over the age of eighteen (18) years, and not a
4  party to the within action.  I am an employee of Kasowitz, Benson, Torres & Friedman LLP, and
my business address is 101 California Street, Suite 2050, San Francisco, CA 94111.
5

On the date below, I caused to be served via Lexis Nexis File & Serve the following
6  document(s):

7

**CYPRUS AMAX MINERALS COMPANY'S ANSWER TO COMPLAINT FOR**
8  **DAMAGES - ASBESTOS**

9
on the parties designated on the transaction receipt located on the Lexis Nexis File & Serve
10  website.  Service will be deemed effective as provided for in Amended General Order No. 158.

11

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on February 6, 2008, at San Francisco, California
12

13

14                                                /s/ Aaron Nathan

15                                                AARON NATHAN

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 24

1   LISA L. OBERG (BAR NO. 120139)
    MCKENNA LONG & ALDRIDGE LLP
2   101 California Street
    41st Floor
3   San Francisco, CA  94111
    *Telephone:*    (415) 267-4000
4   *Facsimile:*    (415) 267-4198

5   Attorneys for Defendant
    ITT CORPORATION sued herein as ITT
6   INDUSTRIES, INC., individually and as successor-
    in-interest to ALLIS CHALMERS, CORP. and
7   BELL and GOSSETT

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10

11  THOMAS JORGENSEN and PATRICIA         CASE NO. CGC-08-274494
    JORGENSEN,
12                                        **ANSWER OF DEFENDANT, ITT
                                          CORPORATION sued herein as ITT**
13             Plaintiffs,                **INDUSTRIES, INC., individually and as
                                          successor-in-interest to ALLIS CHALMERS,**
14        v.                              **CORP. and BELL and GOSSETT, TO
                                          PLAINTIFFS' COMPLAINT FOR**
15  A.W. CHESTERTON COMPANY, et al.,      **DAMAGES FOR PERSONAL INJURY**

16             Defendants.

17

18

19        COMES NOW defendant, ITT CORPORATION sued herein as ITT INDUSTRIES, INC.,

20  individually and as successor-in-interest to ALLIS CHALMERS, CORP. and BELL and

21  GOSSETT, for itself and for no other defendant, to answer plaintiffs' complaint on file herein as

    follows:
22
          1.    Pursuant to *California Code of Civil Procedure* section 431.30(d), answering
23
    defendant denies, both generally and specifically, each and every allegation contained in the
24
    complaint, and each cause of action therein, and each paragraph of each cause of action, and
25
    denies that, as a direct and proximate result or any result of any tortious conduct on the part of
26
    this defendant, plaintiffs have been or will be injured or damaged in the manner and amount
27
    alleged or in any manner or amount whatsoever.
28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     2.     Answering defendant denies that, by reason of any act or omission, fault, conduct,

2     or liability on the part of answering defendant, plaintiffs have been injured or damaged in the

3     manner and amounts alleged or in any manner or amount whatsoever, and denies that this

4     answering defendant or any of its agents, servants or employees, or anyone acting for or on its

5     behalf was negligent, careless, reckless, or otherwise breached any duty owed to plaintiffs,

6     whether as alleged or otherwise.

7     **FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

8     3.     Alleges that the complaint, and each and every cause of action therein, is barred by

9     the applicable statute of limitations, *California Code of Civil Procedure* section 335.1.

10    **FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

11    4.     Alleges that the complaint, and each and every cause of action therein, is barred by

12    the applicable statute of limitations, *California Code of Civil Procedure* section 340.2.

13    **FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

14    5.     Alleges that the product involved was materially altered or changed by a party or

15    parties other than, and without the permission of, this answering defendant, its employees,

16    servants, or other agents, such alteration or change creating the alleged defect, if any, which was

17    the proximate or legal cause of plaintiffs' injuries, or damages, if any.

18    **FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

19    6.     Alleges that the defect in the product, if any, was known to plaintiffs, who used

20    said product after full knowledge of said alleged defect; that, as a result, plaintiffs are barred from

21    recovery herein, proportionately or totally, in that they voluntarily exposed themselves and their

22    property to a known danger and thereby assumed the risk of any injury or damage resulting from

23    that injury.

24    **FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:**

25    7.     Alleges that plaintiffs' complaint and each and every cause of action therein based

26    upon warranty or breach thereof, is barred as a result of failure of plaintiffs to give notice required

27    under *Commercial Code* section 2607(3)(a).

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -
ANSWER OF DEFENDANT, ITT CORPORATION SUED HEREIN AS ITT INDUSTRIES, INC., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS, CORP. AND BELL AND GOSSETT, TO PLAINTIFFS' COMPLAINT FOR
PERSONAL INJURY
DAMAGES FOR PERSONAL INJURY
SF:27270723.1

1  FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

2        8.     Alleges that the product was improperly maintained and cared for by plaintiffs or

3  their employer or their agents; that such improper maintenance and care created the defect, if any,

4  that was the proximate or legal cause of plaintiffs' injuries and damages, if any; that such

5  improper maintenance and care was unforeseeable to this answering defendant; and that

6  plaintiffs' claim is thereby reduced by the percentage of all responsibility attributable to plaintiffs,

7  their employer or other agents by virtue of said improper maintenance and care.

8  FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

9        9.     Alleges that the complaint, and each and every cause of action therein, is barred by

10  the applicable statute of limitations, *Code of Civil Procedure* section 338(d).

11  FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

12        10.    Alleges that the loss, injury, or damage, if any, incurred by plaintiffs were the

13  result of superseding or intervening causes arising from negligent or willful acts or omissions by

14  parties which defendant neither controlled nor had the right to control, and said losses, injuries, or

15  damages were not proximately or legally caused by any act, omission, or other conduct of

16  defendant.

17  FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

18        11.    Alleges that the plaintiffs failed to mitigate their damages, if any, in that they

19  failed to use reasonable diligence in caring for their injuries and reasonable means to prevent their

20  aggravation or to accomplish their healing.

21  FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

22        12.    Alleges that, if this defendant is responsible to plaintiffs, which responsibility is

23  expressly denied, this defendant shall be liable to plaintiffs only for the amount of non-economic

24  damages allocated to this defendant in direct proportion to this defendant's percentage of fault, if

25  any.

26  FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

27        13.    Alleges that plaintiffs' claims are barred by the doctrine of laches.

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -
ANSWER OF DEFENDANT, ITT CORPORATION SUED HEREIN AS ITT INDUSTRIES, INC., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS, CORP. AND BELL AND GOSSETT, TO PLAINTIFFS' COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
SF:27270723.1

1  FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

2    14.    Alleges that, if the products described in the complaint were manufactured or

3  distributed by defendant, they were manufactured or distributed in accordance with specifications

4  and requirements supplied to defendant by persons other than defendant including, but not limited

5  to, the government of the United States of America. Any defect in said products was caused by

6  deficiencies in said mandatory specifications and requirements supplied to defendant, which

7  deficiencies were neither known to defendant nor discoverable by defendant with the exercise of

8  reasonable care.

9  FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

10    15.    Alleges that plaintiffs were not in privity with defendant and, therefore, may not

11  rely upon the theory of any alleged breach of express or implied warranty.

12  FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

13    16.    Alleges that any exposure of plaintiffs to defendant's products was so minimal as

14  to be insufficient to establish to a reasonable degree of probability that any such product caused

15  any alleged injury, damage, or loss to plaintiffs.

16  FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

17    17.    Alleges that, if defendant has purportedly been named or served in this action as a

18  Doe defendant, such effort by plaintiffs is invalid on the ground that plaintiffs knew or should

19  have known of the identity of the defendant and the plaintiffs' alleged causes of action against

20  defendant at the time of the filing of the complaint.

21  FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

22    18.    Is informed and believes, and upon such information and belief alleges that

23  plaintiffs were negligent, careless, reckless, and acted unlawfully in the use, control, direction and

24  application of their bodily movements and the equipment, safety devices, and other facilities

25  supplied to them, and existing as a part of their environment, and the injuries, if any, and

26  damages, if any, were directly and proximately caused and contributed to by their own

27  negligence.

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

2      19.    Is informed and believes and upon such information and belief alleges that

3  plaintiffs misused the product and used same after knowledge of defect, if any, existing therein.

4  FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

5      20.    Alleges that the plaintiffs' employer so negligently, carelessly, recklessly, and

6  unlawfully directed, controlled, and supplied plaintiffs and plaintiffs' co-employees with a

7  working environment, including safety and protective equipment, clothing or the lack thereof, so

8  as to directly and proximately cause and contribute to the injuries in question, if the same do

9  exist, and to the extent that any sum or sums have been paid to plaintiffs by said employer, this

10  claim is barred thereby.

11  FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

12      21.    Alleges that the complaint, and each and every cause of action therein, fails to

13  state facts sufficient to constitute a cause of action against defendant and is barred by the

14  provisions of *Labor Code* section 3600.

15  FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

16      22.    Alleges that the complaint, and each and every cause of action therein, fails to

17  state facts sufficient to constitute a cause of action against defendant and is barred by the

18  provisions of *Labor Code* section 3601.

19  FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

20      23.    Alleges that the complaint, and each and every cause of action therein, fails to

21  state facts sufficient to constitute a cause of action against defendant and is barred by the

22  provisions of *Labor Code* section 3602.

23  FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

24      24.    Alleges that the complaint, and each and every cause of action therein, fails to

25  state facts sufficient to constitute a cause of action against answering defendant upon which relief

26  can be granted.

27

28

- 5 -
ANSWER OF DEFENDANT, ITT CORPORATION SUED HEREIN AS ITT INDUSTRIES, INC., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS, CORP. AND BELL AND GOSSETT, TO PLAINTIFFS' COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY
SF:27270723.1

1    FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

2        25.    Alleges that the statutory authority, including but not limited to *California Civil*

3    *Code* section 3294, pursuant to which plaintiffs claim punitive damages is invalid on its face

4    and/or as applied to this defendant pursuant to the First, Fifth, Eighth and Fourteenth

5    Amendments to the Constitution of the United States and Article I of the Constitution of the State

6    of California.

7    FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

8        26.    Alleges that plaintiffs' action is barred by the provisions of *California Code of*

9    *Civil Procedure* section 361 in that plaintiffs' claims arose in another state or foreign country, and

10    by the laws thereof an action cannot be maintained against this answering defendant.

11    FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

12        27.    Alleges that the instant action is barred by the rule against splitting a cause of

13    action.

14    FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

15        28.    Alleges that plaintiffs are collaterally estopped or barred by the doctrine of *res*

16    *judicata* from maintaining this action and/or seeking damages against this answering defendant.

17    FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, DEFENDANT:

18        29.    Alleges that defendant is not a successor, successor in business, successor in

19    product line or portion thereof, assign, predecessor in product line or portion thereof, parent,

20    alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in

21    any entity owning property, maintaining premises, researching, studying, manufacturing,

22    fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale,

23    selling, inspecting, servicing, installing, contracting for installation, repairing, marketing,

24    warranting, re-branding, manufacturing for others, packaging or advertising any asbestos-

25    containing or silica-containing products. Defendant is therefore not liable for any acts, whether

26    they be active or passive, or omissions of any entities to which defendant is or may be alleged to

27    be a successor-in-interest, predecessor-in-interest, alter-ego or the like.

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -
ANSWER OF DEFENDANT, ITT CORPORATION SUED HEREIN AS ITT INDUSTRIES, INC., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS, CORP. AND BELL AND GOSSETT, TO PLAINTIFFS' COMPLAINT FOR PERSONAL INJURY
DAMAGES FOR PERSONAL INJURY
SF:27270723.1

1    WHEREFORE, defendant prays for judgment herein, for costs of suit incurred herein, and

2    for such other and further relief as the court may deem just and proper.

3

4    Dated: _____2/6/08_____          MCKENNA LONG & ALDRIDGE LLP

5

6                                        By:_____
                                                LISA L. OBERG
7

8                                        Attorneys for Defendant
                                         ITT CORPORATION sued herein as ITT
9                                        INDUSTRIES, INC., individually and as
                                         successor-in-interest to ALLIS
10                                       CHALMERS, CORP. and BELL and
                                         GOSSETT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER OF DEFENDANT, ITT CORPORATION SUED HEREIN AS ITT INDUSTRIES, INC., INDIVIDUALLY AND AS
SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS, CORP. AND BELL AND GOSSETT, TO PLAINTIFFS' COMPLAINT FOR
DAMAGES FOR PERSONAL INJURY

SF:27270723.1

1
2

# PROOF OF SERVICE VIA LEXISNEXIS FILE & SERVE

3      I am a citizen of the United States and employed in San Francisco County, California. I

4  am over the age of eighteen years and not a party to the within-entitled action. My business

5  address is 101 California Street, 41st Floor, San Francisco, California 94111.

6      On February 5, 2008, I electronically served the document(s) via LexisNexis File & Serve

7  described as:

8
9  **ANSWER OF DEFENDANT, ITT CORPORATION sued herein as ITT INDUSTRIES, INC., individually and as successor-in-interest to ALLIS CHALMERS, CORP. and BELL and GOSSETT, TO PLAINTIFFS' COMPLAINT FOR DAMAGES FOR PERSONAL INJURY**

10

11  on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve

12  website. I declare under penalty of perjury pursuant to the laws of the State of California that the

13  foregoing is true and correct and was executed on February 5, 2008, at San Francisco, California.

14
15
16                                                Rose Manabat
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 25

1  NATALIE R. NUTTALL (BAR NO. 201082)
   MCKENNA LONG & ALDRIDGE LLP
2  101 California Street
   41st Floor
3  San Francisco, CA  94111
   *Telephone:*    (415) 267-4000
4  *Facsimile:*    (415) 267-4198

5  MARK S. GERAGHTY (BAR NO. 79043)
   MCKENNA LONG & ALDRIDGE LLP
6  444 South Flower Street
   8th Floor
7  Los Angeles, CA 90071-2901
   *Telephone:*    (213) 688-1000
8  *Facsimile:*    (213) 243.6330

9  Attorneys for Defendant
   R.T. VANDERBILT COMPANY, INC.

10         SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              COUNTY OF SAN FRANCISCO

12

13  THOMAS JORGENSEN and PATRICIA          CASE NO. 274494
14  JORGENSEN,
                                          **DEFENDANT R.T. VANDERBILT**
15              Plaintiffs,               **COMPANY, INC.'S ANSWER TO**
                                          **COMPLAINT AND REQUEST FOR JURY**
16         v.                             **TRIAL**

17  A.W. CHESTERTON COMPANY, *et al.*,

18              Defendants.

19

20         COMES NOW defendant R.T. VANDERBILT COMPANY, INC. (hereinafter

21  "Defendant") and answers Plaintiffs THOMAS JORGENSEN and PATRICIA JORGENSEN's

22  ("Plaintiffs") Complaint as follows:

23                         **GENERAL DENIAL**

24         Pursuant to the provisions of Code of Civil Procedure, § 431.30, this answering Defendant

25  generally and specifically denies each and every allegation contained in Plaintiffs' Complaint,

26  and further denies any and all wrongful conduct on its part, whether as alleged or otherwise, and

27

28

1  further denies that Plaintiffs have been injured in any manner whatsoever, whether as alleged or

2  otherwise, or in any sum or sums, or at all.

### FIRST AFFIRMATIVE DEFENSE

4  Neither the Complaint nor any purported cause of action alleged by the Plaintiffs therein

5  states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

7  To the extent the Complaint asserts Defendant's alleged "market share" liability, or

8  "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action

9  against Defendant.

### THIRD AFFIRMATIVE DEFENSE

11  Neither the Complaint nor any purported cause of action alleged therein states facts

12  sufficient to entitle Plaintiffs to an award of punitive damages against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

14  Plaintiffs' action, and each alleged cause of action, is barred by the applicable statutes of

15  limitations, including but not limited to California Code of Civil Procedure, sections 338(1),

16  338(4), 339(1), 340(1), 340(3), 340.2, 343 and 353 and California Commercial Code, section

17  2725.

### FIFTH AFFIRMATIVE DEFENSE

19  Plaintiffs unreasonably delayed in bringing this action, without good cause therefore, and

20  thereby have prejudiced Defendant as a direct and proximate result of such delay; accordingly,

21  their action is barred by laches and by Section 583 et. seq. of the Code of Civil Procedure.

### SIXTH AFFIRMATIVE DEFENSE

23  Plaintiffs were negligent in and about the matters alleged in the Complaint and in each

24  alleged cause of action; this negligence proximately caused, in whole or in part, the damages

25  alleged in the Complaint. In the event Plaintiffs are entitled to any damages, the amount of these

26  damages should be reduced by the comparative fault of Plaintiffs and any person whose negligent

27  acts or omissions are imputed to Plaintiffs.

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 2 -

DEFENDANT R.T. VANDERBILT COMPANY, INC.'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL
SF:27271886.1

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

Any loss, injury or damage incurred by Plaintiffs was proximately caused by the negligent or willful acts or omissions of parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

### NINTH AFFIRMATIVE DEFENSE

The products referred to in the Complaint were misused, abused or altered by Plaintiff Thomas Jorgensen (also referred to as "Plaintiff") or by others; the misuse, abuse or alteration was not reasonably foreseeable to Defendant, and proximately caused any loss, injury or damages incurred by Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate his loss, injury or damages; accordingly, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### ELEVENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant is barred by the provisions of California Labor Code, section 3601, et seq.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any, and that Defendant is not liable for said employers' proportionate share of non-economic damages.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 3 -

DEFENDANT R.T. VANDERBILT COMPANY, INC.'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

SF:27271886.1

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiffs, if any, and that Defendant herein shall not be liable for said parties' proportionate share of non-economic damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relative to matters alleged in the Complaint, all of Plaintiff's employers were sophisticated users of asbestos-containing products and said employers' negligence in providing the products, which Plaintiffs allege contain asbestos, to their employees in a negligent, careless and reckless manner was a superseding cause of Plaintiffs' injuries, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and on that basis alleges that the project or projects upon which Plaintiff was providing labor and services, which employment Plaintiffs claim resulted in the alleged exposure to the allegedly toxic chemicals, were for the procurement of equipment by the government of the United States. To the extent that this answering Defendant provided products as a contractor or subcontractor for the United States, Plaintiffs' claims, and each of them, are barred by the doctrine of governmental contractor immunity as set forth in <u>Boyle v. United Technology Corp.</u>, 108 S.Ct. 2510 (1988).

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times and places in the Complaint, Plaintiffs were not in privity of contract with Defendant and said lack of privity bars Plaintiffs' recovery herein upon any theory of warranty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs were barred from recovery in that all products produced by Defendant were in conformity with the existing state-of-the-art, and as a result, these products were not defective in any manner.

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

DEFENDANT R.T. VANDERBILT COMPANY, INC.'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL
SF:27271886.1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Defendant did not and does not have a substantial percentage of the market for the products which Plaintiffs allege contain asbestos and allegedly caused Plaintiffs' injuries. Therefore, Defendant may not be held liable to Plaintiffs based on this Defendant's alleged percentage share of the applicable market.

**NINETEENTH AFFIRMATIVE DEFENSE**

If Plaintiff received Workers' Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event that Defendant is held liable to Plaintiffs, any award against Defendant must be reduced in the amount of all such benefits received by Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

If Plaintiff received Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event Plaintiffs are awarded damages against Defendant, Defendant claims a credit against this award to the extent that Defendant is barred from enforcing its rights to reimbursement for Worker's Compensation benefits that Plaintiff received.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

If Plaintiff received Workers' Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, Defendant demands repayment of any such Worker's Compensation benefits in the event that Plaintiffs recover tort damages as a result of the industrial injury allegedly involved herein. Although Defendant denies the validity of Plaintiffs' claims, in the event those claims are held valid and not barred by the statute of limitations or otherwise, Defendant asserts that cross-demands for money have existed between Plaintiffs and Defendant and the demands are compensated, so far as they equal each other, pursuant to California Code of Civil Procedure § 431.70.

WHEREFORE, Defendant demands:

1.    That Plaintiffs take nothing by their action against Defendant;

McKenna Long &
Aldridge LLP
Attorneys at Law
San Francisco

1     2.      That judgment be entered in favor of Defendant;

2     3.      That Defendant be awarded costs of this action and reasonable attorney's

3              fees;

4     4.      That the court appropriate credits and set-offs arising out of any payment

5              of worker's compensation benefits as alleged above; and

6     5.      That the court grant Defendant a jury trial and such further relief as it may

7              deem proper.

8

9 Dated:    2/5/08                  MCKENNA LONG & ALDRIDGE LLP

10

11                                By: *Natalie M. Nuttall.*

12                                  NATALIE R. NUTTALL
                                   MARK S. GERAGHTY

13                              Attorneys for Defendant
                             R.T. VANDERBILT COMPANY, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## REQUEST FOR JURY TRIAL

2        This answering defendant hereby requests that trial of this action be held before a jury as

3    provided by law.

4

5

6    Dated: _2/5/08_____    MCKENNA LONG & ALDRIDGE LLP

7

8    By: _Natalie M. Nuttall_____

           NATALIE R. NUTTALL

9               MARK S. GERAGHTY

10   Attorneys for Defendant

    R.T. VANDERBILT COMPANY, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

DEFENDANT R.T. VANDERBILT COMPANY, INC.'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

SF:272718861

## PROOF OF SERVICE VIA LexisNexis FILE & SERVE

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 101 California Street, 41st Floor, San Francisco, California 94111.

On February 5, 2008, I electronically served the document(s) via LexisNexis File & Serve described as:

DEFENDANT R.T. VANDERBILT COMPANY, INC.'S
ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website. I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on February 5, 2008, at San Francisco, CA.

CARY ANN ROSKO

DEFENDANT R.T. VANDERBILT COMPANY, INC.'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

SF 27271886 1

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

# EXHIBIT 26

1   Theodore T. Cordery, Esq. (Bar No. 114730)
    IMAI, TADLOCK, KEENEY & CORDERY, LLP
2   100 BUSH STREET, SUITE 1300
    SAN FRANCISCO, CA 94104
3   Telephone:    (415) 675-7000
    Facsimile:    (415) 675-7008
4
    Attorneys for Defendant
5   RICH-TEX, INC.

6

7

8               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

                            UNLIMITED JURISDICTION
10
    THOMAS JORGENSEN and PATRICIA          CASE NO.: CGC-08-274494
11  JORGENSEN,
                                           **PROOF OF SERVICE BY ELECTRONIC
12                                         SERVICE OF RICH-TEX, INC.'S ANSWER
                Plaintiff,                 TO COMPLAINT**
13
        v.                                 Date of Filing:  January3, 2008
14

15  A.W. CHESTERTON COMPANY, et al.,

16
                Defendant.
17
            I, Heather Cherry, declare:
18
            I am a resident of the State of California and over the age of eighteen years, and not a
19  party to the within action; my business address is 100 Bush Street, Suite 1300, San Francisco, CA
    94104.
20
            On the date of execution below, I electronically served the document via LexisNexis File
21  & Serve described as:

22               RICH-TEX, INC.'S ANSWER TO COMPLAINT

23  on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve
    Web site.
24
            I declare under penalty of perjury under the laws of the State of California that the above
25  is true and correct.

26  Executed on February 5, 2008, at San Francisco, California.

27                                          /S/ Heather Cherry
                                           _____
28                                              Heather Cherry

                                         -1-

*(left margin, vertical text)* LAW OFFICES  IMAI, TADLOCK, KEENEY & CORDERY, LLP  SUITE 1300  100 BUSH STREET  SAN FRANCISCO, CA 94104  (415) 675-7000

# EXHIBIT 27

1 | Theodore T. Cordery, Esq. (Bar No. 114730)
IMAI, TADLOCK, KEENEY & CORDERY, LLP
2 | 100 BUSH STREET, SUITE 1300
SAN FRANCISCO, CA 94104
3 | Telephone:    (415) 675-7000
Facsimile:    (415) 675-7008
4
Attorneys for Defendant
5 | RICH-TEX, INC.

6

7

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

9

UNLIMITED JURISDICTION

10 | THOMAS JORGENSEN and PATRICIA      CASE NO.: CGC-08-274494
JORGENSEN,
11 |                                     (ASBESTOS)
12 |            Plaintiff,              **RICH-TEX, INC.'S ANSWER TO**
       v.                              **COMPLAINT**
13 |
A.W. CHESTERTON COMPANY, et al.,      Complaint Filed: January 3, 2008
14 |
            Defendant.
15 |

16 |        COMES NOW defendant Rich-Tex, Inc. and in answering all causes of Plaintiffs'

17 | unverified Complaint for Personal Injury on file herein, admits, denies and alleges as follows:

18 |        Under the provisions of Sections 431.30(d) and 472a of the California Code of Civil

19 | Procedure, this answering defendant denies each and every, all and singular, generally and

20 | specifically, the allegations contained therein and the whole thereof, and further denies that

21 | Plaintiffs sustained damages in any sum or sums whatsoever or at all.

22 |        AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

23 | answering defendant alleges that the Complaint and each cause of action therein, fails to state

24 | facts sufficient to constitute a cause of action.

25 |        AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

26 | this answering defendant alleges that plaintiffs are barred from recovery by the applicable statute

27 | of limitations, including but not limited to California Code of Civil Procedure Sections 319, 320,

28 | 337, 337.1, 337.15, 338, 339, 340(3), 340.2, 343.

---

-1-

RICH-TEX, INC.'S ANSWER TO COMPLAINT

*Left margin vertical text:*

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1900
1000 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

1    AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

2  this answering defendant alleges that plaintiffs were negligent and careless in and about the

3  matters and events alleged in the Complaint, and said negligence proximately contributed to the

4  alleged damages, if any there were, and as a result thereof, the principles of equitable comparative

5  negligence must be applied to bar Plaintiffs' action.

6    AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

7  this answering defendant alleges that the injuries, loss and/or damages alleged in said Complaint

8  by Plaintiffs, if any there were, were caused by the carelessness and negligence on the part of the

9  remaining defendants in that said carelessness and negligence on the part of said remaining

10  defendants proximately contributed to the happening of the subject event and the injuries, loss or

11  damages alleged by the Plaintiffs herein, and that any judgment rendered against this answering

12  defendant be reduced or nullified to the extent of such negligence and carelessness on the part of

13  the remaining defendants as aforesaid.

14    AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

15  answering defendant alleges that the Plaintiffs' injuries and damages which may have been

16  sustained as a result of events mentioned in the Complaint, if any there were, were proximately

17  caused by the carelessness and negligence of Plaintiffs and the remaining defendants, and that the

18  respective negligence of each said party to this suit ought to be equitably apportioned among the

19  parties hereto.

20    AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

21  this answering defendant alleges that at the time of the occurrence of the matters mentioned in the

22  Plaintiffs' Complaint, Plaintiffs had knowledge of those matters alleged in the Complaint and that

23  Plaintiffs did, with said knowledge, voluntarily and of Plaintiffs' free will, act and place himself

24  in an unsafe and dangerous position and by reason thereof, Plaintiffs did assume the risk and all

25  risks ordinarily incident thereto.

26    AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

27  DEFENSE, this answering defendant alleges that the products referred to in the Complaint were

28  not used in a safe and normal manner or in the manner in which they were intended to be used,

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

1   and that such misuse proximately contributed to the injuries to the Plaintiffs and the damages and

2   losses resulting therefrom, if any there were, and bars Plaintiffs' recovery herein.

3         AS AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

4   this answering defendant alleges that prior to and at the time referred to in Plaintiffs' Complaint,

5   the products referred to in the Complaint were abused, altered, modified, or changed in a manner

6   that was not reasonably foreseeable, that such abuse, modification, alteration, or change

7   proximately contributed to the injuries to the Plaintiffs and the damages and losses resulting

8   therefrom, if any there were, and bars Plaintiffs' recovery herein.

9         AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

10  this answering defendant alleges that at all times herein mentioned, plaintiffs were in the course

11  and scope of his employment and that the injuries sustained by Plaintiffs, if any there were, were

12  caused or contributed to by the carelessness and negligence of Plaintiffs' employers, entitling this

13  answering defendant to a set-off in an amount equal to the extent of payments made by said

14  employers' Workers' Compensation carrier.

15        AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

16  this answering defendant alleges that the Plaintiffs' employers were negligent and careless in and

17  about the matters alleged in the Complaint and proximately contributed to the injuries and

18  damages, if any there were, sustained by Plaintiffs; that by reason of the premises said employers

19  and their Workers' Compensation carrier are barred from recovery of any payments heretofore or

20  hereafter made to Plaintiffs pursuant to the Workers' Compensation laws of the State of California

21  under the doctrine of Witt v. Jackson, 57 Cal.2d 57.

22        AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

23  DEFENSE, this answering defendant alleges that Plaintiffs' Complaint herein is barred by the

24  Labor Code §3600, et seq.

25        AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE

26  DEFENSE, this answering defendant alleges that plaintiffs' Complaint herein is barred by the

27  Doctrine of Laches.

28  / / /

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

1   AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

2   DEFENSE, this answering defendant hereby alleges that the asbestos-containing products of

3   defendant which are alleged to have caused injury to the plaintiffs were manufactured in

4   compliance with and supplied pursuant to mandatory government specifications which required

5   the use of asbestos.  Accordingly, defendant is immune from liability for any damages suffered by

6   the Plaintiffs as a consequence of exposure to asbestos contained in such products.

7   AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

8   DEFENSE, this answering defendant alleges that Plaintiffs failed and neglected to use reasonable

9   care to protect themselves and to minimize the losses and damages complained of, if any there

10   were.

11   AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

12   DEFENSE, this answering defendant alleges that plaintiffs are barred from asserting any claim

13   based on breach of warranty by reason of the failure to fulfill the conditions of warranties alleged

14   in the Complaint in the event such alleged warranties are proven at trial.

15   AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

16   DEFENSE, this answering defendant alleges that Plaintiffs failed, within a reasonable time, to

17   give notice to this defendant of the claimed breach of warranty or defects alleged in the

18   Complaint on file herein in the manner and form prescribed by law.

19   AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

20   DEFENSE, this answering defendant alleges that any claims that the alleged products are unsafe

21   or defective in any manner are preempted by federal law.

22   AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

23   DEFENSE, this answering defendant alleges that, to the extent Plaintiffs may be able to prove

24   their allegations concerning liability, injuries and damages, which are specifically denied, said

25   allegations were the result of intervening acts of superseding negligence on the part of a person or

26   persons over whom this defendant had neither control nor the right of control.

27   AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

28   DEFENSE, this answering defendant alleges that Plaintiffs are barred from asserting any causes

1  of action by the Doctrine of Waiver.

2        AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE

3  DEFENSE, this answering defendant alleges that Plaintiffs are estopped from asserting any

4  causes of action by their own conduct.

5        AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

6  DEFENSE, this answering defendant alleges that Plaintiffs have failed to join necessary and

7  indispensable parties.

8        AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

9  DEFENSE, this answering defendant alleges that plaintiffs have improperly joined or misjoined it

10  and other parties to this action.

11        AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE

12  DEFENSE,  this answering defendant alleges that there was no privity or other legal relationship

13  between this answering defendant and Plaintiffs herein sufficient to entitle Plaintiffs to any legal

14  relief by said defendant.

15        AS FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

16  DEFENSE, this answering defendant alleges that the Complaint on file herein prays for damages

17  which are not recoverable under the causes of action pleaded.

18        AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE

19  DEFENSE TO THE COMPLAINT AND EACH AND EVERY CAUSE OF ACTION THEREIN

20  ALLEGED, this Answering Defendant alleges that the product in question was used after

21  knowledge of the defect, if any, that existed therein.

22        AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

23  DEFENSE TO THE COMPLAINT AND EACH AND EVERY CAUSE OF ACTION THEREIN

24  ALLEGED, this Answering Defendant alleges that if Plaintiffs' claims were already litigated and

25  resolved in any prior action, Plaintiffs' claims herein are barred based on the primary right and res

26  judicata doctrines which prohibit splitting a single cause of action into successive suits, and

27  seeking new recovery for injuries for which the plaintiffs were previously compensated by

28  alleged joint tortfeasors.

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

LAW OFFICES
IMAI, TADLOCK, KEENEY & CORDERY, LLP
SUITE 1300
100 BUSH STREET
SAN FRANCISCO, CA 94104
(415) 675-7000

1  AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

2  DEFENSE TO THE COMPLAINT AND EACH AND EVERY CAUSE OF ACTION THEREIN

3  ALLEGED, this Answering Defendant alleges that Plaintiffs' claims are barred by the primary

4  right doctrine as there is another action pending between the same parties on the same cause of

5  action.

6  AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

7  DEFENSE TO THE COMPLAINT AND EACH AND EVERY CAUSE OF ACTION THEREIN

8  ALLEGED, this Answering Defendant alleges that Plaintiffs' claims are barred by the principles

9  of res judicata.

10  AND AS FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

11  DEFENSE, this answering defendant alleges that any injuries and damages, if any there be,

12  alleged by Plaintiffs in the Complaint, were proximately caused by an unforeseeable allergic

13  reaction to the product or products and/or one or more of its, or their, components.

14  AND AS FOR A THIRTIETH SEPARATE AND DISTINCT AFFIRMATIVE

15  DEFENSE, this answering defendant alleges that the substantive law of Plaintiffs' domicile or a

16  jurisdiction other than California, is applicable.

17  WHEREFORE, this answering defendant prays for judgment as follows:

18  1.    That Plaintiffs take nothing by way of the Complaint or any cause of action thereof

19  against this answering defendant;

20  2.    That the Court award judgment in favor of this answering defendant;

21  3.    For reasonable attorneys' fees;

22  4.    For costs of suit and disbursements; and

23  5.    For such other and further relief as the Court may deem proper.

24  Dated: January 24, 2008                IMAI, TADLOCK, KEENEY & CORDERY, LLP

25

26

27  By:  /S/ Theodore T. Cordery
       Theodore T. Cordery
       Attorneys for Defendant

28     RICH-TEX, INC.

-6-
RICH-TEX, INC.'S ANSWER TO COMPLAINT

1    EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
     Andrew I. Port (State Bar # 120977)
2    Cheryl A. Morris (State Bar # 184541)
     Jared A. Washkowitz (State Bar #226211)
3    49 Stevenson Street, Suite 400
     San Francisco, CA  94105
4    Telephone:    (415) 227-9455
     Facsimile:    (415) 227-4255
5    E-Mail:       aport@edptlaw.com
                   cmorris@edptlaw.com
6                  jwashkowitz@edptlaw.com

7    Attorneys for Defendant
     CROWLEY MARITIME CORPORATION
8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

12

13   THOMAS JORGENSEN AND PATRICIA          Case No.:  CV 08 0903 EMC
     JORGENSEN

14                Plaintiffs,              **EXHIBIT A28 – A42 TO NOTICE OF
                                           REMOVAL OF ACTION UNDER 28
15        vs.                              U.S.C. §1442(a)(1)
                                           (FEDERAL OFFICER)**
16   A.W. CHESTERTON COMPANY, et al.

17                Defendants.

18

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA  94105

# EXHIBIT 28

1  MADELINE L. BUTY  [SBN 157186]
   BUTY & CURLIANO LLP
2  555 City Center
   555 – 12th Street, Suite 1280
3  Oakland, California 94607
   Tel:  510.267.3000
4  Fax:  510.267.0117

5  Attorneys for Defendant
   **O. G. SUPPLY, INC.**

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION**

10

11  THOMAS JORGENSEN and PATRICIA       )    No.  274494
    JORGENSEN,                          )
12                                      )    **ANSWER TO COMPLAINT FOR**
                        Plaintiffs,     )    **DAMAGES - NEGLIGENCE; STRICT**
13                                      )    **LIABILITY; PUNITIVE DAMAGES;**
           v.                           )    **LOSS OF CONSORTIUM  (ASBESTOS)**
14                                      )
    A. W. CHESTERTON COMPANY, et al.    )
15                                      )
                        Defendants.     )
16                                      )
                                        )
17                                      )
                                        )
18                                      )

19

20          COMES NOW defendant O. G. SUPPLY, INC., and answering the Complaint on file

21  herein, admits, denies and alleges as follows:

22          This answering defendant denies each and every, all and singular, generally and specifically,

23  the allegations in said Complaint.

24          Further answering said Complaint, this answering defendant denies that plaintiffs have

25  sustained or will sustain, any injury, damage or loss due to any act or omission on the part of this

26  answering defendant.

27          The following affirmative defenses are made on information and belief.

28                                          1

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12th STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

**ANSWER TO COMPLAINT FOR DAMAGES - NEGLIGENCE; STRICT LIABILITY; PUNITIVE
DAMAGES; LOSS OF CONSORTIUM (ASBESTOS)**

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs' Complaint, and each cause of action therein, is barred by the provisions of the Statute of Limitations, including, but not limited to C.C.P. §340.2.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that the acts, omissions and/or products, if any, of this answering defendant were not the proximate cause of the losses, damages, and/or injuries, if any, alleged in the Complaint.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that the sole and/or partial proximate cause of the incident was due to the negligence, strict liability, and fraud of other persons and other parties, through whose conduct this answering defendant is not responsible and this answering defendant requests that the Court or trier of fact apportion comparative fault among those responsible persons and parties under the doctrine of comparative negligence or comparative fault and/or based upon the doctrine of equitable indemnity and contribution.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs themselves were careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence proximately contributed to the injuries, loss, and damages complained of, if any.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs failed subsequent to the occurrence described in the Complaint to properly mitigate the damages and plaintiffs thereby are precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the part of plaintiffs.

2

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12ᵗʰ Street
SUITE 1280
OAKLAND CA 94607
510.267.3000

ANSWER TO COMPLAINT FOR DAMAGES - NEGLIGENCE; STRICT LIABILITY; PUNITIVE
DAMAGES; LOSS OF CONSORTIUM (ASBESTOS)

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs knowingly and voluntarily assumed the risk and hazard, if any, incident to the activities in which plaintiffs were engaged at the time of the alleged incident, and that said voluntary assumption of the risk upon the part of the plaintiffs proximately caused and contributed to the injuries and damages to said plaintiffs, if any.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs and/or the plaintiffs' employers altered, abused or misused the subject product.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs were guilty of laches with respect to plaintiffs' claim and is therefore not entitled to invoke the aid of the equity jurisdiction of the Court.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs had accepted the work and in turn the alleged asbestos-containing products of defendant and, therefore, is estopped from any claims arising from the performance of the aforementioned work.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that there were no express warranties made by this answering defendant to plaintiffs.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs failed to join all necessary and indispensable parties to this action.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that the plaintiffs lack privity of contract with this answering defendant and is thereby barred from claiming damages herein.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that at all times herein mentioned plaintiffs were employed and acting within the course and scope of employment, and as a consequence thereof,

3



BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12th STREET
SUITE 1280
OAKLAND CA 94607
510.287.3000

ANSWER TO COMPLAINT FOR DAMAGES - NEGLIGENCE; STRICT LIABILITY; PUNITIVE DAMAGES; LOSS OF CONSORTIUM (ASBESTOS)

plaintiffs' sole recourse for the damages now claimed is governed by Labor Code §3600 and following which serve to bar the present action.

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that to the extent the Complaint asserts defendant's alleged "market share" liability, or "enterprise liability", the plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering defendant alleges that plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to sustain an award of punitive damages against this answering defendant.

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, and to each and every cause of action contained therein, this answering defendant alleges that, pursuant to the terms and provisions of California Civil Code §§1431.1 and 1431.2, the liability of this answering defendant, if any there be, for any non-economic damages of any party herein shall be allocated in direct proportion to the percentage of fault, if any, of this answering defendant.

AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, and each cause of action contained therein, defendant alleges that the state of the medical, scientific, and industrial knowledge, practice and procedure was at all relevant times such that defendant neither breached any alleged duty owed plaintiffs, nor knew, nor could have known, that the products alleged to have caused plaintiffs harm presented a foreseeable risk of harm to plaintiffs in the normal and expected use of such products.

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, and each cause of action contained therein, defendant alleges that any product manufactured by this defendant, or work performed by this defendant, was consistent with the state of the art applicable at the time the work was performed or the product was manufactured.

4

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12ᵗʰ STREET
SUITE 1280
OAKLAND CA 94607
610.267.3000

**ANSWER TO COMPLAINT FOR DAMAGES - NEGLIGENCE; STRICT LIABILITY; PUNITIVE DAMAGES; LOSS OF CONSORTIUM (ASBESTOS)**

1

2    AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

3    COMPLAINT, this answering defendant alleges that the products complained of were

4    manufactured, produced, supplied, sold, and distributed in mandatory conformity with

5    specifications promulgated by the United States Government, and that any recovery by plaintiffs on

6    the Complaint herein is barred in consequence of the exercise of those sovereign powers.

        AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

7    COMPLAINT, this answering defendant alleges that California is a seriously inconvenient forum

8    that has no nexus to plaintiffs and/or plaintiff's injuries, if any, and therefore, it is improper for

9    California to retain jurisdiction over this matter.

10        WHEREFORE, this answering defendant prays that plaintiffs take nothing by way of their

11    Complaint; that this defendant be dismissed with its costs of suit incurred; and for such other and

12    further relief as the Court deems just and proper.

13

14    DATED:  February 1, 2008          BUTY & CURLIANO LLP

15

16                          By: 

17                              MADELINE L. BUTY
                              Attorneys for Defendant
18                              O. G. SUPPLY, INC.

19

20

21

22

23

24

25

26

27

28

BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 — 12ᵗʰ STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

**ANSWER TO COMPLAINT FOR DAMAGES - NEGLIGENCE; STRICT LIABILITY; PUNITIVE
DAMAGES; LOSS OF CONSORTIUM (ASBESTOS)**

1
**PROOF OF SERVICE**

2
I declare that:

3
I am employed in the County of Alameda, California.  I am over the age of eighteen years
and not a party to the within entitled cause; my business address is 555 – 12th Street, Suite 1280,

4
Oakland, CA 94607.

5
On February 4, 2008, I served the following document(s) via LexisNexis File & Serve as
described as:

6

7
**ANSWER TO COMPLAINT FOR DAMAGES - NEGLIGENCE; STRICT LIABILITY;
PUNITIVE DAMAGES; LOSS OF CONSORTIUM (ASBESTOS)**

8
on recipients designated on the Transaction Receipt located on the LexisNexis File & Serve
website.

9
I declare under penalty of perjury that the foregoing is true and correct.  Executed on

10
February 4, 2008, in Oakland, California.

11

12

13
EILEEN O'ROURKE_____          /S/EILEEN O'ROURKE_____.
Print Name                                             Signature

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6


BUTY & CURLIANO LLP
ATTORNEYS AT LAW
555 – 12th STREET
SUITE 1280
OAKLAND CA 94607
510.267.3000

**ANSWER TO COMPLAINT FOR DAMAGES - NEGLIGENCE; STRICT LIABILITY; PUNITIVE
DAMAGES; LOSS OF CONSORTIUM (ASBESTOS)**

# EXHIBIT 29

1  James P. Cunningham, No. 121406
   Gregory D. Meronek, No. 104705
2  **CARROLL, BURDICK & McDONOUGH** LLP
   Attorneys at Law
3  44 Montgomery Street, Suite 400
   San Francisco, CA 94104
4  Telephone:    415.989.5900
   Facsimile:    415.989.0932
5  Email:        jcunningham@cbmlaw.com
                 gmeronek@cbmlaw.com
6
   Attorneys for Defendant
7  WARREN PUMPS, LLC

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10 THOMAS JORGENSEN and              **ASBESTOS**
   PATRICIA JORGENSEN,
11                                   No. CGC-08-274494
                Plaintiffs,
12                                   **OBJECTION TO ASSIGNMENT OF**
                                     **COMMISSIONER FOR TRIAL**
13     v.

14 A.W. CHESTERTON COMPANY, et
   al.,                             Complaint Filed: 1/3/08
15                                  Trial Date:      N/A
                Defendants.
16
17         TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE

18 PARTIES AND THEIR ATTORNEYS OF RECORD:

           PLEASE TAKE NOTICE that pursuant to Local Rule 6.1(c) Defendant
19
   **WARREN PUMPS, LLC** hereby timely objects and refuses to stipulate that any trial or
20
   non-discovery matter in this case be heard and/or decided by a Commissioner.
21
           Dated: January 弐, 2008
22
23                                 CARROLL, BURDICK & McDONOUGH LLP

24                                 By _____
25                                          Gregory D. Meronek
                                   Attorneys for Defendant
26                                 WARREN PUMPS, LLC

27

28

CBM-SF\SF391931.1

OBJECTION TO ASSIGNMENT OF COMMISSIONER FOR TRIAL

# EXHIBIT 30

1    James P. Cunningham, No. 121406
     Gregory D. Meronek, No. 104705
2    **CARROLL, BURDICK & McDONOUGH** LLP
     Attorneys at Law
3    44 Montgomery Street, Suite 400
     San Francisco, CA 94104
4    Telephone:    415.989.5900
     Facsimile:    415.989.0932
5    Email:      jcunningham@cbmlaw.com
             gmeronek@cbmlaw.com
6

7    Attorneys for Defendant
     WARREN PUMPS, LLC

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10

11    THOMAS JORGENSEN and
     PATRICIA JORGENSEN,
12

          Plaintiffs,
13

14       v.

15    A.W. CHESTERTON COMPANY, et
     al.,
16
          Defendants.

       **ASBESTOS**

       No. CGC-08-274494

       **DEMAND FOR JURY TRIAL**

       Complaint Filed: 1/3/08
       Trial Date:    N/A

17

18        TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE

19    PARTIES AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE that Defendant **WARREN PUMPS, LLC** hereby

21    demands a jury trial in the above-entitled action.

22        Dated: January 3 , 2008

23              CARROLL, BURDICK & McDONOUGH LLP

24

25        By _____

26                Gregory D. Meronek
       Attorneys for Defendant
27    WARREN PUMPS, LLC

28

# EXHIBIT 31

1  James P. Cunningham, No. 121406
   Gregory D. Meronek, No. 104705
2  **CARROLL, BURDICK & McDONOUGH LLP**
   Attorneys at Law
3  44 Montgomery Street, Suite 400
   San Francisco, CA  94104
4  Telephone:    415.989.5900
   Facsimile:    415.989.0932
5  Email:        jcunningham@cbmlaw.com
                 gmeronek@cbmlaw.com
6
   Attorneys for Defendant
7  WARREN PUMPS, LLC

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11 THOMAS JORGENSEN and          | **ASBESTOS**
   PATRICIA JORGENSEN,           |
12                               | No. CGC-08-274494
              Plaintiffs,        |
13                               | **ANSWER TO COMPLAINT FOR DAMAGES**
        v.                       |
14                               |
   A.W. CHESTERTON COMPANY, et   |
15 al.,                          |
                                 | Complaint Filed:  1/3/08
16            Defendants.        | Trial Date:       N/A

17

18                    **GENERAL DENIAL**

19         For its answer to the unverified Complaint filed by Plaintiffs, Defendant

20  WARREN PUMPS, LLC ("Defendant"), answering solely on its own behalf and for no

21  other person or party, files this general denial pursuant to Code of Civil Procedure section

22  431.30(d) and hereby denies each and every, all and singular, generally and specifically,

23  of the allegations contained in Plaintiffs' Complaint, and further specifically denies that

24  Plaintiffs have been injured in any way or damaged in any sum or amount or manner or

25  way alleged, and specifically further denies any liability or fault whatsoever with respect

26  to the matters complained of in Plaintiffs' Complaint.

27

28

CBM-SFSF391929.1

**ANSWER TO COMPLAINT FOR DAMAGES**

1

**AFFIRMATIVE DEFENSES**

2         As and for its separate, distinct, and affirmative defenses to Plaintiff's

3 Complaint, and to each cause of action thereof, this answering Defendant alleges as

4 follows:

5

**FAILURE TO STATE A CAUSE OF ACTION**

6         1.    Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of

7 action upon which relief may be granted against this answering Defendant.

8

**STATUTE OF LIMITATIONS**

9         2.    Defendant alleges on information and belief that:

10            A.    Plaintiffs' Complaint is barred by the applicable statute of

11 limitations pursuant to Code of Civil Procedure sections 337, 338, 339, 340, 340.2, 343,

12 353.1, 361, and/or 474, and California Commercial Code section 2725; and/or

13            B.    The causes of action in Plaintiffs' Complaint arose outside the State

14 of California, while Plaintiffs were non-residents, pursuant to the applicable statutes of

15 limitations or statute(s) of repose where Plaintiffs were then residing or working, and

16 Plaintiffs' Complaint is barred by the provisions of those statutes and by section 361 of

17 the California Code of Civil Procedure.

18

**ASSUMPTION OF RISK**

19         3.    Defendant alleges on information and belief that Plaintiffs voluntarily and

20 knowingly assumed the alleged risks and alleged hazards incident to the alleged

21 operations, acts, and conduct at the times and places alleged in Plaintiffs' Complaint, and

22 Plaintiffs' said acts proximately caused and contributed to Plaintiffs' alleged injuries and

23 damages, if any there were.

24

**FAILURE TO FOLLOW WARNINGS**

25         4.    On information and belief, Defendant alleges that Plaintiffs were advised,

26 informed, and warned of any potential hazards and/or dangers, if any there were,

27 associated with the normal or foreseeable use, handling, and storage of the products,

28

1    substances, and equipment described in Plaintiffs' Complaint, and Plaintiffs failed to

2    follow such warnings.

### COMPARATIVE NEGLIGENCE

4        5.    Defendant alleges upon information and belief that:

5            A.    At the time and places mentioned in Plaintiffs' Complaint, Plaintiffs

6    were careless and negligent in and about the matters alleged in said Complaint, which

7    carelessness and negligence caused and contributed, to the extent of one hundred percent,

8    to any injuries and damages allegedly sustained by Plaintiffs, if any there were; and

9            B.    In the event of any judgment or verdict in favor of Plaintiffs herein,

10    said judgment or verdict must be reduced to the extent that said carelessness and

11    negligence of Plaintiffs caused or contributed to the alleged injuries and damages

12    allegedly sustained by Plaintiffs, if any there were.

### CONDUCT OF OTHERS

14        6.    Defendant alleges that any loss, injury, or damage to Plaintiffs was

15    proximately caused or contributed to by the negligent or other tortious acts, omissions,

16    and/or fault of other persons or entities which Defendant neither controlled nor had the

17    right to control, and that no particular damages of Plaintiffs was caused by acts or

18    omissions of this Defendant.

### NOT A SUCCESSOR-IN-INTEREST

20        7.    Defendant denies any and all liability to the extent that Plaintiffs assert

21    defendant's alleged liability as a successor, successor in business, successor in product

22    line or a portion thereof, assign, predecessor, predecessor in business, predecessor in

23    product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned

24    by, or the whole or partial owner of or member in an entity researching, studying,

25    manufacturing, fabricating, designing, labeling, assembling, distribution, leasing, buying,

26    offering for sale, selling, inspecting, servicing, installing, contracting for installation,

27    repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

28    advertising a certain substance, the generic name of which is asbestos.

CBM-SF\SF391929.1                    -3-

ANSWER TO COMPLAINT FOR DAMAGES

1  **LACK OF LEGAL CAPACITY TO SUE**

2      8.  Defendant alleges that Plaintiffs lack the legal capacity to sue and is not a

3  real party-in-interest.

4  **PROPOSITION 51**

5      9.  Defendant alleges that there are other persons, parties and/or defendants

6  who are at fault and proximately caused Plaintiffs' injuries, if any.  If this answering

7  Defendant is responsible to Plaintiffs, which responsibility is expressly denied, this

8  answering Defendant is only liable for its proportionate share of non-economic damages,

9  if any, as set forth in *Civil Code* section 1431.2.

10  **MODIFICATION/ALTERATION OF PRODUCT**

11      10.  On information and belief, Defendant alleges that the products which

12  allegedly injured Plaintiffs was altered, changed, or otherwise modified by parties,

13  individuals, or entities other than this answering Defendant, and said modifications,

14  changes or alterations were a proximate cause of the damages alleged by Plaintiffs, if any

15  there were.

16  **MISUSE AND ABUSE**

17      11.  Prior to and at the time of the alleged injuries, on information and belief,

18  Defendant alleges that the products which allegedly injured Plaintiffs were misused and

19  abused and were not being used in the manner in which they were intended to be used.

20  Such misuse and abuse caused and contributed to the injuries and damages complained of

21  by Plaintiffs, if any there were.

22  **SPOLIATION OF EVIDENCE**

23      12.  On information and belief, Defendant alleges that Plaintiffs and/or

24  Plaintiffs' agents negligently or intentionally failed to preserve, and permitted the

25  spoliation of, material evidence, including but not limited to the products which Plaintiffs

26  allege gives rise to Plaintiffs' Complaint herein.  Such conduct bars Plaintiffs' action

27  and/or gives rise to liability on the part of Plaintiffs for damages payable to this answering

28  Defendant.

CBM-SF\SF391929.1                                    -4-

1

## NOT A SUBSTANTIAL FACTOR

2      13.   Defendant alleges on information and belief that Plaintiffs were not

3  exposed to any product distributed by Defendant that was a substantial factor in causing

4  any injury, damage, or loss complained of, and, therefore, this Defendant may not be held

5  liable to Plaintiffs as alleged.

6

## NO EXPOSURE

7      14.   Defendant alleges on information and belief that Plaintiffs were not

8  exposed to a product distributed by Defendant, and if he was, such exposure was so

9  minimal as to be insufficient to cause the injury, damage, or loss complained of.

10

## FAILURE TO MITIGATE DAMAGES

11      15.   Defendant alleges that Plaintiffs have failed to mitigate his losses,

12  injuries, or damages and is barred from recovering any damages which could have been

13  avoided by reasonable mitigation efforts.

14

## LACK OF NOTICE

15      16.   Defendant alleges that Plaintiffs failed to give reasonable, timely,

16  sufficient and adequate notice to this answering Defendant of the alleged liability, damage

17  or injury, if any.

18

## LACHES

19      17.   Defendant alleges that Plaintiffs have unreasonably delayed in the

20  bringing of this action, without good cause therefore.  Said delay has directly resulted in

21  prejudice to this answering Defendant, and, therefore, this action is barred by laches.

22

## UNCLEAN HANDS

23      18.   Defendant alleges that Plaintiffs are precluded from maintaining any

24  cause of action against this answering Defendant because Plaintiffs' actions preclude

25  equitable relief under the doctrine of unclean hands.

26

## SOPHISTICATED USER

27      19.   At all times relevant hereto, Defendant alleges that Plaintiffs' employer

28  or employers, by reason of the advice, information, warnings, and use, handling, and

CBM-SF\SF391929.1                    -5-

1    storage information given to them, and by reason of their own long-standing and

2    continuous experience with the products, substances, and equipment referred to in

3    Plaintiffs' Complaint, are and were sophisticated users, handlers, and storers of any and

4    all such products, substances, and equipment and thereby acquired a separate and

5    affirmative duty to warn, advise and inform Plaintiffs of any potential harmful effects

6    from the mishandling, misstorage and/or misuse of the subject product, if any.  Said

7    employer's failure to so provide and/or so warn Plaintiffs was a superseding and

8    intervening cause of Plaintiffs' injuries, if any there were.

9                                  NO WARRANTY

10          20.    This answering Defendant gave no warranties, either express or implied,

11   to Plaintiffs, and neither Plaintiffs nor anyone else ever notified this answering Defendant

12   of any claim of breach of warranty resulting in Plaintiffs' alleged injuries.

13                                  LACK OF PRIVITY

14          21.    At all times and places mentioned in Plaintiffs' Complaint, Defendant

15   alleges that Plaintiffs were not in privity of contract with this answering Defendant and

16   said lack of privity bars Plaintiffs' recovery herein upon any theory of warranty.

17                          VAGUENESS OF DEFECT STANDARDS

18          22.    The State of California's judicially created definitions of

19   "manufacturing" and "design defects" and the standards for determining whether there has

20   been an actionable failure to warn are unconstitutional in that, among other things, they

21   are void for vagueness and place an undue burden upon interstate commerce, as well as

22   constitute an impermissible effort to regulate in an area that has previously been

23   preempted by the federal government.

24                   NO MARKET SHARE OR ENTERPRISE LIABILITY

25          23.    Defendant alleges on information and belief that each and every cause of

26   action of Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action

27   under Sindell, "market share", or any theory of enterprise liability.  Defendant further

28   alleges on information and belief that Plaintiffs have failed to join as Defendants in this

CBM-SF\SF391929.1                                   -6-

ANSWER TO COMPLAINT FOR DAMAGES

1  action the producers of a substantial market share of the product or products which

2  allegedly injured Plaintiffs.

3  WORKERS' COMPENSATION — EXCLUSIVE REMEDY

4  24.  Defendant alleges on information and belief that:

5  A.  Plaintiffs have received or will receive disability and medical

6  benefits under a workers' compensation law, or similar laws, from Plaintiffs' employers

7  or former employers or their workers' compensation or similar insurers, on account of the

8  injuries and damages allegedly sustained by Plaintiffs which give rise to this lawsuit, if

9  any there were and therefore Plaintiffs' claims are barred by the statue of limitations per

10  45 U.S.C. section 56 and the exclusive remedy provisions of California *Labor Code*

11  section 3601, et seq.;

12  B.  At the time of any alleged injury, each and every of Plaintiffs'

13  employers and former employers was careless and negligent in and about the matters

14  alleged in Plaintiffs' Complaint, and said carelessness and negligence of each and every of

15  said employers contributed directly and proximately to any alleged injuries or damages

16  sustained by Plaintiffs and/or any or all of said employers; and

17  C.  Any judgment or verdict that might be rendered in favor of

18  Plaintiffs herein should be reduced by the amount of all such payments by said employers

19  or insurers, and that each of said employers or insurers should be barred from any

20  recovery by lien or otherwise in connection with this matter under the authority of *Witt v.*

21  *Jackson*, 57 Cal.2d 57 [17 Cal.Rptr. 369, 360 P.2d 641] (1961).

22  GOVERNMENT SPECIFICATIONS

23  25.  Defendant alleges that it acted solely under the specifications of the U.S.

24  Government and properly performed all work thereunder according to such specifications

25  and that this Defendant is therefore immune to suit under the government contract

26  doctrine as set forth in *Boyle v. United Tech. Corp.* (1988) 487 U.S. 500, and *Sundstrom v.*

27  *McDonnell Douglas Corp.* (N.D. Cal. 1993) 816 F.Supp. 587; any defect in said products

28

1   was caused by deficiencies in the specifications supplied to Defendant, which deficiencies

2   were neither known nor discoverable to Defendant with the exercise of reasonable care.

3                           **STATE OF THE ART**

4         26.   The state of the medical, scientific, and industrial knowledge and

5   practices was at all material times such that this answering Defendant neither breached

6   any alleged duty owed to Plaintiffs, nor knew, or could have known, that the product(s) it

7   allegedly distributed presented a foreseeable risk of harm to Plaintiffs in the normal and

8   expected use of such a product. Any products, substances, or equipment manufactured,

9   formulated, sold, or distributed by this answering Defendant were made consistent with

10   the state of the art applicable to said products, substances, or equipment at the time of

11   their manufacture, sale, formulation, or distribution.

12                          **APPLICABLE LAW**

13         27.   Defendant alleges that as between Plaintiffs and this answering

14   Defendant, the law applicable to this action is the law as it existed during the period this

15   answering Defendant engaged, if at all, in the distribution or sale of the product which

16   Plaintiffs claim caused injury. It is unlawful, inequitable, and in violation of this

17   answering Defendant's contractual, statutory, and constitutional rights to apply principles

18   of law other than or in a manner different from those which existed for the period in

19   which this answering Defendant sold or distributed the products to which Plaintiffs claim

20   exposure.

21                              **OFFSET**

22         28.   This answering Defendant is entitled to an offset regarding all settlements

23   entered into, or to be entered into between Plaintiffs and any person or entity, including

24   Defendants, relating to their claims and allegations in this proceeding.

25             **FAILURE TO JOIN INDISPENSABLE PARTIES**

26         29.   Defendant alleges Plaintiffs failed to join indispensable parties pursuant

27   to *Code of Civil Procedure* section 389.

28

ANSWER TO COMPLAINT FOR DAMAGES

### PUNITIVE DAMAGES — FAILURE TO STATE A CAUSE OF ACTION

30.   Defendant alleges that the Complaint in its entirety, and each cause of action therein, fails to state a cause of action against Defendant for punitive or exemplary damages.

### UNCONSTITUTIONALITY OF PUNITIVE DAMAGES

31.   Defendant alleges that, to the extent that it seeks exemplary or punitive damages pursuant to California *Civil Code* section 3294, the Complaint violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I, section 7, of the California State Constitution, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### PUNITIVE DAMAGES — EXCESSIVE FINES

32.   Defendant alleges that, to the extent that it seeks punitive or exemplary damages pursuant to California *Civil Code* section 3294, the Complaint violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, section 17 of the Constitution of the State of California, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state facts sufficient to support an award of either punitive or exemplary damages.

### VIOLATION OF COMMERCE CLAUSE

33.   Defendant alleges that the Commerce Clause of the United States Constitution, U.S. Const. art. I, section 8, cl. 3, precludes the application of a state statute to commerce that takes place wholly outside of a state's borders, whether or not the commerce has effects within the state; and protects against inconsistent legislation arising from the projection of one state regulatory regime into the jurisdiction of another state.

### PLEAS IN ABATEMENT

34.   Defendant alleges as pleas in abatement:

CBM-SF\SF391929.1                           -9-

1        A.   That another action is pending between the same parties on the

2    same cause of action; and

3        B.   That Plaintiff has improperly joined parties in this action.

4        WHEREFORE, this answering Defendant prays for judgment and relief as

5    follows:

6    **PRAYER**

7        1.   That Plaintiffs take nothing by reason of Plaintiffs' Complaint on file

8    herein;

9        2.   For judgment in favor of this answering Defendant and against Plaintiffs

10    on each and every cause of action of Plaintiffs' Complaint;

11        3.   That this answering Defendant be awarded its costs of suit, including its

12    attorneys' fees;

13        4.   That this answering Defendant be awarded appropriate credits;

14        5.   That this answering Defendant be awarded appropriate credits and setoffs

15    arising out of any payment of workers' compensation settlements as alleged above; and

16        6.   That this answering Defendant be awarded such other and further relief as

17    the Court may deem proper and equitable.

18

19    Dated: January 3(, 2008

20            CARROLL, BURDICK & McDONOUGH LLP

21

22            By _____

23                 Gregory D. Meronek
        Attorneys for Defendant

24            WARREN PUMPS, LLC

25

26

27

28

1 | *Thomas Jorgensen, et al. v. A.W. Chesterton Co., et al.*

2 | San Francisco County Superior Court, Action No. CGC-078-274494

3 | <div align="center">**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**</div>

4 |     I, the undersigned, declare:  that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and am not a party to the action;

5 | and I am employed in the County of San Francisco, California.  My business address is 44 Mongtomery Street, Suite 400, San Francisco, CA 94104.

6 |     On the date executed below, I electronically served the document(s) via

7 | LexisNexis File & Serve described as:

8 | <div align="center">**ANSWER TO COMPLAINT FOR PERSONAL INJURY;**</div>
<div align="center">**DEMAND FOR JURY TRIAL; AND**</div>

9 | <div align="center">**OBJECTION TO ASSIGNMENT OF COMMISSIONER FOR TRIAL**</div>

10 | on recipients designated on the Transaction Receipt located on the LexisNexis File &

11 | Serve website.

12 |     I declare under penalty of perjury pursuant to the laws of the State of California, that the foregoing is true and correct, and was executed on February 1, 2008, at

13 | San Francisco, California.

14

15 | Michelle Seleska

16

17

18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-SF\SF392106.1

PROOF OF SERVICE

# EXHIBIT 32

Evanthia M. Spanos, CSB #111178
BERRY & BERRY
A Professional Corporation
2930 Lakeshore
Oakland, California 94610
Telephone: (510) 250-0220
Facsimile:  (510) 835-5117
Designated Defense Counsel

**F I L E D**
San Francisco County Superior Court
JAN 3 1 2001
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

THOMAS JORGENSEN,

        Plaintiff(s),

        vs.

AW CHESTERTON, et al.,

        Defendants.

No 274494

STIPULATION RE: RELEASE OF RECORDS,

AND ORDER

      Plaintiff above named and all defendants do hereby stipulate and agree to entry of an order of this Court compelling release of all records in the possession, custody and/ or control of the Custodian of Records, National Personnel Records Center, St. Louis, Missouri, including but not limited to, medical, employment, workers' compensation and military records pertaining to Thomas Jorgensen; Place of Birth: _____; Employed at: n/a from: n/a; Branch of Military Service: US Navy from: 1965-67.   The Federal Privacy Act has been specifically considered in entering this stipulation.

      It is further stipulated that all records be released directly to RECORDTRAK, 100 Webster Street, Oakland, CA 94607 for copying, without the necessity of a formal motion and that RECORDTRAK is required by law to send any records they obtain to plaintiff's counsel for a first look

///

///

pursuant to General Order No. 29 or, if applicable, General Order No. 140 of the San Francisco Superior

1  Court. [This case is subject to General Order No. 140 of the San Francisco Superior Court.]

2  Dated: _____                    LEVIN SIMES & KAISER

3

4                                          By _____
                                              Attorney for Plaintiff

5

6  Dated: _1-28-08_                         BERRY & BERRY

7                                          A Professional Corporation

8

9                                          By _____
                                              Evanthia Spanos, Esquire

10                                            Designated Defense Counsel

11

12                                      **ORDER**

13         IT IS HEREBY ORDERED that the custodian of Records, National Personnel Records Center,

14  St. Louis, Missouri, produce all records in his possession, custody and/or control pertaining to; Thomas

15  Jorgensen including but not limited to, medical, employment, and Workers' Compensation records, all

16  pursuant to 5 U.S.C. Section 522a(b)11. The Federal Privacy Act has been specifically considered in

17  ordering the release of these records and this order is made pursuant to that Act. IT IS FURTHER

18  ORDERED the records be released directly to **RECORDTRAK**, and that the copies of any records

19  received will be provided to plaintiff's counsel for a first look pursuant to General Order 129 or, if

20  applicable, General Order No. 140 of the San Francisco Superior Court.

21  Dated: _1/29/08_                       _____

22                                          Judge of the Superior Court

23  The language of this stipulation has been authorized by San Francisco Superior Court. No alteration of or deletion to

24  this form may be made by plaintiff or plaintiff's attorney without order of the San Francisco Superior Court on

25  noticed motion.

26  ///

27

28

Exhibit N-3 to General Order No. 129                    -2-

# EXHIBIT 33

JAN. 22. 2008  5:24PM   LSKJG                                          NO. 9782   P. 1/4

1   Evanthia M. Spanos, CSB #111178
    BERRY & BERRY
2   A Professional Corporation
    2930 Lakeshore
3   Oakland, California 94610
    Telephone: (510) 250-0220
4   Facsimile:  (510) 835-5117
    Designated Defense Counsel
5

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                  IN AND FOR THE COUNTY OF SAN FRANCISCO

9

10  THOMAS JORGENSEN,                        )   No 274494
                                             )
11             Plaintiff(s),                 )   STIPULATION RE: RELEASE OF RECORDS,
                                             )
12      vs.                                  )   AND ORDER
                                             )
13  AW CHESTERTON, et al.,                   )
                                             )
14             Defendants.                   )

15

16          Plaintiff above named and all defendants do hereby stipulate and agree to entry of an order

17  of this Court compelling release of all records in the possession, custody and/ or control of the

18  Custodian of Records, National Personnel Records Center, St. Louis, Missouri, including but not limited

19  to, medical, employment, workers' compensation and military records pertaining to Thomas

20  Jorgensen; Place of Birth: _____;  Employed at: n/a from: n/a; Branch of

21  Military Service: US Navy from: 1965-67.   The Federal Privacy Act has been specifically considered in

22  entering this stipulation.

23          It is further stipulated that all records be released directly to RECORDTRAK, 100 Webster

24  Street, Oakland, CA 94607 for copying, without the necessity of a formal motion and that

25  RECORDTRAK is required by law to send any records they obtain to plaintiff's counsel for a first look

26  ///

27  ///

28  pursuant to General Order No. 29 or, if applicable, General Order No. 140 of the San Francisco Superior

Exhibit N-3 to General Order No. 129                    -1-

1    Court. [This case is subject to General Order No. 140 of the San Francisco Superior Court.]

2    Dated: 1/22/08                        LEVIN SIMES & KAISER

3

4                                          By
                                              Attorney for Plaintiff
5

6    Dated: 1-24-08                        BERRY & BERRY

7                                          A Professional Corporation

8                                          By
9                                             Evanthia Spanos, Esquire
                                              Designated Defense Counsel
10

11

12                              **ORDER**

13        IT IS HEREBY ORDERED that the custodian of Records, National Personnel Records Center,

14   St. Louis, Missouri, produce all records in his possession, custody and/or control pertaining to; Thomas

15   Jorgensen including but not limited to, medical, employment, and Workers' Compensation records, all

16   pursuant to 5 U.S.C. Section 522a(b)11. The Federal Privacy Act has been specifically considered in

17   ordering the release of these records and this order is made pursuant to that Act. IT IS FURTHER

18   ORDERED the records be released directly to **RECORDTRAK**, and that the copies of any records

19   received will be provided to plaintiff's counsel for a first look pursuant to General Order 129 or, if

20   applicable, General Order No. 140 of the San Francisco Superior Court.

21   Dated: 1/30/08

22                                          Judge of the Superior Court
                                            BRUCE E. CHAN
23   The language of this stipulation has been authorized by San Francisco Superior Court. No alteration of or deletion to

24   this form may be made by plaintiff or plaintiff's attorney without order of the San Francisco Superior Court on

25   noticed motion.

26   ///

27

28

     Exhibit N-3 to General Order No. 129                    -2-

# EXHIBIT 34

1  PRINDLE, DECKER & AMARO LLP
   WILLIAM M. HAKE, ESQ. (Bar No. 110956)
2  369 Pine Street, Suite 800
   San Francisco, California 94104
3  Telephone: (415) 788-8354

4  COOLEY MANION JONES LLP
   21 Custom House Street
5  Boston, MA 02110-3536
   Telephone: (617) 737-3100

6

7  Attorneys for Defendant,
   A.W. CHESTERTON COMPANY
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE COUNTY OF SAN FRANCISCO

11

12  THOMAS JORGENSEN et, al.,              )    CASE NO. CGC-07-274494
                                           )
13                Plaintiff(s),            )    DEFENDANT A.W. CHESTERTON
                                           )    COMPANY'S OBJECTION TO
14  vs.                                    )    STIPULATION OF HEARING BY
                                           )    COMMISSIONER
15  A.W. CHESTERTON COMPANY,               )
                                           )
16                Defendant(s).            )
                                           )
17                                         )
                                           )
18  _____     )
                                           )
19                                         )

20

21       PLEASE TAKE NOTICE that defendant A.W. CHESTERTON COMPANY does

22  not stipulate and hereby objects to any Discovery Commissioner hearing any discovery

23  matter in this action pursuant to San Francisco Superior Court Rules.

24  DATED:  January 29, 2008           PRINDLE, DECKER & AMARO LLP

25

26                                     _____
                                       WILLIAM M. HAKE, ESQ.
27                                     Attorneys for Defendant,
                                       A.W. CHESTERTON COMPANY
28

Objection to Hearing by Commissioner            -1-

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**

1

2      I, Sunshine D. Robles, declare as follows:

3          That I am, and was as the time of service of the documents herein referred to, over the age

4  of 18 years, and not a party to the action; and I am employed in the County of San Francisco,

5  California.  My business address is 369 Pine Street, Suite 800, San Francisco, California 94104.

6  On January 30, 2008, I electronically served the document(s) via LexisNexis File & Serve

7  described as:

8      **DEFENDANT A.W. CHESTERTON COMPANY'S OBJECTION TO**

9  **STIPULATION OF HEARING BY COMMISSIONER**

10          On the recipients designated on the Transaction Receipt located on the LexisNexis File &

11  Serve website.  I declare under penalty of perjury pursuant to the laws of the State of California

12  that the foregoing is true and correct and was executed on January 30, 2008 at San Francisco,

13  California.

14                                                    Sunshine D. Robles

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Objection to Hearing by Commissioner                    -2-

# EXHIBIT 35

1  PRINDLE, DECKER & AMARO LLP
   WILLIAM M. HAKE, ESQ. (Bar No. 110956)
2  369 Pine Street, Suite 800
   San Francisco, California 94104
3  Telephone: (415) 788-8354

4  COOLEY MANION JONES LLP
   21 Custom House Street
5  Boston, MA 02110-3536
   Telephone: (617) 737-3100

6

7  Attorneys for Defendant,
   A.W. CHESTERTON COMPANY

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          IN AND FOR THE COUNTY OF SAN FRANCISCO

11                                    )    CASE NO. CGC-07-274494
12  THOMAS JORGENSEN et, al.,         )
                                      )    **DEFENDANT A.W. CHESTERTON**
13              Plaintiff(s),         )    **COMPANY'S DEMAND FOR TRIAL**
                                      )    **BY JURY AND ESTIMATE OF**
14  vs.                               )    **LENGTH OF TRIAL**
                                      )
15  A.W. CHESTERTON COMPANY,          )
                                      )
16              Defendant(s).         )
                                      )
17  _____    )
                                      )
18                                    )

19

20          TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES

21  HEREIN:

22          PLEASE TAKE NOTICE that defendant A.W. CHESTERTON COMPANY hereby

23  demands a trial by jury in the above-entitled action and estimates that the length of trial

24  will be six to eight weeks in duration.

25  DATED:  January 29, 2007          PRINDLE, DECKER & AMARO LLP

26
27                                    WILLIAM M. HAKE, ESQ.
                                      Attorneys for Defendant,
                                      A.W. CHESTERTON COMPANY
28

Demand for Trial by Jury                    -1-

<u>**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**</u>

I, Sunshine D. Robles, declare as follows:

That I am, and was as the time of service of the documents herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Francisco, California. My business address is 369 Pine Street, Suite 800, San Francisco, California 94104. On January 30, 2008, I electronically served the document(s) via LexisNexis File & Serve described as:

**DEFENDANT A.W. CHESTERTON COMPANY'S DEMAND FOR TRIAL BY JURY AND ESTIMATE OF LENGTH OF TRIAL**

On the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website. I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on January 30, 2008 at San Francisco, California.

Sunshine D. Robles

# EXHIBIT 36

1  PRINDLE, DECKER & AMARO LLP
   WILLIAM M. HAKE, ESQ. (Bar No. 110956)
2  369 Pine Street, Suite 800
   San Francisco, California 94104
3  Telephone: (415) 788-8354

4  COOLEY MANION JONES LLP
   21 Custom House Street
5  Boston, MA 02110-3536
   Telephone: (617) 737-3100

6

7  Attorneys for Defendant,
   A.W. CHESTERTON COMPANY

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SAN FRANCISCO

11

12  THOMAS JORGENSEN et, al.,              )   CASE NO. CGC 07-274494
                                           )
13               Plaintiff(s),             )   DEFENDANT A.W. CHESTERTON
                                           )   COMPANY'S ANSWER TO
14  vs.                                    )   COMPLAINT FOR DAMAGES,
                                           )   NEGLIGENCE, STRICT LIABILITY,
15  A.W. CHESTERTON COMPANY,               )   PUNITIVE DAMAGES, LOSS OF
                                           )   CONSORTIUM, (ASBESTOS)
16               Defendant(s).             )
                                           )
17                                         )
                                           )
18                                         )
                                           )
19  _____ )

20

21       COMES NOW, Defendant, A.W. CHESTERTON COMPANY,  for itself alone,

22  and in answer to plaintiffs' Complaint on file herein, and to each and every cause of

23  action thereof, and by virtue of the provisions of CCP Section 431.30, now files its

24  general denial to said Complaint and to each and every cause of action thereof, and in

25  answer to all the allegations thereof, denies that the plaintiffs have been damaged in

26  any sum or sums whatsoever, or at all, by any act or omission of this answering

27  defendant.

28  / / /

Answer to Plaintiff's Complaint                    -1-

1 AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this

2 answering defendant alleges that the Complaint and each cause of action therein, fails

3 to state facts sufficient to constitute a cause of action.

4     AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

5 DEFENSE, this answering defendant alleges that plaintiffs are barred from recovery by

6 the applicable statute of limitations, including but not limited to California Code of Civil

7 Procedure Sections 319, 320, 337.1, 337.15, 338, 399, 340 (3), 340.2, 343, and

8 California Commercial Code Sections 2725 (1) and 2725(2).

9     AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

10 this answering defendant alleges that the plaintiffs were themselves negligent and

11 careless in and about the matters and events alleged in the Complaint, and said

12 negligence proximately contributed to the alleged damages, if any there were, and as a

13 result thereof, the principles of equitable comparative negligence must be applied to bar

14 plaintiffs' action.

15     AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

16 DEFENSE,  this answering defendant alleges that the injuries, loss and/or damages

17 alleged in said Complaint by plaintiffs, if any there was, were caused by the

18 carelessness and negligence on the part of the remaining defendants in that said

19 carelessness and negligence on the part of said remaining defendants proximately

20 contributed to the happening of the subject event and the injuries, loss or damages

21 alleged by the plaintiffs' herein, and that any judgment rendered against this answering

22 defendant be reduced or nullified to the extent of such negligence and carelessness on

23 the part of the remaining defendants as aforesaid.

24     AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

25 this answering defendant alleges that the plaintiffs' injuries and damages which may

26 have been sustained as a result of events mentioned in the Complaint, if any there was,

27 were proximately caused by the carelessness and negligence of plaintiffs and the

28 remaining defendants, and that the respective negligence of each said party to this suit

Answer to Plaintiff's Complaint                    -2-

1  ought to be equitably apportioned among the parties hereto.

2      AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

3  this answering defendant alleges that at the time of the occurrence of the matters

4  mentioned in the plaintiffs' Complaint, the plaintiffs themselves had knowledge of those

5  matters alleged in the Complaint and plaintiffs did, with said knowledge, voluntarily and

6  of their free will and act, place themselves in an unsafe and dangerous position and by

7  reason thereof, plaintiffs did assume the risk and all risks ordinarily incident thereto.

8      AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

9  DEFENSE, THIS ANSWERING DEFENDANT alleges that the products referred to in

10  the Complaint were not used in a safe and normal manner or in the manner in which

11  they were intended to be used, and that such misuse proximately contributed to the

12  injuries to plaintiffs and the damages and losses resulting therefrom, if any there were,

13  and bars plaintiffs' recovery herein.

14      AS AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

15  DEFENSE, this answering defendant alleges that prior to and at the time referred to in

16  plaintiffs' Complaint, the products referred to in the Complaint were abused, altered,

17  modified, or changed in a manner that was not reasonably foreseeable, that such

18  abuse, modification, alteration, or change proximately contributed to the injuries to

19  plaintiffs and the damages and losses resulting therefrom, if any there were, and bars

20  plaintiffs' recovery herein.

21      AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

22  this answering defendant alleges that at all times herein mentioned, plaintiffs were in

23  the course and scope of their employment and that the injuries sustained by plaintiffs, if

24  any there were, were caused or contributed to by the carelessness and negligence of

25  plaintiffs' employers, entitling this answering defendant to a set-off in the amount equal

26  to the extent of payments made by said employers' workers' compensation carrier.

27      AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE

28  DEFENSE, this answering defendant alleges that the plaintiffs' employers were

Answer to Plaintiff's Complaint          -3-

1  negligent and careless in and about the matters alleged in the Complaint and

2  proximately contributed to the injuries and damages, if any there were, sustained by

3  plaintiffs; that by reason of the premises said employers and their workers'

4  compensation carrier are barred from recovery of any payments heretofore or hereafter

5  made to plaintiffs pursuant to the workers' compensation laws of the State of California

6  under doctrine of Witt v. Jackson, 57 Cal.2d 57.

7      AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE

8  DEFENSE, this answering defendant alleges that plaintiffs' Complaint herein is barred

9  by Labor Code §3600, et seq.

10      AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE

11  DEFENSE, this answering defendant alleges that plaintiffs' Complaint herein is barred

12  by the Doctrine of Laches.

13      AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

14  DEFENSE, this answering defendant alleges that the asbestos-containing products of

15  defendant which are alleged to have caused injury to plaintiffs were manufactured in

16  compliance with and supplied pursuant to mandatory government specifications which

17  required the use of asbestos. Accordingly, defendant is immune from liability or any

18  damages suffered by plaintiffs as a consequence of exposure to asbestos contained in

19  such products.

20      AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

21  DEFENSE, this answering defendant alleges that its compliance with all governmental

22  standards is a complete defense to plaintiffs' action.

23      AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

24  DEFENSE, this answering defendant alleges that plaintiffs failed and neglected to use

25  reasonable care to protect themselves and to minimize the losses and damages

26  complained of, if any there were.

27      AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

28  DEFENSE, this answering defendant alleges that plaintiffs are barred from asserting

Answer to Plaintiff's Complaint                    -4-

1  any claim based on breach of warranty by reason of their failure to fulfill the conditions

2  of warranties alleged in the Complaint in the event such alleged warranties are proved

3  at trial.

4         AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

5  DEFENSE, this answering defendant alleges that plaintiffs within a reasonable time

6  failed to give notice to defendant of the claimed breach of warranty or defects alleged in

7  the Complaint on file herein in the manner and form prescribed by law.

8         AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

9  DEFENSE, this answering defendant alleges that there was no privity or other legal

10  relationship between this answering defendant and plaintiffs herein sufficient to entitle

11  the plaintiffs to any legal relief by said defendant.

12         AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE

13  DEFENSE, this answering defendant alleges that plaintiffs claim for punitive damages

14  is prohibited because it would deprive defendant of its property without due process of

15  law under the 14th Amendment of the United States Constitution and under the

16  California Constitution.  See U.S. Constitution, Amendment XIV, §1; Cal. Constitution,

17  Art I. §7(a).

18         AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE

19  DEFENSE, this answering defendant alleges that plaintiffs' claim for punitive damages

20  is barred by the Constitutional Prohibition against excessive fines.  (See U.S.

21  Constitution, Amendment VII; California Constitution, Art 1. §17.)

22         AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

23  DEFENSE, this answering defendant alleges that plaintiffs' claim for punitive damages

24  is barred by the Constitutional Prohibition against impairing the obligation of contracts.

25  See U.S. Constitution, Art I, §X, C1.  See California Constitution, Art. I§9.

26         AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT

27  AFFIRMATIVE DEFENSE, this answering defendant alleges that any claim for punitive

28  or exemplary damages pursuant to California law herein constitutes a violation of equal

Answer to Plaintiff's Complaint                    -5-

1  protection prohibited by the United States Constitution and the Constitution of the State

2  of California and therefore fails to make a claim upon which relief can be granted.

3        AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE

4  DEFENSE, this answering defendant alleges that the Complaint on file herein as to

5  state facts sufficient to constitute a cause of action for punitive damages.

6        AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT

7  AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiffs' claim for

8  punitive damages must consider the degree of reprehensibility of defendant's conduct,

9  the disparity between the compensatory damages and punitive damages and the

10  difference between punitive damages and the civil sanctions that could or would be

11  imposed for comparable conduct.  These considerations were outlined by the U.S.

12  Supreme Court in BMW of North America v. Gore (1996) 517 U.S. 559, and Cooper

13  Industries v. Leatherman Tool Group, Inc.  (2001) 532 U.S. 524.

14        AS AND FOR A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE

15  DEFENSE, this answering defendant alleges that, to the extent plaintiffs may be able to

16  prove their allegations concerning liability, injuries and damages, which are specifically

17  denied, they were the result of intervening acts of superseding negligence on the part of

18  a person or persons over whom this defendant had neither control nor the right of

19  control.

20        AS AND FOR A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE

21  DEFENSE, this answering defendant alleges that plaintiffs are barred from asserting

22  any causes of action by the Doctrine of Waiver.

23        AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT

24  AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiffs are estopped

25  from asserting any causes of action by their conduct.

26        AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE

27  DEFENSE, this answering defendant alleges that plaintiffs have failed to join necessary

28  and indispensable parties.

Answer to Plaintiff's Complaint          -6-

1      AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE

2  DEFENSE, this answering defendant alleges that plaintiffs have improperly joined or

3  misjoined it and other parties to this action.

4      AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE

5  DEFENSE, this answering defendant alleges that any claims that the alleged products

6  are unsafe or defective in any manner are preempted by federal law.

7      AS AND FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

8  DEFENSE, this answering defendant alleges that any injuries and damages, if any

9  there be, alleged by plaintiffs in the Complaint, were proximately caused by an

10  unforseeable reaction to the product or products and/or one or more of its, of their,

11  components.

12      AS AND FOR A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

13  DEFENSE, this answering defendant alleges that if plaintiffs' claims were already

14  litigated and resolved in any prior action, plaintiffs' claims herein are barred based on

15  the primary right and res judicata doctrines which prohibit splitting a single cause of

16  action into successive suits, and seeking new recovery for injuries for which the

17  plaintiffs were previously compensated by alleged joint tortfeasors.

18      AS AND FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE

19  DEFENSE, this answering defendant alleges that plaintiffs' claims are barred by the

20  principles of res judicata.

21      AS AND FOR A THIRTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE

22  DEFENSE, plaintiffs' action, and each alleged cause of action, is barred by the terms

23  and provisions of California Code of Civil Procedure Section 361.

24      WHEREFORE, Defendant, A.W. CHESTERTON COMPANY prays for judgment

25  as follows:

26      1.  That plaintiffs take nothing by way of their Complaint or any cause of action

27  thereof against this answering defendant;

28      2.  That the Court award judgement in favor of this answering defendant;

Answer to Plaintiff's Complaint      -7-

1    3.  For reasonable attorney fees;

2    4.  For costs of suit and disbursements; and

3    5.  For such other and further relief as the Court may deem proper.

4   DATED:    January 30, 2008            PRINDLE, DECKER & AMARO LLP

5

6                                         WILLIAM M. HAKE, ESQ.
7                                         Attorneys for Defendant,
                                          A.W. CHESTERTON COMPANY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Plaintiff's Complaint              -8-

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

1

2  I, Sunshine D. Robles, declare as follows:

3        That I am, and was as the time of service of the documents herein referred to, over the age

4  of 18years, and not a party to the action; and I am employed in the County of San Francisco,

5  California.  My business address is 369 Pine Street, Suite 800, San Francisco, California 94104.

6  On January __30__, 2008, I electronically served the document(s) via Lexis Nexis File & Serve

7  described as:

8  **DEFENDANT A.W. CHESTERTON COMPANY'S ANSWER TO COMPLAINT FOR**

9  **DAMAGES, NEGLIGENCE, STRICT LIABILITY, PUNITIVE DAMAGES, LOSS OF**

10  **CONSORTIUM, (ASBESTOS)**

11        On the recipients designated on the Transaction Receipt located on the Lexis Nexis File

12  & Serve website.  I declare under penalty of perjury pursuant to the laws of the State of

13  California that the foregoing is true and correct and was executed on January __30__ 2008 at San

14  Francisco, California.

15                                      _Sunshine Dawn Robles_
                                        Sunshine D. Robles

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Plaintiff's Complaint                    -9-

# EXHIBIT 37

1  DAVID M. GLASPY, Esq. (SBN 95332)
   BRIAN S. O'MALLEY, Esq. (SBN 111921)
2  JAMES O. HARTMAN Esq., (SBN 61438)
   **LAW OFFICES OF GLASPY & GLASPY, INC.**
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 750
4  Walnut Creek, CA 94596
   Telephone: (925) 947-1300
5  Facsimile: (925) 947-1594

6  Attorneys for Defendant
7  Garlock Sealing Technologies, LLC

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE COUNTY OF SAN FRANCISCO

11  THOMAS JORGENSEN and PATRICIA      )   Case No.:  274494
    JORGENSEN                          )
12                                     )
                 Plaintiffs,           )   ANSWER TO COMPLAINT FOR
13  v.                                 )   DAMAGES
                                       )
14                                     )
    A.W. CHESTERTON COMPANY, et al.,   )
15                                     )
                 Defendants.           )
16                                     )

17

18      Defendants, GARLOCK SEALING TECHNOLOGIES, LLC, (hereinafter

19  "GARLOCK") responds to plaintiffs (s') Unverified Complaint as follows:

20      Answering the allegations of plaintiff's(s') Complaint on file herein, this answering

21  defendant denies each and every, all and singular, generally and specifically, the allegations

22  contained in said complaint, and each and every part thereof, and in this connection denies

23  that plaintiff(s) has/have been injured or damaged in any sum or sums, or at all, by reason of

24  any carelessness, negligence, act or omissions of this defendant.

25  ///

26  ///

27

28

**DEFENDANT HEREBY ASSERTS THE FOLLOWING SEPARATE AND**

**DISTINCT, AFFIRMATIVE DEFENSES:**

1.     That the plaintiff's claim is barred because it was not presented within the time prescribed by law for the commencement of an action upon the claim asserted, pursuant to the appropriate statutes of limitation, including, but not limited to the following separate and distinct sections of the <u>California Code of Civil Procedure</u>, contained in Part II, Title II, Chapter 3, beginning with Section 335 and continuing through Section 349 ¾. This action was not commenced within one year from the time of injury to plaintiff.

2.     That the complaint, and all causes of action contained therein, have failed to set forth facts and allegations sufficient to constitute a cause of action against this answering defendant in that the complaint fails to state with particularity the circumstances constituting the alleged fraudulent concealment of the alleged wrongs.

The defendant has never engaged in any deception or fraud. The claims asserted in the complaint, therefore, are barred by the relevant statutes of limitation.

3.     That plaintiff unreasonably delayed in bringing this action, without good cause therefore, and thereby has prejudiced the rights of the answering defendant, and as a direct and proximate result thereof, this action is barred by laches.

4.     That plaintiff had not been injured by any product manufactured by Garlock.

That at all relevant times, all Garlock products were in conformity with the state of the art in the industry and with Federal Standards. The products made by Garlock are not inherently dangerous to human safety. Any asbestos in any Garlock product is locked in, incapsulated, and firmly bound or otherwise contained. Garlock products do not release dangerous amounts of asbestos dust or fibers into the air.

5.     That Garlock has had no notice or reason to believe that any of its products might be potentially hazardous, since, inter alia, any asbestos fibers contained in its products are locked in, incapsulated, and firmly bound, or otherwise contained. Garlock could not have reasonably foreseen any danger associated with the use of any of its products and may not be charged with the notice that any of its products posed hazard.

Garlock has never been and is not now a part of the "asbestos and insulation products" industry to which plaintiff refers. Any alleged knowledge possessed by members of said industry was not shared by and may not be imputed to Garlock because Garlock has not manufactured asbestos-containing insulation products.

6.     That Garlock did not know or believe and had no reason to know or believe at the time the plaintiff was allegedly exposed to its asbestos-containing products, or at any time, that they posed a risk sufficient to give rise to a duty to warn.

That at all times since the enactment of the Occupation Safety and Health Act (OSHA), Garlock has fully complied with the requirements of OSHA and rules and regulations thereunder.

7.  That any warranties deemed to have been made by Garlock were either fulfilled, terminated or disclaimed.

8.  That insofar as the complaint is based on an allegation of misrepresentation and fraud by Garlock, the complaint fails to state with particularity the circumstances constituting the alleged fraud. The complaint, therefore, fails to state a claim against Garlock upon which relief may be granted. Garlock has never engaged in any concealment, misrepresentation or fraud.

-3-
--------

ANSWER TO COMPLAINT FOR DAMAGES

9.    That the alleged injuries of plaintiff were caused, in whole or in part, by his own acts or omissions in that, among other things:

a.    Plaintiff failed to exercise ordinary care for his own safety when he knew or should have known of the hazards incident to his work;

b.    Plaintiff failed to utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working might be harmful;

c.    Plaintiff failed to use properly Garlock products and subjected them to use that was abnormal, inappropriate, improper and not reasonably foreseeable by Garlock;

d.    Plaintiff failed to advise, request or demand that his employer provide proper safety equipment, clothing and protective devices for his use as an employee;

e.    Plaintiff failed to heed advice and warnings given about proper and safe working conditions and use of the products with which he was working and failed to use equipment provided to him by his employer and others.

10.    That plaintiff assumed any risks incident to his employment, including exposure to asbestos. Plaintiff, at all times mentioned in the complaint, was aware of all conditions of his employment, and fully appreciated all the risks, is any, that were involved, including exposure to asbestos. Notwithstanding such knowledge on the part of the plaintiff, plaintiff continued in his employment and voluntarily assumed the risk of the very injuries, if any, of which the plaintiff complains. Such an assumption of the risks is a bar to any recovery against Garlock.

11.    That the injuries and damages alleged in said complaint, and each and every cause of action thereof, if any there were, were the direct and proximate result of the misuse, abuse or alteration of said products after they left the custody and the control of Garlock by plaintiff and his employer.

12.    That the culpable conduct of the plaintiff, including his own negligence and assumption of the risk, caused, in whole or in part, the damages alleged in the complaint, and, therefore, the alleged damages should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to any culpable conduct by Garlock that allegedly caused damage to the plaintiff.

13.    That any finding of negligence against this answering defendant should be compared to the negligence of all other parties to this action, including the plaintiff and all other defendants.

14.    That any alleged injuries to the plaintiff were due to and solely caused by the negligence of his employers, their agents and employees, in failing to provide safe and suitable working conditions; in failing to train properly and supervise the plaintiff; in failing to warn the plaintiff of any dangerous condition that such employer, their agents and employees knew or should have known were incident to the work being performed by the plaintiff; and in failing to provide safety equipment to the plaintiff. The negligence of said employer, their agents and employees, is an intervening and superseding cause of the alleged injuries to the plaintiff and a bar to any recovery by the plaintiff against Garlock.

15.    That the employer of plaintiff was aware of the possible risks, if any, involved in the utilization of materials containing asbestos, and fully appreciated all of the risks, if any, and further voluntarily assumed the risks of injuries, loss and damages, if any, as set

-5-

--------
--------
ANSWER TO COMPLAINT FOR DAMAGES

forth in the complaint. The assumption of this risk proximately contributed to and caused the damages, if any, described in the complaint.

16.    That the worker's compensation carriers for said employers have made and will in the future make certain payments to the plaintiff herein by reason of the injuries plaintiff allegedly received while in the course and scope of his employment for said employers. That the aforesaid carelessness and negligence of plaintiff's employers bar recovery against this answering defendant of all sums paid or to be paid to or on behalf of plaintiff by way of worker's compensation benefits as aforesaid. That the carelessness and negligence of said employers is by law imputed to said insurance carriers.

17.    That the complaint herein, and each cause of action thereof, is barred as against this defendant by the provisions of the California Labor Code, Section 3601, et seq.

18.    That insofar as the complaint purports to assert a claim for punitive damages, it is premised on an alleged course of conduct vis a vis, the general public, and the plaintiff is this action, is therefore, not the real party in interest as to said purported punitive damage claim, and is barred and foreclosed from asserting such claim.

19.    Garlock did not participate in any of the activities for which plaintiff asserts that punitive damages may be assessed.

20.    Any asbestos-containing products manufactured and sold by this defendant which give rise to plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of this defendant, and by

1  reason thereof this defendant is entitled to such immunity from liability as exists in favor of

2  the United States Government or its agencies.

3      WHEREFORE, Defendant prays judgment that plaintiff take nothing by reason of the

4

5  complaint on file herein; that defendant have and recover their costs of suit herein incurred;

6  and for such other and further relief as the court may deem just and proper under the

7  circumstances.

8  Dated: January 24, 2008                    GLASPY & GLASPY

9

10                                            James O. Hartman, Esq.

11                                            Attorney For Defendants

12                                            Garlock Sealing Technologies, Inc.,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

--------

ANSWER TO COMPLAINT FOR DAMAGES

1

PROOF OF SERVICE

2

I declare that:

3

I am employed in the County of Contra Costa, State of California. I am over the age

4

of 18 years and not a party to the within action. My business address is One Walnut Creek
Center, 100 Pringle Avenue, Suite 750, Walnut Creek, California 94596.

5

On the date listed below, I served the following document(s):

6

7

**ANSWER TO PLAINTIFFS' COMPLAINT**

8

By transmitting a true copy to:

9

**SEE ATTACHED LIST**

10

Via the following method:

11

12

____X____                    (By LexisNexis File & Serve):  By personally transmitting a true
copy thereof via electronic mail to LexisNexis for e-mailing to all

13

parties in this action.

14

_____                    (By Mail):  This document, which is in an envelope addressed as
stated above, sealed with postage thereon fully prepaid and will be

15

deposited with the United States Postal Service this date in the

16

ordinary course of business.

17

_____                    (By Fed-Ex): This document, which is in an envelope addressed as
stated above, sealed and all fees prepaid and deposited in the Federal

18

Express located on the first floor at 100 Pringle Avenue, Walnut

19

Creek, California on this date in the ordinary course of business.

20

_____                    (By Personal Service): By personally delivering a true copy thereof to
the office of the addresses attached by courier service.

21

22

I declare under penalty of perjury that the foregoing is true and correct.

23

Executed on this January 30, 2008 at Walnut Creek, California.

24

25

Shannon R. Jackson

26

27

28

1

## SERVICE LIST

2

3

Attorney for Plaintiff

4

William Levin, Esq.
Jeffrey Kaiser, Esq.

5

Michael Mandelbrot, Esq.
Levin Simes & Kaiser, LLP

6

44 Montgomery Street, 36th Floor
San Francisco, CA 94104

7

(415) 646-7160/(415) 981-1270

8

Coordinating Defense Counsel

9

Berry & Berry

10

P.O. Box 16070
Oakland, CA 94610

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 38

MICHAEL A. VASQUEZ (SBN 119045)
MICHAEL J. ESTRADA (SBN 121439)
LLOYD D. COWELL (SBN 214382)
VASQUEZ & ESTRADA LLP
1000 Fourth Street,  Suite 700
San Rafael, CA 94901
Telephone:  (415) 453-0555
Facsimile:  (415) 453-0549

Attorneys for Defendant
HILL BROTHERS CHEMICAL COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

|  |  |
|---|---|
| THOMAS JORGENSEN and PATRICIA JORGENSEN,<br><br>                          Plaintiffs,<br><br>        vs.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>                          Defendants. | Case No. CGC-08-274494<br><br>DEFENDANT HILL BROTHERS CHEMICAL COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR NEGLIGENCE, STRICT LIABILITY, PUNITIVE DAMAGES, LOSS OF CONSORTIUM – ASBESTOS<br><br>Action Filed:  January 3, 2008 |

Pursuant to Code of Civil Procedure Section 431.30, Subdivision (d), defendant HILL BROTHERS CHEMICAL COMPANY (hereinafter referred to as "HILL BROTHERS") answers the unverified complaint of plaintiffs THOMAS JORGENSEN and PATRICIA JORGENSEN, (hereinafter collectively referred to as "plaintiffs"), as follows:

1. The answering defendant denies generally and specifically, all and singular, each and every allegation contained in the complaint and denies that plaintiffs have been damaged in any sum, manner or at all.

2. Defendant further denies that the injuries or damages complained of, if any, were due or caused by any carelessness or negligence or any act or omission on the part of said answering defendant.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The complaint and the separate causes of action therein fail to state facts sufficient to

constitute a cause of action against said answering defendant.

### SECOND AFFIRMATIVE DEFENSE

The complaint and the separate causes of action therein are barred by the provisions of §§ 335.1, 338.1, 339, 340.2, 340.8, 343, 583.210, 583.310 and 583.410 of the California Code of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have unreasonably delayed in the commencement of this action to the prejudice of HILL BROTHERS whereby the complaint and each cause of action therein are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint and the separate causes of action are barred under the doctrines of collateral estoppel or res judicata, or both.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs were contributorily negligent; that such contributory negligence was a proximate cause of plaintiffs' alleged damages, if any, which are therefore diminished in direct proportion to the fault attributable to plaintiffs as compared with that of said answering defendant.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint and the separate causes of action are barred on the grounds that plaintiffs knew, or in the exercise of ordinary care, should have known, of the risk of the injuries or damages alleged in the complaint, if any, and nevertheless did freely and voluntarily assume said risk and this undertaking proximately caused and contributed to the loss, injuries or damages, if any, alleged by plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the negligence of this answering defendant, if in fact this answering defendant was negligent and the liability, if any, of said answering defendant should be diminished in direct proportion to the fault, if any, attributable to others as compared with that of said answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

1  Defendant alleges that if plaintiffs have suffered any damages, which HILL BROTHERS

2  expressly denies, HILL BROTHERS alleges that plaintiffs' recovery for those damages is barred by

3  plaintiffs' failure to mitigate those damages.

4  ### NINTH AFFIRMATIVE DEFENSE

5  Defendant alleges that plaintiffs named HILL BROTHERS in this litigation without a reasonable

6  investigation. Accordingly, HILL BROTHERS pursuant to California Code of Civil Procedure, § 128.5,

7  requests reasonable expenses, including attorneys' fees incurred by this defendant as a result of the

8  maintenance by plaintiffs of this bad faith action.

9  ### TENTH AFFIRMATIVE DEFENSE

10  Defendant alleges that plaintiffs' damages, if any, were proximately caused by an unforeseeable,

11  independent, intervening and/or superseding event beyond the control and unrelated to any conduct of

12  HILL BROTHERS. HILL BROTHERS' actions, if any, were superseded by the negligence and wrongful

13  conduct of others.

14  ### ELEVENTH AFFIRMATIVE DEFENSE

15  Defendant alleges that the court lacks subject matter jurisdiction over the matters alleged in the

16  complaint because the complaint and each alleged cause of action against defendant are barred by the

17  provisions of California Labor Code, § 3601, et seq.

18  ### TWELFTH AFFIRMATIVE DEFENSE

19  Defendant alleges that at the times of the damages alleged in plaintiffs' complaint, plaintiff

20  THOMAS JORGENSEN's employers were negligent and that such negligence on the part of said

21  employers proximately caused the injuries, loss and damages, including non-economic damages,

22  complained of by plaintiffs, if any there were; and that defendant is not liable for said employers'

23  proportionate share of non-economic damages.

24  ### THIRTEENTH AFFIRMATIVE DEFENSE

25  Defendant alleges that at the time of the injuries alleged in the complaint, all of plaintiff

26  THOMAS JORGENSEN's employers were sophisticated users of asbestos containing products and said

27  employers' negligence in providing the product to its employees in a negligent, careless and reckless

28  manner was a superseding, intervening cause of plaintiffs' damages, if any there were.

3

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges it had no knowledge, either actual or constructive, and by the application of reasonable, developed human skill and foresight had no reason to know of the propensities, if any, of asbestos, asbestos fibers or other products containing asbestos to cause or contribute to the creation of medical conditions or circumstances involving alleged injuries to the lungs, respiratory and cardiovascular systems or any other illnesses of any type whatsoever.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint and the separate causes of action are barred on the grounds that the conduct of HILL BROTHERS referred to in the complaint and the separate causes of action, if any, was not a substantial factor in bringing about the injuries and damages complained of by the plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the liability for plaintiffs' damages, if any, rest solely with the strict product liability of others.

WHEREFORE, HILL BROTHERS CHEMICAL COMPANY prays for judgment as follows:

1.    That plaintiffs take nothing by way of their complaint;

2.    That this action against said answering defendant be dismissed;

3.    For attorneys' fees and the cost of suit incurred herein;

4.    For such other relief as the court may deem proper.

Dated: January 28, 2008                              VASQUEZ & ESTRADA

By _____
MICHAEL A. VASQUEZ
Attorneys for Defendant
HILL BROTHERS CHEMICAL COMPANY

4

DEFENDANT HILL BROTHERS CHEMICAL COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR PERSONAL INJURY
AND LOSS OF CONSORTIUM
CASE NO. CGC-08-274494

<center>PROOF OF SERVICE</center>

<center>Thomas Jorgensen and Patricia Jorgensen v. A.W. Chesterton Company, et al.</center>
<center>San Francisco Superior Court No. CGC 08-274494</center>

I, the undersigned, declare: that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of Marin, California. My business address is Courthouse Square, 1000 Fourth Street, Suite 700, San Rafael, California, 94901.

On the date executed below, I electronically served the document(s) via LexisNexis File & Serve described as:

**DEFENDANT HILL BROTHERS CHEMICAL COMPANY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR NEGLIGENCE, STRICT LIABILITY, PUNITIVE DAMAGES, LOSS OF CONSORTIUM-ASBESTOS**

on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website. I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on January 29, 2008, at San Rafael, California.

<center>/s/ Karina Y. Hernandez</center>

<center>Karina Y. Hernandez</center>

<center>5</center>

# EXHIBIT 39

1  ARMSTRONG & ASSOCIATES, LLP
   William H. Armstrong, SBN 40650
2  Lisa A. Sapcoe, SBN 224799
   Mahsa M. Kashani, SBN 242685
3  One Kaiser Plaza, Suite 625
   Oakland, California 94612
4  Telephone: (510) 433-1830
5  Facsimile: (510) 433-1836

6  Attorneys for Defendant
   Elementis Chemicals Inc.,
7  f/k/a Harcros Chemicals Inc.,
   a Delaware corporation, as successor-in-interest to
8  Harrisons & Crosfield (Pacific) Inc.

9

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11         COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

12

13  THOMAS JORGENSEN AND            No. CGC-08-274494
    PATRICIA JORGENSEN,
14                                  **ELEMENTIS CHEMICALS INC.'S
                Plaintiffs,         ANSWER TO PLAINTIFFS'
15                                  COMPLAINT FOR DAMAGES
                                    (ASBESTOS)**
16      vs.                         ─────────────────────────
                                    NEGLIGENCE, STRICT LIABILITY,
17  A.W. CHESTERTON COMPANY, et al., PUNITIVE DAMAGES, LOSS OF
                                    CONSORTIUM
18              Defendants.
                                    Action Filed: January 3, 2008
19

20                                  THIS CASE IS SUBJECT TO
                                    MANDATORY ELECTRONIC FILING
21                                  PURSUANT TO AMENDED G.O. 158

22

23

24

25

26

───────────────────────────────────────────
ELEMENTIS CHEMICALS INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES (ASBESTOS)

Answering the unverified Complaint for Damages (Asbestos) (Negligence, Strict Liability, Punitive Damages, Loss of Consortium) filed by Plaintiffs Thomas Jorgensen and Patricia Jorgensen ("Plaintiffs"), Defendant Elementis Chemicals Inc. ("Elementis"), formerly known as Harcros Chemicals Inc., a Delaware corporation, as successor-in-interest to Harrisons & Crosfield (Pacific) Inc., generally denies the allegations of each and every cause of action to the extent such allegations relate to it, its predecessors or successors, and further denies that Plaintiffs have been damaged in the sums alleged, or in any other sum, or at all.  To the extent such allegations relate to others, Elementis admits such allegations, except as to Crown Cork & Seal, individually and as successor-in-interest to Mundet Cork.  Any other affirmative defenses pled by other defendants and not pled by Elementis are hereby incorporated herein to the extent they do not conflict with Elementis' affirmative defenses.  Elementis hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case, and hereby reserves the right to amend its answer to assert any such defenses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action against Elementis.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, losses, or damages, if and to the extent they occurred, were aggravated by their failure to use reasonable diligence to mitigate them.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, losses or damages, if and to the extent they occurred, which occurrence is expressly denied, were caused solely or contributed to by Plaintiff Thomas Jorgensen's own recklessness, carelessness, and/or negligence.  Plaintiffs' respective recoveries from Elementis, if any, must be reduced by Plaintiff Thomas Jorgensen's respective comparative fault.

2

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitations, including California *Code of Civil Procedure* section 340.2, or by the doctrine of laches, or both.

**FIFTH AFFIRMATIVE DEFENSE**

The injuries and damages alleged in the Complaint, if any, were the direct and proximate result of the unforeseeable misuse and/or modification of products by Plaintiff Thomas Jorgensen and/or his employer(s).

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs' alleged injuries, losses, or damages are asserted to result from an alleged employment relationship with Elementis, Plaintiffs' claims are barred by the exclusivity provisions of the California *Labor Code.*

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries, losses or damages, if and to the extent they occurred, which occurrence is expressly denied, were caused solely or contributed to by the faults of third parties for which Elementis is not responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable principles of waiver and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Elementis alleges that the risk of exposure to asbestos-containing products was inherent in Plaintiff Thomas Jorgensen's trade and work, and under the doctrine of primary assumption of risk, Plaintiff Thomas Jorgensen may not recover for harm caused by such inherent risk.

/ / /

/ / /

/ / /

/ / /

3

## TENTH AFFIRMATIVE DEFENSE

Plaintiff Thomas Jorgensen's alleged illnesses and injuries, if and to the extent they occurred, which occurrence is expressly denied, were caused solely or contributed to by the negligence of Plaintiff Thomas Jorgensen and/or his employer(s); and to the extent that Plaintiffs have received or in the future heirs will receive, worker's compensation benefits for such illnesses and/or injuries, Elementis is entitled to a comparative reduction in any economic damages sought by Plaintiffs or recovered by them in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the provisions of California *Code of Civil Procedure* section 430.10 and/or the primary right doctrine, to the extent there is or was another action pending between the same parties on the same cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to base any claim for non-economic damages because it fails to allege the portion of such damages, if any, that Plaintiffs attribute to Elementis as required by California *Civil Code* section 1431.2.

## THIRTEENTH AFFIRMATIVE DEFENSE

Elementis alleges that at all times relative to matters alleged in Plaintiffs' Complaint, all of Plaintiff Thomas Jorgensen's employers were sophisticated users of asbestos and asbestos-containing products and said employers' negligence in exposing its employees to asbestos and asbestos-containing products in a careless, negligent, and reckless manner was a superseding intervening cause of Plaintiff Thomas Jorgensen's alleged injuries.

/ / /
/ / /
/ / /
/ / /
/ / /

4

### FOURTEENTH AFFIRMATIVE DEFENSE

Elementis is informed and believes, and thereon alleges, the Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, and accordingly, said claims are barred by operation of law. Alternatively, Plaintiffs have accepted compensation as partial settlement of those claims for which Elementis is entitled to a set-off.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any products allegedly supplied by Elementis were provided in bags; therefore, any failure to provide adequate warnings by the actual purchasers or users was an intervening, superseding proximate cause of Plaintiffs' alleged injuries, losses and damages, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

Elementis' products at issue, if any, were distributed, manufactured, produced, sold, and supplied in conformity with and pursuant to government standards, industry standards and statutes based upon the state of knowledge existing at the time of the activities.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates Elementis' right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and article I, section 7, of the California Constitution in that: (1) neither California *Civil Code* section 3294 nor any other provision of California or federal law provides an adequate or meaningful standard for determining the nature of the conduct upon which an award of punitive damages may be based or for determining or reviewing the amount of a punitive damage award; and (2) neither California Civil Code section 3294, nor any other provision of California or federal law provides adequate procedural safeguards for the imposition of punitive damages, including, but not limited to:

///

///

5

(a)    imposing such damages only upon the presentation of evidence beyond a reasonable doubt;

(b)    protecting the defendant's privilege against self-incrimination; and

(c)    providing for a unanimous jury verdict as to the punitive damages portion of any adverse judgment.

**WHEREFORE**, Defendant Elementis prays judgment that Plaintiffs take nothing by reason of the Complaint, that Plaintiffs' Complaint be dismissed against Elementis with prejudice, that Elementis recovers its costs of suit, and for such other relief as the Court deems proper.

DATED:  January 24, 2008.

ARMSTRONG & ASSOCIATES, LLP

By:  _____/s/ Mahsa M. Kashani_____
        Mahsa M. Kashani, SBN 242685
        One Kaiser Plaza, Suite 625
        Oakland, California  94612
        Telephone:  (510) 433-1830
        Facsimile:  (510) 433-1836

        Attorneys for Defendant
        Elementis Chemicals Inc.

6

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

*Thomas Jorgensen and Patricia Jorgensen v. A.W. Chesterton Company*
San Francisco Superior Court, Civil Action Number CGC-08-2744944

I, Patricia R. Antolino, declare that I am, and was at the time of service of the document herein referred to, over 18 years of age, not a party to this action and a citizen of the United States.  I am employed in the County of Oakland, California by Armstrong & Associates, LLP and my work email address is Patricia.Antolino@armstrongetal.com and my work mailing address is One Kaiser Plaza, Suite 625, Oakland, California 94612.

On January 24, 2008, I electronically served the following document by LexisNexis File & Serve:

### ELEMENTIS CHEMICALS INC.'S
### ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES (ASBESTOS)

I served the recipients designated on the Transaction Receipt located on the LexisNexis File & Service website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 24, 2008, at Oakland, California.

_____ /s/ Patricia R. Antolino _____
Patricia R. Antolino

# EXHIBIT 40

RICHARD D. DUMONT, ESQ. (SBN 107967)
PAUL J. GAMBA, ESQ. (SBN 146097)
VASQUEZ & ESTRADA LLP
1000 Fourth Street, Suite 700
San Rafael, CA 94901
Telephone: (415) 453-0555
Facsimile: (415) 453-0549

Attorneys for Defendant
LAMONS GASKET COMPANY,
Individually, As Successor-In-Interest and
Parent Alter Ego to Power Engineering &
Equipment Company, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| THOMAS JORGENSEN and PATRICIA JORGENSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> A.W. CHESTERTON COMPANY, et al., <br><br> Defendants. | Case No.: CGC 08 274494 <br><br> **PROOF OF SERVICE** |

1

***Thomas Jorgensen, et al. v. Asbestos Defendants***
San Francisco Superior Court No. CGC 08 274494

2

3

I, the undersigned, declare:  that I am, and was at the time of service of the documents

herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the

4

County of Marin, California.  My business address is 1000 Fourth Street, Suite 700, San Rafael,

5

6

California, 94901.

7

On the date executed below, I electronically served the document(s) via LexisNexis File &

8

Serve described as:

9

**DEFENDANT LAMONS GASKET COMPANY'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT FOR PERSONAL INJURY – ASBESTOS**

10

11

**DEFENDANT LAMONS GASKET COMPANY'S DEMAND FOR JURY TRIAL**

12

**DEFENDANT LAMONS GASKET COMPANY'S OBJECTION TO USE OF
COMMISSIONER**

13

**PROOF OF SERVICE**

14

on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve

15

website.  I declare under penalty of perjury pursuant to the laws of the State of California that

16

the foregoing is true and correct and was executed on January 23, 2008 at San Rafael,

17

California.

18

19

_____
     */s/ Sophia Leshin*

20

Sophia Leshin

21

22

23

24

25

26

27

28

# EXHIBIT 41

1   RICHARD D. DUMONT, ESQ. (SBN 107967)
    PAUL J. GAMBA, ESQ. (SBN 146097)
2   VASQUEZ & ESTRADA LLP
    1000 Fourth Street, Suite 700
3   San Rafael, CA 94901
    Telephone: (415) 453-0555
4   Facsimile: (415) 453-0549

5   Attorneys for Defendant
    LAMONS GASKET COMPANY,
6   Individually, As Successor-In-Interest and
    Parent Alter Ego to Power Engineering &
7   Equipment Company, Inc.

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10   THOMAS JORGENSEN and PATRICIA    )   Case No.: CGC 08 274494
    JORGENSEN,                           )
11                               )   **DEFENDANT LAMONS GASKET**
           Plaintiffs,          )   **COMPANY'S OBJECTION TO USE OF**
12                               )   **COMMISSIONER**
         vs.                          )
13                               )
    A.W. CHESTERTON COMPANY, et al.,    )
14                               )
          Defendants.        )
15   _____)

16

17         TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES

18   HEREIN:

19         PLEASE TAKE NOTICE that defendant LAMONS GASKET COMPANY, Individually,

20   As Successor-In-Interest and Parent Alter Ego to Power Engineering & Equipment Company, Inc.

21   does not stipulate to and hereby objects to any Discovery Commissioner hearing any non-

22   discovery matter or trial in this action pursuant to San Francisco Superior Court Local Rule 6.1(c).

23
    Dated: January 23, 2008               VASQUEZ & ESTRADA LLP
24

25                             By:_____/s/ Paul J. Gamba_____
                                Paul J. Gamba
26                               Attorneys for Defendant
                              LAMONS GASKET COMPANY,
27                               Individually, As Successor-In-Interest and
                              Parent Alter Ego to Power Engineering &
28                               Equipment Company, Inc.

# EXHIBIT 42

1  RICHARD D. DUMONT, ESQ. (SBN 107967)
   PAUL J. GAMBA, ESQ. (SBN 146097)
2  VASQUEZ & ESTRADA LLP
   1000 Fourth Street, Suite 700
3  San Rafael, CA 94901
   Telephone: (415) 453-0555
4  Facsimile: (415) 453-0549

5  Attorneys for Defendant
   LAMONS GASKET COMPANY,
6  Individually, As Successor-In-Interest and
   Parent Alter Ego to Power Engineering &
7  Equipment Company, Inc.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10  THOMAS JORGENSEN and PATRICIA      )  Case No.: CGC 08 274494
    JORGENSEN,                          )
11                                      )  **DEFENDANT LAMONS GASKET
                Plaintiffs,             )  COMPANY'S DEMAND FOR JURY
12                                      )  TRIAL**
        vs.                             )
13                                      )
    A.W. CHESTERTON COMPANY, et al.,    )
14                                      )
                Defendants.             )
15  _____     )

16          TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES

17  HEREIN:

18          PLEASE TAKE NOTICE that defendant LAMONS GASKET COMPANY, Individually,

19  As Successor-In-Interest and Parent Alter Ego to Power Engineering & Equipment Company, Inc.

20  hereby demands a trial by jury in the above-entitled action and estimates that the length of trial

21  will be six to eight weeks in duration.

22  Dated: January 23, 2008                VASQUEZ & ESTRADA LLP

23

24                                        By:_____/s/ Paul J. Gamba_____
                                               Paul J. Gamba
25                                             Attorneys for Defendant
                                               LAMONS GASKET COMPANY,
26                                             Individually, As Successor-In-Interest and
                                               Parent Alter Ego to Power Engineering &
27                                             Equipment Company, Inc.

28

_____
         DEFENDANT LAMONS GASKET COMPANY'S DEMAND FOR JURY TRIAL
                        CASE NO. CGC 08 274494

1    EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
Andrew I. Port (State Bar # 120977)
2    Cheryl A. Morris (State Bar # 184541)
Jared A. Washkowitz (State Bar #226211)
3    49 Stevenson Street, Suite 400
San Francisco, CA 94105
4    Telephone: (415) 227-9455
Facsimile: (415) 227-4255
5    E-Mail: aport@edptlaw.com
cmorris@edptlaw.com
6    jwashkowitz@edptlaw.com

7    Attorneys for Defendant
CROWLEY MARITIME CORPORATION
8

9                   UNITED STATES DISTRICT COURT

10

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13    THOMAS JORGENSEN AND PATRICIA JORGENSEN

14            Plaintiffs,

15        vs.

16    A.W. CHESTERTON COMPANY, et al.

17           Defendants.

| |
|---|
| Case No.: CV 08 0903 EMC |
| **EXHIBIT A43 – A51 TO NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1442(a)(1) (FEDERAL OFFICER)** |

18

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

EXHIBITS TO NOTICE OF REMOVAL
Case No. CV 08 0903
\\Fileserver\docs\ANDYGRP\ANDYGRP2\Jorgensen\Pleadings\Exhibit Caption.doc

# EXHIBIT 43

1   RICHARD D. DUMONT, ESQ. (SBN 107967)
    PAUL J. GAMBA, ESQ. (SBN 146097)
2   VASQUEZ & ESTRADA
    1000 Fourth Street, Suite 700
3   San Rafael, CA 94901
    Telephone: (415) 453-0555
4   Facsimile: (415) 453-0549

5   Attorneys for Defendant
    LAMONS GASKET COMPANY,
6   Individually, As Successor-In-Interest and
    Parent Alter Ego to Power Engineering &
7   Equipment Company, Inc.

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

10   THOMAS JORGENSEN and PATRICIA    )  Case No.: CGC-08-274494
     JORGENSEN,                  )
11                        )  **DEFENDANT LAMONS GASKET**
          Plaintiffs,         )  **COMPANY'S ANSWER TO PLAINTIFF'S**
12                        )  **UNVERIFIED COMPLAINT FOR**
       vs.                  )  **PERSONAL INJURY – ASBESTOS**
13                        )
     A.W. CHESTERTON COMPANY, et al.,    )
14                        )
         Defendants.       )
15   _____

16
17         DEFENDANT LAMONS GASKET COMPANY, Individually, As Successor-In-Interest

and Parent Alter Ego to Power Engineering & Equipment Company, Inc. (hereinafter
18
"DEFENDANT"), answers the unverified Complaint herein on its own behalf and on behalf of no
19
other defendant or entity as follows:
20
        Pursuant to California Code of Civil Procedure section 431.30(d), DEFENDANT denies
21
generally each and every allegation of the Complaint.
22
                    *FIRST AFFIRMATIVE DEFENSE*
23
        Neither the Complaint nor any purported cause of action alleged by plaintiffs therein states
24
facts sufficient to constitute a cause of action against DEFENDANT.
25
                 *SECOND AFFIRMATIVE DEFENSE*
26
        To the extent the Complaint asserts DEFENDANT's alleged "market share" liability, or
27
"enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action
28
against DEFENDANT.

1      *THIRD AFFIRMATIVE DEFENSE*

2          Neither the Complaint nor any purported cause of action alleged therein states facts

3      sufficient to entitle plaintiffs to an award of punitive damages against DEFENDANT.

4      *FOURTH AFFIRMATIVE DEFENSE*

5          The imposition of any punitive damages in this matter would deprive DEFENDANT of its

6      property without due process of law under the California Constitution and United States

7      Constitution.

8      *FIFTH AFFIRMATIVE DEFENSE*

9          The imposition of any punitive damages in this matter would violate the United States

10     Constitution's prohibition against laws impairing the obligation of contracts.

11     *SIXTH AFFIRMATIVE DEFENSE*

12         The imposition of any punitive damages in this matter would constitute a criminal fine or

13     penalty and should, therefore, be remitted on the ground that the award violates the United States

14     Constitution.

15     *SEVENTH AFFIRMATIVE DEFENSE*

16         Plaintiffs' action, and each alleged cause of action, is barred by the applicable statute of

17     limitations, including but not limited to California Code of Civil Procedure, sections 335.1, 338.1,

18     339, 340.2, 340.8, 343, 583.310 and 583.410 and California Commercial Code, section 2725.

19     *EIGHTH AFFIRMATIVE DEFENSE*

20         Plaintiffs unreasonably delayed in bringing this action, without good cause therefore, and

21     thereby have prejudiced DEFENDANT as a direct and proximate result of such delay; accordingly,

22     this action is barred by laches and by section 583.101, et seq. of the Code of Civil Procedure.

23     *NINTH AFFIRMATIVE DEFENSE*

24         Plaintiffs were negligent in and about the matters alleged in the Complaint and in each

25     alleged cause of action; this negligence proximately caused, in whole or in part, the damages

26     alleged in the Complaint.  In the event plaintiffs are entitled to any damages, the amount of these

27     damages should be reduced by the comparative fault of plaintiffs and any person whose negligent

28     acts or omissions are imputed to plaintiffs.

DEFENDANT LAMONS GASKET COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL
INJURY – ASBESTOS -- CASE NO. CGC 08 274494

1                      *TENTH AFFIRMATIVE DEFENSE*

2         Plaintiffs knowingly, voluntarily and unreasonably undertook to encounter each of the risks

3 and hazards, if any, referred to in the Complaint and each alleged cause of action, and this

4 undertaking proximately caused and contributed to any loss, injury or damages incurred by

5 plaintiffs.

6                    *ELEVENTH AFFIRMATIVE DEFENSE*

7         Any loss, injury or damage incurred by plaintiffs was proximately caused by the negligent

8 or willful acts or omissions of parties whom DEFENDANT neither controlled nor had the right to

9 control, and was not proximately caused by any acts, omissions or other conduct of

10 DEFENDANT.

11                  *TWELFTH AFFIRMATIVE DEFENSE*

12         The products referred to in the Complaint were misused, abused or altered by plaintiffs or

13 by others; the misuse, abuse or alteration was not reasonably foreseeable to DEFENDANT, and

14 proximately caused any loss, injury or damages incurred by plaintiffs.

15                *THIRTEENTH AFFIRMATIVE DEFENSE*

16         DEFENDANT alleges that its products, if any, were manufactured, produced, supplied,

17 sold and/or distributed in mandatory conformity with specifications promulgated by the United

18 States Government under its war powers, as set forth in the United States Constitution, and that

19 any recovery by plaintiffs on the Complaint on file herein is barred in consequence of the exercise

20 of those sovereign powers.

21               *FOURTEENTH AFFIRMATIVE DEFENSE*

22         Plaintiffs failed to exercise due diligence to mitigate his loss, injury or damages;

23 accordingly, the amount of damages to which plaintiffs are entitled, if any, should be reduced by

24 the amount of damages which would have otherwise been mitigated.

25                *FIFTEENTH AFFIRMATIVE DEFENSE*

26         The Court lacks subject matter jurisdiction over the matters alleged in the Complaint

27 because the Complaint and each alleged cause of action against DEFENDANT are barred by the

28 provisions of California Labor Code, section 3600, et seq.

<div align="center">*SIXTEENTH AFFIRMATIVE DEFENSE*</div>

DEFENDANT alleges that at the time of the injuries alleged in the Complaint, plaintiffs were employed and were entitled to receive Workers' Compensation benefits from his/her employer's workers' compensation insurance carrier; that all of plaintiffs' employers, other than DEFENDANT, were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to the happening of the accident and to the loss or damage complained of by plaintiffs, if any there were; and that by reason thereof DEFENDANT is entitled to set off and/or reduce any such Workers' Compensation benefits received or to be received by plaintiffs against any judgment which may be rendered in favor of plaintiffs. (*Witt v. Jackson*, 57 Cal.2d 57, 366 P.2d 641)

<div align="center">*SEVENTEENTH AFFIRMATIVE DEFENSE*</div>

DEFENDANT alleges that at the time of the injuries alleged in the Complaint, plaintiffs' employers, other than DEFENDANT, were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by plaintiffs, if any there were; and that DEFENDANT is not liable for said employers' proportionate share of non-economic damages.

<div align="center">*EIGHTEENTH AFFIRMATIVE DEFENSE*</div>

DEFENDANT alleges that at the time of the injuries alleged in the Complaint, parties other than this DEFENDANT were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by plaintiffs, if any there were; and that DEFENDANT herein shall not be liable for said parties' proportionate share of non-economic damages.

<div align="center">*NINETEENTH AFFIRMATIVE DEFENSE*</div>

DEFENDANT alleges that at all times relative to matters alleged in the Complaint, all of plaintiffs' employers, other than DEFENDANT, were sophisticated users of asbestos-containing products and said employers' negligence in providing the product to its employees in a negligent,

<div align="center">4</div>

1    careless and reckless manner was a superseding cause of plaintiffs' injuries and damages, if any.

2    *TWENTIETH AFFIRMATIVE DEFENSE*

3        If plaintiffs have received, or in the future receive, Workers' Compensation benefits from

4    DEFENDANT under the Labor Code of the State of California as a consequence of the alleged

5    industrial injury referred to in the Complaint, and in the event plaintiffs are awarded damages

6    against DEFENDANT, DEFENDANT claims a credit against this award to the extent that

7    DEFENDANT is barred from enforcing his rights to reimbursement for Workers' Compensation

8    benefits that plaintiffs have received or may in the future receive.

9    *TWENTY-FIRST AFFIRMATIVE DEFENSE*

10       If plaintiffs have received, or in the future receive Workers' Compensation benefits from

11   DEFENDANT under the Labor Code of the State of California as a consequence of the alleged

12   industrial injury referred to in the Complaint, DEFENDANT demands repayment of any such

13   Workers' Compensation benefits in the event that plaintiffs recover tort damages as a result of the

14   industrial injury allegedly involved here.  Although DEFENDANT denies the validity of plaintiffs'

15   claims, in the event those claims are held valid and not barred by the statute of limitations or

16   otherwise, DEFENDANT asserts that cross-demands for money have existed between plaintiffs

17   and DEFENDANT and the demands are compensated, so far as they equal each other, pursuant to

18   California Code of Civil Procedure section 431.70.

19   *TWENTY-SECOND AFFIRMATIVE DEFENSE*

20       At all times and places in the Complaint, plaintiffs were not in privity of contract with

21   DEFENDANT and said lack of privity bars plaintiffs' recovery herein upon any theory of

22   warranty.

23   *TWENTY-THIRD AFFIRMATIVE DEFENSE*

24       Plaintiffs are barred from recovery in that all products produced by DEFENDANT, if any,

25   were in conformity with the existing state-of-the-art, and as a result, these products were not

26   defective in any manner.

27   ///

28   ///

DEFENDANT LAMONS GASKET COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL INJURY – ASBESTOS -- CASE NO. CGC 08 274494

1                          *TWENTY-FOURTH AFFIRMATIVE DEFENSE*

2         DEFENDANT did not and does not have a substantial percentage of the market for the

3 asbestos-containing products which allegedly caused plaintiffs' injuries and damages.  Therefore,

4 DEFENDANT may not be held liable to plaintiffs based on this DEFENDANT's alleged

5 percentage share of the applicable market.

6                          *TWENTY-FIFTH AFFIRMATIVE DEFENSE*

7         DEFENDANT denies any and all liability to the extent that plaintiffs assert

8 DEFENDANT's alleged liability as a successor, successor in business, successor in product line or

9 a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

10 portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial

11 owner of or member in an entity researching, studying, manufacturing, fabricating, designing,

12 labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing,

13 installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing

14 for others, packaging and advertising a certain substance, the generic name of which is asbestos.

15                          *TWENTY-SIXTH AFFIRMATIVE DEFENSE*

16         DEFENDANT alleges that plaintiffs' claims are or may be barred in whole or in part by res

17 judicata, collateral estoppel, issue preclusion and/or release.

18                      *TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

19         DEFENDANT alleges that it is immune from liability for any alleged failure to warn

20 plaintiffs of material risks associated with DEFENDANT's products, if any, because such risks

21 were or should have been obvious to a reasonably prudent product user in plaintiffs' position, or

22 were otherwise a matter of common knowledge to persons in the same or similar position to

23 plaintiffs.

24                        *TWENTY-EIGHTH AFFIRMATIVE DEFENSE*

25         This court lacks subject matter jurisdiction over the causes of action alleged in the

26 Complaint.

27                        *TWENTY-NINTH AFFIRMATIVE DEFENSE*

28         As a result of plaintiffs' unreasonable delay in bringing this action, without good cause

1    therefore, in addition to his other unreasonable acts and omissions, plaintiffs have waived each or

2    some of the claims stated or purportedly stated in the Complaint.

3                 *THIRTIETH AFFIRMATIVE DEFENSE*

4        The activity alleged in the Complaint, to the extent that it was engaged in by

5    DEFENDANT, if at all, was not ultrahazardous under California law.

6                *THIRTY-FIRST AFFIRMATIVE DEFENSE*

7        California Civil Code sections 1431.1 through 1431.5, known as the Fair Responsibility

8    Act of 1986, is applicable at least in part to the present action and to certain claims therein, and

9    based upon the principle of comparative fault, the liability, if any, of DEFENDANT, if liable at all,

10    shall be several only and shall not be joint.  DEFENDANT, if liable at all, shall be liable as to

11    certain claims only for the amount of non-economic damages allocated to DEFENDANT in direct

12    proportion to DEFENDANT's percentage of fault, if any, and a separate and several judgment

13    shall be rendered against DEFENDANT for non-economic damages, if any.

14              *THIRTY-SECOND AFFIRMATIVE DEFENSE*

15        Plaintiffs cannot prove any facts showing that the conduct of DEFENDANT was the cause

16    in fact of any alleged injuries or damages suffered by plaintiffs as alleged in the Complaint.

17               *THIRTY-THIRD AFFIRMATIVE DEFENSE*

18        Plaintiffs cannot prove any facts showing that the conduct of DEFENDANT was the

19    proximate cause of any alleged injuries or damages suffered by plaintiffs as alleged in the

20    Complaint.

21              *THIRTY-FOURTH AFFIRMATIVE DEFENSE*

22        If plaintiffs were injured as alleged in the Complaint, those injuries were proximately

23    caused by allergies, sensitivities and idiosyncrasies particular to plaintiffs, not found in the general

24    public and unknown and unknowable to DEFENDANT.  Such injuries, if any, were not reasonably

25    foreseeable to DEFENDANT.

26               *THIRTY-FIFTH AFFIRMATIVE DEFENSE*

27        At all times relevant, DEFENDANT's acts and omissions were in conformity with all

28    government statutes and regulations and all industry standards based upon the state of knowledge

DEFENDANT LAMONS GASKET COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL
INJURY – ASBESTOS -- CASE NO. CGC 08 274494

1  existing at the time of the acts or omissions.

2  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

3  Plaintiffs have failed to join all parties necessary for full and just adjudication of the

4  purported causes of action asserted in the Complaint.

5  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

6  DEFENDANT alleges that plaintiffs have directed, ordered, approved and/or ratified

7  DEFENDANT's conduct and plaintiffs are therefore estopped from asserting their claims alleged

8  in the Complaint as a result of his own acts, conduct or omissions.

9  ### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

10  DEFENDANT alleges that plaintiff's claims, or some of them, are barred by the provisions

11  of California Code of Civil Procedure §361.

12  ### THIRTY-NINTH AFFIRMATIVE DEFENSE

13  DEFENDANT refers to and incorporates herein each and every affirmative defense

14  pleaded by the other parties herein to the extent that such defenses are not inconsistent with the

15  matters stated herein.

16  ### FORTIETH AFFIRMATIVE DEFENSE

17  DEFENDANT alleges that it presently has insufficient knowledge or information on which

18  to form a belief as to whether it may have additional, as yet unasserted defenses available.

19  DEFENDANT reserves herein the right to assert additional defenses in the event discovery

20  indicates that they would be appropriate.

21  WHEREFORE, DEFENDANT prays:

22  (1) That plaintiffs take nothing by this Complaint;

23  (2) That Judgment be entered in favor of DEFENDANT;

24  (3) For recovery of DEFENDANT's costs of suit;

25  (4) For appropriate credits and set-offs arising out of any payment of Workers'

26  Compensation benefits, or otherwise, as alleged above; and

27  ///

28  ///

8

1        (5) For such other and further relief as the Court deems just and proper.

2    Dated: January 23, 2008                  VASQUEZ & ESTRADA

3

4                             By:_____ */s/ Paul J. Gamba* ____

5                             Paul J. Gamba
                         Attorneys for Defendant

6                             LAMONS GASKET COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LAMONS GASKET COMPANY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR PERSONAL
INJURY – ASBESTOS -- CASE NO. CGC 08 274494

# EXHIBIT 44

1   Stephen J. Foley, Esq., SBN 220752
2   Lori A. Cataldo, Esq. SBN 218533
    Sabrina L. Axt, Esq. SBN 238186
3   **Foley & Mansfield PLLP**
    1111 Broadway, 10th Floor
4   Oakland, CA 94607
    Telephone: (510) 590-9500
5   Facsimile: (510) 590-9595

6   Attorneys for Defendant
7   **KELLY-MOORE PAINT COMPANY, INC.**

8

9                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **COUNTY OF SAN FRANCISCO**

11

12  THOMAS JORGENSEN and PATRICIA )        Case No. CGC-08-274494
    JORGENSEN,                     )
13                                 )        **"Asbestos-Related Case"**
                       Plaintiffs, )
14                                 )        **ANSWER OF KELLY-MOORE PAINT**
    v.                             )        **COMPANY, INC. TO COMPLAINT FOR**
15                                 )        **DAMAGES (NEGLIGENCE; STRICT**
    A.W. CHESTERTON COMPANY, et al.,)       **LIABILITY; PUNITIVE DAMAGES; LOSS**
16                                 )        **OF CONSORTIUM)- ASBESTOS AND**
                      Defendants.  )        **REQUEST FOR JURY TRIAL-ASBESTOS**
17                                 )

18

19          COMES NOW Defendant, KELLY-MOORE PAINT COMPANY, INC. [hereinafter

20  "Defendant"] and answering Plaintiffs' Complaint on file herein, admits, denies, and alleges as follows:

21          Whenever "Plaintiff" is used in this Answer, that reference embraces each Plaintiff individually

22  as well as collectively, plus the words "and each of them."

23          Under the provisions of Section 431.30(d), California Code of Civil Procedure, this answering

24  Defendant denies each and every allegation of Plaintiff's complaint and the whole thereof, and denies

25  that Plaintiff has been damaged in any sum or amount whatsoever, or at all.

26                              GENERAL DENIAL

27          Under the provisions of Section 431.30(d), California Code of Civil Procedure, this answering

28  Defendant denies each and every allegation of Plaintiffs' complaint and the whole thereof, and denies

---
                                         1

1  that Plaintiffs have been damaged in any sum or amount whatsoever, or at all.

2  FIRST AFFIRMATIVE DEFENSE

3       1.      That any and all events and happenings in connection with the allegations contained in

4  Plaintiffs' complaint and the resulting injuries and damages, if any, referred to therein, were proximately

5  caused and contributed to by the negligence of the Plaintiffs, thereby barring or reducing Plaintiffs'

6  recovery herein.

7  SECOND AFFIRMATIVE DEFENSE

8       2.      Plaintiffs voluntarily assumed the risk of any then-existing conditions alleged in the

9  complaint with full knowledge thereof, thereby proximately causing the injuries and damages, if any,

10  complained of by Plaintiffs and Plaintiffs are thereby barred from recovery herein.

11  THIRD AFFIRMATIVE DEFENSE

12       3.      Plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts or

13  omissions, if any, of this answering Defendant, thus barring Plaintiffs from any relief as prayed for

14  herein.

15  FOURTH AFFIRMATIVE DEFENSE

16       4.      Plaintiffs' action, and each alleged cause of action, is barred by the applicable statute of

17  limitations, including, but not limited to, Code of Civil Procedure, Sections 338(1), 338(4), 339(1),

18  340(3), 340.2, 343, 353, 361, and California Commercial Code, Section 2725.

19  FIFTH AFFIRMATIVE DEFENSE

20       5.      Any loss, injury or damage to Plaintiffs was proximately caused or contributed to by the

21  negligent or other tortious acts, omissions, conduct or products of persons, entities or parties other than

22  this answering Defendant, and that each, any, and all damages recoverable by Plaintiffs must be

23  diminished in proportion to the amount of fault attributable to said other persons, entities or parties, and

24  there must be apportioned among all such persons, entities and parties the amount of damages attributed

25  to them as an offset against damages, if any, awarded against this answering Defendant.

26  SIXTH AFFIRMATIVE DEFENSE

27       6.      Plaintiffs are barred from recovery herein by virtue of the application of the Doctrine of

28  Laches (inexcusable delay and prejudice to Defendant).

<center>SEVENTH AFFIRMATIVE DEFENSE</center>

7.     The court lacks subject matter jurisdiction over the matters alleged in the complaint because the complaint and each alleged cause of action against Defendant is barred by the provisions of California Labor Code, Sections 3600, et seq.

<center>EIGHTH AFFIRMATIVE DEFENSE</center>

8.     Any loss, injury, or damage, if any, incurred by Plaintiffs was the result of superseding or intervening causes arising from the negligent or willful acts or omissions of other parties which Defendant neither controlled nor had the right to control, and that said loss, injury or damage was not proximately or legally caused by any act, omission, or other conduct of Defendant.

<center>NINTH AFFIRMATIVE DEFENSE</center>

9.     Plaintiffs are barred from recovery herein by virtue of the fact that all products sold by this Defendant were produced in conformity with specifications provided to this answering Defendant by the government of the United States of America pursuant to its war powers.  Any defect in said products was caused by deficiencies in the specifications supplied to Defendant, which deficiencies were neither known to Defendant nor discoverable by Defendant with the exercise of reasonable care.

<center>TENTH AFFIRMATIVE DEFENSE</center>

10.     The complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

<center>ELEVENTH AFFIRMATIVE DEFENSE</center>

11.     The complaint, and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer of the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted a claim for relief which, if granted, would contravene Defendant's constitutional rights to substantive and procedural due process of law as preserved for Defendant by the Fourteenth Amendment to the United Stated Constitution and by Article I, Section 7, of the Constitution of the State of California.

<center>TWELFTH AFFIRMATIVE DEFENSE</center>

12.     The complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if granted, would constitute a

1    denial by this Court of Defendant's constitutional right to equal protection of the laws as preserved by

2    the Fourteenth Amendment to the United States Constitution, and by Article I, Section 7, of the

3    Constitution of the State of California.

<div align="center">THIRTEENTH AFFIRMATIVE DEFENSE</div>

5        13.    The complaint, and each cause of action thereof, which is admittedly based upon a lack

6    of identification of the manufacturer of the alleged injury-causing product, fails to state facts sufficient

7    to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if granted, would

8    constitute the taking of private property for public use without just compensation in contravention of the

9    Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 7 and 19, of

10    the Constitution of the State of California, and the applicable California statutes.

<div align="center">FOURTEENTH AFFIRMATIVE DEFENSE</div>

12        14.    If Defendant has purportedly been named or served in this action as a Doe Defendant,

13    such effort by Plaintiffs is invalid on the grounds that Plaintiffs knew, or should have known, of the

14    identity of Defendant and of his alleged causes of action against Defendant at the time of the filing of

15    the complaint.

<div align="center">FIFTEENTH AFFIRMATIVE DEFENSE</div>

17        15.    If Plaintiffs sustained any injury or illness attributable to the use of any product

18    manufactured by Defendant, which allegations are expressly denied, the injuries were solely caused by

19    and attributable to the unreasonable and improper use which was made of said products, and each of

20    them.

<div align="center">SIXTEENTH AFFIRMATIVE DEFENSE</div>

22        16.    Plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if

23    any there were, associated with the normal or foreseeable use, handling, and storage of the products,

24    substances, and equipment described in the complaint.

<div align="center">SEVENTEENTH AFFIRMATIVE DEFENSE</div>

26        17.    The product involved was materially altered or changed by a party or parties other than,

27    and without the permission of, this answering Defendant, its employees, servants, or other agents, and

28    ///

<div align="center">4</div>

1  such alteration or change created the alleged defect, if any, which was the proximate or legal cause of

2  Plaintiffs' injuries, or damages, if any.

3  EIGHTEENTH AFFIRMATIVE DEFENSE

4      18.    The products, substances, and equipment referred to in the complaint were properly

5  designed and manufactured, and safe for the purpose intended.  Said products, substances, and

6  equipment were modified, altered, misused, abused and/or improperly maintained by Plaintiffs or others,

7  and said conduct was not reasonably foreseeable to Defendant and proximately caused or contributed to

8  the injuries, losses, and damages complained of, if any there were, thus barring Plaintiffs' recovery

9  herein.

10  NINETEENTH AFFIRMATIVE DEFENSE

11      19.    Plaintiffs failed to give Defendant reasonably prompt notice of the breaches of warranty,

12  if any, alleged in the complaint.

13  TWENTIETH AFFIRMATIVE DEFENSE

14      20.    Plaintiffs were not in privity of contract with Defendant and said lack of privity bars

15  Plaintiffs' recovery herein upon any theory of warranty.

16  TWENTY-FIRST AFFIRMATIVE DEFENSE

17      21.    Plaintiffs failed to mitigate their damages, if any, in that he failed to use reasonable

18  diligence in caring for his injuries and reasonable means to prevent their aggravation or to accomplish

19  their healing.

20  TWENTY-SECOND AFFIRMATIVE DEFENSE

21      22.    Any exposure of Plaintiffs to products sold or distributed by this Defendant was so

22  minimal as to be insufficient to establish by a reasonable degree of probability that any such product

23  caused any alleged injury, damage, or loss to Plaintiff.

24  TWENTY-THIRD AFFIRMATIVE DEFENSE

25      23.    Products sold or distributed by this Defendant were not a substantial factor in bringing

26  about the injuries and damages complained of by Plaintiff, and, therefore, this Defendant may not be

27  held liable to Plaintiffs as alleged.

28  ///

TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The state of the medical, scientific, and industrial knowledge and practice was at all material times such that Defendant neither breached any alleged duty owed Plaintiff, nor knew, nor could have known, that its product(s) presented a foreseeable risk of harm to Plaintiffs in the normal and expected use of such product(s).

TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Any products, substances, or equipment manufactured, formulated, sold or distributed by this answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their manufacture, sale, formulation, or distribution.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     If this Defendant is responsible to Plaintiffs', which responsibility is expressly denied, this Defendant shall be liable to Plaintiffs only for the amount of non-economic damages allocated to this Defendant in direct proportion to this Defendant's percentage of fault, if any.  (California Civil Code, Sections 1431, et seq.)

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     At the time and place of the happening of the occurrences and injuries alleged in the complaint, and all times material thereto, Plaintiffs were employed by various employers, the names of which are unknown to this Defendant, and working within the course and scope of his employment and/or employments. Said employer and/or employers and Plaintiffs were subject to the provisions of the Workers' Compensation Act of the State of California and Plaintiffs were entitled to receive Workers' Compensation benefits from his employers.  Certain sums have been paid to or on behalf of Plaintiffs herein under the applicable provisions of the Labor Code of the State of California.  Said employer and/or employers and each of them were negligent, careless, and at fault in and about the matters referred to in the complaint and such negligence, carelessness, and fault proximately and concurrently contributed to and caused the happening of the incidents complained of by Plaintiff, if any there were.  By these premises, any judgment rendered in favor of Plaintiffs herein must be reduced by any benefits or payments made or to be made to Plaintiffs by Plaintiffs' employer's or employers' compensation carrier under the authority of Witt vs. Jackson (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 360

1  P.2d 641].

2  <div align="center">TWENTY-EIGHTH AFFIRMATIVE DEFENSE</div>

3      28.    Plaintiffs have received, or in the future may receive, Workers' Compensation benefits

4  from Defendant under the Labor Code of the State of California as a consequence of the alleged

5  industrial injury referred to in the complaint, and, in the event Plaintiffs are awarded damages against

6  Defendant, Defendant claims a credit against this award to the extent that Defendant is barred from

7  enforcing its rights to reimbursement for Workers' Compensation benefits that Plaintiffs have received

8  or may in the future receive.

9  <div align="center">TWENTY-NINTH AFFIRMATIVE DEFENSE</div>

10      29.    The Plaintiffs' employer or employers, by reason of the advise, information, warnings

11  and use, handling, and storage information given to them, and by reason of their own long standing and

12  continuous experience with the products, substances, and equipment referred to in the complaint, are and

13  were sophisticated users, handlers, and storers of any and all such products, substances, and equipment,

14  and thereby acquired a separate and affirmative duty to warn, advise, and inform Plaintiffs of any

15  potential harmful effects from the mishandling, misstorage, and/or misuse of the subject property, if any.

16  Said employer failed to so warn Plaintiffs and thereby breached said duty, and said failure and breach

17  did directly and proximately cause all damages, injuries, and losses complained of, if any there were.

18  <div align="center">THIRTIETH AFFIRMATIVE DEFENSE</div>

19      30.    At all times relative to matters in the complaint, all of Plaintiffs' employers were

20  sophisticated users of asbestos-containing products, and said employers' negligence in providing the

21  product to their employees in a negligent, careless, and reckless manner was a superseding and

22  intervening cause of Plaintiffs' injuries, if any there were.

23  <div align="center">THIRTY-FIRST AFFIRMATIVE DEFENSE</div>

24      31.    As between Plaintiffs and Defendant, the law applicable to this action is the law as it

25  existed during the period this Defendant engaged, if at all, in the manufacture, sale, or distribution of

26  asbestos-containing products to which the Plaintiffs claim exposure. It is unlawful, inequitable, and in

27  violation of Defendant's contractual, statutory, and constitutional rights to apply principles of law other

28  than or in a manner different from those which existed for the period in which Defendant manufactured,

1    sold, or distributed products to which Plaintiffs claim exposure.

2              THIRTY-SECOND AFFIRMATIVE DEFENSE

3         32.    Defendant denies any and all liability to the extent that Plaintiffs assert Defendant's

4    alleged liability as a successor in business, successor in product line, or a portion thereof; assign,

5    predecessor, predecessor in business, predecessor in product line, or a portion thereof; parent, alter ego,

6    subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity

7    researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing,

8    buying, offering for sale, selling, inspecting, servicing, installing, contracting, or installation, repairing,

9    marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain

10   substance, the generic name of which is asbestos.

11             THIRTY-THIRD AFFIRMATIVE DEFENSE

12        33.    To the extent the complaint asserts Defendant's alleged "alternative," "market share," or

13   "enterprise" liability, the complaint fails to state facts sufficient to constitute a cause of action against

14   this Defendant.

15             THIRTY-FOURTH AFFIRMATIVE DEFENSE

16        34.    The complaint, and each cause of action thereof, fails to state facts sufficient to constitute

17   a cause of action against this answering Defendant, in that Plaintiffs have failed to join a substantial

18   market share of the producers of the product or products to which Plaintiffs were allegedly exposed.

19             THIRTY-FIFTH AFFIRMATIVE DEFENSE

20        35.    The Defendant did not and does not have a substantial percentage of the market for the

21   asbestos-containing products which allegedly caused Plaintiffs' injuries.  Therefore, Defendant may not

22   be held liable to Plaintiffs based on this Defendant's alleged percentage share of the applicable market.

23             THIRTY-SIXTH AFFIRMATIVE DEFENSE

24        36.    Plaintiffs' alleged cause of action seeking punitive damages against this Defendant does

25   not state facts sufficient to constitute a cause of action against this answering Defendant.

26             THIRTY-SEVENTH AFFIRMATIVE DEFENSE

27        37.    The causes of action asserted herein by Plaintiffs fail to state facts sufficient to constitute

28   a cause of action in that Plaintiffs have asserted claims for punitive damages which, if granted, would

1  violate the prohibition against laws impairing the obligation of contracts set forth in Article I, Section

2  10, of the United States Constitution.

3  <center>THIRTY-EIGHTH AFFIRMATIVE DEFENSE</center>

4      38.    Plaintiffs' claim for punitive or exemplary damages, if any, alleged by Plaintiffs is barred

5  by the due process clause of the Fourteenth Amendment to the United States Constitution.

6  <center>THIRTY-NINTH AFFIRMATIVE DEFENSE</center>

7      39.    Plaintiffs' claim for punitive or exemplary damages, if any, alleged by Plaintiffs is barred

8  by the proscription of the Eighth Amendment to the United States Constitution, as applied to the States

9  through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

10  <center>FORTIETH AFFIRMATIVE DEFENSE</center>

11      40.    Plaintiffs' claim for punitive or exemplary damages, if any, alleged by Plaintiffs is barred

12  by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to

13  the States through the Fourteenth Amendment.

14  <center>FORTY-FIRST AFFIRMATIVE DEFENSE</center>

15      41.    The complaint fails to state facts sufficient to constitute a cause of action to invoke the

16  maritime/admiralty laws of the United States.

17  <center>FORTY-SECOND AFFIRMATIVE DEFENSE</center>

18      42.    Plaintiffs herein have failed to join indispensable parties (California Code of Civil

19  Procedure, Section 389) and the complaint is thereby defective, and Plaintiffs are thereby precluded

20  from any recovery whatsoever as prayed for herein.

21  <center>FORTY-THIRD AFFIRMATIVE DEFENSE</center>

22      43.    Plaintiffs have no standing nor right to sue for fraud and conspiracy, breach of warranty,

23  deceit, or any cause of action under California Civil Code, Sections 1708-1710, and therefore the

24  complaint and each cause of action thereof fails to state facts sufficient to constitute a cause of action

25  against this answering Defendant.

26  <center>FORTY-FOURTH AFFIRMATIVE DEFENSE</center>

27      44.    Plaintiffs herein lack legal capacity to sue and is not a real party in interest and is thereby

28  precluded from any recovery whatsoever as prayed for herein.

<center>ANSWER OF KELLY-MOORE PAINT COMPANY, INC. TO COMPLAINT FOR DAMAGES – ASBESTOS</center>

1    FORTY-FIFTH AFFIRMATIVE DEFENSE

2    45.    Fraud and conspiracy do not constitute a separate and distinct form of damages from

3    general damages, and, therefore, the prayer for fraud and conspiracy in addition to general

4    damages does not sufficiently support or constitute a separate claim for damages against this answering

5    Defendant, but is simply cumulative and included in general damages.

6    WHEREFORE, Defendant prays:

7    (1)    That plaintiffs take nothing by this Complaint;

8    (2)    That Judgment be entered in favor of Defendant;

9    (3)    For recovery of Defendant's costs of suit;

10   (4)    For appropriate credits and set-offs arising out of any payment of Worker's

11          Compensation benefits as alleged above; and

12   (5)    For such other and further relief as the Court deems just and proper.

13

14   **<u>NOTICE OF REQUEST FOR JURY TRIAL</u>**

15   Pursuant to California Code of Civil Procedure §631, KELLY-MOORE PAINT COMPANY,

16   INC. hereby gives Notice Of Its Request For Trial By Jury.

17

18   Dated: January ⎽⎽23⎽⎽, 2008                FOLEY & MANSFIELD, P.L.L.P.

19

20

21          BY:    ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽

                        Stephen J. Foley
22                      Lori A. Cataldo
                        Sabrina L. Axt
23                      Attorneys for Defendant
                        KELLY-MOORE PAINT COMPANY, INC.

24

25

26

27

28

ANSWER OF KELLY-MOORE PAINT COMPANY, INC. TO COMPLAINT FOR DAMAGES – ASBESTOS

*Thomas and Patricia Jorgensen v. A.W. Chesterton Company, et al.*
San Francisco County Superior Case No. CGC-08-274494

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, the undersigned, declare as follows:

I am employed in the County of Alameda, California, and I am over the age of 18 years and not a party to the within action. My business address is 1111 Broadway, 10th Floor, Oakland, CA 94607.

On the date executed below, I electronically served the documents(s) via LexisNexis File & Serve described as:

**ANSWER OF KELLY-MOORE PAINT COMPANY, INC. TO COMPLAINT FOR DAMAGES (NEGLIGENCE; STRICT LIABILITY; PUNITIVE DAMAGES; LOSS OF CONSORTIUM)- ASBESTOS AND REQUEST FOR JURY TRIAL-ASBESTOS**

on the recipients designated on the Transaction Receipt located on the LexisNexis File& Serve website.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **January  23 , 2008**, at Oakland, California.

Lisa Li

# EXHIBIT 45

1  MARK P. KRINSKY (State Bar No. 041823)
   LAW OFFICES OF MARK P. KRINSKY
2  One Embarcadero Center, 12th Floor
   San Francisco, CA 94111
3  Telephone: 415-217-0060

4  Attorneys for Defendant
   SAN FRANCISCO GRAVEL COMPANY

5

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

9                        UNLIMITED JURISDICTION

10

11  THOMAS JORGENSEN AND PATRICIA         Case No.: 08-274494
    JORGENSEN,
12                                        DEFENDANT SAN FRANCISCO
              Plaintiffs,                 GRAVEL COMPANY'S OBJECTION TO
13                                        STIPULATION OF HEARING BY
         vs.                              COURT COMMISSIONER
14
    A.W CHESTERTON COMPANY, et al.,       [Pursuant to Local Rules 3.6 & 8.14(D)]
15
              Defendants.                 [ASBESTOS-RELATED CASE]
16  _____/

17

18       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19       Defendant SAN FRANCISCO GRAVEL COMPANY does not stipulate and hereby

20  objects pursuant to San Francisco Superior Court Local Rules 3.6 and 8.14 (D) to the assignment

21  of any pre-trial or discovery matter for determination or hearing by a Court Commissioner.

22  DATED: January 9, 2008.           LAW OFFICES OF MARK P. KRINSKY

23

24                                     By _____
25                                        MARK P. KRINSKY
                                          Attorneys for Defendant
26                                        SAN FRANCISCO GRAVEL COMPANY

27

28

                                        1

Re:   JORGENSEN, THOMAS and PATRICIA v. A.W CHESTERTON CO., et al.,
      San Francisco Superior Court No. 08-274494

<u>**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**</u>

I declare that:

I am a citizen of the United States, employed in the City and County of San Francisco, over the age of eighteen years, and not a party to the within cause.  My business address is One Embarcadero Center, 12TH Floor, San Francisco, California, 94111.  On January 16, 2008, I electronically served the document(s) via LexisNexis File & Serve described as:

**DEFENDANT SAN FRANCISCO GRAVEL COMPANY'S OBJECTION
TO STIPULATION OF HEARING BY COURT COMMISSIONER**

on the recipients designated below as described on the Transaction Receipt located on the LexisNexis File & Serve website:

> Jeffrey A. Kaiser, Esq.
> LEVIN, SIMES, KAISER & GORNICK, LLP
> 44 Montgomery St., 36th Fl
> San Francisco, CA 94104

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 16, 2008 at San Francisco, California.

_____
            Tamara D. Slye

# EXHIBIT 46

MARK P. KRINSKY (State Bar No. 041823)
LAW OFFICES OF MARK P. KRINSKY
One Embarcadero Center, 12th Floor
San Francisco, CA 94111
Telephone: 415-217-0060

Attorneys for Defendant
SAN FRANCISCO GRAVEL COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| THOMAS JORGENSEN AND PATRICIA JORGENSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>A.W CHESTERTON COMPANY, et al.,<br><br>Defendants.<br>_____/ | Case No.: 08-274494<br><br>DEFENDANT SAN FRANCISCO GRAVEL COMPANY'S ANSWER TO COMPLAINT FOR DAMAGES (ASBESTOS)<br><br>[ASBESTOS-RELATED CASE] |

COMES NOW Defendant, SAN FRANCISCO GRAVEL COMPANY, and answering

Plaintiffs' Complaint on file herein, admits, denies, and alleges as follows:

Whenever "Plaintiff" is used in this Answer, that reference embraces each Plaintiff

individually as well as collectively, plus the words "and each of them."

Under the provisions of Section 431.30(d), California Code of Civil Procedure, this

answering Defendant denies each and every allegation of Plaintiff's complaint and the whole

thereof, and denies that Plaintiff has been damaged in any sum or amount whatsoever, or at all.

**FIRST AFFIRMATIVE DEFENSE**

1.      That any and all events and happenings in connection with the allegations

contained in Plaintiff's complaint and the resulting injuries and damages, if any, referred to

therein, were proximately caused and contributed to by the negligence of the Plaintiff thereby

1

1 barring or reducing Plaintiff's recovery herein.

2                         **SECOND AFFIRMATIVE DEFENSE**

3        2.        Plaintiff voluntarily assumed the risk of any then-existing conditions alleged in the

4 complaint with full knowledge thereof, thereby proximately causing the injuries and damages, if

5 any, complained of by Plaintiff and Plaintiff is thereby barred from recovery herein.

6                         **THIRD AFFIRMATIVE DEFENSE**

7        3.        Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts

8 or omissions, if any, of this answering Defendant, thus barring Plaintiff from any relief as prayed

9 for herein.

10                        **FOURTH AFFIRMATIVE DEFENSE**

11       4.        Plaintiff's action, and each alleged cause of action, is barred by the applicable

12 statute of limitations, including, but not limited to, Code of Civil Procedure, Sections 338(1),

13 338(4), 339(1), 340(3), 340.2, 343, 353, and California Commercial Code, Section 2725.

14                         **FIFTH AFFIRMATIVE DEFENSE**

15       5.        Any loss, injury or damage to Plaintiff was proximately caused or contributed to

16 by the negligent or other tortious acts, omissions, conduct or products of persons, entities or

17 parties other than this answering Defendant, and that each, any, and all damages recoverable by

18 Plaintiff must be diminished in proportion to the amount of fault attributable to said other

19 persons, entities or parties, and there must be apportioned among all such persons, entities and

20 parties the amount of damages attributed to them as an offset against damages, if any, awarded

21 against this answering Defendant.

22                         **SIXTH AFFIRMATIVE DEFENSE**

23       6.        Plaintiff is barred from recovery herein by virtue of the application of the Doctrine

24 of Laches (inexcusable delay and prejudice to Defendant).

25                         **SEVENTH AFFIRMATIVE DEFENSE**

26       7.        The court lacks subject matter jurisdiction over the matters alleged in the

27 complaint because the complaint and each alleged cause of action against Defendant is barred by

28 the provisions of California Labor Code, Sections 3600, et seq.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Any loss, injury, or damage, if any, incurred by Plaintiff was the result of superseding or intervening causes arising from the negligent or willful acts or omissions of other parties which Defendant neither controlled nor had the right to control, and that said loss, injury or damage was not proximately or legally caused by any act, omission, or other conduct of Defendant.

### NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff is barred from recovery herein by virtue of the fact that all products sold by this Defendant were produced in conformity with specifications provided to this answering Defendant by the government of the United States of America pursuant to its war powers.  Any defect in said products was caused by deficiencies in the specifications supplied to Defendant, which deficiencies were neither known to Defendant nor discoverable by Defendant with the exercise of reasonable care.

### TENTH AFFIRMATIVE DEFENSE

10.    The complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    The complaint, and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer of the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted a claim for relief which, if granted, would contravene Defendant's constitutional rights to substantive and procedural due process of law as preserved for Defendant by the Fourteenth Amendment to the United Stated Constitution and by Article I, Section 7, of the Constitution of the State of California.

### TWELFTH AFFIRMATIVE DEFENSE

12.    The complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of Defendant's constitutional right to equal protection of the laws as preserved by the Fourteenth Amendment to the United States Constitution, and by Article I,

1   Section 7, of the Constitution of the State of California.

2   <center>**THIRTEENTH AFFIRMATIVE DEFENSE**</center>

3      13.    The complaint, and each cause of action thereof, which is admittedly based upon a

4   lack of identification of the manufacturer of the alleged injury-causing product, fails to state facts

5   sufficient to constitute a cause of action in that Plaintiff has asserted claims for relief which, if

6   granted, would constitute the taking of private property for public use without just compensation

7   in contravention of the Fifth and Fourteenth Amendments to the United States Constitution and

8   Article I, Sections 7 and 19, of the Constitution of the State of California, and the applicable

9   California statutes.

10  <center>**FOURTEENTH AFFIRMATIVE DEFENSE**</center>

11     14.    If Defendant has purportedly been named or served in this action as a Doe

12  Defendant, such effort by Plaintiff is invalid on the grounds that Plaintiff knew, or should have

13  known, of the identity of Defendant and of his alleged causes of action against Defendant at the

14  time of the filing of the complaint.

15  <center>**FIFTEENTH AFFIRMATIVE DEFENSE**</center>

16     15.    If Plaintiff sustained any injury or illness attributable to the use of any product

17  manufactured by Defendant, which allegations are expressly denied, the injuries were solely

18  caused by and attributable to the unreasonable and improper use which was made of said

19  products, and each of them.

20  <center>**SIXTEENTH AFFIRMATIVE DEFENSE**</center>

21     16.    Plaintiff was advised, informed, and warned of any potential hazards and/or

22  dangers, if any there were, associated with the normal or foreseeable use, handling, and storage of

23  the products, substances, and equipment described in the complaint.

24  <center>**SEVENTEENTH AFFIRMATIVE DEFENSE**</center>

25     17.    The product involved was materially altered or changed by a party or parties other

26  than, and without the permission of, this answering Defendant, its employees, servants, or other

27  agents, and such alteration or change created the alleged defect, if any, which was the proximate

28  or legal cause of Plaintiff's injuries, or damages, if any.

<center>4</center>

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The products, substances, and equipment referred to in the complaint were properly designed and manufactured, and safe for the purpose intended.  Said products, substances, and equipment were modified, altered, misused, abused and/or improperly maintained by Plaintiff or others, and said conduct was not reasonably foreseeable to Defendant and proximately caused or contributed to the injuries, losses, and damages complained of, if any there were, thus barring Plaintiff's recovery herein.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff failed to give Defendant reasonably prompt notice of the breaches of warranty, if any, alleged in the complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff was not in privity of contract with Defendant and said lack of privity bars Plaintiff's recovery herein upon any theory of warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff failed to mitigate his damages, if any, in that he failed to use reasonable diligence in caring for his injuries and reasonable means to prevent their aggravation or to accomplish their healing.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Any exposure of Plaintiff to products sold or distributed by this Defendant was so minimal as to be insufficient to establish by a reasonable degree of probability that any such product caused any alleged injury, damage, or loss to Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Products sold or distributed by this Defendant were not a substantial factor in bringing about the injuries and damages complained of by Plaintiff, and, therefore, this Defendant may not be held liable to Plaintiff as alleged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The state of the medical, scientific, and industrial knowledge and practice was at all material times such that Defendant neither breached any alleged duty owed Plaintiff, nor

knew, nor could have known, that its product(s) presented a foreseeable risk of harm to Plaintiff in the normal and expected use of such product(s).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Any products, substances, or equipment manufactured, formulated, sold or distributed by this answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their manufacture, sale, formulation, or distribution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     If this Defendant is responsible to Plaintiff, which responsibility is expressly denied, this Defendant shall be liable to Plaintiff only for the amount of non-economic damages allocated to this Defendant in direct proportion to this Defendant's percentage of fault, if any. (California Civil Code, Sections 1431, et seq.)

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     At the time and place of the happening of the occurrences and injuries alleged in the complaint, and all times material thereto, Plaintiff was employed by various employers, the names of which are unknown to this Defendant, and working within the course and scope of his employment and/or employments. Said employer and/or employers and Plaintiff were subject to the provisions of the Workers' Compensation Act of the State of California and Plaintiff was entitled to receive Workers' Compensation benefits from his employers. Certain sums have been paid to or on behalf of Plaintiff herein under the applicable provisions of the Labor Code of the State of California. Said employer and/or employers and each of them were negligent, careless, and at fault in and about the matters referred to in the complaint and such negligence, carelessness, and fault proximately and concurrently contributed to and caused the happening of the incidents complained of by Plaintiff, if any there were. By these premises, any judgment rendered in favor of Plaintiff herein must be reduced by any benefits or payments made or to be made to Plaintiff by Plaintiff's employer's or employers' compensation carrier under the authority of Witt vs. Jackson (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 360 P.2d 641].

///

DEFENDANT SAN FRANCISCO GRAVEL COMPANY'S ANSWER TO COMPLAINT FOR DAMAGES (ASBESTOS)

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Plaintiff has received, or in the future may receive, Workers' Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the complaint, and, in the event Plaintiff is awarded damages against Defendant, Defendant claims a credit against this award to the extent that Defendant is barred from enforcing its rights to reimbursement for Workers' Compensation benefits that Plaintiff has received or may in the future receive.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The Plaintiff's employer or employers, by reason of the advise, information, warnings and use, handling, and storage information given to them, and by reason of their own long standing and continuous experience with the products, substances, and equipment referred to in the complaint, are and were sophisticated users, handlers, and storers of any and all such products, substances, and equipment, and thereby acquired a separate and affirmative duty to warn, advise, and inform Plaintiff of any potential harmful effects from the mishandling, misstorage, and/or misuse of the subject property, if any.  Said employer failed to so warn Plaintiff and thereby breached said duty, and said failure and breach did directly and proximately cause all damages, injuries, and losses complained of, if any there were.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    At all times relative to matters in the complaint, all of Plaintiff's employers were sophisticated users of asbestos-containing products, and said employers' negligence in providing the product to their employees in a negligent, careless, and reckless manner was a superseding and intervening cause of Plaintiff's injuries, if any there were.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    As between Plaintiff and Defendant, the law applicable to this action is the law as it existed during the period this Defendant engaged, if at all, in the manufacture, sale, or distribution of asbestos-containing products to which the Plaintiff claims exposure.  It is unlawful, inequitable, and in violation of Defendant's contractual, statutory, and constitutional rights to apply principles of law other than or in a manner different from those which existed for

the period in which Defendant manufactured, sold, or distributed products to which Plaintiff claims exposure.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    Defendant denies any and all liability to the extent that Plaintiff asserts Defendant's alleged liability as a successor in business, successor in product line, or a portion thereof; assign, predecessor, predecessor in business, predecessor in product line, or a portion thereof; parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting, or installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    To the extent the complaint asserts Defendant's alleged "alternative," "market share," or "enterprise" liability, the complaint fails to state facts sufficient to constitute a cause of action against this Defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    The complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering Defendant, in that Plaintiff has failed to join a substantial market share of the producers of the product or products to which Plaintiff was allegedly exposed.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    The Defendant did not and does not have a substantial percentage of the market for the asbestos-containing products which allegedly caused Plaintiff's injuries. Therefore, Defendant may not be held liable to Plaintiff based on this Defendant's alleged percentage share of the applicable market.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff's alleged cause of action seeking punitive damages against this Defendant

8

does not state facts sufficient to constitute a cause of action against this answering Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    The causes of action asserted herein by Plaintiff fail to state facts sufficient to constitute a cause of action in that Plaintiff has asserted claims for punitive damages which, if granted, would violate the prohibition against laws impairing the obligation of contracts set forth in Article I, Section 10, of the United States Constitution.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff's claim for punitive or exemplary damages, if any, alleged by Plaintiff is barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    Plaintiff's claim for punitive or exemplary damages, if any, alleged by Plaintiff is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

### FORTIETH AFFIRMATIVE DEFENSE

40.    Plaintiff's claim for punitive or exemplary damages, if any, alleged by Plaintiff is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.    The complaint fails to state facts sufficient to constitute a cause of action to invoke the maritime/admiralty laws of the United States.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.    Plaintiff herein has failed to join indispensable parties (California Code of Civil Procedure, Section 389) and the complaint is thereby defective, and Plaintiff is thereby precluded from any recovery whatsoever as prayed for herein.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.    Plaintiff has no standing nor right to sue for fraud and conspiracy, breach of warranty, deceit, or any cause of action under California Civil Code, Sections 1708-1710, and therefore the complaint and each cause of action thereof fails to state facts sufficient to constitute

1  a cause of action against this answering Defendant.

2  <div align="center">**FORTY-FOURTH AFFIRMATIVE DEFENSE**</div>

3  44.    Plaintiff herein lacks legal capacity to sue and is not a real party in interest and is

4  thereby precluded from any recovery whatsoever as prayed for herein.

5  <div align="center">**FORTY-FIFTH AFFIRMATIVE DEFENSE**</div>

6  45.    Fraud and conspiracy do not constitute a separate and distinct form of damages

7  from general damages, and, therefore, the prayer for fraud and conspiracy in addition to general

8  damages does not sufficiently support or constitute a separate claim for damages against this

9  answering Defendant, but is simply cumulative and included in general damages.

10  WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of

11  this complaint on file herein, for its costs of suit herein incurred, and for any other and further

12  relief as the Court may deem proper.

13  DATED:  January 9, 2008.            LAW OFFICES OF MARK P. KRINSKY

14

15  By  _____

16  MARK P. KRINSKY
    Attorneys for Defendant
    SAN FRANCISCO GRAVEL COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

<div align="center">10</div>

1  Re:  **JORGENSEN, THOMAS and PATRICIA v. A.W CHESTERTON CO., et al.,**
**San Francisco Superior Court No. 08-274494**

2  <u>**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**</u>

3  I declare that:

4  I am a citizen of the United States, employed in the City and County of San Francisco,

5  over the age of eighteen years, and not a party to the within cause.  My business address is One

6  Embarcadero Center, 12TH Floor, San Francisco, California, 94111.  On January 16, 2008, I

7  electronically served the document(s) via LexisNexis File & Serve described as:

8

9  **DEFENDANT SAN FRANCISCO GRAVEL COMPANY'S**
**ANSWER TO COMPLAINT FOR DAMAGES (ASBESTOS)**

10

11  on the recipients designated below as described on the Transaction Receipt located on the

12  LexisNexis File & Serve website:

13              Jeffrey A. Kaiser, Esq.
14              LEVIN, SIMES, KAISER & GORNICK, LLP
              44 Montgomery St., 36th Fl
15              San Francisco, CA 94104

16      I declare under penalty of perjury pursuant to the laws of the State of California that the

17  foregoing is true and correct and that this declaration was executed on January 16, 2008 at San

18  Francisco, California.

19

20

21  

22  _____
23                  Tamara D. Slye

24

25

26

27

28

11

# EXHIBIT 47

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   PAUL J. RIEHLE  (State Bar No. 115199)
2  CHARLES P. MURRIN (State Bar No. 188081)
   SEAN PATTERSON (State Bar No. 234565)
3  One Market Plaza, Steuart Tower, 8th Floor
   San Francisco, CA  94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5
   Attorneys for Defendant SOCO WEST, INC., fka
6  BRENNTAG WEST, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN FRANCISCO

10                   (UNLIMITED JURISDICTION)

11

12

13  THOMAS JORGENSEN and PATRICIA        CASE NO.  CGC 08-274494
    JORGENSEN,
14                                       **ANSWER TO COMPLAINT FOR**
              Plaintiffs,                **DAMAGES – NEGLIGENCE, STRICT**
15                                       **LIABILITY, PUNITIVE DAMAGES,**
         v.                              **LOSS OF CONSORTIUM**
16                                       **(ASBESTOS)**
    A.W. CHESTERTON COMPANY, et al. and
17  DOES ONE THROUGH THREE
    HUNDREDTH, inclusive,
18
              Defendants.
19

20         Defendant SOCO WEST, INC., fka BRENNTAG WEST, INC. (hereafter

21  "defendant"), answers plaintiff's Complaint for Damages (Asbestos) (hereafter "complaint") as

22  follows:

23         1.     Under the provisions of Section 431.30 of the Code of Civil Procedure,

24  defendant denies each and every and all of the allegations of said complaint and denies that

25  plaintiff sustained damages in the sum or sums alleged or in any other sum or at all.

26                        FIRST AFFIRMATIVE DEFENSE

27         2.     Defendant alleges that said complaint and each cause of action therein fails

28  to state facts sufficient to constitute a cause of action against this defendant.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1477518v1

-1-
ANSWER TO COMPLAINT

1

## SECOND AFFIRMATIVE DEFENSE

2        3.     Defendant alleges that the causes of action, if any, attempted to be stated

3 and set forth in said complaint are barred by the provisions of the Code of Civil Procedure of the

4 State of California including, but not limited to, Sections 338(d), 340, and 340.2.

5

## THIRD AFFIRMATIVE DEFENSE

6        4.     Defendant alleges that the causes of action, if any, attempted to be stated

7 and set forth in said complaint are barred by the equitable doctrine of laches.

8

## FOURTH AFFIRMATIVE DEFENSE

9        5.     Defendant alleges that the causes of action, if any, attempted to be stated

10 and set forth in said complaint are barred in whole or in part by the equitable doctrines of waiver

11 and estoppel.

12

## FIFTH AFFIRMATIVE DEFENSE

13        6.     Defendant alleges that plaintiff and others were negligent or otherwise at

14 fault in and about the matters referred to in said complaint, and that such negligence or other

15 fault bars or diminishes plaintiff' recovery against this answering defendant.

16

## SIXTH AFFIRMATIVE DEFENSE

17        7.     Defendant alleges that plaintiff was solely negligent in and about the

18 matters alleged in said complaint and that such negligence on the part of plaintiff was the sole

19 proximate cause of the injuries and damages complained of, if any there were.

20

## SEVENTH AFFIRMATIVE DEFENSE

21        8.     Defendant alleges that plaintiff assumed the risk of the matters referred to

22 in said complaint, that plaintiff knew and appreciated the nature of the risk, and that plaintiff

23 voluntarily accepted the risk.

24

## EIGHTH AFFIRMATIVE DEFENSE

25        9.     Defendant alleges that plaintiff misused and abused the products referred

26 to in said complaint, and failed to follow instructions, and that such misuse and abuse and failure

27 to follow instructions on the part of plaintiff proximately caused and contributed to the injuries

28 and damages complained of, if any there were.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    NINTH AFFIRMATIVE DEFENSE

2        10.    Defendant alleges that if plaintiff sustained injuries attributable to the use

3    of any product manufactured, supplied, or distributed by this answering defendant, which

4    allegations are expressly denied, the injuries were solely caused by and attributable to the

5    unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the

6    product.

7    TENTH AFFIRMATIVE DEFENSE

8        11.    Defendant alleges that, if there was any negligence proximately causing

9    the injuries or damages complained of, such negligence, if any, was solely that of defendants

10    other than this answering defendant.

11    ELEVENTH AFFIRMATIVE DEFENSE

12        12.    Defendant alleges that there is no privity between plaintiff and this

13    answering defendant.

14    TWELFTH AFFIRMATIVE DEFENSE

15        13.    Defendant alleges that it gave no warranties, either express or implied, to

16    plaintiff and that plaintiff, nor others, ever notified defendant of any claims of breach of

17    warranty, if any there were.

18    THIRTEENTH AFFIRMATIVE DEFENSE

19        14.    Defendant alleges that said complaint and each cause of action therein is

20    barred with respect to this answering defendant by the provisions of state and federal Workers'

21    Compensation statutes including, but not limited to, Sections 3600 *et seq.* of the Labor Code of

22    the State of California, and Section 905(b), Title 33 of the United States Code.

23    FOURTEENTH AFFIRMATIVE DEFENSE

24        15.    Defendant alleges that, if there was any negligence proximately causing

25    the injuries or damages complained of, such negligence, if any, is collateral negligence, as that

26    term is used and defined in Restatement 2d Torts, Section 426, and derivative authority.

27    FIFTEENTH AFFIRMATIVE DEFENSE

28        16.    Defendant alleges that at the time of certain matters referred to in the

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-3-
ANSWER TO COMPLAINT

1  complaint, plaintiff was employed by an employer other than this answering defendant and was

2  entitled to and received workers' compensation benefits from that employer; and that, if there

3  was any negligence proximately causing the injuries and damages complained of, if any, such

4  negligence, if any, was that of that particular employer of plaintiff and not this answering

5  defendant.

<div align="center">SIXTEENTH AFFIRMATIVE DEFENSE</div>

7        17.    Defendant alleges that plaintiff's claims, and each of them, in this action

8  are preempted by federal statutes and regulations governing workplace exposure to asbestos.

<div align="center">SEVENTEENTH AFFIRMATIVE DEFENSE</div>

10       18.    Defendant alleges that said complaint, to the extent that it seeks exemplary

11  or punitive damages pursuant to California Civil Code Section 3294 against this answering

12  defendant, violates defendant's rights to procedural due process under the Fourteenth

13  Amendment of the United States Constitution, and Article I, Section 7 of the Constitution of the

14  State of California, and therefore fails to state a cause of action upon which either punitive or

15  exemplary damages can be awarded.

<div align="center">EIGHTEENTH AFFIRMATIVE DEFENSE</div>

17       19.    Defendant alleges that said complaint, to the extent that it seeks punitive

18  or exemplary damages pursuant to California Civil Code Section 3294, violates defendant's

19  rights to protection from "excessive fines" as provided in the Eighth Amendment of the United

20  States Constitution and Article I, Section 17 of the Constitution of the State of California, and

21  violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth

22  Amendments of the United States Constitution and the Constitution of the State of California,

23  and therefore fails to state a cause of action upon which either punitive or exemplary damages

24  can be awarded.

<div align="center">NINETEENTH AFFIRMATIVE DEFENSE</div>

26       20.    Defendant alleges that said complaint, and each cause of action therein,

27  fails to state facts sufficient to support an award of punitive or exemplary damages against this

28  answering defendant.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

2    21.    Defendant alleges that the "peculiar risk" doctrine is not applicable to the

3    causes of action attempted to be stated and set forth against this answering defendant, because

4    the injuries and damages complained of in the complaint, if any there were, arose in the course

5    and scope of plaintiff's employment by an independent contractor.

6    <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

7    22.    Defendant alleges that the causes of action, if any, attempted to be stated

8    and set forth in said complaint on the theory of alternate entity and/or successor liability fail to

9    state facts sufficient to constitute a cause of action against this answering defendant.

10    <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

11    23.    Defendant alleges that the causes of action, if any, attempted to be stated

12    and set forth in said complaint on the theory of the dual capacity doctrine fails to state facts

13    sufficient to constitute a cause of action against this answering defendant.

14    <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

15    24.    Defendant alleges that the causes of action, if any, attempted to be stated

16    and set forth in said complaint against this answering defendant for negligence per se are barred

17    by California Labor Code Section 6304.5, and derivative authority.

18    <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

19    25.    Defendant alleges that plaintiff failed to exercise due diligence to mitigate

20    plaintiff's losses, injuries or damages, if any, and, accordingly, the amount of damages to

21    which plaintiff is entitled, if any, should be reduced by the amount of damages which otherwise

22    would have been mitigated.

23    <u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

24    26.    Defendant alleges that, at all times relevant to the matters alleged in the

25    complaint, some of plaintiff's employers were sophisticated users of allegedly asbestos-

26    containing products, and said employers' negligence in exposing their employees to such

27    products in a negligent, careless and reckless manner was a superseding intervening cause of

28    plaintiff's injuries, if any.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

2    27.    Defendant alleges that this answering defendant is entitled to set-off any

3    settlement, judgment, or similar amount received by plaintiff against any judgment rendered

4    against this answering defendant in plaintiff's favor.

5

<u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

6    28.    Defendant will rely upon any and all further defenses that become

7    available or appear during discovery proceedings in this action, and specifically reserves the right

8    to amend this answer for the purpose of asserting any such additional defenses.

9    WHEREFORE, this answering defendant prays that plaintiff take nothing by reason of

10   their complaint; that this answering defendant be awarded costs of suit herein, and such other and

11   further relief as the court deems just; and, that if this answering defendant is found liable, the

12   degree of its responsibility for the resulting damages be determined and that this answering

13   defendant be held liable only for that amount of the total damages proportionate to its

14   responsibility for the same.

15   DATED: January 15, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

16

17

18   By: /s/  Sean Patterson
     Sean Patterson
19   Attorneys for Defendant
     SOCO WEST, INC., fka BRENNTAG WEST,
20   INC.

21

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

28

1

## ELECTRONIC PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a party to

3    the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market

4    Plaza, Steuart Tower, 8th Floor, San Francisco, California  94105.  On January 16, 2008, I

5    electronically served the document via LexisNexis File & Serve described as:

6

7    **ANSWER TO COMPLAINT FOR  DAMAGES – NEGLIGENCE, STRICT LIABILITY, PUNITIVE DAMAGES, LOSS OF CONSORTIUM (ASBESTOS)**

8

9    on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve

10    website, including:

11

12    Jeffrey A. Kaiser, Esq.                                               *Attorneys For Plaintiffs*
      Anna Maria Costa, Esq.
13          Levin Simes Kaiser & Gornick, LLP       T:  (415) 646-7160
      44 Montgomery Street, 36th Floor         F:  (415) 981-1270
14          San Francisco, CA  94104

15

16        I declare under penalty of perjury under the laws of the State of California that the above

17    is true and correct.  Executed on January 16, 2008, at San Francisco, California.

18

19

20    /s/  Charlene Bryant
                        Charlene Bryant

21

22

23

24

25

26

27

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

# EXHIBIT 48

NAME, ADDRESS, TELEPHONE NUMBER OF ATTORNEY(S)
ANNA M. COSTA    (SBN 203741)
LEVIN SIMES KAISER & GORNICK, LLP
44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA  94104

(415)646-7160
ATTORNEY(S) FOR:  THOMAS JORGENSEN AND PATRICIA
JORGENSEN

*SPACE BELOW FOR COURT USE ONLY*

| AMENDMENT TO COMPLAINT | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | CASE NUMBER CGC 08 274494 |
| --- | --- | --- |

THOMAS JORGENSEN AND PATRICIA JORGENSEN

_____
Plaintiff(s)

vs.

A.W. CHESTERTON COMPANY, et al.

_____
Defendant(s)

**FICTITIOUS NAME** [SEC. 474 C.C.P.]

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

DOE 1
_____

and having discovered the true name of the said defendant to be:

CROWLEY MARITIME CORPORATION
_____

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

ANNA M. COSTA

_____
Attorney(s) for plaintiff(s)
THOMAS JORGENSEN, ET AL.

**INCORRECT NAME** [SEC. 473 (a)(1) C.C.P.]

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

_____

and having discovered the true name of the said defendant to be

_____

hereby amend(s) the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____
Attorney(s) for Plaintiff(s)

**ORDER**
Proper cause appearing, the above amendment to the complaint is allowed.

Dated: _____    _____
                                                                          Judge

**F1011**
Rev. 12/04

**AMENDMENT TO COMPLAINT**

SF-1011

# EXHIBIT 49

1   JEFFREY A. KAISER, ESQ. [SBN 160594]
    ANNA M. COSTA, ESQ. [203741]
2   **LEVIN SIMES KAISER & GORNICK, LLP**
    44 Montgomery Street, 36th Floor
3   San Francisco, California  94104
    Telephone    (415) 646-7160
4   Facsimile    (415) 981-1270

5   Attorneys for Plaintiffs
    THOMAS JORGENSEN AND PATRICIA JORGENSEN

6

7               SUPERIOR COURT OF CALIFORNIA
                  COUNTY OF SAN FRANCISCO
8                 (UNLIMITED JURISDICTION)

9

10  THOMAS JORGENSEN AND PATRICIA          )   No.   **CGC-08-274494**
    JORGENSEN,                              )
11                                          )
                                            )   PRELIMINARY FACT
12              Plaintiffs,                 )   SHEET NEW FILING/
                                            )   ASBESTOS LITIGATION
13      vs.                                 )   (See General Order No. 129)
                                            )   In Re Complex Asbestos
14  A. W. CHESTERTON COMPANY, et al.        )   Litigation
                                            )
15              Defendants.                 )

16                      **N O T I C E**

17  **TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE**
    **SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA,**
18  **CITY AND COUNTY OF SAN FRANCISCO:**

19          You have been served with process in an action which has been designated by the Court as

20  complex litigation pursuant to Standard 19 of the Standards of Judicial Administration.  This

21  litigation bears the caption "In Re: Complex Litigation," [San Francisco Superior Court No.

22  828684].

23          This litigation is governed by various general orders, some of which affect the judicial

24  management and/or discovery obligations, including the responsibility to answer interrogatories

25  deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,

26  Berry & Berry, Station D, Post Office Box 16070 (2930 Lakeshore Ave.), Oakland, California

27  94610; Telephone: (510) 250-0200; FAX: (510) 835-5117 for further information and/or copies of

28  these orders, at your expense.

    I:\6177.Jorgensen\Complaint\compl.fact.sheet.doc        -1-              PRELIMINARY FACT SHEET

these orders, at your expense.

1.    State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"):

**THOMAS JORGENSEN**
**602 8TH AVE. NW**
**PUYALLUP, WA 98371**

2.    Does plaintiff anticipate filing a motion for preferential trial date within the next four months? __X__ Yes        ____ No

3.    Date of birth of each exposed person in item one and, if applicable, date of death:

**Date of Birth: May 2, 1945        Date of Death: __N/A__**

Social Security Number of each exposed person:        **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**

4.    Specify the nature or type of asbestos-related disease alleged by each exposed person:

____ Asbestosis                __X__ Mesothelioma

__ Pleural Thickening/Plaques        ____ Other Cancer: Specify: _____

Lung Cancer Other Than Mesothelioma        Other: Specify:_____

5.    For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

____Shipyard        __X__Construction        ____ Friction-Automotive

____Premises        ____ Aerospace        __X__ Military

____Other: Specify all that apply:  Secondary Exposure

If applicable, indicate which exposure allegations apply to which exposed person.

6.    Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more

generalized descriptions such as "merchant Marine" or "construction." If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

| Employer & Dates | Jobsite(s) | Job Duties |
|---|---|---|
| **US Navy**<br>1965 - 1967 | USS Floyd (LST 762)<br>San Diego, CA<br>Hawaii<br>Vietnam<br>Subic Bay, AK<br>Bay Area, CA<br>San Francisco, CA | Interior Communications and various work detail |
| **Pasquire Panel Products**<br>1967 – 1968 | Sumner, WA | Set up work on machinery |
| **Armstrong Homes**<br>1968 - 1969 | Puyallup, WA | Laborer |
| **Fox Drywall**<br>1969 – 1973 | Seattle/Tacoma, WA area<br>Vancouver, WA | Sheetrock Worker |
| **Gray Company**<br>1969 – 1973 | Seattle/Tacoma, WA area | Sheetrock Worker |
| **Rick's Drywall**<br>1969 – 1973 | Seattle/Tacoma, WA area<br>Colorado Springs, CO | Sheetrock Worker |
| **Novel Homes**<br>1972 – 1975 | Seattle, WA | Planner & Coordinator at construction sites |
| **Custom Craft Fixture**<br>1975 - 1991 | Seattle, WA<br>San Francisco, CA<br>Half Moon Bay, CA<br>Various location in Southern California | Designed and built cabinetry |

7. For each exposed person who:

a. worked in the United States or for a U. S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully

1    executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

2        b.    may have had a Social Security disability award or is no longer employed and

3    whose last employment was not with a United States government agency, attach to the copy of this

4    fact sheet provided to Designated Defense counsel a fully executed Social Security Disability

5    authorization (Exhibit N-5 to General Order No. 129);

6        c.    served at any time in the United States military, attach to the copy of this fact sheet

7    provided to the Designated Defense counsel two fully executed originals of the stipulation (Exhibit

8    N-3 to General Order No. 129);

9        d.    was employed by the United States government in a civilian capacity, attach to  the

10   copy of this fact sheet provided to Designated Defense counsel two fully executed originals of the

11   stipulation (Exhibit N-3 to General Order No. 129).

12   8.    If there is a wrongful death claim, attach to the copy of this fact sheet provided to

13   Designated Defense Counsel a copy of the death certificate, if available.  If an autopsy report was

14   done, also attach a copy of it to the copy of this fact sheet provided to Designated Defense

15   Counsel.

16   9.    State the date of the filing of the initial complaint in this matter:  January 3, 2008.

17

18   DATED: January 3, 2008            LEVIN SIMES KAISER & GORNICK, LLP

19

20                         BY    _____
                              ANNA M. COSTA
21                            Attorney for Plaintiffs

22

23

24

25

26

27

28

# EXHIBIT 50

CASE NUMBER: CGC-08-274494  THOMAS JORGENSEN et al VS. A.W. CHESTERTON COM

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

DATE:     **DEC-17-2008**

TIME:     **1:30PM**

PLACE:     **Department 206**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.3 and 3.4.

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
A.W. CHESTERTON COMPANY;
[SEE ATTACHMENT FOR ADDITIONAL DEFENDANTS]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THOMAS JORGENSEN AND PATRICIA JORGENSEN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SF
400 MCALLISTER STREET

SAN FRANCISCO, CA 94102

| CASE NUMBER: *(Número del Caso):* |
| --- |
| CGC-08-274494 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEFFREY A. KAISER    (SBN 160594)        (415)646-7160    415-981-1270
LEVIN SIMES KAISER & GORNICK, LLP
44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA 94104

Gordon Park-Li

DATE:    JAN - 3 2008        Clerk, by            ELIAS BUTT        , Deputy
*(Fecha)*            *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Crowley Maritime Corporation

under:    ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1    Attachment to Summons

2

3    THOMAS JORGENSEN AND PATRICIA JORGENSEN,  )    No.
     )
4                            PLAINTIFFS,    )
     )
5                            VS.    )
     )
6    A.W. CHESTERTON COMPANY;    )
     ALLIS CHALMERS CORPORATION PRODUCT    )
7    LIABILITY TRUST;    )
     ASBESTOS CORPORATION, LTD.;    )
8    AURORA PUMPS;    )
     CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-    )
9    IN-INTEREST TO CHAPMAN VALVE CO.;    )
     CROWN, CORK & SEAL, INDIVIDUALLY AND AS    )
10   SUCCESSOR-IN-INTEREST TO MUNDET CORK;    )
     CYPRUS AMAX MINERALS COMPANY,    )
11   INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST    )
     TO SIERRA TALC AND PAUL W. WOOD;    )
12   DOWMAN PRODUCTS. INC.;    )
     ELEMENTIS CHEMICALS, INC., FORMERLY    )
13   KNOWN AS HARCROS CHEMICALS, INC. A    )
     DELAWARE CORPORATION, INDIVIDUALLY AND    )
14   AS SUCCESSOR-IN-INTEREST TO HARRISONS &    )
     CROSFIELD (PACIFIC);    )
15   GARLOCK SEALING TECHNOLOGIES LLC,    )
     INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST    )
16   TO GARLOCK, INC.;    )
     GENERAL ELECTRIC COMPANY;    )
17   GEORGIA-PACIFIC CORPORATION;    )
     GOULDS PUMPS, INCORPORATED;    )
18   HAMILTON MATERIALS, INC.;    )
     HANSON PERMANENTE CEMENT, INC., FORMERLY    )
19   KNOWN AS KAISER CEMENT CORPORATION;    )
     HERCULES ENGINE COMPANY;    )
20   HILL BROTHERS CHEMICAL COMPANY;    )
     ITT INDUSTRIES, INC., INDIVIDUALLY AND AS    )
21   SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS,    )
     CORP. AND BELL AND GOSSETT;    )
22   KAISER GYPSUM COMPANY, INC.;    )
     KELLY-MOORE PAINT COMPANY, INC.;    )
23   LAMONS GASKET COMPANY, INDIVIDUALLY, AS    )
     SUCCESSOR-IN-INTEREST AND PARENT ALTER    )
24   EGO TO POWER ENGINEERING & EQUIPMENT    )
     COMPANY, INC.;    )
25   OG SUPPLY, INC.;    )

26

27

28

I:\6177.JORGENSEN\COMPLAINT\ATTACHMENT.SUMMONS.DOC    - 1 -    PERSONAL INJURY

1  PARKER-HANNIFIN CORPORATION,                     )
2  INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST         )
   TO SACOMO SIERRA AND SACOMO                       )
3  MANUFACTURING COMPANY;                            )
   QUINTEC INDUSTRIES, INC.;                         )
4  R.T. VANDERBILT COMPANY, INC.;                    )
   RICH-TEX, INC.;                                   )
5  SAN FRANCISCO GRAVEL CO., INC.;                   )
6  SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA       )
   SOCO-LYNCH CORPORATION, INDIVIDUALLY AND          )
7  AS SUCCESSOR-IN-INTEREST TO WESTERN               )
   CHEMICAL & MANUFACTURING COMPANY;                 )
8  STONE & WEBSTER ENGINEERING                       )
   CORPORATION, INDIVIDUALLY AND AS                  )
9  SUCCESSOR-IN-INTEREST, PARENT AND ALTER           )
   EGO TO E.B. BADGER & SONS COMPANY;                )
10 T H AGRICULTURE & NUTRITION LLC                   )
11 INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST         )
   TO THOMPSON-HAYWARD CHEMICAL CO.;                 )
12 UNION CARBIDE CORPORATION;                        )
   WARREN PUMPS, LLC;                                )
13 VIACOM, INCORPORATED AS SUCCESSOR-BY-             )
   MERGER TO CBS CORPORATION FKA                     )
14 WESTINGHOUSE ELECTRIC CORPORATION                 )
   AND THE FIRST DOE THROUGH THREE                   )
15 HUNDREDTH DOE, INCLUSIVE,                         )
16                                                   )
            DEFENDANTS.                              )
17                                                   )

18

19

20

21

22

23

24

25

26

27

28

NAME, ADDRESS, TELEPHONE NUMBER OF ATTORNEY(S)
ANNA M. COSTA   (SBN 203741)
LEVIN SIMES KAISER & GORNICK, LLP
44 MONTGOMERY STREET, 36TH FLOOR
SAN FRANCISCO, CA  94104

(415)646-7160
ATTORNEY(S) FOR:  THOMAS JORGENSEN AND PATRICIA
JORGENSEN

*SPACE BELOW FOR COURT USE ONLY*

| AMENDMENT TO COMPLAINT | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO | CASE NUMBER |
|---|---|---|
| | | CGC 08 274494 |

THOMAS JORGENSEN AND PATRICIA JORGENSEN          A.W. CHESTERTON COMPANY, et al.

**vs.**

Plaintiff(s)                                                                              Defendant(s)

## FICTITIOUS NAME [SEC. 474 C.C.P.]

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:

DOE 1

and having discovered the true name of the said defendant to be:

CROWLEY MARITIME CORPORATION

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

ANNA M. COSTA

_____
Attorney(s) for plaintiff(s)
THOMAS JORGENSEN, ET AL.

## INCORRECT NAME [SEC. 473 (a)(1) C.C.P.]

Plaintiff(s) having designated a defendant in the complaint by the incorrect name of

_____

and having discovered the true name of the said defendant to be

_____

hereby amend(s) the complaint by inserting such true name in place and stead of such incorrect name wherever it appears in said complaint.

_____
Attorney(s) for Plaintiff(s)

## ORDER

Proper cause appearing, the above amendment to the complaint is allowed.

Dated: _____        _____
                                                                    Judge

**F1011**
Rev. 12/04

**AMENDMENT TO COMPLAINT**

SF-1011

# EXHIBIT 51

1   JEFFREY A. KAISER, ESQ. [SBN 160594]
    ANNA M. COSTA, ESQ. [SBN 203741]
2   LEVIN SIMES KAISER & GORNICK, LLP
    44 MONTGOMERY STREET, 36TH FLOOR
3   SAN FRANCISCO, CALIFORNIA  94104
    TELEPHONE (415) 646-7160
4   FACSIMILE  (415) 981-1270

5   ATTORNEYS FOR PLAINTIFFS

6   THOMAS JORGENSEN AND PATRICIA JORGENSEN

7

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO AMENDED G.O. 158

10

11   THOMAS JORGENSEN AND PATRICIA JORGENSEN,  )

12            PLAINTIFFS,                        )

13                VS.                            )

14   A. W. CHESTERTON COMPANY;                   )
     ALLIS CHALMERS CORPORATION PRODUCT          )
15   LIABILITY TRUST;                            )
     ASBESTOS CORPORATION, LTD.;                 )
16   AURORA PUMPS;                               )
     CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-   )
17   IN-INTEREST TO CHAPMAN VALVE CO.;           )
     CROWN, CORK & SEAL, INDIVIDUALLY AND AS     )
18   SUCCESSOR-IN-INTEREST TO MUNDET CORK;       )
     CYPRUS AMAX MINERALS COMPANY,               )
19   INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST   )
     TO SIERRA TALC AND PAUL W. WOOD;            )
20   DOWMAN PRODUCTS. INC.;                      )
     ELEMENTIS CHEMICALS, INC., FORMERLY         )
21   KNOWN AS HARCROS CHEMICALS, INC. A          )
     DELAWARE CORPORATION, INDIVIDUALLY AND      )
22   AS SUCCESSOR-IN-INTEREST TO HARRISONS &     )
     CROSFIELD (PACIFIC);                        )
23   GARLOCK SEALING TECHNOLOGIES LLC,           )
     INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST   )
24   TO GARLOCK, INC.;                           )
     GENERAL ELECTRIC COMPANY;                   )
25   GEORGIA-PACIFIC CORPORATION;                )
     GOULDS PUMPS, INCORPORATED;                 )
26   HAMILTON MATERIALS, INC.;                   )
     HANSON PERMANENTE CEMENT, INC., FORMERLY    )
27
28

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 JAN -3  AM 12: 37

GORDON PARK-LI, CLERK

BY: ELIAS BUT?
         DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

DEC 1 7 2008  -1:30PM

DEPARTMENT 206

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO
(UNLIMITED JURISDICTION)

No. CGC-08-274474

COMPLAINT FOR
DAMAGES

NEGLIGENCE,
STRICT LIABILITY,
PUNITIVE DAMAGES,
LOSS OF CONSORTIUM,

(ASBESTOS)

1    KNOWN AS KAISER CEMENT CORPORATION;    )
     HERCULES ENGINE COMPANY;    )
2    HILL BROTHERS CHEMICAL COMPANY;    )
3    ITT INDUSTRIES, INC., INDIVIDUALLY AND AS    )
     SUCCESSOR-IN-INTEREST TO ALLIS CHALMERS,    )
4    CORP. AND BELL AND GOSSETT;    )
     KAISER GYPSUM COMPANY, INC.;    )
5    KELLY-MOORE PAINT COMPANY, INC.;    )
6    LAMONS GASKET COMPANY, INDIVIDUALLY, AS    )
     SUCCESSOR-IN-INTEREST AND PARENT ALTER    )
7    EGO TO POWER ENGINEERING & EQUIPMENT    )
     COMPANY, INC.;    )
8    OG SUPPLY, INC.;    )
     PARKER-HANNIFIN CORPORATION,    )
9    INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST    )
     TO SACOMO SIERRA AND SACOMO    )
10   MANUFACTURING COMPANY;    )
11   QUINTEC INDUSTRIES, INC.;    )
     R.T. VANDERBILT COMPANY, INC.;    )
12   RICH-TEX, INC.;    )
     SAN FRANCISCO GRAVEL CO., INC.;    )
13   SOCO-WEST, INC. FKA BRENNTAG WEST, INC. FKA    )
14   SOCO-LYNCH CORPORATION, INDIVIDUALLY AND    )
     AS SUCCESSOR-IN-INTEREST TO WESTERN    )
15   CHEMICAL & MANUFACTURING COMPANY;    )
     STONE & WEBSTER ENGINEERING    )
16   CORPORATION, INDIVIDUALLY AND AS    )
17   SUCCESSOR-IN-INTEREST, PARENT AND ALTER    )
     EGO TO E.B. BADGER & SONS COMPANY;    )
18   T H AGRICULTURE & NUTRITION LLC    )
     INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST    )
19   TO THOMPSON-HAYWARD CHEMICAL CO.;    )
     UNION CARBIDE CORPORATION;    )
20   WARREN PUMPS, LLC;    )
21   VIACOM, INCORPORATED AS SUCCESSOR-BY-    )
     MERGER TO CBS CORPORATION FKA    )
22   WESTINGHOUSE ELECTRIC CORPORATION    )
     AND THE FIRST DOE THROUGH THREE    )
23   HUNDREDTH DOE, INCLUSIVE,    )

24                DEFENDANTS.

25

26              GENERAL ALLEGATIONS

27        1.    The true names and capacities, whether individual, corporate, associate,

28   governmental or otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE,

1   inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such

2   fictitious names. When the true names and capacities of said defendants have been ascertained,

3   plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon

4   allege, that each defendant designated herein as a DOE is responsible, negligently or in some other

5   actionable manner, for the events and happenings hereinafter referred to, and caused injuries and

6

7   damages proximately thereby to the Plaintiffs, as hereinafter alleged.

8       2.      At all times herein mentioned, each of the defendants, except as otherwise alleged,

9   was the agent, servant, employee and/or joint venturer of her co-defendants, and each of them, and

10  at all said times, each defendant was acting in the full course and scope of said agency, service,

11  employment and/or joint venture. Plaintiffs do not allege that Asbestos Corporation Ltd. was the

12
    agent, servant, employee and/or joint venturer of any entity during any of the years Asbestos
13
    Corporation Ltd. was owned by any governmental agency. Certain defendants agreed and
14

15  conspired among themselves, and with certain other individuals and/or entities, to act, or not to

16  act, in such a manner that resulted in injury to the Plaintiff, THOMAS JORGENSEN; and such

17  defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring

18
    defendants. Plaintiffs do not allege that Asbestos Corporation Ltd. conspired with any entity
19
    during any of the years Asbestos Corporation Ltd. was owned by any governmental agency.
20

21      3.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

22  mentioned, defendants, **A. W. CHESTERTON COMPANY; ALLIS CHALMERS**

23  **CORPORATION PRODUCT LIABILITY TRUST; ASBESTOS CORPORATION, LTD.;**

24  **AURORA PUMPS; CRANE CO., INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST**

25  **TO CHAPMAN VALVE CO.; CROWN, CORK & SEAL, INDIVIDUALLY AND AS**

26  **SUCCESSOR-IN-INTEREST TO MUNDET CORK; CYPRUS AMAX MINERALS**

27  **COMPANY, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO SIERRA TALC**

28

I:\6177.JORGENSEN\COMPLAINT\COMPLAINT.PI.LOC.ASB.DOC

AND PAUL W. WOOD;  DOWMAN PRODUCTS. INC.;  ELEMENTIS CHEMICALS,

INC., FORMERLY KNOWN AS HARCROS CHEMICALS, INC. A DELAWARE

CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

HARRISONS & CROSFIELD (PACIFIC); GARLOCK SEALING TECHNOLOGIES

LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO GARLOCK, INC.;

GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC CORPORATION; GOULDS

PUMPS, INCORPORATED;  HAMILTON MATERIALS, INC.;  HANSON

PERMANENTE CEMENT, INC., FORMERLY KNOWN AS KAISER CEMENT

CORPORATION;  HERCULES ENGINE COMPANY; HILL BROTHERS CHEMICAL

COMPANY;  ITT INDUSTRIES, INC., INDIVIDUALLY AND AS SUCCESSOR-IN-

INTEREST TO ALLIS CHALMERS, CORP. AND BELL AND GOSSETT;  KAISER

GYPSUM COMPANY, INC.;  KELLY-MOORE PAINT COMPANY, INC.;  LAMONS

GASKET COMPANY, INDIVIDUALLY, AS SUCCESSOR-IN-INTEREST AND PARENT

ALTER EGO TO POWER ENGINEERING & EQUIPMENT COMPANY, INC.;  OG

SUPPLY, INC.;  PARKER-HANNIFIN CORPORATION, INDIVIDUALLY AND AS

SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO

MANUFACTURING COMPANY;  QUINTEC INDUSTRIES, INC.; R.T. VANDERBILT

COMPANY, INC.;  RICH-TEX, INC.;  SAN FRANCISCO GRAVEL CO., INC.;  SOCO-

WEST, INC. FKA BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION,

INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL &

MANUFACTURING COMPANY;  STONE & WEBSTER ENGINEERING

CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST, PARENT

AND ALTER EGO TO E.B. BADGER & SONS COMPANY; T H AGRICULTURE &

NUTRITION LLC INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO

1   THOMPSON-HAYWARD CHEMICAL CO.;  UNION CARBIDE CORPORATION;

2   WARREN PUMPS, LLC;  VIACOM, INCORPORATED AS SUCCESSOR-BY-MERGER

3   TO CBS CORPORATION FKA WESTINGHOUSE ELECTRIC CORPORATION AND

4   THE FIRST DOE THROUGH THREE HUNDREDTH DOE, inclusive, are corporations

5   organized and existing under and by virtue of the laws of the State of California, or the laws of

6   some state or foreign jurisdiction, and that said defendants were and are authorized to do and are

7   doing business in the State of California, and that said defendants have regularly conducted

8   business in the City and County of San Francisco, State of California.  The defendants identified in

9   this paragraph are collectively hereinafter referred to as "ASBESTOS DEFENDANTS."

10      4.      At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the

11  successor, successor in business, successor in product line or a portion thereof, parent, subsidiary,

12  wholly or partially owned by, or the whole or partial owner of or member in an entity researching,

13  studying, manufacturers, fabricating, designing, labeling, assembling, distributing, leasing, buying,

14  offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing,

15  marketing, warranting, rebranding, handling, modifying, scraping, disturbing, manufacturing for

16  others, packaging and/or advertising a certain substance the generic name for which is asbestos,

17  and other products containing said substance.  Said entities shall hereinafter collectively be called

18  "alternate entities".  Each of the herein named **ASBESTOS DEFENDANTS** are liable for the

19  tortuous conduct of each successor, successor in business, successor in product line or a portion

20  thereof,  assign, predecessor, predecessor in business, predecessor in product line or a portion

21  thereof, parent, subsidiary, alter-ego, whole or partial owner, or wholly or partially owned entity,

22  or entity that it as a member of, or funded, that researched, studied, manufactured, fabricated,

23  designed, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected,

24  serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded,

manufactured for others and advertised a certain substance, the generic name of which is asbestos, and other products containing said substance. The following **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of Plaintiffs remedy against each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets, product line, or apportion thereof, of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, caused the destruction of Plaintiffs remedy against each such "alternate entity"; each such **ASBESTOS DEFENDANTS** has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such **ASBESTOS DEFENDANTS** enjoys the goodwill originally attached to each such "alternate entity".

| DEFENDANT | ALTERNATE ENTITY |
| --- | --- |
| CRANE CO. | CHAPMAN VALVE CO. |
| CROWN, CORK & SEAL | MUNDET CORK |
| CYPRUS AMAX MINERALS COMPANY | SIERRA TALC AND PAUL W. WOOD |
| ELEMENTIS CHEMICALS, INC. | HARCROS CHEMICALS, INC. A DELAWARE CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO HARRISONS & CROSFIELD (PACIFIC) |
| GARLOCK SEALING TECHNOLOGIES LLC | GARLOCK, INC. |
| HANSON PERMANENTE CEMENT, INC. | KAISER CEMENT CORPORATION |
| ITT INDUSTRIES, INC. | ALLIS CHALMERS, CORP. AND BELL AND GOSSETT |
| LAMONS GASKET COMPANY | POWER ENGINEERING & EQUIPMENT COMPANY, INC. |
| PARKER-HANNIFIN CORPORATION | SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |

| | |
|---|---|
| SOCO-WEST, INC. | BRENNTAG WEST, INC. FKA SOCO-LYNCH CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO WESTERN CHEMICAL & MANUFACTURING COMPANY. |
| STONE & WEBSTER ENGINEERING CORPORATION | E.B. BADGER & SONS COMPANY |
| T H AGRICULTURE & NUTRITION LLC | THOMPSON-HAYWARD CHEMICAL CO. |
| VIACOM, INCORPORATED | CBS CORPORATION FKA WESTINGHOUSE ELECTRIC CORPORATION |

### FIRST CAUSE OF ACTION-NEGLIGENCE

### (Personal Injuries)

PLAINTIFF THOMAS JORGENSEN COMPLAINS OF DEFENDANTS, AND EACH OF THEM AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES:

5.    Plaintiff realleges and incorporates herein by reference each of the proceeding paragraphs of this Complaint.

6.    At all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, inspecting, servicing, repairing, distributing, modifying, handling, installing, contracting to install, removing, contracting to remove, disturbing, cutting, grinding, scraping, marketing, warranting and/or advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and

other locations.

7. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, manufactured and/or caused to be manufactured, designed, developed, distributed, supplied, removed, abated, tore out, drilled, dug out, threw away, discarded, swept up, labeled, advertised, marketed, warranted, inspected, repaired, installed, scraped, cut, ground, distributed, handled, fabricated, assembled, modified, serviced, and/or sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto;

8. At all times herein mentioned, the ASBESTOS DEFENDANTS, and each of them manufactured, distributed, sold and/or designed products to be used with asbestos, and/or other products containing said substance. Each ASBESTOS DEFENDANT manufactured, distributed, sold and/or designed products in such a manner that it required the regular replacement of asbestos and/or other materials containing asbestos. Moreover, each ASBESTOS DEFENDANT defectively designed, sold, manufactured and/or distributed products which caused the degradation of integrated asbestos-containing products, which contributed to plaintiff's development of mesothelioma. This being so, even despite the fact that alternative feasible designs were available that would not cause degradation and release of asbestos fibers from the original and replacements asbestos materials to the same extent as the design chosen by ASBESTOS DEFENDANTS.

9. It was foreseeable to each ASBESTOS DEFENDANT that the original asbestos and other materials containing asbestos would be removed and replaced with new asbestos and/or

other materials containing asbestos during ordinary operation and maintenance. Indeed, during the time period in question, most if not all, replacement materials were comprised of asbestos. The operation, use and repair of each of the ASBESTOS DEFENDANTS products would affect both the original and replacement asbestos and other products containing asbestos by making them brittle, friable and not reusable. It was foreseeable to each ASBESTOS DEFENDANT that the process of removing asbestos materials incorporated into their products and replacing them with new asbestos materials during ordinary repair and maintenance would disturb asbestos and result in the release of asbestos fibers into the air, thereby exposing Plaintiff, other workers and bystanders. EACH ASBESTOS DEFENDANT failed to warn Plaintiff, other workers and bystanders of the risks inherent in the replacement of asbestos containing parts and failed to warn Plaintiff, other workers and bystanders that their product was designed to make asbestos friable.

10.    Plaintiff herein is a worker who for or during a substantial length of time used, handled or has been otherwise exposed to the asbestos and asbestos products referred to herein in a manner that was reasonably foreseeable.

11.    As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, the exposure to asbestos caused severe and permanent malignant injuries to the Plaintiff, including, but not limited to, mesothelioma and other lung damage.

12.    Plaintiff is informed and believes, and thereon alleges, that mesothelioma is a progressive lung disease caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos products over a period of time.

13.    Plaintiff presently believes that he suffers from a medical condition known as mesothelioma, a lung disease related to the exposure to asbestos. Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to him, and had not been advised

1   or informed by anyone that he could contract any disease, sickness or injury as a result of working

2   in the vicinity of asbestos.

3        14.    As a direct and proximate result of the aforesaid conduct of **ASBESTOS**

4   **DEFENDANTS**, and each of them, Plaintiff is dying and has suffered, and continues to suffer

5   permanent non-malignant injuries to his person, body and health, including but not limited to

6   mesothelioma, other lung damage, all to his general damages in a sum invoking the unlimited

7

8   jurisdiction of the Court.

9        15.    As a direct and proximate result of the aforesaid conduct of the **ASBESTOS**

10  **DEFENDANTS**, and each of them, Plaintiff has incurred, is presently incurring and will incur in

11  the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and

12

13  other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time,

14  and Plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof

15  is ascertained.

16       16.    Plaintiff THOMAS JORGENSEN has lost pre-judgment interest pursuant to Civil

17  Code Section 3288, the exact amount of which Plaintiff prays leave to insert herein when finally

18  ascertained.

19

20       17.    In researching, testing, manufacturing, distributing, labeling, and marketing said

21  products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so

22  with conscious disregard for the safety of the users of said products, in that **ASBESTOS**

23  **DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death

24  resulting from exposure to asbestos or asbestos products, including but not limited to

25  mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data,

26  and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies

27  performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and

28

1    which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and

2    thereafter.

3        18.    On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware

4    that users of asbestos and asbestos products, as well as members of the general public who would

5    be exposed to asbestos and asbestos products, had no knowledge or information indicating that

6    asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of

7    asbestos and asbestos products, as well as members of the general public who were exposed to

8    asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos

9    and asbestos products was safe, when in fact said exposure was extremely hazardous to human

10   life.

11       19.    With said knowledge, said **ASBESTOS DEFENDANTS** opted to manufacture and

12   distribute said asbestos and asbestos products without attempting to protect users from or warn

13   users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

14   Rather than attempting to protect users and workers from, or warn workers and users of, the high

15   risk of injury or death resulting from exposure to asbestos and asbestos products, **ASBESTOS**

16   **DEFENDANTS** intentionally failed to reveal their knowledge of said risk, fraudulently,

17   consciously and actively concealed and suppressed said knowledge from members of the general

18   public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the

19   knowledge of the falsity  of said implied representations.

20       20.    The above referenced conduct of said **ASBESTOS DEFENDANTS** was

21   motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing,

22   uninterrupted distribution and marketing of asbestos and asbestos products.  In·pursuance of said

23   financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of the

24   users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously

1    willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and

2    persons exposed thereto, including Plaintiff.

3        21.    As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is

4    vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and

5    indifference to the safety and health of workers exposed to asbestos and asbestos products,

6    including Plaintiff, Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS**

7    **DEFENDANTS**, seeks punitive damages according to proof.

8

9        WHEREFORE, Plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each

10   of them, as hereafter set forth.

11

12   ### SECOND CAUSE OF ACTION - STRICT LIABILITY

13       AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

14   ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE **ASBESTOS**

15   **DEFENDANTS** AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

16

17       22.    Plaintiffs reallege and incorporate herein by reference each of the proceeding

18   paragraphs of this Complaint.

19       23.    **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested

20   or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed,

21   warranted, distributed, handled, installed, modified, scraped, inspected, repaired, offered for sale

22   and sold a certain substance, the generic name of which is asbestos and other products containing

23   said substance, which substance is defective, in that same was capable of causing and did, in fact,

24   cause personal injuries, including mesothelioma and other lung damage, to the users and

25   consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the

26   same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto;

27   said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the

28   risks to which Plaintiff and others similarly situated were exposed.

I:\6177.JORGENSEN\COMPLAINT\COMPLAINT.PI.LOC.ASB.DOC

24.     At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them were aware that the original gaskets and packing supplied with their equipment would need to be removed and replaced with new gaskets and packing during ordinary operation and maintenance of their equipment.  Heat and pressure generated by operation would affect the original and replacement gaskets and packing – e.g., making them brittle, friable and not reusable, making replacement necessary and dangerous.  It was foreseeable that the process of removing old gaskets and packing, and replacing them with the new materials during ordinary maintenance operations would disturb the asbestos materials, releasing asbestos into the air.

25.     As a direct and proximate result thereof, Plaintiff has suffered the injuries and damages as previously set forth including those alleged in the First and Second Causes of Action, inclusive.

### THIRD CAUSE OF ACTION – LOSS OF CONSORTIUM

AS AND FOR A FURTHER, THIRD, SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF PATRICIA JORGENSEN COMPLAINS OF **ASBESTOS DEFENDANTS** AND EACH OF THEM AND ALLEGES AS FOLLOWS:

26.     Plaintiff PATRICIA JORGENSEN incorporates herein by reference and makes a part hereof as though fully set forth herein, in the First and Second Causes of Action of this Complaint.

27.     Plaintiff PATRICIA JORGENSEN is now, and at times herein mentioned, the lawfully wedded spouse of THOMAS JORGENSEN.

28.     As a direct and proximate result of the acts of **ASBESTOS DEFENDANTS**, and each of them, as set forth and incorporated herein by reference, and the severe injuries caused thereby to THOMAS JORGENSEN as alleged in his Complaint, Plaintiff PATRICIA JORGENSEN has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

29.     Plaintiff PATRICIA JORGENSEN, as a result of the foregoing described injuries to

her said spouse, has been generally damaged in a sum in excess of the jurisdictional limits of the Municipal Court.

WHEREFORE, Plaintiffs THOMAS JORGENSEN AND PATRICIA JORGENSEN prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

1.    For Plaintiff's general damages according to proof;

2.    For Plaintiff THOMAS JORGENSEN'S medical and related expenses according to proof;

3.    For Plaintiff's prejudgment interest according to proof, pursuant to Civil Code section 3288;

4.    For loss of income according to proof;

5.    For Plaintiff's costs of suit herein;

6.    For loss of care, comfort and society;

7.    As to those **ASBESTOS DEFENDANTS** named in the First Cause of Action, for exemplary or punitive damages according to proof; and

8.    For such other and further relief as this Court deems just and proper.

DATED:   January 3, 2008

LEVIN SIMES KAISER & GORNICK, LLP

By:    _____

ANNA M. COSTA
Attorney for Plaintiffs
THOMAS JORGENSEN AND PATRICIA JORGENSEN

## LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 18028261 |
| **Submitted by:** | John Vincent, Levin Simes Kaiser & Gornick LLP-San Francisco |
| **Authorized by:** | Anna M Costa, Levin Simes Kaiser & Gornick LLP-San Francisco |
| **Authorize and file on:** | Jan 14 2008 12:28PM PST |

| | |
|---|---|
| **Court:** | CA Superior Court County of San Francisco |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil |
| **Case Type:** | Personal Injury-Asbestos |
| **Case Number:** | 274494 |
| **Case Name:** | Jorgensen, Thomas et al vs A W Chesterton Co et al (Levin Simes) |

| | |
|---|---|
| **Transaction Option:** | File Only |
| **Billing Reference:** | 6177 |

**Documents List**
1 Document(s)

**Attached Document, 1 Pages  Document ID: 21582864**    PDF Format | Original Format

| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Amendment to Complaint | Public | $0.00 | |

**Document title:**
Doe 1: Crowley Maritime Corporation

Expand All

⊟ **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Jorgensen, Thomas | Plaintiff | Kaiser, Jeffrey A | Levin Simes Kaiser & Gornick LLP-San Francisco | Attorney In Charge |

⊟ **Recipients (0)**

  ⊟ **Service List (0)**

**Delivery Option Party Party Type Attorney Firm Method**
No selections made.

  ⊞ **Additional Recipients (0)**

⊟ **Case Parties**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| A W Chesterton Co | Defendant | Goetz, Andy J | Prindle Decker & Amaro LLP-Long Beach | Attorney In Charge |
| A W Chesterton Co | Defendant | Barooshian, Jon S | Cooley Manion Jones LLP-Boston | Attorney In Charge |
| Allis Chalmers Corp | Defendant | Pike, Gregory D | Knox Ricksen LLP | Attorney In Charge |
| Asbestos Corp Ltd | Defendant | Robinson, Ralph | Wilson Elser Moskowitz Edelman & Dicker LLP-San Francisco | Attorney In Charge |
| Aurora Pump Co | Defendant | Counsel, Asbestos SB-SF | Selman Breitman LLP-San Francisco | Attorney In Charge |
| Crane Co | Defendant | Gill, Raymond L | Kirkpatrick & Lockhart Preston Gates Ellis LLP-San Francisco | Attorney In Charge |
| Crown Cork & Seal Co Inc | Defendant | Armstrong, William | Armstrong & Associates LLP-Oakland | Attorney In Charge |
| Cyprus Amax Minerals Co | Defendant | Jackson, Warren | Kasowitz Benson Torres & Friedman LLP-San Francisco | Attorney In Charge |

| | | | | |
|---|---|---|---|---|
| Designated Defense Counsel | Defendant | Counsel, Asbestos B&b | Berry & Berry | Attorney in Charge |
| Dowman Products Inc | Defendant | Counsel, Asbestos WFBM | Walsworth Franklin Bevins & McCall-Orange | Attorney in Charge |
| Elementis Chemicals Inc | Defendant | Armstrong, William | Armstrong & Associates LLP-Oakland | Attorney In Charge |
| Garlock Sealing Technologies Inc | Defendant | Clarke, Kevin M | Glaspy & Glaspy | Attorney in Charge |
| Georgia Pacific Corp | Defendant | Biderman, David T | Perkins Coie LLP-San Francisco | Attorney In Charge |
| Goulds Pumps Inc | Defendant | Crosby, Thomas | Crosby & Rowell LLP | Attorney in Charge |
| Hamilton Materials Inc | Defendant | Counsel, Asbestos WFBM | Walsworth Franklin Bevins & McCall-Orange | Attorney in Charge |
| Hanson Permanente Cement Inc | Defendant | Hamblett, Robert M | Hassard Bonnington LLP | Attorney in Charge |
| Hercules Engines Inc | Defendant | No Answer on File | Firm TBD | Attorney in Charge |
| Hill Brothers Chemical Co | Defendant | Counsel, Asbestos Ve | Vasquez & Estrada LLP | Attorney in Charge |
| I T T Industries Inc | Defendant | Oberg, Lisa | McKenna Long & Aldridge LLP-San Francisco | Attorney in Charge |
| I T T Industries Inc | Defendant | Wallace, John R | Jackson & Wallace-San Francisco | Attorney in Charge |
| Jorgensen, Thomas | Plaintiff | Kaiser, Jeffrey A | Levin Simes Kaiser & Gornick LLP-San Francisco | Attorney in Charge |
| Kaiser Gypsum Co Inc | Defendant | Hamblett, Robert M | Hassard Bonnington LLP | Attorney In Charge |
| Kelly Moore Paint Co Inc | Defendant | Sun, Tsun-Chi Eric | Foley & Mansfield PLLP-Oakland | Attorney in Charge |
| Lamons Gasket Co | Defendant | Counsel, Asbestos Ve | Vasquez & Estrada LLP | Attorney in Charge |
| N/A | N/A | Judge, Asbestos | CA Superior Court County of San Francisco | N/A |
| O G Supply Inc | Defendant | Buty, Madeline | Buty & Curliano LLP | Attorney in Charge |
| Parker Hannifin Corp | Defendant | Nova, Peter | Nova, Peter | Attorney in Charge |
| Quintec Industries Inc | Defendant | Counsel, Asbestos WFBM | Walsworth Franklin Bevins & McCall-Orange | Attorney in Charge |
| R T Vanderbilt Co Inc | Defendant | Oberg, Lisa | McKenna Long & Aldridge LLP-San Francisco | Attorney in Charge |
| Rich Tex Inc | Defendant | Cordery, Theodore T | Imal Tadlock Keeney & Cordery LLP | Attorney In Charge |
| San Francisco Gravel Co Inc | Defendant | Krinsky, Mark Peter | Krinsky, Mark P | Attorney in Charge |
| Soco West Inc | Defendant | Johnson, Derek S | Sedgwick Detert Moran & Arnold LLP-San Francisco | Attorney in Charge |
| Stone & Webster Engineering Corp | Defendant | No Answer on File | Firm TBD | Attorney in Charge |
| T H Agriculture & Nutrition Llc | Defendant | Yee, Laura Patricia | Knott & Glazier LLP | Attorney in Charge |
| Union Carbide Corp | Defendant | Counsel, Asbestos BHP | Brydon Hugo & Parker-San Francisco | Attorney in Charge |
| Warren Pumps Llc | Defendant | Cunningham, James Patrick | Carroll Burdick & McDonough LLP-San Francisco | Attorney in Charge |



